UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DINO ANTOLINI,

                       Plaintiff,

- against -

AMY MCCLOSKEY, THERESA LAURENT, DIMUR
ENTERPRISES INC., EDDIE C K CHUNG and C&S
MILLENIUM REAL ESTATE LLC,

                      Defendants.
----------------------------------------------------------------X

Case No. 1:19-cv-09038 GBD

Hon. Stewart D. Aaron

ATTORNEY'S DECLARATION

      Stuart H. Finkelstein, Esq., an attorney duly admitted to practice law before the United States District Court, Southern District of New York, duly affirms the following to be true under the penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am the attorney for Plaintiff and as such I am fully familiar with the facts and circumstances heretofore had. This Declaration is submitted in support of Plaintiff's Motion for Reconsideration, pursuant to Local Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York, of the Court's order of June 10, 2020 [DE 38], which granted leave to serve interrogatories on Plaintiff as to the purported "fraud on the court" allegations.

      2.    On June 10, 2020, the Honorable Judge Aaron granted Defendants leave to "serve no more than ten interrogatories upon the Plaintiff addressed to the 'fraud on the court' allegations discussed" during that days' telephonic conference. Subsequently, on June 16 2020, Plaintiff received Defendant's ten interrogatories pursuant to Judge Aaron's Order which are attached hereto.

      3.    Plaintiff contends that not only nine of the ten interrogatories wholly inappropriate under applicable case law, the federal rules, and the facts and circumstances

at bar. Moreover, due to new revelations concerning multiple misstatements by defendants as well as controlling decisions that the Court may have overlooked, it is proper that a Motion for Reconsideration/Reargument must be made and granted.

4. It is fascinating to note that at no point within defendants' letter to the Court nor during the telephonic conference of June 10, 2020, do they state that the at-issue facility is in compliance with the Americans With Disabilities Act ("ADA") or that the violations found in Plaintiffs Complaint are non-existent. Completely lacking is any allegation that defendants are operating a private facility not open to the public. The reasoning for this is simple, the defendants cannot deny that they are operating a place of public accommodation that is inaccessible to persons with disabilities in violation of the ADA in violation of 42 U.S. Code § 12182.

5. Rather than admit to their ongoing discriminatory conduct, defendants have decided to personally 'go after' your affiant as a substitute for engaging in the legal work necessary to remedy the issues, thereby confronting and remedying the allegations enumerated in the Complaint.

6. In a flair for the dramatic, defendants have unilaterally decreed, without due process of law, without an indictment (falsely claimed in their letter to the Court, [DE 32]), or even having been arraigned, no less a trial, that your affiant is guilty of the allegations made against me and are therefore entitled to invade the client-attorney privileged relationship. In his letter to Judge George B. Daniels of May 4, 2020, defendants' attorney submitted multiple mendacious statements and thereby misled this court as your honor was deciding on the issue of Interrogatories. Your Honor had false information when rendering its decision.  As the Court is aware, respectfully, photographs are not required to be part of a complaint in an ADA matter. Rather, your affiant does so for purposes of showing the court the nature and the severity of the allegations. The gist of their allegation of fraud against your affiant, is,

astoundingly, couched in fraud itself.  Defendants write of the pictures annexed to the Complaint and state "The person in the photograph, presumably the Plaintiff, whose shoe is apparent, appears to be standing up." (See May 4 Letter pgs. 2, 3 [DE 32]). This is a lie. There are two photographs attached to the complaint in this case, neither of which illustrate anything close to the misrepresentations spewed by counsel. (See Complaint pgs. 20, 21 [DE 1]) This would be disgusting enough if it was not also the basis for defendant's atrocious presumption that a photograph in a complaint, from a different lawsuit, wholly immaterial and unrelated to this case, is that of Mr. Antolini's sneaker and therefore I committed fraud in this case, no less. This deserves repeating. Defendants, through their mistruths, would have this Court believe that a photograph in a different case of the tip of a sneaker is a "legitimate" reason to obliterate plaintiff's fundamental rights as set forth in Fed. R. Civ. P 26(b) and 33(a)(2). (See May 4 Letter p. 3 at ¶ 1 [DE 32]). To allow defendants to circumvent the Federal Rules of Civil Procedure based on their bogus, and frankly unintelligible claim, substantiated by absolutely nothing, is patently wrong. Unbelievably, without one iota of trustworthy and credible proof, no less evidence, defendants' self-anointment as the new Constable in town, as well as assuming the roles of legislator, Judge and jury might be humorous, if it were not so deceitful and dangerous.

7. Incredibly, upon further inspection, the record shows how defendants continue to display the same sordid behavior by alleging that Mr. Antolini does not drink alcohol!  I haven't the vaguest notion where they got that from, and I ask the Court to make inquires of them for their good faith basis in coming up with this dreich. No Discovery has yet been had in this matter, and if this allegation was somehow obtained by further violations of Mr. Antolini Civil Rights, we will seek the proper redress.

8. In light of Defendant's misrepresentations as well as the controlling law, defendant's interrogatories are wholly untenable.

9. For the record, Mr. Antolini is not part of any criminal complaint and the 'shooting from the hip' by defendants, licensing themselves with a thin veil, is unacceptable.

10. They have, with a zeal, conveniently and purposefully made fraudulent misrepresentations and have omitted vital, essential facts from this Court both in their letter and during the telephonic Conference with your Honor.

11. Plaintiff prays this Court to vacate and/or amend its order granting defendants leave to serve interrogatories on Plaintiff as to the purported "fraud on the court" allegations.

12. Wherefore, it is respectfully submitted that this Court enter an Order vacating and/or amending the Court's order of June 10, 2020, permitting defendants to serve interrogatories upon the Plaintiff, award sanctions, and any further relief as to this Court may deem just and proper.

Dated: Syosset, New York
June 24, 2020

_____
Stuart H. Finkelstein, Esq.