UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

DINO ANTOLINI,

                                Case No.: 1:19-cv-09038

             Plaintiff,

   - against -

AMY MCCLOSKEY, THERESA
LAURENT, DIMUR ENTERPRISES
INC., EDDIE C K CHUNG and C&S
MILLENIUM REAL ESTATE LLC,

_____X

                                 **Judge Stewart D. Aaron**

_____

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER AND
SANCTIONS

_____

Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
Telephone: (718) 261-4900
Finkelsteinlawgroup@gmail.com

Date of Service:      June 24, 2020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ 1,2,3

I.      PRELIMINARY STATEMENT ........................................................................4

II.     BACKGROUND

III.    RECONSIDERATION/ REARGUMENT UNDER LOCAL RULE 6.3…………..……..5

        A. 'Fraud On The Court'…………………………………………………....…..8
        B.  Attorney-Client Relationship …………………………………….…..……14

IV.     ATTORNEY'S FEES UNDER 28 U.S.C. § 1927………………………………………19

V.      CONCLUSION……………………………………………………………………..22

**TABLE OF AUTHORITIES**

**Cases**

AM General LLC v. Activision Blizzard, Inc., WL 1085470 (S.D.N.Y. 2019)……………..…….6

Roytberg v. United States, WL 1559151 (E.D.N.Y. 2016)……………………………….……7

Shrader v. CSX Transp., Inc., 70 F. 3d 255, 257 (2d Cir. 1995)…………………………..……...7

U.S. Bank Nat. Assoc. v. Triaxx Asset Manag. LLC, F. Supp. 3d 242 (S.D.N.Y. 2019)……..…7

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F. 2d 1245, 1255 (2d Cir. 1992)…..…….7

Kolel Beth of Tartikov, Inc. v. YLL Irreoc. Trust, 729 F. 3d 99, 104 (2d Cir. 2013)……..…..7

Shrader v. CSX Transp., WL 721364 (W.D.N.Y. 1994)…………………………….…….…….8

McMunn v.  Memorial Sloan–Kettering Cancer Center, 191 F.Supp.2d 440, 445)……….…..8

Passlogix, Inc. v. 2FA Technology, LLC, 708 F. Supp. 2d 378 (S.D.N.Y. 2010)……..……..8

Intelli-Check, Inc. v. TriCom Card Tech. Inc., WL 3533153 (E.D.N.Y. 2005)…………..…....8

U.S. v. Jacobs, 117 F. 3d 82, 87 (2d Cir. 1997)…………………………………….……..…8

Schoolcraft v. City of New York, 298 F.R.D. 134 (S.D.N.Y. 2014)…………………….……8

Husky Intern. Electronics, Inc. v. Ritz 136 S. Ct. 1581 (2016)…………………….…….…9

Scholastic, Inc. v. Stouffer, 221 F. Supp. 2d 425 (S.D.N.Y. 2002)…………………….……...9

Aoude v. Mobil Oil Corp., 892 F. 2d 1115, 1118 (1st Cir. 1989)…………………….……9

Shepherd v. American Broadcasting Cos., Inc., 62 F. 3d 1469, (D.C .Cir. 1995)…………….…9

Pfizer, Inc. v. Int'l. Recitifier Corp., 538 F. 2d 180 (8th Cir. 1976)…………….…….…….9

Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)……………………………………………10

Braun ex rel. Adv. Battery Techs., Inc. v. Zhiguo, WL 4389893 (S.D.N.Y. 2015)……….…..10

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944),…………..…...…………13

Gleason v. Jandrucko, 860 F. 2d at 556 (1988)……………………………………………13

In re Fresh Del Monte Pineapple, WL 64189 (S.D.N.Y. 2007)……………..……………..……..13

Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100 (2009)…………………………………14

Swidler & Berlin v. United States, 524 U.S. 399, 403, 118 S. Ct. (1998)…………..…………14

In re Shopping Carts Antitrust Litigation, 95 F.R.D. 299 (S.D.N.Y. 1982)…………..…………14

Baldrige v. Shapiro, 455 U.S. 345 (1982)……………………………………………..…………14

United States v. Pape, 144 F. 2d 778 (2d Cir., 1944)………………………………….…………14

Magida v. Continental Can Co., 12 F.R.D. 74 (S.D.N.Y. 1951)………………………..……...14

In re Colton, 201 F. Supp. 13 (S.D.N.Y. 1961)……………………………………….…………14

In re Katz, 623 F. 2d 122 (2d Cir. 1980)…………………………………………………...……..15

Newmarkets Partners, v. Sal. Oppenheim Jr., 258 F.R.D. 95 (S.D.N.Y. 2009)…………………15

