**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
DINO ANTOLINI,                                               Case No.: 1:19-cv-9038

                  *Plaintiff*,

         *-against-*

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL
ESTATE LLC,

                 *Defendants*.
---------------------------------------------------------------X

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., requests that Plaintiff Dino Antolini (the "**Plaintiff**") respond to the following interrogatories, sworn under penalty of perjury, in accordance with the definitions and instructions set forth below, on or before June 30, 2020, pursuant to the June 10, 2020 Order of the Honorable Magistrate Judge Stewart D. Aaron [Dckt. No. 38].

## DEFINITIONS

Pursuant to Local Rule 26.3 entitled "Uniform Definitions in Discovery Requests" of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York:

1.      Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.      Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5.      Parties. The terms "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.      Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7.      Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

1.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      Number. The use of the singular form of any word includes the plural and vice versa.

In addition to the Rule 26.3 definitions above, the following definitions shall also apply:

1. The Property. The term "Property" means the property located at 94 West Houston Street, New York, New York 10012.

2. Action. The term "Action" means the legal dispute captioned *Antolini v. McCloskey, et al*, Case No.: 19-cv-09038-GBD-SDA, initiated on September 28, 2019.

3. Complaint. The term "Complaint" means Plaintiff's Complaint filed on September 28, 2019, and any subsequent amendments thereto.

## INSTRUCTIONS

1.      The provisions of Local Rules 26.2 and 33.3 relating to claims of privilege and interrogatories apply to and are incorporated by reference.

2.      Each interrogatory shall be construed to include information within Plaintiff's knowledge, possession, custody or control or the knowledge, possession, custody or control of Plaintiff's agents, as of the date of this answer to the interrogatories, as well as any information, knowledge, data, documents or communications that subsequently is obtained or discovered and that demonstrates that any answer originally provided in response to these interrogatories was incorrect or incomplete in any way when made or subsequently became incorrect or incomplete; such supplemental information is to be promptly supplied.

3.      If the response to each interrogatory should make reference in whole or in part to, or so otherwise requires electronic information, please indicate the extent to which the data, information, records supplied and the information or records relied upon in formulating the answers are contained in any computerized form and attach hereto where appropriate and/or where requested, a true partial or whole copy or copies thereof.

4.      If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such answer

a.  Provide such information as can be ascertained without undue burden;

b.  State with particularity the basis for such objection, including:

      i.   a description of the process or method required to obtain any fact responsive to the interrogatory;

     ii.  the number of files and/or documents needed to be searched;

   iii.  the location of such file;

   iv.  the number of employee hours required to conduct the search; and

    v.  the estimated cost of the search.

c.   Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the interrogatory can be obtained; and

d.   State whether the documents or other sources will be made available for inspection and copying.

5.     If the response to the interrogatory consists in whole or in part of any other objection:

a.   Provide such information as can be ascertained; and

b.   State with particularity the basis for such objection.

6.     If any document which forms a part of or the entire basis for any response to these interrogatories has been destroyed, for each such document:

a.   State when it was destroyed;

b.   Identify the person who destroyed the document;

c.   Identify the person who directed that it be destroyed;

d.   State with particularity the reasons for the destruction;

e.   Describe the nature of the document;

f.   Identify the persons who created, sent and received the document;

g.   State the date the document was created; and

h.   State in as much detail as possible the contents of the document.

7.     In answering these interrogatories, furnish all information that is known to Plaintiff or Plaintiff's agents. If any of these interrogatories cannot be answered in full, answer them to the fullest

extent possible, detailing the reasons for Plaintiff's inability to answer the remainder and stating fully the information, knowledge or belief Plaintiff now has concerning the unanswered portions.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Did you execute a retainer agreement authorizing Stuart H. Finkelstein to represent you for the purpose of commencing and prosecuting the Action?

**INTERROGATORY NO. 2:**

Describe in detail the circumstances leading to your retention of Stuart H. Finkelstein for the purpose of commencing and prosecuting the Action.

**INTERROGATORY NO. 3:**

Identify all documents concerning your retention of Stuart H. Finkelstein related to the Action.

**INTERROGATORY NO. 4:**

Did Stuart H. Finkelstein ask you to search for any documents concerning the Action?

**INTERROGATORY NO. 5:**

Identify the exact date and time which you attempted to access the Property.

**INTERROGATORY NO. 6:**

Identify each of the barriers you encountered that deterred you from patronizing the Property as alleged in the Complaint.

**INTERROGATORY NO. 7:**

Identify the person who photographed the Property, as depicted in in the two photographs annexed to the Complaint.

**INTERROGATORY NO. 8:**

 Did you review the Complaint before it was filed with the Court?

**INTERROGATORY NO. 9:**

How many times did you communicate with Stuart H. Finkelstein related to this Action?

**INTERROGATORY NO. 10:**

Describe in detail the nature of your alleged visit(s) to the Property between August 2019

through March 2020.


Dated: New York, New York
       June 16, 2020

                                    LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                    By:  /s/ Joshua Levin-Epstein
                                         Joshua D. Levin-Epstein
                                         420 Lexington Avenue, Suite 2525
                                         New York, NY 10170
                                         Tel.:  (212) 792-0046
                                         Fax No.:  (212) 561-7108
                                         Email: Joshua@levinepstein.com
                                         *Attorneys for Defendants Dimur*
                                         *Enterprises Inc., Amy McCloskey and*
                                         *Theresa Laurent*



To:
       Finkelstein Law Group, PLLC
       Attn:   Stuart H. Finkelstein
       338 Jericho Turnpike
       Syosset, NY 117914
       Tel.: (718) 261-4900
       *Attorneys for Plaintiff*

## <u>VERIFICATION</u>

I, Dino Antolini, verify under penalty perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to interrogatories directed to me are true and correct.

**DINO ANTOLINI**

_____
Dino Antolini

_____
Dated

Sworn to before me on this

\_\_\_ day of _____ 2020

_____
Notary Public

**ATTESTATION**

I, Stuart Finkelstein, attest under penalty perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to interrogatories directed to Plaintiff Dino Antolini are true and correct.

**STUART FINKELSTEIN**

_____

Stuart Finkelstein

_____

Dated

Sworn to before me on this

____ day of _____ 2020

_____

Notary Public