# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

May 28, 2020

***Via Electronic Filing***
The Honorable Magistrate Judge Stewart D. Aaron
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *Antolini v. McCloskey et al*
      <u>**Case No.: 1:19-cv-09038-GBD**</u>

Dear Honorable Magistrate Judge Aaron:

  This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**") in the above-referenced action.

  Pursuant to Your Honor's Individual Motion Practice Rules I(A) and II(A), this letter respectfully serves as a response in opposition to the June 24, 2020 Motion for Reconsideration (the "**Motion for Reconsideration**") [Dckt. No. 41] of Plaintiff Dino Antolini (the "**Plaintiff**").

  This letter also respectfully serves to request a pre-motion conference on Defendants' anticipated motion to compel Plaintiff to produce revised Rule 16(a) Initial Disclosures, and for sanctions.

  First, Plaintiff's Discovery Motion was filed in derogation of Local Civil Rule ("**LCR**") 37.2, and Your Honor's Individual Motion Practice Rule II(A). As the Court is well aware, LCR 37.2 ("**Good-Faith Effort to Resolve**") obligates Plaintiff's counsel to "confer in good faith in person or by telephone in an effort to resolve the dispute" prior to making his application. As reflected in Plaintiff's Discovery Motion, and Plaintiff's counsel's past course of conduct[1], Plaintiff's counsel did not make a good faith effort to resolve the dispute.

  Plaintiff's failure to comply with this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the Motion for Reconsideration. *See Rosen v. N. Shore Towers Apartments, Inc.*, 2011 WL 839505, at \*3 (E.D.N.Y 2011).

  Second, on June 10, 2020, the undersigned served Plaintiff's counsel with a letter outlining certain deficiencies in Plaintiff's Rule 26(a) Initial Disclosures. Specifically, Plaintiff's Initial Disclosures were incomplete and incorrect for failure to properly disclose a computation of each category of damages claimed. Plaintiff's Initial Disclosures also failed to disclose the documents on which each computation is based. *See* Fed. R. Civ. Pro. 26(a)(1)(A)(iii) and (e). A true and correct copy of Plaintiff's Rule 26(a) Initial Disclosures are annexed hereto as **Exhibit "A"**. A

---

[1] This is not an isolated occurrence. *See* [Dckt. Nos. 20, 21, 25, 27, 30, 31] [Plaintiff's Letter Motions filed in derogation of the Honorable District Judge George B. Daniels' Individual Motion Practice Rule II(C)]; *see also* [Dckt. No. 31] [Plaintiff's Letter Motion admitting to engaging in prohibited *ex parte* telephonic communications with Chambers in derogation of Individual Motion Practice Rule II(B)(i)(1) of the Hon. George B. Daniels].

1

true and correct copy of the undersigned's June 10, 2020 deficiency letter is annexed hereto as **Exhibit "B"**.

As of the date of this letter, Plaintiff's counsel has refused to respond to the undersigned's attempt to meet and confer regarding Defendants' anticipated motion to compel Plaintiff to produce revised Rule 26(a) Initial Disclosures.

In light of the foregoing, Defendants respectfully request: (i) that Plaintiff's Motion for Reconsideration be denied; and (ii) the scheduling of a telephonic conference on Defendants' anticipated motion to compel Plaintiff to produce revised Rule 26(a) Initial Disclosures.

Thank you, in advance, for your time and consideration.

                Respectfully submitted,

                LEVIN-EPSTEIN & ASSOCIATES, P.C.

            By: */s/ Jason Mizrahi*
                Jason Mizrahi
                420 Lexington Avenue, Suite 2525
                New York, NY 10170
                Tel. No.:  (212) 792-0048
                Email: Jason@levinepstein.com
                *Attorneys for Defendants*

VIA ECF: All Counsel