**STUART H. FINKELSTEIN, ESQ.**

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

June 28th, 2020

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

To remind the court, I represent Plaintiff Dino Antolini and write in Reply to defendant's letter dated June 25 [DE 42]. It appears that the defendant's response to a well briefed 23-page motion with all controlling law is a one and a half page letter with two non-applicable procedural objections. Respectfully, Plaintiff requests that your Honor take Judicial Notice of their total non-denial of all law and fact therein and rule accordingly. S.D.N.Y. Local Rule 7.1 compels all *oppositions and replies* with respect to motions to comply with Local Civil Rule 7.1(a)(2) and (3) which require 'a notice of motion, a memorandum of law, and any other supporting exhibits.' Defendants have forfeited this requirement and as such, Judicial Notice is warranted.

Whether counsel did not read the motion, or, based on his every action thus far deliberately misread same, I am not sure. Yet the thesis of Plaintiff's Motion for Reconsideration was and remains clear. Plaintiff's inherent 'request' therein has nothing to do with anything that the defendants and Plaintiff's counsel can 'work out.' There was and is nothing to meet and confer about. Defendant's counsel desires to liken the present motion to a discovery motion, but this is wholly incorrect. The heart of the motion to reconsider lies in Plaintiff's objection to defendant's very ability/ allowance/ permission to serve these interrogatories, a decision made by your Honor on June 10; *not* a discovery dispute. Accordingly, the case that defendants cite to <u>Rosen v. North Shore Towers Apartments, Inc. 2011</u>, WL 839505 (E.D.N.Y. Mar. 7, 2011), is moot in any relevance to the present matter (not to mention that even a cursory reading of the opinion shows that this case has absolutely nothing to say about meet and confers or motions for reconsideration in the present context). Plaintiff is seeking to have the Order dated June 10 granting leave to serve interrogatories vacated. There is only one individual that can make that so, the Honorable Judge Aaron.

In Senisi v. John Wiley & Sons, Inc., 2016 WL 1045560 (S.D.N.Y. Mar. 15, 2016), Judge Swain held that in such a scenario under a motion to reconsider, a meet and confer was clearly immaterial. In Senisi, Judge Swain ordered that certain claims be dismissed from the case in a memorandum order. Plaintiff moved for reconsideration under S.D.N.Y Local Rule 6.3 as she believed the judge overlooked controlling precedent regarding certain patent claims being dismissed without prejudice. Part of the defendant's opposition to the motion for reconsideration was that Plaintiff did not initiate a meet and confer prior to filing. See Senisi v. John Wiley & Sons, Inc., 2016 WL 1045560 [DE 5] (*Reply* Memorandum of Law in Support of Plaintiff's Motion for Reconsideratio*n* pg.7 n.6). But just as is the case here, there was nothing to meet and confer *about*. The Plaintiff sought to change Judge Swain's mind on the issue of dismissing certain claims with or without prejudice. As such, Judge Swain in granting Plaintiff's motion to reconsider & vacate her earlier order, disregarded that *EXACT SAME* argument that these defendants attempt to make now regarding a meet & confer. See Senisi v. John Wiley & Sons, Inc., 2016 WL 1045560 ¶11.

In Senisi, there was obviously and correctly no meet and confer because it was illogical, and did not make sense to even consider one. The relief sought could only be granted by the court, as is the case here. Judge Swain highlighted how a motion to reconsider hinges upon the Judge's ability to 'revisit' the issue with principles and facts not fully presented until the submission of the motion for reconsideration. Judge Swain then directed the parties to meet and confer *after* her new order. At least in Senisi, defendants' counsel had the respect for their client and for the court to also file a memo of law in opposition in addition to their losing meet & confer argument. Presently, defendants do not seem to concern themselves with actual legal work; they would rather haphazardly throw mud at the wall and hope some of it sticks.

In fact, all counsel *did* meet and confer *prior* to the June 10 order. During our conversations, defendant's counsel had made his stance known to me regarding the interrogatories before the conference (to which we disagreed). During the conference, defendants' counsel made his position known, Plaintiff's counsel objected, and your Honor ruled. The issue now is the ruling, not defendants' original position, or even mine. It happens that Plaintiff objects more vehemently than ever since all the lies and misrepresentations spouted during the June 10 conference surfaced, as laid forth in the motion to reconsider. Based on the law and facts laid forth above, an additional meet and confer as defendants contend should have taken place, would have gone against the rules, precedent, and logic. Forgive me your Honor, but this is not exactly overly complicated stuff.

