**STUART H. FINKELSTEIN, ESQ.**

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

July 3, 2020

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

                            Re: Antolini vs. McCloskey, et al
                            Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

I write in response to defendant's counsel's letter dated July 1 [DE 47]. I am sorry that your Honor must have his time wasted yet again by these defendants with such an insincere and demonstrably rebuttable position.

Defendant's four-page letter can be surmised in its entirety on page three, wherein they renew their distorted request for amended Rule 26 disclosures. It appears that these defendants recognized their faltering position and decided to change course mid-stream so to speak; 'If you have a losing side of an argument, change the argument.' To remind the Court, Plaintiff explained in his June 28 letter [DE 43] that he did in fact correctly and properly proffer his rule 26 disclosures based on Title III of the ADA, the NYSHRL, and the NYCHRL.

We presume that Plaintiff did a decent job of same as defendants have now 'changed the argument.' Instead of some altered computation of damages, these defendants roam into the realm of ridiculousness as they incorrectly believe that a computation of damages and attorney's fees are all lumped under the same umbrella. It is as if counsel believes that any potential monies that may expended in the course of this matter can all be categorized uniformly. His 'request' includes "plaintiff's engagement agreement, time records, and inter allia all documents concerning Plaintiff's attorneys' fees.' <u>See</u> [DE 47 pg. 3]

Your Honor, this position is both silly and disingenuous on its face. In their antepenultimate paragraph defendants write a lot but actually say very little. There is no reference to any case law or citation to any statute/ rule to support their contention concerning the 'import of establishing the computation of damages' in ADA Title III suits in the context of 'attorney's fees.'  <u>See</u> <u>Id.</u>

This might be because Rule 26 has nothing to do with attorney's fees and as such, defendants are entitled to no such 'computation' of same. See Gonzalez v. Scalinatella, Inc., F. Supp. 3d 5 (S.D.N.Y. 2015) (Where Judge Dolinger logically held that an employee's alleged failure to provide computation of damages by way of attorney's fees with his Rule 26 disclosures had *NO IMPACT* on employee's entitlement to attorney fee award. Judge opined that he failed to see import of Rule 26 disclosures in viability of a Fee Application and argument to the contrary was an inherent "non-sequitur").

Attorney's fees are not even in the same arena as damages. It is intrinsic to the very conceptual language clearly outlined by this nation's highest courts for 200 years. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L. Ed. 2d 141 (1975) (Inclusion of attorneys' fees as damages overturned in 1796 and has become official doctrine of highest court (subsequent citation to Seven Supreme Court Cases showing same)). Damages are part of some injury or harm to the Plaintiff as a result of some behavior by the defendants, part of the very basis of a civil action. See Id; See also Brytus v. Spang & Co., 203 F. 3d 238, 241 (3d Cir. 2000), ("Attorney fees are not an element of damages); Allied Systems, Ltd. v. Teamsters Auto. Transport Chauffeurs, et al., 304 F. 3d 785, 59 Fed. R. Evid. Serv. 370 (8th Cir. 2002) (holding that attorney fees are not recoverable as an element of damages in the absence of contractual agreement to award attorney fees, or equitable determination that a party acted in bad faith, vexatiously, wantonly, or for oppressive reasons *793). In contrast, attorney's fees are just that; fees/ expenses awarded, in ADA Title III cases, to the prevailing party, *AFTER* the entry of a judgment/ judicial determination. Kreisler v. Second Ave. Diner Corp., 2012 WL 396130 (S.D.N.Y. Sep. 11, 2012) ("Both the ADA and the NYCHRL allow a *prevailing party* in an action to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8–502(f)").

