USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Dino Antolini,

                Plaintiff,

-against-

Amy McCloskey, et al.,

                Defendants.

1:19-cv-09038 (GBD) (SDA)

<u>OPINION AND ORDER</u>

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Defendants' Letter Motion to compel Plaintiff to provide revised initial disclosures, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and for sanctions, pursuant to Rule 37(b). (Defs.' Ltr. Mot., ECF No. 47.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>

This action, which asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12182(a); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a); the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4); and the New York State Civil Rights Law, N.Y. Civ. Rts. Law §§ 40-c & 40-d, as well as a claim for common law negligence, was filed on September 28, 2019. (Compl., ECF No. 1.) Plaintiff, who is a wheelchair user, alleges that Defendants failed to make their place of public accommodation accessible to persons with disabilities. (Compl. ¶¶ 2, 6.) In his Prayer for Relief, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages and attorneys' fees. (*See* Compl. at p. 18.)

On October 25, 2019, Plaintiff served discovery requests on Defendants. (*See* Pl.'s 5/25/20 Ltr., ECF No. 34.) After Defendants failed to respond to those requests, on May 25, 2020, Plaintiff

sent a letter to District Judge Daniels seeking an informal conference in anticipation of a motion to compel Defendants to respond to the outstanding discovery requests. (*See id*.) In their May 28, 2020 letter in response to Plaintiff's letter, Defendants stated their view that Plaintiff's discovery requests were premature, and requested a conference in anticipation of Defendants' motion to compel Plaintiff to provide Rule 26(a) initial disclosures, which had not been provided by that date. (Defs.' 5/28/20 Ltr., ECF No. 35.)

On May 30, 2020, Plaintiff served his initial disclosures. (Pl.'s Initial Discl., ECF No. 47-1.) With respect to his "computation of each category of damages claimed by the Plaintiff, [and] the documents or other evidentiary material on which each computation is based," Plaintiff states as follows: "Plaintiff filed the above referenced matter and seeks injunctive relief, compensation for violations of the New York City and New York State Human Rights Law, et al, and attorney's fees, expenses and costs, all determinable at trial." (*Id*. at 3.) On June 1, 2020, this action was referred to me for general pretrial purposes. (Order of Ref., ECF No. 36.)

On July 1, 2020, Defendants filed their Letter Motion in which they seek to compel Plaintiff to supplement his Rule 26(a) initial disclosures by providing "any underlying documents on which his demand for 'attorney's fees, expenses and costs' is based" and "[a] description of the legal authority, along with any underlying documents, on which Plaintiff's computation 'for violations of the New York City and New York State Human Rights Law' is based." (Defs.' Ltr. Mot. at 3 (footnotes omitted).) They also seek sanctions under Rule 37(b). (*See id*.) On July 3, 2020, Plaintiff filed his opposition to Defendants' Letter Motion. (Pl.'s Ltr. Resp., ECF No. 48.)

## LEGAL STANDARDS

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must provide to the other parties "a copy—or description by category and location—of all documents,

2

electrically stored information, and tangible things that the disclosing party . . . may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Pursuant to Rule 26(a)(1)(A)(iii), a party seeking damages must automatically "provide to the other parties . . . a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders [of varying degrees of severity]." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders [referred to] above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## DISCUSSION

**I.      Defendants' Request For Attorney's Fees-Related Documents**

Invoking Rule 26(a), Defendants seek documents "underlying" Plaintiff's "demand" for attorney's fees, including copies of Plaintiff's engagement agreement and contemporaneous time records. (Defs.' Ltr. Mot. at 3.) However, Rule 26(a) does not require these disclosures. "A computation of attorney's fees is simply not a required disclosure under Federal Rule of Civil Procedure 26(a)." *Smith v. AS Am., Inc.*, 829 F.3d 616, 624 (8th Cir. 2016). "Even when attorney's fees are requested in the complaint, the plaintiff is not required to provide a computation of the amount, because entitlement to, and amount of, fees cannot be known until one party has

3

prevailed." 6 *Moore's Federal Practice - Civil* § 26.22 (3rd ed. 2020). Thus, Defendants' motion to compel documents related to Plaintiff's attorney's fees is denied.

## II. Defendants' Request For Documents Regarding Computation Of Damages Based Upon Violations Of The NYSHRL And NYCHRL

Plaintiff asserts in his initial disclosures that he is seeking "compensation for violations of the New York City and New York State Human Rights Law, et al." (Pl.'s Initial Discl. at 3.) As such, Defendants are entitled to a computation of the damages sought for the alleged violations of these statutes, as well copies of documents on which the computation is based. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). They also are entitled to know Plaintiff's theory of damages. *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008). Thus, Defendants' motion to compel with respect to the damages that Plaintiff seeks in this action is granted, and Plaintiff shall supplement his Rule 26(a) disclosures as set forth in the Conclusion below.

## III. Defendants' Request For Sanctions

Defendants' request for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure (*see* Defs.' Ltr. Mot. at 3) is denied. Rule 37(b) permits sanctions to be imposed for a failure to comply with a court order. *See Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014) ("Where a party's misconduct violates a court order, Rule 37(b) allows a court to impose on that party sanctions of varying degrees of severity."). Here, Defendants do not cite to any court order that Plaintiff violated. Nor does the Court find that an award of sanctions against either party is appropriate at this time.[1] *See id.* ("Even in the absence of a discovery order, a court may impose

---

[1] In his opposition, Plaintiff requested that the Court "seriously consider" the imposition of sanctions against Defendants and their counsel under Rule 11 of the Federal Rules of Civil Procedure. (Pl.'s Ltr. Resp. at 3.) However, Plaintiff failed to meet the procedural requirements of Rule 11. *See* Fed. R. Civ. P. 11(c)(2) (requiring service of Rule 11 motion and 21-day period for party served to take any corrective action). Even if Plaintiff had met the procedural requirements, the record does not reflect conduct by Defendants

sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs. . . . However, a court may not impose sanctions under its inherent power unless the party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks & citations omitted)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel is GRANTED IN PART and DENIED IN PART. No later than July 20, 2020, Plaintiff shall supplement his initial disclosures to set forth the theory under which he is seeking damages and the computation of the damages sought, and shall produce copies of any documents on which his computation is based.

**SO ORDERED.**

DATED:   New York, New York
         July 7, 2020

_____
STEWART D. AARON
United States Magistrate Judge

---

that would warrant the imposition of sanctions under Rule 11. "Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 15-CV-02457 (GHW), 2019 WL 1244493, at *7 (S.D.N.Y. Mar. 18, 2019) (citation omitted).

5