# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

July 20, 2020

*Via Electronic Filing*
The Honorable Magistrate Judge Stewart D. Aaron
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Antolini v. McCloskey et al*
           **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Magistrate Judge Aaron:

      This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, and Theresa Laurent (collectively, the "**Defendants**") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules I(A), and Your Honor's June 29, 2020 Order [Dckt. No. 44] this letter respectfully serves as a letter motion to: (i) compel Plaintiff Dino Antolini (the "**Plaintiff**") to serve sworn responses, *without objections*, to Defendants' interrogatories regarding the allegations of fraud on the Court [*see* Dckt. Nos. 38, 44]; (ii) compel Plaintiff's counsel, Stuart H. Finkelstein, to attest, as an officer of the Court, to Plaintiff's sworn interrogatory responses; and (iii) award Defendants' attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. Rule 37(b).

    **I.**    **Relevant Procedural Background for Non-Compliance**

      This action was commenced by plaintiff Dino Antolini on or about September 28, 2019 [Dckt. No. 1]. In the complaint, Plaintiff alleges that he is afflicted by numerous disabilities, including ataxia (involuntary control of muscle movements due to central nervous system dysfunction), and has undergone surgical intervention to implant a fourteen-inch intramedullary rod and seven Kuntscher nails in a failed attempt to stabilize his left hip. [Dckt. No. 1 at ¶ 6]. Accordingly, Plaintiff alleges that he is disabled as defined by the Americans with Disabilities Act and is required to use a wheelchair for mobility purposes. [Dckt. No. 1 at ¶¶ 13, 32]. Plaintiff is seeking injunctive relief, declaratory relief and **attorney's fees**, **expenses and costs** [Dckt. No. 1 at ¶ 90] in connection with disability discrimination allegedly encountered on an unspecified date in August 2019. [Dckt. No. 1 at ¶ 17].

      On October 25, 2019 Defendants answered the complaint. [Dckt. No. 17]. In their answer, Defendants denied all material allegations on the basis, *inter alia*, that the Complaint suggests possible fraud upon the court in its filing. [*See* Answer, Dckt. No. 17 at ¶¶ 112-126]. Defendants further interposed counterclaims.

      On October 4, 2019, this Court scheduled an Initial Case Conference for December 19, 2019. [Dckt. No. 13]. On December 13, 2019, Plaintiff filed two letters requesting a global adjournment of all upcoming appearances until after February 5, 2020. [Dckt. Nos. 20-21]. Plaintiff's application was granted on December 13, 2019, and the Initial Case Conference was

rescheduled to February 20, 2020. [Dckt. No. 22]. On February 10, 2020, Plaintiff filed a letter requesting a second adjournment of the Initial Case Conference. [Dckt. No. 25]. The Court granted Plaintiff's adjournment request on February 12, 2020 and rescheduled the Initial Case Conference for March 26, 2020. [Dckt. No. 26]. On March 17, 2020, Plaintiff filed a letter[1] requesting a third adjournment of the Initial Case Conference. [Dckt. No. 27]. On March 19, 2020, the Court granted Plaintiff's application, and rescheduled the Initial Case Conference to April 23, 2020. [Dckt. No. 28].

On March 24, 2020, the Court *sua sponte* adjourned the Initial Case Conference to May 28, 2020. [Dckt. No. 29].

On April 24, 2020 and on April 30, 2020, Plaintiff filed a letter motion requesting leave to hold a telephonic Initial Case Conference. [Dckt. Nos. 30-31].

On May 4, 2020, Defendants filed a letter motion requesting the scheduling of an in-person Initial Case Conference, with Plaintiff in attendance, on the basis that Plaintiff's counsel is engaging in fraud on the Court. [Dckt. No. 32].

On May 5, 2020, the Honorable Judge George B. Daniels denied Plaintiff's request to schedule a telephonic Initial Case Conference, and adjourned the May 28, 2020 Initial Case Conference to September 24, 2020. [Dckt. No. 33].

On June 10, 2020, the parties appeared before the Court for a telephonic conference to address, *inter alia*, Defendants' allegations that Plaintiff's counsel is engaging in fraud on the Court. [Dckt. No. 38]. The Court ordered Defendants to serve "no more than ten (10) interrogatories upon the Plaintiff addressed to the 'fraud on the court' allegations", and ordered Plaintiff's counsel to, "**attest, as an officer of the Court, to Plaintiff's sworn interrogatory responses [no later] than June 30, 2020**." [*Id*. (emphasis added)].

Defendants' served Plaintiff's counsel with the interrogatories on June 16, 2020. A true and correct copy of Defendants' interrogatories are annexed hereto as **Exhibit "A"**.

On June 29, 2020, the Court modified Defendants' interrogatories by: (i) striking interrogatories nos. 2,3, 4, and 9; and (ii) ordering Plaintiff to respond to the following, in place of interrogatory no. 9:

> "Prior to the filing of the Complaint in this Action, did you communicate with Stuart H. Finkelstein related to this Action?"

[Dckt. No. 44]. A true and correct copy of the Court's June 29, 2020 Order is annexed hereto as **Exhibit "B"**.

---

[1] Plaintiff's March 17, 2020 letter motion also admits to engaging in improper *ex parte* telephonic communications with Chambers, in contempt of Individual Rule II(B)(i)(1) of the Honorable Judge George B. Daniels. [*See* Dckt. No. 27].

To-date, Plaintiff and Plaintiff's counsel have inexplicably and unjustifiably failed to adhere to this Court's June 10, 2020 and June 29, 2020 Orders [Dckt. Nos. 38, 44], by failing to respond to Defendants' interrogatories.

**II.     Conclusion**

As Plaintiff and Plaintiff's counsel have failed to submit sworn, attested, interrogatory responses by June 30, 2020, Defendants now respectfully turn to the Court to compel Plaintiff and Plaintiff's counsel to produce the same, pursuant to this Court's June 10, 2020 and June 29, 2020 Orders [Dckt. Nos. 38, 44].

It is also respectfully requested that the Court award Defendants' attorneys' fees, costs and disbursements in connection with making the instant application pursuant to Fed.R.Civ.P. Rule 37(b). *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.,* 328 F.R.D. 100, 126 (S.D.N.Y. 2018).

Thank you, in advance, for your time and attention.

            Respectfully submitted,
             LEVIN-EPSTEIN & ASSOCIATES, P.C.

            By:  */s/ Jason Mizrahi*
              Jason Mizrahi
              420 Lexington Avenue, Suite 2525
              New York, NY 10170
              Tel.: (212) 792-0048
              Email: Jason@levinepstein.com
              *Attorneys for Defendants Dimur*
              *Enterprises Inc., Amy McCloskey, and*
              *Theresa Laurent*

Cc: All Parties via ECF