STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

August 27th, 2020

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

To remind your Honor, I represent Plaintiff Dino Antolini and write in furtherance to your order of August 7, 2020 [DE 63] and in our continuing quest to obtain responses to our discovery demands. On August 12, 2020 I sent my letter to defendants with my itemized agenda of the matters to be discussed during our meet and confer, which I had to pursue him to schedule, by both emails and phone calls for almost a week. After the meet and confer on August 18 I sent defendants' lawyer my letter outlining our discussion. A week later, in contravention of your order, supra, I received defendants' "annotated letter correcting and modifying" letter. True to form, their version of the conversation was twisted. I am attaching both for the Court.

In addition, they sent their purported supplemental responses to the following: Plaintiff's Requests for the Production of Documents; responses to Plaintiff's First Set of Interrogatories; responses to Plaintiff's Request for Production pursuant to Rule 26 (a)(2); responses to Plaintiff's First Request for Fact and Expert Witness Interrogatories. Further, they have lied by omission to this Court by refusing to respond to Plaintiff's Interrogatories by invoking the Southern District of New York Local Civil Rule 33.3. Without question, nowhere in the history of this case has any Judge precluded the use of interrogatories. Unbelievably, they also fail to advise your Honor that *they* themselves have served multiple such requests (I am not referring to the ones involving my relationship to Plaintiff) and to which they have received responses from Plaintiff.

Without Plaintiff waiving his right to seek real responses to all of our requested discovery, Plaintiff at this juncture seeks to illustrate to your Honor the continued 'talking out of both sides of your mouth' behavior of defendants and the ongoing stonewalling of this lawsuit by focusing on Plaintiff's Request for Production. In counsel's 'annotated letter' responses, they keep on with blocking the production of the financial information crucial to this case. Of note, whether the principle of law is either 'to the 'maximum extent achievable', or by 'readily achievable', the financial makeup of the Subject Facility is paramount to achieve compliance with the ADA of this facility. They have anointed themselves as the sole and final arbiter in this matter with such statements as "To the extent that the requested information is sought to establish Defendants' financial status, the requested information is overly broad in light of the documents that Defendants are prepared to produce, subject to the entry of a protective order, *which will provide a sufficient overview of the corporate Defendant's financial status.*"

On the one hand they refuse to produce discovery, but yet seek a Confidential Agreement between the parties, to which we have absolutely no objection to. In fact, I offered more than five months ago to enter into such an agreement but they weren't interested. What we do object to is the agreement they have offered. It is just what the Doctor ordered, as it is filled with such terms, conditions and burdens that it will lead to more churning for the defendants as they will saturate the Court and your affiant with more frivolous motion practice. Plaintiff is offering and is submitting his agreement for the Courts' consideration.

Moreover, in counsel's responses they continue the same pattern of stonewalling by falsely proffering to the Court that an individual cannot be held liable for violating the Americans with Disabilities Act. Nothing could be further from the truth. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations **of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.** 42 U.S.C. § 12182(a). *See* Clement v. Satterfield, 927 F. Supp. 2d 297 (2013): Defendant's argument that individuals are not proper defendants under Title III is unavailing. *See* Id. at 11. Under Title III, liability may be imposed on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). "Nearly every court that has decide the issue of individual liability under Title III has found that individuals can be held responsible for violations of these prohibitions against discrimination if they own, lease, or operate a place of public accommodation." Guckenberger v. Boston Univ., 957 F.Supp. 306, 322 (D. Mass.1997) (internal citations and quotations omitted); see also Coddington v. Adelphi Univ., 45 F. Supp.2d 211, 215 (E.D.N.Y.1999) ("The question of whether a person is a proper defendant under the [Title III] turns not on whether the defendant is a person, partnership, corporation or other entity but, *instead, whether the defendant owns, leases or operates a place of public accommodation within the meaning of the ADA."*); Howe v. Hull, 873 F. Supp. 72, 77 (N. D. Ohio 1994) ("An individual may be subject to personal liability under [Title III] ... [t]o hold differently would allow individuals with both the authority and the discretion to make decisions based on a discriminatory animus to violate the ADA with a degree of impunity not envisioned by Congress.") Without a contrary decision from the Fourth Circuit, I agree with the majority of American courts that individuals can be proper defendants under Title III."

The mendacious pattern of defendants continues as they offer Gomez v. New York City Police Department, 191 F. Supp. 3d 293, 303, for the proposition that there is no individual liability under the ADA. However, even a cursory reading indicates this lawsuit was initiated pursuant to Article VII, **and not** Article III as is the instant matter, wherein a former police officer brought an action against New York City and its police department, alleging discrimination under Americans with Disabilities Act (ADA), Title VII, New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL), *as related to her reassignment after workplace accident and refusal to exempt her from overtime requirement or to transfer her to different position.*

As the defendants know, or should know, Title VII is a provision of the Civil Rights Act of 1964 which prohibits discrimination in virtually every employment circumstance on the basis of race, color, religion, gender, pregnancy, or national origin. Their guile in continuing their sordid behavior is nothing to be admired.

Moreover, I have spoken with Mr. Antolini and he is prepared to discontinue his request for a jury if it will mean a trial date that much sooner, as he seeks to bring this discriminatory facility into ADA compliance. He has also agreed for your Honor to preside over the trial.

Plaintiff renews all of his prior applications seeking discovery from defendants.

Thanking you for your time, I remain,

                                                            Very truly yours,
                                                            Stuart H. Finkelstein

SHF/tc
To all counsel via ECF