

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dino Antolini,

                         Plaintiff,

-against-

Amy McCloskey, et al.,

                         Defendants.

1:19-cv-09038 (GBD) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court are certain discovery disputes regarding interrogatories and document requests served by Plaintiff Dino Antolini ("Plaintiff") upon Defendants Dimur Enterprises Inc. ("Dimur"), Amy McCloskey and Theresa Laurent (collectively, the "Defendants"), as well as disputes regarding a site inspection and the terms of a protective order. (*See* Defs.' Annot. 8/25/20 Ltr., ECF No. 69-2; *see also* Pl.'s 8/27/20 Ltr., ECF No. 69; Defs.' 8/25/20 Ltr., ECF No. 67.) The Court resolves these disputes as set forth below.

## BACKGROUND

This action, which asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12182(a); the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4); and the New York State Civil Rights Law, N.Y. Civ. Rts. Law §§ 40-c & 40-d, as well as a claim for common law negligence, was filed on September 28, 2019. (Compl., ECF No. 1.) Plaintiff, who is a wheelchair user, alleges that Defendants failed to make their place of public accommodation accessible to persons with disabilities. (*Id*. ¶¶ 2, 6.)

1

The discovery disputes addressed in this Opinion and Order are among many raised by the parties during the course of this litigation.

**LEGAL STANDARDS**

Discovery-related matters are left to the sound discretion of the court. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018). Moreover, a district court has broad latitude to determine the scope of discovery and to manage the discovery process. *See id*.

**DISCUSSION**

**I.  Interrogatories**

Plaintiff has served numerous interrogatories on Defendants seeking various information not related to the identity of witnesses, the calculation of damages or the location of documents. (*See* Defs.' Annot. 8/25/20 Ltr. at 4-7.) Defendants have objected to these interrogatories on the ground that they are outside the scope of Local Civil Rule 33.3. (*See id*.) Defendants' objections are sustained.

Local Civil Rule 33.3(a) limits interrogatories at the commencement of discovery to those "seeking names of witnesses," information relating to "the computation of damages," and learning "the existence, custodian, location and general description of relevant documents." *See* Local Civil Rule 33.3(a). Plaintiff's interrogatories are not so limited.[1]

---

[1] Plaintiff states that Defendants served interrogatories, to which Plaintiff responded, that were outside the scope of Local Civil Rule 33.3(a). (*See* Pl.'s 8/27/20 Ltr. at 1.) The parties may stipulate either expressly or implicitly to modify procedures limiting discovery, *see* Fed. R. Civ. P. 29(b), but absent such a stipulation, the Federal Rules of Civil Procedure and the Local Civil Rules apply.

"During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." Local Civil Rule 33.3(b). The Court finds that interrogatories are not a more practical method of obtaining discovery in this case. Rather, depositions are far more practical and efficient. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 1080775, at *3 (S.D.N.Y. Mar. 7, 2020) (finding a Rule 30(b)(6) deposition to be a "more efficient means of obtaining relevant information").

Certain of Plaintiff's interrogatories appear to be in the nature of contention interrogatories. However, contention interrogatories are not permitted until the conclusion of other discovery, unless the Court has ordered otherwise. *See* Local Civil Rule 33.3(c).

## II. Document Requests

The parties' disputes regarding the documents requested by Plaintiff center around Defendants' tax returns and the financial status of Defendants and the subject property.[2] This Court previously set forth the law regarding discovery of tax returns, as follows:

> Tax returns in the possession of the taxpayer are not immune from civil discovery. . . . However, courts generally are reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns. . . . A party seeking to compel production of tax returns in civil cases must meet a two-part test: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."

---

[2] Defendants have responded to certain of Plaintiff's document requests by stating that they do not have responsive documents in their possession, custody or control. There presently is no legitimate dispute regarding those requests, so long as Defendants supplement their production as and when responsive documents come into their possession, custody or control (for example, after an expert is retained).

3

*Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018). The Court finds in its discretion that there is no compelling need for the individual defendants to produce their tax returns and that the production of such tax returns by the individual defendants is not proportional to the needs of the case.

The Court finds that it is premature to resolve the disputes regarding the remainder of the documents sought. With respect to the corporate defendant, Dimur, Defendants state that they "are prepared to produce, subject to the entry of a protective order, which will provide a sufficient overview of the corporate Defendant's financial status." (*See* Defs.' Annot. 8/25/20 Ltr. at 2-4.) The Court shall forthwith be entering a protective order. *See* Discussion Section IV, *infra*. Defendants shall produce the financial-related documents of Dimur within seven days of the date of this Opinion and Order. After production of such documents, if the Plaintiff seeks additional documents, the parties shall meet and confer, as set forth in my August 7, 2020 Order (8/7/20 Order, ECF No. 63, at 2), and shall bring any disputes to me.

With respect to the individual defendants, even assuming that they are proper defendants in this case, Plaintiff has not articulated why he needs financial information from them. Once Plaintiff receives the document production from Dimur, he shall address with Defendants the need for any documents from the individual defendants during the meet and confer discussed above to see if a compromise can be reached.

### III. Premises Inspection

The parties have been unable to agree on a date for an inspection of the subject premises. (*See* Defs.' Annot. 8/25/20 Ltr. at 7.) The premises inspection shall occur within the next 21 days

of the date of this Opinion and Order. If the parties are unable to agree to the date and time of the inspection, the Court shall set them.

**IV.     Protective Order**

The parties also have been unable to agree on the terms of a protective order and each side has submitted its own form of protective order. (*Compare* Defs.' Proposed Prot. Order, ECF No. 67-1 *with* Pl.'s Proposed Prot. Order, ECF No. 69-3.) The Court shall enter later today a form of protective order modeled after the form made publicly available by District Judge Liman (https://nysd.uscourts.gov/sites/default/files/practice_documents/LJL%20Liman%20Model%20Protective%20Order%20FINAL.pdf).

**CONCLUSION**

The parties' discovery disputes are resolved as set forth above. Defendants shall produce the financial-related documents of Dimur within seven days. The premises inspection shall occur within the next 21 days. The Clerk of Court is respectfully requested to cancel the gavel at ECF No. 67.

DATED:     August 28, 2020
           New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

5