# EXHIBIT A

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Jason@levinepstein.com

September 9, 2020

*Via Email*
Finkelstein Law Group, PLLC
Attn:    Stuart H. Finkelstein
338 Jericho Turnpike
Syosset, NY 117914
Email: sf@ finkelsteinlawgroup.com

        Re:    *Antolini v. McCloskey et al*
               **Case No.: 1:19-cv-09038-GBD**

Dear Mr. Finkelstein:

      As you know, this firm serves as litigation counsel to Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**"). On behalf of our client, and pursuant to the Honorable Magistrate Judge Aaron's August 7, 2020 Order [Dckt. No. 63], we write to address you with respect to the following urgent matter.

      On June 16, 2020 on behalf of Defendants, this office served your office with, *inter alia*:

1. Defendants' Second Set of Interrogatories; and
2. Defendants' First Request for the Production of Documents;

      Pursuant to the Honorable Magistrate Judge Aaron's September 4, 2020 Order [Dckt. No. 75], responses and/or objections to Defendants' Second Set of Interrogatories and First Request for the Production of Documents were due on or before September 9, 2020.

      We are in receipt of your client's responses to Defendants' Second Set of Interrogatories and First Request for the Production of Documents. We write with respect to deficiencies in your clients' responses.

**I.**      **Deficiencies in Plaintiff's Responses to Defendants' Second Set of Interrogatories**

      **A.  Failure to Verify**

      As an initial matter, the Interrogatory responses are not verified. Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

      Please amend your responses and provide verification pages from the individual Plaintiff, being they are the persons who responded to the Interrogatories. *See* Plaintiff's Responses & Objections to Defendants' Second Set of Interrogatories at p. 1 (identifying Dino Antolini as the person responding to Interrogatories).

### B. Plaintiff's Boiler-Plate General Objections

As you are no doubt aware, under Fed.R.Civ.Pro. 34 it is patently improper to assert general objections to discovery demands. By incorporating each of its general objections into the response of each of Defendants' specific requests, Plaintiff has violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, No. 14-CV-1304 (PAE) (AJP), 2017 WL 773694, at 3 (S.D.N.Y. Feb. 28, 2017); *see also Carl v. Edwards*, No. 16-CV-3863 (ADS) (AKT), 2017 WL 4271443, at 4 (E.D.N.Y. Sept. 25, 2017). By applying general objections to each of Defendant's specific requests, Plaintiff has violated Fed.R.Civ.Pro. 24, and its objections may be deemed to be waived. *See Carl v. Edwards*, at 4.

### C. Plaintiff's Boiler-Plate Objections as to Privilege

Plaintiff's general objection on the basis that Defendants' request violates a privilege is patently improper. Pursuant to Fed.R.Civ.Pro. 26(b)(5)(A), when a party withholds discoverable information by the assertion of privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This process, is most commonly known as the creation of "privilege log." Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena *duces tecum*, including…the author of the document, the addressees of the document…and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2. ) *Lopez v. City of New York*, No. 05-CV-3624, 2007 WL 869590, at *3 (E.D.N.Y. Mar. 20, 2007). Plaintiff has failed to meet its obligations under Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2, and as a result, once again violates the Federal Discovery Rules. Additionally, Plaintiff's objection of work product doctrine would only apply to documents prepared in anticipation of litigation, and not those created in the routine course of business. *Id*.

### D. Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date

In response to each and every Interrogatory, Plaintiff claims to "reserve[] the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence." Plaintiff was first on notice of this Action as early as September 2019. That is, he has had more than eleven full months to identify, preserve, and locate responsive information in their custody, possession, and control ("possession") as required by either the Southern District of New York's Local Civil Rules and/or the Federal Rules of Civil Procedure. Plaintiff cannot unilaterally reserve documents for production on a later date. If there are no responsive responses to Defendants' Second Set of Interrogatories, Plaintiff must confirm so.

### E. Plaintiff's Boiler-Plate Objections as to Overbreadth and Undue Burden

Plaintiff's general objection on the basis that Defendants' request is overbroad or presents an undue burden is patently improper.

In doing do, Plaintiff violated the December 1, 2015 amendments to the Federal Rules of Civil

Procedure by raising these objections without identifying any particularized fact as to why such objections are made. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answering no interrogatories…are a paradigm of discovery abuse." *Id*. In order to effectively resist providing a response to a request, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive,…by submitting affidavits or offering evidence revealing the nature of the burden. *Id*.

### F. Interrogatory No. 1

**Interrogatory No. 1**: State the name and address of each health care provider who has examined or treated Plaintiff.

**Plaintiff's Response to Interrogatory No. 1**: Doctor Matthew Swan, Mount Sinai Hospital 1468 Madison Ave., New York, N.Y. 10029

**Deficiency**: Plaintiff's response does not fully answer the Interrogatory. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Interrogatories No. 1. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

### G. Interrogatory Nos. 1-6

**Interrogatory No. 2**: For each health care provider identified in Interrogatory No. 1, state:

(a) The date of each examination or treatment;

(b) The injury, illness, condition, complaint or other reason for which each examination or treatment was conducted; and

(c) Whether the injury, illness, condition, complaint or other reason for which each examination or treatment was performed had been relieved, and if so, the approximate date of relief.

