# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

September 17, 2020

***Via Electronic Filing***
The Honorable Magistrate Judge Stewart D. Aaron
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *Antolini v. McCloskey et al*
     **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Magistrate Judge Aaron:

  This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**") in the above-referenced action.

  Pursuant to Your Honor's Individual Motion Practice Rules I(A) and II(A), and Your Honor's August 7, 2020 Order [Dckt. No. 63], this letter respectfully serves as a request to compel Plaintiff Dimur Antolini (the "**Plaintiff**") to: (i) produce supplemental responses to Defendants' Second Set of Interrogatories, *without objections*; (ii) produce supplemental responses to Defendants' First Request for the Production of Documents[1], *without objections*; (iii) preclude Plaintiff from using any of the outstanding discovery going forward in this litigation; and (iv) for attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927.

  As set forth more fully below, Plaintiff's existing production is grossly deficient because: (i) the document production acknowledges the existence of other documents, which are being withheld; (ii) the document production fails to provide responsive information before March 2019; and (iii) Plaintiff has still failed to respond to *any* of Defendants' Second Set of Interrogatories.

  Moreover, Plaintiff is in defiance of Your Honor's September 4, 2020 and September 14, 2020 Orders [Dckt. Nos. 75, 79], which recognized that Plaintiff's thirteen (13) page production on September 9, 2020 consisting of progress notes from Dr. Matthew Swan served as a *de facto* admission that Plaintiff *is currently in possession* of other responsive information to Defendants' requests, and is wrongfully withholding them and/or is refusing to obtain them from the necessary third parties.

  Perhaps even more galling, Plaintiff has stonewalled Defendants' efforts to consensually resolve this matter by threatening unnecessary motion practice. Specifically, Plaintiff is re-hashing discovery disputes that this Court has already ruled on, in defiance of Your Honor's August 28, 2020 Order [Dckt. No. 70]. A true and correct copy of Plaintiff's September 16, 2020 letter, which recycles Plaintiff's unsuccessful August 18, 2020 deficiency letter **verbatim**, is annexed hereto as **Exhibit "A"**. Thus, an award of attorneys' fees is warranted.

---

[1] Defendants' First Request for the Production of Documents, together with Defendants' Second Set of Interrogatories are hereinafter referred to as, "**Defendants' Discovery Requests**".

I. **Relevant Procedural Background for Non-Compliance with Duly Served Discovery**

On June 16, 2020 on behalf of Defendants, the undersigned served Plaintiff with, *inter alia*:

1. Defendants' Second Set of Interrogatories; and

2. Defendants' First Request for the Production of Documents.

A true and correct copy of Defendants' Second Set of Interrogatories and Defendants' First Request for the Production of Documents were filed on the Court Docket on August 31, 2020. [*See* Dckt. No. 72-A, 72-B].

Pursuant to Fed.R.Civ.P. 34(b)(2), Plaintiff's responses and objections, if any, to Defendants' Discovery Requests were due on or before July 16, 2020. Plaintiff failed to respond to Defendants' Discovery Requests by July 16, 2020.

On August 31, 2020, Defendants' filed a motion to compel and for sanctions. [Dckt. No. 72]. On September 4, 2020 [Dckt. No. 75] and September 14, 2020 [Dckt. No. 79], the Court granted Defendants' motion and sanctioned Plaintiff's in the sum of $900 for, *inter alia*, failing to produce documents that were admittedly in Plaintiff's possession, custody and control, and for failing to respond to interrogatories pursuant to Fed.R.Civ.Pro. 26(g), 33(b)(3) or 34(a).

On September 9, 2020, Plaintiff produced thirteen (13) pages of documents in response to Defendants' Discovery Requests. However, Plaintiff's thirteen (13) page production was grossly deficiency because, *inter alia*, (i) the document production acknowledges the existence of other documents[2], which are being withheld; (ii) the document production fails to provide responsive information before March 2019; (iii) Plaintiff has still failed to respond to *any* of Defendants' interrogatories; and (iv) Plaintiff's responses were riddled with improper general objections.

A true and correct copy of Plaintiff's responses to Defendants' Discovery Requests is annexed hereto as **Exhibit "B"**.

On September 9, 2020, Defendants served Plaintiff with a deficiency letter to attempt to achieve an informal resolution of the discovery dispute. On September 14, 2020, the parties held a meet-and-conferral telephonic conference. That same day, Defendants emailed Plaintiff a letter memorializing the discovery issues in dispute and the parties' respective positions, pursuant to Your Honor's August 7, 2020 Order [Dckt. No. 63]. On September 16, 2020,

---

[2] The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy. *See* Exhibit "C".

Plaintiff emailed Defendants his modifications to Defendants' letter, along with a letter threatening unnecessary motion practice in defiance of Your Honor's August 28, 2020 Order [Dckt. No. 70].

A true and correct copy of Defendants' letter pursuant to Section 3(d) of Your Honor's August 7, 2020 Order [Dckt. No. 63], incorporating the contents of Defendants' September 14, 2020 letter and Plaintiff's September 16, 2020 letter, is annexed hereto as **Exhibit "C"**.

**II.     Conclusion**

As Defendants' repeated attempts to seek Plaintiff's cooperation were unsuccessful, Defendants now respectfully turns to the Court to compel Plaintiff to produce the outstanding discovery responses.

It is respectfully requested that the Court compel Plaintiff to: (i) produce supplemental responses to Defendants' Second Set of Interrogatories, *without objections*; (ii) produce supplemental responses to Defendants' First Request for the Production of Documents, *without objections*; (iii) preclude Plaintiff from using any of the outstanding discovery going forward in this litigation; and (iv) sanctioning Plaintiff attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927; and for any such other and further relief as this Court may deem just, proper and equitable.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

                                            Respectfully submitted,

                                            LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                            By:  */s/ Jason Mizrahi*
                                                 Jason Mizrahi
                                                 420 Lexington Avenue, Suite 2525
                                                 New York, NY 10170
                                                 Tel. No.:  (212) 792-0048
                                                 Email: Jason@levinepstein.com
                                                 *Attorneys for Defendants Dimur*
                                                 *Enterprises Inc., Amy McCloskey and*
                                                 *Theresa Laurent*

VIA ECF: All Counsel