# EXHIBIT A

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

September 10th 2020

<u>Deficiency Letter to all defendants</u>

Jason Mizrahi, Esq. et al
Via email jason@levinepstein.com

Re: Antolini vs. McCloskey, et al

Counselor:

In accordance with Judge Aaron's order of August 7th, 2020 and our meet and confer today's date, the following are the issues in dispute regarding responses to each of our five Discovery Requests <u>served on you 11 months ago</u>:

(1)      Plaintiff's First Request for the Production of Documents:

#1.      All documents identifying any alterations, renovations or improvements to the Property, including the exterior spaces (including alterations to the ramp areas, e.g., re-grading) as well as the interior/tenant spaces by any person or entity or tenant since January 26, 1992. (for example: scope of work, work orders, any and all surveys that were conducted in accordance with the remedial measures contracts or agreements in connection with the performed work, invoices, payments, requests for proposals, responses to requests for proposals, permits, variances, plans, blue prints, etc.). *Only provided a six-page sketch dated 1975; would not provide a response from January 26,1992 to the present.*

#4.      All cancelled checks or other evidence of payment for any action taken to improve or alter the Property to achieve compliance with the ADA or otherwise provide increased accessibility at the Property for disabled persons. - *Will not provide.*

#6.      All estimates for the cost and scope of the work that Defendant determined needs to be done for the Property to comply with the ADA. - *Hasn't yet hired an expert so he can't comply.*

7.      All documents evidencing Defendants' policies or procedures for ensuring that the Property affords goods, services, facilities, privileges, advantages and/or accommodations, without discrimination, to individuals with disabilities – *Will not provide.*

FINANCIALS

21.      All Federal income tax returns, including all schedules thereto, filed by Defendants for each of the past three years -

22.      All financial statements of the Defendants prepared within the past three years

23.      All applications made by the Defendants to any lender, or potential lender, within the past three years

*24.* All sales, personal property and real estate tax bills for the Property for the past three years

*25.* All documents evidencing the number of employees or independent contractors utilized by Defendants during the past three years, including documents showing each person's name and address and time of employment (including, but not limited to, unemployment tax returns, employee/independent contractor ledgers or payroll/accounts payable records) –

*26.* All mortgages, and the promissory notes secured thereby, encumbering the Property or any businesses operated at the Property.

(2)     Plaintiff's First Set of Interrogatories:

1.      Please state the basis for your contention that the alterations and modifications demanded by Plaintiff in the complaint are not "readily achievable", are "structurally impractical" or are "technically infeasible".

2.      Please state the cost to achieve the alterations and modifications demanded by the Plaintiff in the complaint.

3.      Please state the overall financial resources of the Facility for each year from 2013 to present.

4.      Please state your gross and net income from the Facility for each year from 2013 to present.

5.      Please state which of the alterations and/or modifications sought by the Plaintiff are not required by the ADA.

6.      Pease state your net worth for each year from 2013 to present.

7.      Please state in detail the applicable Statute of Limitations and the applicable Federal Administration and/or Agency whose rules, statutes and or regulations that renders Plaintiff's Complaint barred, in whole or in part.

8.      Please state which of Plaintiff's claims should be barred in whole or part, because the modifications would result in a direct threat to the safety of others.

9.      Please state the total number of persons employed at the Facility for each year from 2013 to present, either by you or by others, including lessees.

10.     Please describe the type of operation or operations that you perform at the Facility and/or that are performed at the Facility by others, including lessees.

11.     Please describe in detail which of Plaintiff's claims are barred because the proposed modifications are structurally impracticable.

12.     Please describe how the alterations and modifications demanded by Plaintiff will fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations and would impose an undue burden by you or others.

13.     Please describe any legitimate safety requirements that are necessary for safe operation, including crime prevention measures, that could make the alterations and modifications demanded in the complaint not readily achievable.

14.     Please identify which of the alterations and modifications demanded by Plaintiff in the complaint would result in violations of federal, state or local law, and explain which laws would be violated and in what manner.

15.     Please describe the present alternative methods existing at the subject facility that makes its goods, privileges, advantages and accommodations available.

16.     Please provide the names and addresses of all regulatory authorities that approved the Subject Facility at issue from 2013 to the present.

17.     Please state any and all disability access laws and/or regulations upon which Plaintiff relies have, at any time, been suspended.

18.     Please state what rules, codes, statutes, ordinances, regulations, standards or any other authority Plaintiff utilizes to claim the alleged violations which are not applicable to the Defendants.

19.     Please state the gross and net income of any parent companies or entities for each year from 2013 to present.

20.     Please provide any facts along with what rules, codes, statutes, ordinances, regulations, standards, or any other authority Plaintiff utilizes to claim the alleged violations and their deviations from ADA guidelines on Defendants' property are de minimus.

21.     Please state which modifications that Defendants claim may not be able to be performed are subject to and limited by which applicable codes, rules, statutes, ordinances, laws and regulations.

These interrogatories are derived from 28 C.F.R. § 36.304-305, regarding barrier removal and alternatives to barrier removal, and therefore, all terms used herein are defined and construed as they are used in 28 C.F.R. § 36.304-305.

22.     Please describe all efforts undertaken after January 26, 1992, to make the Facility accessible to persons with disabilities, including removal of architectural barriers for persons with disabilities and/or providing alternatives to barrier removal, including the date(s) on which such efforts were taken.

23.     Please state the cost of your efforts undertaken since 2013 to make the Facility accessible to persons with disabilities, to remove architectural barriers for persons with disabilities, or to provide alternatives to barrier removal.

24.     Please state the completion date of any alterations made to the Facility undertaken since 2013.

25.     Please describe the alterations made to each element, space or area of the Facility.

As you know, our phone call is on for this coming Monday, September 14th, 2020.  My # is 718) 261-4900

Stuart H. Finkelstein, Esq.