# EXHIBIT C

# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

September 17, 2020

<u>*Via Electronic Filing*</u>
The Honorable Magistrate Judge Stewart D. Aaron
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *Antolini v. McCloskey et al*
       <u>**Case No.: 1:19-cv-09038-GBD**</u>

Dear Honorable Magistrate Judge Aaron:

  This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**") in the above-referenced action.

  Pursuant to Your Honor's August 7, 2020 Order [Dckt. No. 63], this letter respectfully serves as Defendants' letter memorializing the current discovery issues in dispute, following the parties' September 14, 2020 meet-and-confer telephonic conference. This letter also incorporates Plaintiff Dino Antolini's (the "**Plaintiff**") September 16, 2020 letter modifying Defendants' initial letter, which memorialized the parties' respective positions.

  The contents of Section 3(b) of Your Honor's August 7, 2020 Order [Dckt. No. 63] are set forth fully below. The contents of Section 3(c) of Your Honor's August 7, 2020 Order [Dckt. No. 63] are prefaced by the phrase "<u>**Plaintiff's Modifications**</u>".

## I. Deficiencies in Plaintiff's Responses to Defendants' Second Set of Interrogatories

### A. Plaintiff's Boiler-Plate General Objections

  Under Fed.R.Civ.Pro. 34 it is patently improper to assert general objections to discovery demands. By incorporating each of its general objections into the response of each of Defendants' specific requests, Plaintiff has violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, No. 14-CV-1304 (PAE) (AJP), 2017 WL 773694, at 3 (S.D.N.Y. Feb. 28, 2017); *see also Carl v. Edwards*, No. 16-CV-3863 (ADS) (AKT), 2017 WL 4271443, at 4 (E.D.N.Y. Sept. 25, 2017). By applying general objections to each of Defendant's specific requests, Plaintiff has violated Fed.R.Civ.Pro. 24, and its objections may be deemed to be waived. *See Carl v. Edwards*, at 4.

  **Plaintiff's Position**: Plaintiff refused to withdraw the general objections, could not articulate a basis for including them, and directed Defendants to file a motion to compel.

  **Plaintiff's Modifications**: Plaintiff gave this general denial to inform defendants their discovery requests are simply out of line and constitute an abuse of the discovery process. Plaintiff did go through each interrogatory and answer substantively as well. The general denial is proper to the extent that the entire inquiry is done in bad faith and without merit.

As this Court is aware, defendants seek to do away with all principles of relevancy and proportionality with cases they litigate in the federal circuit. Discovery may generally be objected to when substantive objections are also produced in addition to any general objections and taken as a whole, the resisting party claims that the discovery is irrelevant, outside the scope, disproportionate and designed to harass, annoy, or oppress. See Robertson v. People Magazine, 2015 WL 9077111 (S.D.N.Y. Dec. 16, 2015); Fed. R. Civ. P. 26(a-g) and 33(a). Defendants want such a breath of material(s) relating to Plaintiff's person life that it is truly mind-boggling. Yet when it comes to the actual crux of the lawsuit, the wrongful and unlawful discrimination still ongoing to this day at the subject facility, defendants seem to forget all about their obligations and responsibilities.

### B.  Plaintiff's Boiler-Plate Objections as to Privilege

Plaintiff's general objection on the basis that Defendants' request violates a privilege is patently improper. Pursuant to Fed.R.Civ.Pro.  26(b)(5)(A), when a party withholds discoverable information by the assertion of privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This process, is most commonly known as the creation of "privilege log." Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena *duces tecum*, including…the author of the document, the addressees of the document…and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2. ) *Lopez v. City of New York*, No. 05-CV-3624, 2007 WL 869590, at *3 (E.D.N.Y. Mar. 20, 2007). Plaintiff has failed to meet its obligations under Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2, and as a result, once again violates the Federal Discovery Rules. Additionally, Plaintiff's objection of work product doctrine would only apply to documents prepared in anticipation of litigation, and not those created in the routine course of business. *Id*.

> **Plaintiff's Position**: Plaintiff refused to withdraw the general objections as to privilege, could not articulate a basis for including them, and directed Defendants to file a motion to compel.
>
> **Plaintiff's Modifications**: Plaintiff's objection is such that Defendants' request may violate a privilege Pursuant to Fed. R. Civ. P. 26(b)(5)(A). Plaintiff's objection of work product doctrine applies to documents prepared in anticipation of litigation.

### C.  Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date

In response to each and every Interrogatory, Plaintiff claims to "reserve[] the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence." Plaintiff was first on notice of this Action as early as September 2019. That is, he has had more than eleven full months to identify, preserve, and locate responsive information in their

custody, possession, and control ("possession") as required by either the Southern District of New York's Local Civil Rules and/or the Federal Rules of Civil Procedure. Plaintiff cannot unilaterally reserve documents for production on a later date. If there are no responsive responses to Defendants' Second Set of Interrogatories, Plaintiff must confirm so.

> **Plaintiff's Position**: Plaintiff refused to withdraw the reservation to supplement responses at a later date, could not articulate a basis for including the reservation, and directed Defendants to file a motion to compel.
>
> **Plaintiff's Modifications**: In response to each and every Interrogatory, Plaintiff "reserve[] the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence." Plaintiff has already identified to defendants what material(s) he both has and does not have. To the extent that new information or documentation may emerge, Plaintiff is exercising his prudence in reserving his right to supplement so as not to flout any future potential new discovery obligations, should such obligations arise. The foregoing notwithstanding, Plaintiff's prudence in reserving his right to supplement is well-settled practice; so well- settled that Federal Rule of Civil Procedure 26(e) is unambiguous in its language 'A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court. Despite defendants musings to the contrary, Plaintiff's reservation is proper.

### D. Plaintiff's Boiler-Plate Objections as to Overbreadth and Undue Burden

Plaintiff's general objection on the basis that Defendants' request is overbroad or presents an undue burden is patently improper. In doing do, Plaintiff violated the December 1, 2015 amendments to the Federal Rules of Civil Procedure by raising these objections without identifying any particularized fact as to why such objections are made. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answering no interrogatories…are a paradigm of discovery abuse." *Id*. In order to effectively resist providing a response to a request, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive,…by submitting affidavits or offering evidence revealing the nature of the burden. *Id*.

> **Plaintiff's Position**: Plaintiff refused to withdraw the objections as to overbreadth and undue burden, could not articulate a basis for including them, and directed Defendants to file a motion to compel.

**Plaintiff's Modifications**: Plaintiff's objection on the basis that Defendants' request is overbroad or presents an undue burden is proper. Fed. R. Civ. P. 26(b)(1) Discovery Scope limits discovery to "nonprivileged matter that is relevant to party's claim or defense and proportional… considering importance of the issues, relative access to relevant information, resources, importance of the discovery in resolving the issues, and potential burden/ expense weighed against its likely benefit. The party seeking discovery {compel} over their adversary's preliminary objection bears the burden of showing that the discovery requested is relevant. Zanowic v. Reno, 2000 WL 1376251 (S.D.N.Y. Sep. 25, 2000); movant must actually demonstrate relevance Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase., 297 F.R.D. 99 (S.D.N.Y. 2013) citing Trilegiant Corp. v. Sitel Corp., (2010). Not once in his multitude of letters and motion practice to the Court or in his numerous conversations with Plaintiff's counsel has defendants' counsel met his burden after Plaintiff's preliminary objections to the absurd materials requested. Defendant is in possession of Plaintiff's medical records for the period relevant to the lawsuit. To the extent that he bewilderingly requests more and more and more, does not mean he is entitled to same. This is also true as to other materials requested by defendants and as such, Plaintiff's responses are proper, even if defendants contend otherwise.

E.  **Interrogatory No. 1**

**Interrogatory No. 1**: State the name and address of each health care provider who has examined or treated Plaintiff.

**Plaintiff's Response to Interrogatory No. 1**: Doctor Matthew Swan, Mount Sinai Hospital 1468 Madison Ave., New York, N.Y. 10029

**Deficiency**: Plaintiff's response does not fully answer the Interrogatory. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Interrogatories No. 1. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Interrogatory No. 1 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modification**: Plaintiff's response is both accurate and complete, though defendants claim the opposite. As to the scope of this lawsuit, Dr, Swan is Plaintiff's treating physician. Mount Sinai Hospital is the treating office and to the extent that any other physician may have or may ever treat Plaintiff, such information is available to Plaintiff or his counsel. The answer is proper and Plaintiff seeks to have the harassment and prying by the defendants finally put to rest.

Defendants counsel bewilderingly attempted to depose Plaintiff's counsel over the phone, badgering him about just how diligently Plaintiff's counsel was working to oblige all of the defendants wants. Plaintiff's counsel politely responded that all information currently in Plaintiff's possession has already been turned over and that defendants, through their counsel, should respect same.

**F.  Interrogatory Nos. 2-6**

**Interrogatory No. 2**: For each health care provider identified in Interrogatory No. 1, state:

(a) The date of each examination or treatment;

(b) The injury, illness, condition, complaint or other reason for which each examination or treatment was conducted; and

(c) Whether the injury, illness, condition, complaint or other reason for which each examination or treatment was performed had been relieved, and if so, the approximate date of relief.

**Interrogatory No. 3**: State the name and address of each hospital or medical office at which Plaintiff had been examined or treated.

**Interrogatory No. 4**: For each hospital or medical office identified in Interrogatory No. 3, state:

(a) If admitted, the date of admission and the date of discharge;

(b) If not admitted, the date of the visit; and

(c) The injury, illness, condition, complaint or other reason for hospitalization or visit.

**Interrogatory No. 5**: State whether Plaintiff had suffered any medically significant injury or illness. If so, as to each said injury or illness, state:

     (a) The date on which the injury took place or illness began;

     (b) The parts on the Plaintiff's body which were injured or affected; and

     (c) The name and address of each health care provider who treated the Plaintiff for the injury or illness.

**Interrogatory No. 6**: State whether there exists any photographs, x-rays, motion pictures, videotapes, drawings or other visual reproductions of any type depicting any of the injury(ies) or illness(es) identified in Interrogatory No. 5. If so, for each, state:

     (a) The name and address of the person making the visual reproduction(s) and the date thereof;

     (b) What each visual reproduction depicts; and

     (c) The name and address of the person having custody of each said visual reproduction.

**Plaintiff's Response to Interrogatories Nos. 2-6**: See Plaintiff medical records attached. In addition Plaintiff furnished to defendants an authorization for all medical records on June 26th, 2020.

**Deficiency**: This generic response does not answer the interrogatories. In fact, it has nothing to do with the information called for in the interrogatories.

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009*)* (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement of Fed.R.Civ.Pro. "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011)

Plaintiff's responses, and Plaintiff's counsel's certification, violates Fed.R.Civ.Pro. 26.

Accordingly, Plaintiff must amend its response to Interrogatories Nos. 2, 3, 4, 5, and 6. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Interrogatory Nos. 2-6 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modifications**: Defendants claim that this answer is not sufficient. However, it clearly is on multiple grounds. First, all of the information sought about Plaintiff's medical history that Plaintiff or his counsel have is ascertainable in his medical records; medical authorization that Plaintiff furnished to the defendants almost three months ago. Plaintiff nor his counsel have any more information than defendants themselves have. Second, defendants' requests are in direct violation of Fed. R. Civ. P. 26(b)(1) limits discovery to 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The information sought by the defendants is irrelevant and unimportant. Defendants know that Plaintiff is disabled and seek to do all that they can to deflect attention away from the discrimination still ongoing at their client's facilities. Third, all of defendant's questions could be asked in a deposition which they appear hell bent on keeping from happening

## II. Deficiencies in Plaintiff's Responses to Defendants' First Request for the Production of Documents

### A. Plaintiff's Boiler-plate General Objections

For the reasons previously set forth in detail in Section I(A), *supra*, Plaintiff's general objections are patently improper and must be withdrawn.

**Plaintiff's Position**: Plaintiff refused to withdraw the general objections, could not articulate a basis for including them, and directed Defendants to file a motion to compel.

**Plaintiff's Modifications**: Plaintiff refused to withdraw the general objections, as the objections are proper.

### B. Plaintiff's Boiler-Plate Objections as to Privilege

For the reasons previously set forth in detail in Section I(B), *supra*, Plaintiff's objections as to privilege and work product doctrine are patently improper.

**Plaintiff's Position**: Plaintiff refused to withdraw the general objections as to privilege, could not articulate a basis for including them, and directed Defendants to file a motion to compel.

**Plaintiff's Modifications**: For the reasons previously set forth in detail in Section I(B), *supra*, Plaintiff's objections as to privilege and work product doctrine are proper, though defendants claim otherwise.

### C. Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date

For the reasons previously set forth in detail in Section I(C), *supra*, Plaintiff's reservation to supplement responses at a later date is patently improper.

**Plaintiff's Position**: Plaintiff refused to withdraw the reservation to supplement responses at a later date.

**Plaintiff's Modifications**: For the reasons previously set forth in detail in Section I(C), *supra*, Plaintiff's reservation to supplement responses at a later date is proper

### D. Plaintiff's Boiler-Plate Objections as to Overbreadth and Undue Burden

For the reasons previously set forth in detail in Section I(D), *supra*, Plaintiff's objections as to overbreadth and undue burden are patently improper.

**Plaintiff's Position**: Plaintiff refused to withdraw the objections as to overbreadth and undue burden, could not articulate a basis for including them, and directed Defendants to file a motion to compel.

**Plaintiff's Modifications**: For the reasons previously set forth in detail in Section I(D), *supra*, Plaintiff's objections as to overbreadth and undue burden are proper.

### E. Document Request No. 1

**Document Request No. 1**: All medical reports relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Plaintiff's Response to Document Request No. 1**: See attached medical reports

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Document Request No. 1. Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Document Request No. 1 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modifications**: Plaintiff refused to supplement responses to Document Request No. 1 on the basis that the response was true and correct and that he did not possess any additional responsive information.

### F. Document Request Nos. 2-4

**Document Request No. 2**: All surgical records relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Document Request No. 3**: All notes relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

**Document Request No. 4**: All medical documents related to Plaintiff, including but not limited to medical and health records, medical surveys, medical monitoring records, and injury records.

**Plaintiff's Response to Document Request Nos. 2-4**: Plaintiff medical records attached. In addition Plaintiff furnished to defendants an authorization for all medical records on June 26th, 2020.

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy.

Accordingly, Plaintiff must amend its response to Document Request Nos. 2-4 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Document Request Nos. 2-4 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to

contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modifications**: Plaintiff refused to supplement responses to Document Request Nos. 2- 4 on the basis that the response was true and correct and that he did not possess any additional responsive information.

### G.  Document Request No. 5

**Document Request No. 5**:    All medical records pertaining to treatment rendered by any physician, dentist, hospital, or other medical practitioner or facility to the Plaintiff.

**Plaintiff's Response to Document Request No. 5**: See Plaintiff medical records attached; Plaintiff will not be furnishing dental records, even if they are available

**Deficiency**: For the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response does not fully answer the Document Request. The medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy. These individuals / health care professionals are clearly not dentists.

Accordingly, Plaintiff must amend its response to Document Request No. 5 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Document Request No. 5 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modifications**: Defendants allege that this response is incomplete. However, for the reasons previously set forth in detail in Section I(F), *supra*, Plaintiff's response is proper and does fully answer the Document Request to the scope of this lawsuit. Plaintiff refused to supplement responses to Document Request No. 5 on the basis his response was correct and true as to the scope of this lawsuit. Additionally, on the grounds that he does not possess any additional responsive information.

### H.  Document Request No. 6

**Document Request No. 6**:  All medical bills pertaining to treatment rendered by any physician, dentist, hospital, or other medical practitioner or facility to the Plaintiff.

**Plaintiff's Response to Document Request No. 6**: See Plaintiff medical records attached.

**Deficiency**: For the reasons previously set forth in detail in Section I(G), and Section I *supra*, Plaintiff's response does not answer the Document Request. In fact, it has nothing to do with the information called for in the document request.

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009*)* (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement of Fed.R.Civ.Pro. "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011)

Moreover, the medical records Plaintiff disclosed on September 9, 2020 referenced multiple other health care providers that allegedly examined and/or treated Plaintiff, *to wit*: "Dr. Biro at Union Square Eye Care", for "repeat Botox". Plaintiff also allegedly received physical therapy and was referred to occupational therapy. These individuals / health care professionals are clearly not dentists.

Accordingly, Plaintiff must amend its response to Document Request No. 6 Plaintiff's responses, if uncorrected, may therefore be deemed waived.

**Plaintiff's Position**: Plaintiff refused to supplement responses to Document Request No. 6 on the basis that he did not possess any additional responsive information. When the undersigned inquired as to: (i) how many attempts Plaintiff's counsel had made to obtain all responsive information; (ii) the manner in which Plaintiff's counsel had attempted to contact Plaintiff to obtain all responsive information; and (iii) the date(s) and time(s) of Plaintiff's counsel's efforts to contact his client to obtain all responsive information, Plaintiff counsel refused to provide responsive information.

**Plaintiff's Modifications**: Plaintiff refused to supplement responses to Document Request No. 6 on the basis that he did not possess any additional responsive information and that the request is overbroad and irrelevant (and absurd) on its face. Fed. R. Civ. P. 26(b)(1) Discovery Scope limits discovery to "nonprivileged matter that is relevant to party's claim or defense and

proportional… considering importance of the issues, relative access to relevant information, resources, importance of the discovery in resolving the issues, and potential burden/ expense weighed against its likely benefit. The party seeking discovery {compel} over their adversary's preliminary objection bears the burden of showing that the discovery requested is relevant. Zanowic v. Reno, 2000 WL 1376251 (S.D.N.Y. Sep. 25, 2000); movant must actually demonstrate relevance Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase., 297 F.R.D. 99 (S.D.N.Y. 2013) citing Trilegiant Corp. v. Sitel Corp., (2010). Defendants have articulated no reason as to why they request the medical bills for the medical providers they have proof of via Plaintiff's medical records. Their request amounts to "Please provide the grocery store receipt for the groceries we have right in front of us." They have not even come close to meeting their relevancy burden after Plaintiff's correct objections. See id. Plaintiff urges this court to please put an end to Defendants unrestrained rampant abuse of the discovery process. Even the omnipotent Mr. Mizrahi must know some bounds and limits to his litigation conduct and respectfully, enough is enough.

Moreover, Plaintiff agreed to execute any authorizations that defendants provided for any and all documents regarding Plaintiff's disability but not surprisingly, was rebuffed. Plaintiff and his counsel cannot give what they don't have. The medical records provided by Plaintiff, and also subpoenaed by defendants confirms the allegations in the Complaint as to his disabilities. Unknown to defendants, this is not a personal injury lawsuit. The burden rests with the Plaintiff to prove his disability at trial and to date Mr. Antolini has made at the minimum, prima facie showing. As indicia of their continuing abuse of the of the discovery process, they have even requested Mr. Antolini's dental records. Being mindful of defense counsel spewing out vicious lies, e.g., that my client is an alcoholic, we anticipate a request for attendance for Alcoholics Anonymous records as well.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By: */s/ Jason Mizrahi*
            Jason Mizrahi
            420 Lexington Avenue, Suite 2525
            New York, NY 10170
            Tel.: (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent*

Cc: All Parties via ECF