STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

September 21st, 2020

Judge Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street – Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

I represent Plaintiff Dino Antolini, Plaintiff in this matter. To remind the Court, your Order of August 7, 2020 [DE 63] delineated the exact procedure for any current or future discovery disputes between the parties. For what reason I do not know, Mr. Mizrahi chose to eviscerate, ignore and violate that very Order. On September 17, 2020, with unmitigated willfulness, he filed a Motion to Compel Plaintiff's discovery and did not even make mention of the order he was violating.

I received defendants' deficiency letter of September 9, 2020 which was cherry picked with some of the general objections contained in Plaintiff's responses to interrogatories. Defendants counsel used Plaintiff's objections to manufacture bogus premises for the instant discovery dispute. He then used his bogus premises to concoct false legal holdings about the absurd breadth of the materials sought. His requests are wholly outside the scope of this lawsuit and need to be treated as such, as Plaintiff has thoroughly explained over and over again. Our telephone call was conducted on September 14, 2020 and despite my informing counsel repeatedly that I possessed no other medical records for Plaintiff, other than those that were previously furnished on September 9, 2020, counsel, in his paternalistic and pejorative manner, proclaimed "I don't want to hear it" and attempted to cross examine me regarding my relationship with my client. When such atrocious acts of performative disrespect will end is anyone's guess. He sent his letter to me the same day of the telephone call and I responded on September 16th.

Your Order, to my understanding, stated that the parties, after making their respective positions known via their annotations, were to then send the annotated correspondence to the Court, who would resolve the dispute based upon the parties' respective positions set forth in the annotated letter. Instead of forwarding the annotated correspondence to the Court per your Order of August 7, 2020, Mr. Mizrahi opted instead to give a big "who cares" to your August 7 order and made an untimely motion. See [DE 80]. He even had the audacity to quote your Individual Motion Practice Rules I(A) and II(A) even though your Order *specifically stated the August 7 order supersedes your Honor's Individual Rules*. This is just one of three court orders this

attorney has violated to date. Plaintiff's counsel is seeking attorney's fees for defense counsel's repeated transgressions of court orders and for his ongoing discovery abuses. Plaintiff's counsel will file his Petition in accordance with this Honorable Court's rules and be guided accordingly.

Not only did he fail to comply with your Order of August 7, 2020, but his letter addressed to your Honor dated September 17, 2020 [DE 80] is replete with fraudulent misrepresentations. Your affiant submitted Plaintiff's verified interrogatories *that answered each and every frivolous and whimsical request.*

Contrary to defendants' counsel's repeated falsehoods, Plaintiff and his counsel have never refused to respond to his interrogatories. He has concocted his own narrative that illogically contends that because Plaintiff's medical records contain names of health care providers i.e., Dr. Biro at Union Square Eye Care for Botox treatment (My client has Bell's Palsy and this treatment gives helps him control his facial muscles) and others, that means that defendants are entitled to badger Plaintiff until he finally succumbs to their inappropriate pressure to provide both unavailable and irrelevant information.

Mr. Antolini also receives physical therapy for his other illnesses, such as ataxia which is indicated in the records we provided, as well as the authorization from Plaintiff to obtain his records. In addition, Plaintiff has repeated over and over that he will readily execute any and all authorizations that defendants provide. In fact, Plaintiff has outright offered to do this numerous times and yet, this attorney has chosen to not respond to our offer.

Moreover, the disdainful ludicrously of his actions simply does not make any sense. Counsel literally fills up pages and pages complaining about boiler plate general objections in Plaintiff's Responses, but then just glosses over the actual responses provided. For the sake of argument only, if Plaintiff withdrew his General Objections which are the crux of his churning, it just adds to his violations of Court Orders. To stop and think about what this dispute is actually about sheds light on this very point concerning defendant's behavior through their counsel. Defendants counsel wants every single iota of Plaintiff's medical records that have ever existed for all of time. The silliness of that notwithstanding, defendants are simply wasting everyone's time, purposefully. They know that Plaintiff is disabled and any attempt to disprove same is not worth entertaining. The game is clear: shift the focus of the case to a non-issue, tie up the case with procedural hurdles over the non issue(s), ignore the actual heart of the controversy (defendants discriminatory conduct), and in the process of ignoring the actual controversy create more procedural hurdles by not providing extremely relevant and germane discovery.

Respectfully, isn't this enough already. Plaintiff prays this Honorable Court uphold its August 7 order (an order than Plaintiff has already followed in a previous discovery dispute (*See* [DE 69] *annotated letter submissions*) and sanction defendants counsel appropriately.

Respectfully submitted,

Stuart H. Finkelstein, Esq.

SHF/tc
To counsel of record via ECF