Clarke v. Am. Commerce Nat. Bank, 974 F. 2d 127, 129 (9th Cir. 1992)…………………………15

Condit v. Dunne 225 S.R.D. 100 (S.D.N.Y. 2004)……………………………………………15

In re Six Grand Jury Witnesses, 979 F. 2d 939, 943 (2d Cir. 1992)……………………………...15

HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64 (S.D.N.Y. 2009)………….16

In re Dow Corning Corp., 261 F. 3d 280 (2d Cir. 2001)………………………….....……………16

In re Richard Roe, Inc., 68 F. 3d 38, 43 (2d Cir. 1995)………………………………………..…16

Danisco A/S v. Novozymes A/S, 427 F. Supp. 2d 443 (S.D.N.Y. 2006)…………………………18

Jeneric/ Pentron Inc., WL 3591701 (E.D.N.Y. 2005)……………………………………………19

United States v. lnt'I Bhd. Of Teamsters, 948 F. 2d 1338, 1345 (2d Cir. 1991)…………………19

Sibley v. Jamestown Bd. of Pub. Utilities (W.D.N.Y. 2012)……………………………………19

Enmon v. Prospect Capital Corp., 675 F. 3d 138, 148 (2d Cir. 2012)……………………………19

Lee v. First Lenders Oliveri v. Thompson, 803 F. 2d 1265, 1273 (2d Cir. 1986)…………...…...19

In Re Prudential Insurance Co., 278 F. 3d 175 (3d Cir. 2002)…………………………………...19

Salovaara v. Eckert, 222 F. 3d 19 (2d Cir. 2000)……………………………………………...20

Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F. 3d 584, 591 (2d Cir. 2016)…………………20

Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F. 3d 323, 337 (2d Cir. 1999)………..…20

Sales vs. TWU Local 100 VP Brain Clark, et al, 14 Civ. 8091 (S.D.N.Y. 2016)...…………..20

Revson v. Cinque & Cinque, P.C., 221 F. 3d 71, 79 (2d Cir. 2000)……………………….20

Ransmeier v. Mariani, 718 3d. 64 (2d Cir. 2013)…………………………………………..…21

Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F. 3d 110, 114 (2d Cir. 2009)…………..22

**Rules**

S.D.N.Y. Local Rule 6.3 .................................................................................................1

STATUTES

28 U.S.C. § 1927..................................................................................................................2

## I.   PRELIMINARY STATEMENT

Stuart H. Finkelstein, Esq., attorney for Plaintiff DINO ANTOLINI, respectfully submits this Memorandum of Law in support of Plaintiff's Motion for Reconsideration of the Court's order of June 10, 2020 pursuant to Local Rule 6.3 of the Local Rules for the Southern & Eastern Districts of New York, granting leave to serve interrogatories on Plaintiff as to the purported "fraud on the court" allegations.

## II.   BACKGROUND

This Title III Americans with Disabilities ('ADA') action was filed on September 28, 2019. On April 24th 2020, Plaintiff made a motion for a telephonic conference. The

telephonic conference was held on June 10th wherein counsel for defendants put forth their allegations of 'fraud on the court.' Judge Aaron subsequently ordered that defendants be granted leave to serve no more than ten interrogatories upon the Plaintiff addressing the 'fraud on the court' allegations discussed therein. Subsequently, on June 16 2020, Plaintiff received defendant's ten interrogatories pursuant to Judge Aaron's order which are attached hereto. In the June 10, 2020 conference defendants made reference to the photographs attached to the complaint [See DE 1]. Upon further examination, it is indisputable that defendants lied to Judge Aaron in order to pursue their baseless attacks against Plaintiff's counsel. Defendants made false representations to the court concerning the actual photograph annexed to Plaintiff's complaint by falsely claiming that that some a photograph that is not part of the complaint in the instant matter, is in fact part of the complaint. Upon further examination, it has been revealed that defendants are repeat offenders in the arena of mistruth and misrepresentation to this Court. Defendant's May 4 letter concocts multiple fabrications about Plaintiff and his counsel that cannot go uncurbed. Their lies have patently misrepresented the facts of the case and Plaintiff's pleadings. Compounded with the applicable controlling case law, reconsideration, and revocation of leave to serve the ten interrogatories, is warranted.

## III.     RECONSIDERATION/ REARGUMENT UNDER LOCAL RULE 6.3

S.D.N.Y. Local Rule 6.3 governs a litigant's conduct in moving for Reconsideration and Reargument of a court order determining a motion, or of a court order resulting in a judgment within 14 days after the entry of the order or judgment. S.D.N.Y Local R. 6.3. First and foremost, procedurally, the facts at bar provide correct grounds that

allow Plaintiff to move for Reconsideration/ Reargument under Local Rule 6.3 (herein after '6.3'). Under 6.3, notice must be provided within fourteen (14) days after the entry of the Court's determination. The motion herein is being noticed 14 days after the June 10 determination and as such, there is no timeliness issue. Additionally, 6.3 is applicable for an order decided during a judicial proceeding. A ruling made during a conference does fall within the purview of Local Rule 6.3 and allows for application to reconsider where reconsideration may be warranted. See AM General LLC v. Activision Blizzard, Inc., WL 1085470 (S.D.N.Y. 2019); Roytberg v. United States, WL 1559151 (E.D.N.Y. 2016).

Substantively, Plaintiff's standing to move for reconsideration is well established and well grounded. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling law, decisions, or data that the court overlooked. Shrader v. CSX Transp., Inc., 70 F. 3d 255, 257 (2d Cir. 1995). The availability of new evidence, or the need to correct a clear error with decisions that might reasonably be expected to alter the conclusion reached by the court, or prevent manifest injustice may also sway a court in ruling on a motion to reconsider under rule 6.3. U.S. Bank National Association v. Triaxx Asset Management LLC F. Supp. 3d 242 (S.D.N.Y. 2019) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F. 2d 1245, 1255 (2d Cir. 1992)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F. 3d 99, 104 (2d Cir. 2013)). Respectfully, it is Plaintiff's position that certain revelations stemming from the June 10, 2020 telephonic conference provide significant cause for reconsideration. Most notably, Plaintiff has discovered multiple mistruths submitted by the defendants in their correspondence with the court, both written and verbal, that strongly warrant reconsideration and reargument as to vacating the order granting leave to defendants' to serve their Interrogatories.

To be crystal clear, Plaintiff is not claiming that the Court was 'wrong' in its June 10 order.

Rather, your Honor was misled by the lies and falsehoods propagated by the defendants,

which, in turn, caused the court to rule under false pretenses to no fault of its own. The

court's ability to 'go back' and correct a previous holding is both important as a justice

serving mechanism and is not an abuse of authority or discretion. See Shrader v. CSX

Transp., Inc., at 257. "A motion to reconsider should not be granted where the moving

party seeks solely to relitigate an issue already decided. *But* with introduction of additional

relevant case law and factors not previously considered, a district court's decision to

reconsider its earlier ruling is not an abuse of discretion." See Shrader v. CSX Transp., WL

721364 (W.D.N.Y. 1994) (where lower court acknowledged oversight of controlling law

while highlighting importance of motion to reconsider, 2nd Circuit affirmed).

It is Plaintiff's position that newly unearthed misrepresentations made by defendants

caused your Honor to overlook crucial controlling law regarding allegations of fraud on the

court. See McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F. Supp. 2d 440, 461

(S.D.N.Y. 2002). The interrogatories actually served upon Plaintiff must be barred based

on controlling case law that expose how counsel's deceitful and untrue allegations must be

disregarded as frivolous and condemned as subversive to the court's justice serving

mechanisms. See Generally Passlogix, Inc. v. 2FA Technology, LLC, 708 F. Supp. 2d 378

(S.D.N.Y. 2010); Intelli-Check, Inc. v. TriCom Card Technologies, Inc., 2005 WL 3533153

(E.D.N.Y. Dec. 22, 2005). Finally, the heinous nature and language of the Interrogatories

themselves undoubtedly call for revoking Defendant's ability to eviscerate protected

privilege. See U.S. v. Jacobs, 117 F. 3d 82, 87 (2d Cir. 1997).

The party moving for reconsideration may be required to establish that the Court

overlooked certain facts or controlling decisions "that might materially have influenced its earlier decision." See Schoolcraft v. City of New York, 298 F.R.D. 134 (S.D.N.Y. 2014).  As such, Plaintiff maintains that (a) defendants 'fraud on the court' allegation is itself grounded in fraud and must be condemned, (b) defendants unfounded 'suspicions' do not show cause to invade the attorney-client relationship, and (c) that the interrogatories themselves are wholly inappropriate and must be vacated and/or amended. All of the forgoing materially influenced this Court's June 10 decision and with this new information, Plaintiff's motion should be granted and the order dated June 10, 2020 [DE 38] vacated.

## A. Defendants "Fraud on The Court" Allegation Is Itself Grounded in Deceit and Does Not Provide Sufficient Cause to Serve Interrogatories

Fraud: a false representation of a matter of fact, whether by words or by conduct by false or misleading allegations, or by concealment of that which should have been disclosed. Black's Law Dictionary (11th ed. 2019); "any kind of artifice employed by one person to deceive another; anything done with wrongful intent." Husky Intern. Electronics, Inc. v. Ritz 136 S. Ct. 1581 (2016). Courts may use any of five factors in examining an allegation of fraud on the court: (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future. Passlogix, Inc. v. 2FA Technology, LLC, 708 F. Supp. 2d 378 (S.D.N.Y. 2010) citing McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F. Supp. 2d 440, 461 (S.D.N.Y. 2002). In Scholastic, Inc. v. Stouffer, 221 F. Supp. 2d 425 (S.D.N.Y. 2002), the Court held "in order for the Court to grant sanctions based upon such a

fraud, it must be established by *clear and convincing* evidence that Stouffer "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate" the action. (Citing Aoude v. Mobil Oil Corp., 892 F. 2d 1115, 1118 (1st Cir. 1989); See also Shepherd v. American Broadcasting Cos., Inc., 62 F. 3d 1469 (D.C .Cir. 1995) (sanctions pursuant to a court's inherent power must be based on abusive litigatory conduct that has been proven by clear and convincing evidence)); Pfizer, Inc. v. Int'l. Recitifier Corp., 538 F. 2d 180, 195 (8th Cir. 1976), cert. denied, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977). "Accordingly, the Court must examine the record with respect to each of the seven pieces of allegedly falsified evidence." (Emphasis added). Id. The Court then held after a reading of the record, that by clear and convincing evidence, Stouffer had perpetrated a fraud on the court through her submission of fraudulent documents as well as through her untruthful testimony." Id.

In their application to the Court via letter and phone conference, the defendants voiced multiple falsehoods including a false description of the photographs annexed to the Complaint, which are non-existent as described by them. Counsel also fabricated absurdities about my client's personal life as well as this case. An accounting of defendant's misrepresentations is found in Numbers 7-9 of my Declaration in support and page 13 of the present motion to reconsider/ reargue. In stark contrast to the standard applied in McMunn v. Memorial Sloan-Kettering Cancer Center, at 461, these defendants have grounded their allegation of fraud in fraud itself. When an allegation of fraud is itself grounded in untruthful statements to the court, a court may use its inherent power to inquire what remedies may be available depending on the facts and circumstances. See Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991); Braun ex rel. Advanced Battery Technologies, Inc. v. Zhiguo 2015 WL 4389893.

Presently, defendants have offered zero evidence in this matter that is grounded in any truth whatsoever. Yet, this is something they *must* do. Therefore, without it, there is no

progression to the next tier of analysis which mandates the burden of proving by clear and convincing evidence. See Scholastic, Inc. v. Stouffer at 425. They simply proffer, deceitfully, a photograph of a sneaker from a *different lawsuit*, their untruthful musings concerning Plaintiff's counsel, and other lies. Moreover, these defendants' remarks as to "suspicion" are **meaningless**. See May 4 Letter [DE 32]. Fraud on the court must be inherently objective and "will not lie where the alleged misconduct merely consists of 'an advocate's view of the evidence, drawing all inferences favorable to the [client]' and against the [adversary]." Intelli-Check, Inc. v. TriCom Card Technologies, Inc., WL 3533153 (E.D.N.Y. 2005). There was correctly no determination of fraud in Intelli-Check because the evidence in the record (e-mails, letters) provided a colorable explanation as to how the evidence in question would also illustrate legally and factually sound conduct just as much as counsel's 'suspicions.' Id. Juxtaposed to these defendant's contentions that are based on, nothing (less than nothing when their mistruths are accounted for). Id. Miraculously, these defendants do not even come close to the Intelli 'colorable' threshold because there is no sincere evidence at all in question for them to make any claim to. Id. In fact, it would appear that counsel would like for the entire lawsuit to boil down to his ten absurd interrogatories, bypassing every other facet of the American system of litigation, and is willing to lie to this Court to make it so.

In Passlogix, Inc. v. 2FA Technology, LLC, 708 F. Supp. 2d 378 (S.D.N.Y. 2010), the Honorable late Judge Leisure correctly laid forth the high standard for bringing forth an allegation of 'fraud on the court.' In fact, Passlogix, wherein no fraud was found, is very on point. In sum and substance, the Plaintiff, Passlogix, alleged that its' competitor's principals committed fraud on the court by sending an anonymous e-mail to one of Plaintiff's clients in an effort to manipulate the course of the lawsuit and cause Plaintiff competitive harm. Id. at 378.The identity of author of the e-mail mattered greatly and Plaintiffs vehemently argued that they definitively knew that a

principal of the defendants, Salyards, sent the e-mail in question. Id. Defendants argued that the e-mail was authored by someone other than Salyards and that Plaintiff's circumstantial evidence could in no way support a finding of fraud on the court. Id. Judge Leisure agreed, holding that a "colorable counter-narrative" in the accused party's favor was not limited to pure speculation, but rather was corroborated by evidence that was able to colorably dispute the allegations. Id. The Judge went on to hold that even though gaps "undoubtedly remain[ed] regarding some of the evidence, the party being accused does not bear the burden to prove that they did not commit fraud; rather the burden laid with Passlogix," the accuser, to prove positive a clear and convincing accusation of fraud through the course of the case. Id.

Presently, there is simply no basis for defendants to override Plaintiff's 'colorable counter-narrative' which is of course the unequivocal truth. Intelli-Check; Id. Plaintiff and his counsel have appeared for multiple court ordered mediation sessions. Id. Plaintiff is not part of any allegation of misconduct, nor has he ever been. Id. Plaintiff is providing HIPPA authorizations to defendants pursuant to defendant's June 16 requests. Id. Plaintiff is ready, willing, and able to be deposed according to proper civil procedure. Id. It becomes abundantly clear just how lacking defendant's position is once the controlling law is accounted for. Indeed, INT No.'s 2-4, 8, & 9 are completely untenable while No.'s 5-7, & 10, improper as they are, are nevertheless more aptly fit for a deposition (where they would assuredly be objected to), which will presumably take place upon proper notice. Plaintiff is not simply objecting to these interrogatories as written, rather he is objecting to Defendant's leave to ask such questions when he should not be able to. At the time of the Court's ruling, neither Plaintiff's counsel nor the Court had yet seen the interrogatories drafted by defendants. Now that they have materialized, the defendants fling about their bogus contentions without any evidence supporting their claim. There is no evidence of fraud in the record before the Court. Plaintiff's complaint has two accurate photos depicting the violations at

the facility contrary to the lies perpetrated by these defendants upon this Court. Defendant's made-up contention that my client does not drink alcohol is exactly that, made-up. <u>See</u> [DE 32] pg. 3. Also, in their letter, Defendants write "Plaintiff filed fifteen (15) virtually identical lawsuits in this District against similar businesses in which he asserts *the very same allegations* made in the instant action.**"** <u>Id.</u> Beyond the fact that defendants once again show their affinity for misrepresentation, their claim is also an insult to logic. Unless every establishment in New York that has ever discriminated against Plaintiff and his disability is named Madame X Bar, operated by Amy McCloskey and owned by Eddie Chung, with 8 steps leading down to its entrance with an inaccessible pull door and inaccessible bar counter tops, and an inaccessible bathroom/ bathroom pathway, at 94 West Houston, defendants are both incorrect and out of line. <u>See</u> Complaint [DE 1] no.'s 7, 9, 11, & 22 (I-VIII). Additionally, it almost appears as if defendants are claiming that because my client may have encountered discrimination in other instances in his life, the necessary focus in this litigation on the non-compliance of *their* facility need not be addressed, with collateral bad faith arguments abound. Defendant's proffer these lies to mislead this Court, which they have for the present moment, succeeded in doing. Defendants referenced these untruths during the June 10 conference as well.

Proper proof of fraud must be set forth if there is any legitimate fraud claim to be made before a judicial body. <u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.</u>, 322 U.S. 238 (1944); <u>Passlogix, Inc. v. 2FA Technology, LLC</u>, 708 F. Supp. 2d 378 (S.D.N.Y. 2010). In <u>Hazel–Atlas</u>, the Supreme Court set aside a twelve-year old judgment on account of new evidence of a "deliberately planned and carefully executed scheme" to defraud not only the Patent Office but [also] a Circuit Court of Appeals in order to obtain a patent. <u>See also</u> <u>Gleason v. Jandrucko,</u> 860 F. 2d at 556 (1988). Here, there has been no discovery, no depositions, no exchange of documents, no perjury, no concealment, no nondisclosure, and no deceit, other than that of the

defendants. Substantively there is only Plaintiff's Complaint and the answer by defendants. The "proper proof" threshold as put forth by the Supreme Court does not even come close to being met. See also In re Fresh Del Monte Pineapple, 2007 WL 64189 (S.D.N.Y. Jan. 4, 2007) (noting high bar when 'suspicion' cannot give cause to break attorney-client privilege). Defendant's desire to disregard all controlling law through distortions and fabrications must not go unchecked. They have not met the necessary threshold to bring forth an allegation of fraud. The June 10, 2020 Order should be vacated with defendant's leave revoked with any other relief that the court deems just and proper.

**B. Defendants Have Not Shown Cause To Invade The Attorney-Client Relationship**

The Court's order of June 10 granting defendants leave to submit Interrogatories upon Plaintiff should be, respectfully, vacated and/or amended because defendants have not shown cause to invade the Attorney-Client relationship. Defendant's leave, in the abstract, to engage in the sort of questioning grotesquely observed in No.'s 2-4, 8, and 9, cannot endure. First and foremost, the Supreme Court "readily acknowledge[s] the importance of the attorney-client privilege, which "is one of the oldest recognized privileges for confidential communication.' Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100 (2009) Citing Swidler & Berlin v. United States, 524 U.S. 399, 403, 118 S. Ct. 2081, 141 L. Ed. 2d 379 (1998). "In order to make a proper objection, plaintiffs must "present the underlying circumstances or facts demonstrating the existence of the privilege." In re Shopping Carts Antitrust Litigation, 95 F.R.D. 299 (S.D.N.Y. 1982).

"If a privilege exists, information may be withheld, no matter the relevancy to the lawsuit or to the establishment of plaintiff's claim." Baldrige v. Shapiro, 455 U.S. 345 (1982). Interrogatories No.'s 2-4, 8, and 9 are completely barred under attorney client privilege and defendants cannot show cause as to why this sacred protection should be done away with. Id. It is well settled in the 2nd Circuit that "usually [attorney-client] privilege does not extend to the fact of retention, or to a retainer agreement as evidence of the retention, since such information is required to enable the court to determine that the relation of attorney and client exists." United States v. Pape, 144 F. 2d 778 (2d Cir., 1944); cf. Magida v. Continental Can Co., 12 F.R.D. 74 (S.D.N.Y. 1951). However, while "the fact of retention is not privileged, the terms of the retention are privileged." In re Colton, 201 F. Supp. 13 (S.D.N.Y. 1961). The crucial distinction is in the privilege that exists for the exact

sort of information sought through defendant's spurious interrogatories pertaining to my client's retention of counsel, as well as information pertaining to how Plaintiff and his counsel litigate this case. Id. The privilege in regard to communication between attorney and client is limited to confidential communications, and fact of retainer is not a "confidential communication," although it cannot come into existence without some communication between attorney and at that stage, prospective client, which would fall under a claim of privilege and/ or 'confidential.' See In re Katz 623 F. 2d 122 (2d Cir. 1980); citing U.S. v. Pape at 778. Further, any content that "reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall[s] within the privilege." Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A., 258 F.R.D. 95 (S.D.N.Y. 2009) citing Clarke v. Am. Commerce Nat. Bank, 974 F. 2d 127, 129 (9th Cir. 1992); see Daugerdas, 304 F. Supp. 2d at 514.

Defense counsel took your Honor's order and 'ran with it,' so to speak. It is undeniable that under the applicable standard in this Circuit (and country), of all the interrogatories concerning counsel's representation of Mr. Antolini, only no. 1 may be deemed proper. Interrogatories no.'s 2-4, 8 and 9, as actually served, show clear violations of Plaintiff's attorney-client relationship with his counsel. Interrogatories may be limited when sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or privileged." Condit v. Dunne 225 S.R.D. 100 (S.D.N.Y. 2004) (quoting In re Six Grand Jury Witnesses, 979 F. 2d 939, 943 (2d Cir. 1992) Fed. R. Civ. P. 26, 28 U.S.C.A)). All of the aforementioned limiting factors apply here. Id. Defendant's Interrogatories are unfounded in law and in fact. The Interrogatories offer the supposition that because

Plaintiff's attorney Stuart H. Finkelstein is the subject of a criminal complaint, he and his client are therefore shrouded with the guise of guilt and consequently, that all correct civil procedure as laid forth above, is no longer applicable. See Condit v. Dunne at 100; HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64 (S.D.N.Y. 2009). Without one true scintilla of evidence for defendants to hang their hat on, their leave must be revoked. It is as if counsel would have the entire lawsuit boil down to his ten prying interrogatories, bypassing every other facet of the litigatory system, most daringly, the indispensable attorney-client relationship. Newmarkets Partners, LLC at 95; HSH Nordbank AG New York Branch v. Swerdlow at 64.

Indeed, there is not cause to disregard the sacrosanct attorney-client relationship present here. "A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure… the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law See Model R. Prof. Conduct 1.6 (ABA 2020) (Client-Lawyer Relationship). "Compelled disclosure of privileged attorney-client communications, absent waiver or an applicable exception, is contrary to discovery rules and well-established precedent." In re Dow Corning Corp., 261 F. 3d 280 (2d Cir. 2001) (citing F.R.C.P. 26(b)(1), 28 U.S.C.A). Presently, the only applicable exception that could even possibly be invoked is the 'crime-fraud' exception. The crime-fraud exception allows for a court to consider overriding privilege if "communications from an individual seeking to solicit the assistance of an attorney are in furtherance of the client's contemplated, or actual, commission of criminal

or fraudulent conduct." In re Richard Roe, Inc., 68 F. 3d 38, 43 Fed. R. Evid. Serv. 175 (2d

Cir. 1995). "A party wishing to invoke the crime-fraud exception must demonstrate that

there is a factual basis for a showing of probable cause to believe that a fraud or crime has

been committed and that the communications in question were in furtherance of the fraud

or crime." See HSH Nordbank AG New York Branch v. Swerdlow at 64 (citing U.S. v

Jacobs, at 87). Defendant's appear to manipulate this strict rule by attacking Plaintiff's

counsel rather than Plaintiff. This might be because there is not one credible allegation

concerning any purported 'criminal facilitation' by Plaintiff with his counsel or by counsel.

See In re Fresh Del Monte Pineapple, WL 64189 (S.D.N.Y. 2007); In re Richard at 34.

In In re Fresh Del Monte Pineapple, a class action anti-trust action, the Plaintiffs

alleged that the defendants, a pineapple sales company, be ordered to break attorney-

client privilege and turn over their communications with counsel concerning the action. In

re Fresh Del Monte Pineapple, WL 64189 (S.D.N.Y. 2007). The basis for Plaintiff's 'crime-

fraud' contention was that each of the claims that allegedly constituted elements of Del

Monte's campaign to monopolize the pineapple market were inherently couched in acts of

fraud and were carried out with the assistance of Del Monte's otherwise privileged

communications with its attorneys. Id. Judge Dolinger could not have described the

necessary caution and restraint associated with this exception more aptly. Id. "Our

principal concern is with the potential opaqueness of the notion of 'suspicion,' a term that

could lend itself to such capacious application as to virtually swallow the attorney-client

privilege in any case in which a colorable fraud claim is asserted." Id. Judge Dolinger

subsequently combed through every allegation of fraud and negated each one, citing a

lack of 'meaningful' evidence showing any probable basis of fraudulent intent. Id. The

Judge then denied Plaintiff's motion to order defendants to break attorney-client privilege and held that a comfortable basis on which to infer that a fraud has been committed or attempted through the use of communications between the client and its attorneys is a high bar that Plaintiff's wholly failed to meet. Id.

The defendants referenced "suspicious' thoughts three times in their May 4, 2020 application and then multiple times in the June 10 conference. As has been noted above, their 'suspicions' are based on misrepresentation and dishonesty. 'Meaningful evidence' as construed by the Pineapple court surely cannot be interpreted to include specious claims based on total fabrications. Id. Further, "courts must be vigilant to prevent a client's attempt to misuse attorneys to perpetrate a crime or a genuine fraud, the privilege is not to be lightly cast aside based on speculative allegations" See Danisco A/S v. Novozymes A/S, 427 F. Supp. 2d 443 (S.D.N.Y. 2006);  See also In re Richard at 43 ("The crime-fraud exception to the attorney-client privilege does not apply because privileged communications would provide an adversary with evidence of a crime or fraud)." Defendants cannot be allowed to 'swallow' the attorney client privilege and therefore, their ability to disregard same must be revoked. In re Fresh Del Monte Pineapple, WL 64189.

**IV.**      **ATTORNEY'S FEE'S PURSUANT TO 28 U.S.C. § 1927**

The principle purpose of Section 1927 is to deter attorneys from engaging in

conduct that causes unnecessary delay or generates needless proceedings. Sicurelli v.

Jeneric/ Pentron Inc., 2005 WL 3591701 (E.D.N.Y. Dec. 30, 2005); United States v. Int'l Bhd.

Of Teamsters, 948 F. 2d 1338, 1345 (2d Cir. 1991) ("Section 1927 is intended to preserve

judicial resources and to prevent delays in court proceedings resulting from counsel's

conduct.)" Sibley v. Jamestown Bd. of Pub. Utilities (W.D.N.Y., 2012). Moreover, pursuant to

28 U.S.C. §1927 an attorney who "so multiplies the proceedings in any case unreasonably

and vexatiously may be required by the Court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." See also

Enmon v. Prospect Capital Corp., 675 F. 3d 138, 148 (2d Cir. 2012) (citing sister courts'

decisions and confirming that the district court had authority to sanction a law firm); Lee v.

First Lenders Oliveri v. Thompson, 803 F. 2d 1265, 1273 (2d Cir. 1986) (When Congress

amended §1927 in 1980 to include attorneys' fees among the category of expenses that a

court might require an attorney to satisfy personally, it made clear that the purpose of the

statute was 'to deter unnecessary delays in litigation" (quoting H.R. REP. NO. 96-1234

(1980) (Cont. Rep.), as reprinted in 1980 U.S.C.C.A.N. 2781, 2782)).

This lawsuit is in its infancy, albeit with gratuitous correspondence with the court,

even though only an answer has been filed in response to Plaintiff's Complaint. Counsel for

defendants has multiplied the proceedings and has conducted the matter in an

unreasonable and vexatious manner. Through his willful misrepresentations, he has

increased the cost of the proceeding and has acted in bad faith through his intentional

misconduct. See Enmon v. Prospect Capital Corp. at 148; In Re Prudential Insurance Co.,

278 F. 3d 175 (3d Cir. 2002). Sanctions are a harsh remedy and a district court may sanction counsel pursuant to Section 1927 "only when there is a finding of conduct constituting or akin to bad faith." Salovaara v. Eckert, 222 F. 3d 19 (2d Cir. 2000); Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (instructing that Sec. 1927 should be construed narrowly on the facts at bar) (See also Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991), (where amount of sanctions that court sought to levy were juxtaposed to the courts' inherent power to impose sanctions after a finding of fraud was sustained)).  Bad faith can be inferred "when the actions taken are without merit as to require the conclusion that they must have been undertaken for some improper purpose." Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F. 3d 323, 337 (2d Cir. 1999); Sibley v. Jamestown Bd. of Pub. Utilities (W.D.N.Y. 2012); Sales vs. TWU Local 100 Vice President Brain Clark, et al, 14 Civ. 8091 (S.D.N.Y. 2016) citing Revson v. Cinque & Cinque, P.C., 221 F. 3d 71, 79 (2d Cir. 2000)). The Court has inherent power to sanction parties and mandate payment of fees and their attorneys, a "power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id.

    Though the court has the inherent power to look into allegations of fraud, because of their very potency, [those] inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. In the instant matter, defendants' contention that Plaintiff has engaged in nefarious conduct is not based on any substantive claim of any kind. In fact, counsel's allegations are made in bad faith as they are based on willful lies and deceit undertaken to distract and deflect from the claims made against his client." See Schlaifer at 337. Defendants' misrepresentation of the facts and misstatements of the law generate cause for strong action against them. At bar, Sec. 1927 is most applicable as counsel has clearly

multiplied 'the excess costs, expenses, and attorneys' fees reasonably incurred' by misleading the court and obstructing the prosecution of this case in bad faith.

There can be no other interpretation of their actions other than bad faith. When an attorney fabricates mistruths in the course of litigation, bad faith may be imputed to such conduct. See Ransmeier v. Mariani, 718 3d. 64 (2d Cir. 2013) (holding that an attorney's false and insulting positions were prima fascie bad faith and warranted action under Sec. 1927). See also Friedgood v. Axelrod, 593 F. Supp. 395 (S.D.N.Y. 1984) (where finding of bad faith resulted in $5,000 award in fees to opposing party). Courts have the inherent power to levy sanctions but are advised to do so with great caution. See Braun ex rel. Advanced Battery Technologies, Inc. v. Zhiguo 2015 WL 4389893. In Braun, the court held that as a general matter, a court should not impose sanctions on a party or attorney pursuant to its inherent authority unless it finds, by clear and convincing evidence, that the party or attorney engaged in fraudulent behavior that "would interfere with the Court's ability to adjudicate the case fairly." (Emphasis added). Id. The Court went on to discuss 'inherent power' and the implications of same. Id. The Supreme Court has made clear that a court's inherent power "must be exercised with restraint and discretion." Chambers, 501 U.S. at 44; Braun ex rel. Advanced Battery Technologies, Inc. v. Zhiguo WL 4389893; see also Int'l Bhd of Teamsters, at 1345 (2nd Cir. 1991), noting that "because of the very potency of a court's inherent power, it should be exercised with restraint and discretion" (internal quotation marks and citation omitted)." Defendants' conduct meets the threshold for this Court to exercise its inherent power. They have intentionally lied to the Court so as to circumvent the legal process. Under the Court's sanctioning powers, "[a] court may not impose sanctions ...unless the party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Lavien 14 Civ. at 8091. Plaintiff submits, respectfully, that defendant's actions present clear evidence to support the

imposition of penalties, including attorney fees and sanctions.


## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Plaintiff hereby respectfully requests that this Honorable Court grant Plaintiff's Motion for Reconsideration/ Reargument, vacate its June 10, 2020 order permitting defendants to serve interrogatories, and for the imposition of sanctions. Should the Court not rule to vacate, Plaintiff prays that this Court at the very least amend its order in question, limiting Defendant's interrogatories as to not violate the rights of Plaintiff along with any relief the court deems just and proper.


Dated: June 24, 2020
      Syosset, New York



          Respectfully submitted,



                By: _____/S_____
                Stuart H. Finkelstein, Esq.
                Finkelstein Law Group, PLLC
                338 Jericho Turnpike
                Syosset, New York 11791
                Telephone: (718) 261-4900