Defendant's second point is purely disingenuous and is inherently frivolous. The argument that Plaintiff's well briefed motion to reconsider, concerning serious abridgments of his rights and the law, should be wholly disregarded and thrown away because defendants do not like Plaintiff's R. 26 responses is facetious on its face. This is because: (1) Plaintiff *did* properly comply with his Rule 26 obligations and (2) even if defendants believe he did not, the correct course of the litigation would allow your Honor to rule on any outstanding dispute. **This issue certainly does not call for a denial of an unrelated substantive motion; such a contention borders on absurdity.**

Counsel knows, or at least should know, that an ADA Title III suit seeks injunctive relief and not monetary damages. "Title III provides private parties with the right to injunctive relief to stop or prevent disability discrimination in a place of public accommodation, but it provides no right to monetary damages for past discrimination. Bernas v. Cablevision Systems Corp., 215 Fed. Appx. 64 (2d Cir. 2007) citing Powell v. Nat'l Bd. of Med. Exam'rs, 364 F. 3d 79, 86 (2d Cir. 2004). Damages can be considered, if and only if, it is found there have been violations of the New York State Civil Rights Law, New York State Human Rights Law (NYSHRL), or the New York City

Human Rights Law (NYCHRL). See Shariff v. Radamar Meat Corp., 2014 WL 1311563 (E.D.N.Y. Feb. 14, 2014); Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304, (S.D.N.Y. Sept. 11, 2012); Shalto v. Bay of Bengal Kabob Corp., 2013 WL 867429 (E.D.N.Y. Feb. 6, 2013).

Plaintiff provided initial disclosures and responded to defendant's Rule 26 requests. Because damages are not available under Title III, Plaintiff followed precedent in this circuit by pointing defendants to the statutorily defined NYC/ NY STATE Human Rights Laws for reference. It has been established in this circuit that damages may be had, even if they are not the gravamen of the relief sought. This is why Plaintiff's May 30 Rule 26 response reads "Plaintiff filed the above referenced matter and seeks injunctive relief, compensation for violations of the New York City and New York State Human Rights Law, et al, and attorney's fees, expenses and costs, *all determinable at trial.*" See Thompson v. Rising Star Beauty Salon Incorporated, 2016 WL 9583995 (E.D.N.Y. Dec. 23, 2016); Shariff v. Radamar Meat Corp., 2014 WL 1311563 (E.D.N.Y. Feb. 14, 2014) quoting Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013) ("Both the NYSHRL and the NYCHRL provide for compensatory damages for anyone aggrieved by discriminatory conduct… consistently deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage").

Defendants want a well briefed, significant motion for reconsideration denied in whole. They want this before discovery has even begun, based on the erroneous self-invented contention that a Plaintiff's disclosures, not being sufficient enough *in their eyes* means automatic dismissal of unrelated motions. See Ritchie Risk-Linked Strategies Trading, Ltd. v. Coventry First LLC, 280 F.R.D. 147 (S.D.N.Y. 2012) (Where Plaintiff, for an entire YEAR after the close of discovery, still completely withheld responses concerning Rule 26 disclosures and damages. The court refused to go to extreme length of claim/evidence preclusion). That is not even in the same universe as the case here. To analogize, the Ritchie court grappled with a decision about what to do with Plaintiff's Rule 26 disclosure violation (damages) and whether to preclude Plaintiffs from asserting that damage claim at trial in light of their violation—we call this 'apples to apples.' Presently, these defendants want your Honor to go from apples to Zebras. Defendants do not like Plaintiff's responses. They do not think the disclosures have been done correctly, so therefore they deem that the proper remedy is to deny the *unrelated* substantive motion for reconsideration. Currently, discovery in this case is in its infancy. The time for motion practice, if need be any, on an issue such as defendant's untrue statements regarding Plaintiff's disclosures, or maybe on defendant's bogus discovery responses, is not even here yet. Plaintiff respectfully requests that your Honor seriously consider the imposition of sanctions and costs for defendants repeated and ongoing bad faith conduct.

Wherefore, Plaintiff respectfully requests that this Court take Judicial notice of all non-denials inherently made through counsel's waiver of his duty to properly respond to Plaintiff's motion, that your Honor grant Plaintiff's Motion for Reconsideration, and vacate the June 10 order. Should the Court deem that costs and sanctions against defendants are in order, Plaintiff is prepared to show cause on the matter as well.

Thanking the Court for your time, I remain,

Very truly yours,

Stuart H. Finkelstein

To call counsel of record via ECF