An attorney cannot bring an action for attorney's fees as a lone claim. There must be some actual case or controversy that allows for Article III of the constitution to govern genuine disputes. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332 (2006). To be clear, *damages are undoubtedly recognized as their own distinct element of a civil action apart from any potential fees incurred in the course of litigation.* See Farrar v. Hobby, 506 U.S. 103 113 S.Ct. 566 (1992). This is rather rudimentary and Plaintiff apologizes again for having to answer defendant's frivolous contentions. In fact, S.D.N.Y. Local Rule 54.1 speaks directly on the matter by stating that "Within thirty (30) days *after the entry of final judgment... a party objecting to any cost item shall serve timely objections by ECF.* See S.D.N.Y. Loc. R. 54.1(a)-(b). Any inquiry into fee calculations is not to be initiated until *after* the entry of a judgment for either side, wherein *even then*, the scope of discovery concerning attorney's fees is still left to the district judge's discretion if the losing party objects to any of the prevailing party's calculations. See Avaya Inc. v. Telecom Labs, Inc., 178 F. Supp. 3d 23 (D.N.J. 2016). Counsel's request for amended rule 26 disclosures is completely inappropriate and is rebuffed by all controlling law.

Further, defendants also appear to give your Honor the cold shoulder by intentionally pooh-poohing and thumbing their nose at Orders decided by this Honorable court. On June 29, 2020 your Honor struck all interrogatories that "impinge[d] on the attorney-client privilege" including No. 3 which unbelievably asked for "*all documents* concerning my client's retention of counsel." That interrogatory was stricken in its entirety but

apparently, counsel does not care much for your Honor's determination(s) as counsel decides, unabashedly, to give it another go. They now request "Plaintiff's engagement agreement" with his counsel. 'Engagement' and 'Retainer' agreements are in effect completely synonymous. See Allison C. Shields What Should Your Engagement Agreement Include? 90-OCT NYSTBJ 22 (2018) (Where Ms. Shields confirms that under 22 N.Y.C.R.R. 1215, the memorialization of the attorney-client relationship and description of same therein may be correctly designated "retainer" or "engagement").

In fact, Ms. Shields explains that an unrequired engagement *Letter*, if one exists, could actually contain the most privileged communications, even more so than an engagement/ retainer **Agreement**. This is because it would detail 'the exact nature of the relationship between the attorney and the client and would 'reflect all work that will be performed for the client.' Your Honor has already made it very clear that the attorney-client relationship is not to be violated. Instead of coping with this reality and proceeding accordingly, defendants have instead exhibited extraordinary disrespect toward this Court. By patently disregarding your June 29 order and 'trying again' *in a manner that seeks to violate privilege by veritably going beyond their original request which was already stricken*, defendants have both wasted this courts time and scorned their ethical responsibilities as officers of this court who are bound to adhere to judicial decisions.

Defendants counsel again misstates the law as well as Plaintiff's position when he postulates "Plaintiffs in these cases can only recover injunctive relief and attorneys' fees and costs." See ([DE 47] pg. 3). The thing is, Plaintiff already explained his position in totum in his June 28 letter [DE 43]. Not only did Plaintiff explain same, but he also detailed how all laws and controlling authority fully support Plaintiff's Rule 26 disclosures concerning his federal claims under the ADA and state claims under the NYSHRL/ NYCHRL. See Id. at ¶7-8.

Wherefore, Plaintiff respectfully requests that this Court deny defendants' baseless application seeking altered Rule 26 disclosures. Plaintiff requests that your Honor not only deny defendant's counsel's Rule 37 motion, but also seriously consider the imposition of costs and sanctions *against these defendants and their counsel* under Fed. R. Civ. P 11 for their repeated frivolous misrepresentations, their disdainful disobedience of your Honor's orders, and their bad faith applications that have continued for months. Plaintiff respectfully requests that your Honor aid Plaintiff in advancing this litigation forward however he sees fit, as defendants have been adamant in their stonewalling for far too long. Should the Court deem that costs and sanctions are in order, Plaintiff is prepared to show cause on the matter as well.

Thanking the Court for your time, I remain,

Very truly yours,

Stuart H. Finkelstein

To call counsel of record via ECF