**Interrogatory No. 3**: State the name and address of each hospital or medical office at which Plaintiff had been examined or treated.

**Interrogatory No. 4**: For each hospital or medical office identified in Interrogatory No. 3, state:

(a) If admitted, the date of admission and the date of discharge;

(b) If not admitted, the date of the visit; and

    (c) The injury, illness, condition, complaint or other reason for hospitalization or visit.

  **Interrogatory No. 5**: State whether Plaintiff had suffered any medically significant injury or illness. If so, as to each said injury or illness, state:

    (a) The date on which the injury took place or illness began;

    (b) The parts on the Plaintiff's body which were injured or affected; and

    (c) The name and address of each health care provider who treated the Plaintiff for the injury or illness.

  **Interrogatory No. 6**: State whether there exists any photographs, x-rays, motion pictures, videotapes, drawings or other visual reproductions of any type depicting any of the injury(ies) or illness(es) identified in Interrogatory No. 5. If so, for each, state:

    (a) The name and address of the person making the visual reproduction(s) and the date thereof;

    (b) What each visual reproduction depicts; and

    (c) The name and address of the person having custody of each said visual reproduction.

  **Plaintiff's Response to Interrogatories Nos. 2-6**: See Plaintiff medical records attached. In addition Plaintiff furnished to defendants an authorization for all medical records on June 26th, 2020.

  **Deficiency**: This generic response does not answer the interrogatories. In fact, it has nothing to do with the information called for in the interrogatories.

  "Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009*)* (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement of Fed.R.Civ.Pro. "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011)

  Plaintiff's responses, and Plaintiff's counsel's certification, violates Fed.R.Civ.Pro. 26.

Accordingly, Plaintiff must amend its response to Interrogatories Nos. 2, 3, 4, 5, and 6. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**II.     Deficiencies in Plaintiff's Responses to Defendants' First Request for the Production of Documents**

   **A.  Plaintiff's Boiler-plate General Objections**

For the reasons previously set forth in detail in Section I(B), *supra*, Plaintiff's general objections are patently improper and must be withdrawn.

   **B.  Plaintiff's Boiler-Plate Objections as to Privilege**

For the reasons previously set forth in detail in Section I(C), *supra*, Plaintiff's objections as to privilege and work product doctrine are patently improper.

   **C.  Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date**

For the reasons previously set forth in detail in Section I(D), *supra*, Plaintiff's reservation to supplement responses at a later date is patently improper.

   **D.  Plaintiff's Boiler-Plate Objections as to Overbreadth and Undue Burden**

For the reasons previously set forth in detail in Section I(E), *supra*, Plaintiff's objections as to overbreadth and undue burden are patently improper.

   **E.  Document Request No. 1**

**Document Request No. 1**:  All medical reports relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Plaintiff's Response to Document Request No. 1**: See attached medical reports

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Document Request No. 1. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

   **F.  Document Request Nos. 2-4**

**Document Request No. 2**:  All surgical records relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Document Request No. 3**:  All notes relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Document Request No. 4**:  All medical documents related to Plaintiff, including but not limited to medical and health records, medical surveys, medical monitoring records, and injury records.

**Plaintiff's Response to Document Request Nos. 2-4**: Plaintiff medical records attached. In addition Plaintiff furnished to defendants an authorization for all medical records on June 26th, 2020.

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Document Request Nos. 2-4 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

### G. Document Request No. 5

**Document Request No. 5**:    All medical records pertaining to treatment rendered by any physician, dentist, hospital, or other medical practitioner or facility to the Plaintiff.

**Plaintiff's Response to Document Request No. 5**: See Plaintiff medical records attached; Plaintiff will not be furnishing dental records, even if they are available

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy. These individuals / health care professionals are clearly not dentists.

Accordingly, Plaintiff must amend its response to Document Request No. 5 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

### H. Document Request No. 6

**Document Request No. 6**:  All medical bills pertaining to treatment rendered by any physician, dentist, hospital, or other medical practitioner or facility to the Plaintiff.

**Plaintiff's Response to Document Request No. 6**: See Plaintiff medical records attached.

**Deficiency**: For the reasons previously set forth in detail in Section I(G), and Section I *supra*, Plaintiff's response does not answer the Document Request. In fact, it has nothing to do

with the information called for in the document request.

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. 2009) (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement of Fed.R.Civ.Pro. "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011)

Moreover, the medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy. These individuals / health care professionals are clearly not dentists.

Accordingly, Plaintiff must amend its response to Document Request No. 6 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

### III.    Conclusion.

We request that Plaintiff cure all deficiencies outlined in this letter by no later than Friday, September 11, 2020. We trust that these matters can be addressed without Court intervention. Please note that our review of Plaintiff's discovery responses is ongoing, and we reserve our right to raise any additional deficiencies in the future.

Thank you, in advance, for your time and attention.

> Respectfully submitted,
> LEVIN-EPSTEIN & ASSOCIATES, P.C.
> By:  /s/ Jason Mizrahi
> Jason Mizrahi
> 420 Lexington Avenue, Suite 2525
> New York, NY 10170
> Tel.:  (212) 792-0046
> Email: Jason@levinepstein.com
> *Attorneys for Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent*