# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

December 4th, 2020

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

Plaintiff writes in response to defendants' letter motion for an extension of time to complete discovery dated December 1, 2020 [DE 121]. Plaintiff vehemently opposes this request as it is without merit, made in bad faith, and untimely. Defendants list numerous reasons that they claim entitle them to an additional three months to complete discovery. These reasons boil down to 1) prior discovery-related motion practice 2) Plaintiff's deposition, and 3) the new addition of the landlord defendants into the case.

On its face, this is an absurd request. This case was filed on September 28, 2019, over 14 months ago. For an application to alter discovery deadlines under a governing case management plan, the moving party must show why it cannot complete the **necessary discovery** within the time frame established under the existing scheduling order. See Saray Dokum vs. Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc., 335 F.R.D. 50 (S.D.N.Y. 2020) quoting Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential"). Defendants, in their first and second numbered points, harp on discovery disputes from earlier in the case and the motion practice that accompanied same. *See* [DE 121, pg. 1 no. 1-2]. However, they do not state any reason why they are referencing these prior disputes. The prior disputes and motion practice that defendants refer to are moot and irrelevant; they are all prior issues that have been resolved. In fact, your Honor already decided these very issues in the order dated 10/14/20: "Defendants' Letter Motion to compel (ECF No. 80) is denied for the reasons stated on the record." See [DE 88] 10/14 ORDER No. 3. Amending discovery deadlines is a high enough burden for the movant as is **for necessary discovery.** Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Once it is entered, a scheduling order's discovery deadlines may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order for the necessary discovery. To satisfy the good cause standard, 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.' Sokol Holdings, Inc. v. BMD Munai, Inc., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009). Defendants have made no showing as to what the point is for even bringing up these prior disputes. They make no reference to any material sought, much less any necessary material. Rather, they appear to just throw as much mud against the wall, hoping some of it will stick. There are still some twenty-seven days left in the discovery period and yet counsel believes his clients should receive another three months, even after these twenty-seven days without having shown any rhyme or reason. They simply point to inapposite pieces of the record and say nothing about what they seek and why it is necessary. In a similar vein, defendant's subsequent points 3 & 4 are inaccurate. On June 26, 2020, Plaintiff provided defendant's counsel with a HIPPA authorization for Plaintiff's medicals. Defendants sat on this HIPPA authorization *for a month* until

they then subpoenaed Mr. Antolini's medical providers; most notably Mr. Antolini's primary care office was served with a subpoena on July 24, 2020. Defendant's did not raise any objection to the authorization or any other discoverable material relating to Plaintiff's medicals until September 14, 2020, approximately *two months after they had already been in possession of Plaintiff's records.* Additionally, any issue concerning Plaintiff's medicals and HIPPA has been resolved. Defendants are in possession of a HIPPA authorizing them access to Plaintiff's entire medical history for *some sixty-four years.* As absurd as this allowable breadth of information is (arguably more than any personal injury or Title III ADA case in the past 100 years), Plaintiff is tired of defendant's dilatory games. Plaintiff is, and has been, ready for trial. Plaintiff anticipates an argument from defendants that will seek to latch on to some future materials that they will seek regarding third party medical providers. Defendants cannot and have not argued they were/ are in need of any more discovery relating to Plaintiff or his medical condition or that they did not have had opportunity to obtain any and all from any providers already submitted. They noticed Plaintiff for a deposition in September to be taken in October. Therefore, it follows that even back then they were ready to hold Plaintiff's deposition. Moreover, if there was additional material for defendants to obtain from third parties, that still does not have anything to do with altering discovery deadlines. They do not state what they seek to compel, making no reference to *any* material or information they still hunt for in discovery. It appears they would like to tack on three more months simply because they want to. They are required to state with specificity what they think they are entitled to and have failed to do so within the prescribed time period.

The thrust of their argument for extending discovery appears to be point No. 5, in that they were unable to take Plaintiff's deposition (*See* [DE 121, pg. 1 no. 5]) before the expiration of the deposition completion deadline of December 2, 2020 which was *set down seven months ago by Judge Daniels.* See [DE 33, May 5, 2020 order]. On December 1, 2020 defendants, with one day left on the clock for conducting depositions have the guile to ask the Court that they should be granted *three more months* to take a deposition in a fourteen (14) month old ADA case when discovery has already been completed. A party seeking to alter discovery dates must show why the court's deadlines could not "reasonably" have been made "despite its diligence". Absent some persuasive and detailed explanation for defendants' delay, the Court may not conclude that there is "good cause" within the meaning of the federal rules to modify a scheduling order. King v. Friend of Farmer Inc., 2000 WL 290355 (S.D.N.Y.  Mar. 21, 2000) citing Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1 at 231. Discovery should not be extended when a party has had an ample opportunity to pursue its discovery objectives and cannot show that its diligence was so high as to create good cause for amending discovery deadlines. Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd., 70 Fed.R.Serv.3d 281 (S.D.N.Y. 2008) citing Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989); Gotlin v. Lederman, 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) "An application to reopen discovery should be denied where the moving party has not persuaded the Court that it was impossible to complete the discovery by the established deadline". There was has been no showing of 'impossibility' here; not in the slightest. In Deluca, the plaintiff requested an extension of the governing discovery deadline that originally allotted seven months for discovery. The movant complained that there was inadequate time for discovery which did not allow for certain depositions to take place. But the Honorable Judge Koeltl, who presides in this district, pointed out that the plaintiff waited five months to initiate the disputed discovery and did not notice the party to be deposed until there was only two months left to complete all depositions. Judge Koeltl logically held that "the complaints of insufficient time are unavailing because the movant brought the time constraints on himself" and accordingly denied any request to amend the discovery deadlines. The present circumstances are even more jarring than those in Deluca. These defendants waited thirteen months before even attempting to notice Plaintiff. Rather, defendants knew all too well how to churn and waste time for the past year, making frivolous motions and **asking for hearings that don't even exist in federal court.** *See* [DE 63] ORDER *denying defendants request for hearing that has no basis in federal rule and would decline to hold hearing regardless,* in addition to making a motion to compel Plaintiff to furnish monetary damages in a lawsuit seeking Injunctive relief. Instead, they unilaterally set one date thirteen months into the litigation, did nothing after the deposition was not held, and then casually sought a 3-month extension, because well, they want

three more months to stall, delay, and obstruct. <u>Saray Dokum v. Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.</u>, 335 F.R.D. 50 (S.D.N.Y. 2020).

Additionally, the appropriate remedy at any point in the past fourteen months to effectuate Plaintiff's deposition would have been a motion to compel. <u>Agapito v. AHDS Bagel, LLC</u>, 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (denying motion to reopen discovery for failure to establish good cause where the moving party did not offer a persuasive explanation of why they failed to timely file a motion to compel; accord <u>McKay v. Triborough Bridge & Tunnel Auth.</u>, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) ("To the extent that Defendants made any previous discovery requests during the discovery period with which Plaintiff did not comply, the appropriate response would have been to make a motion to compel at that time."). See <u>Owen v. No Parking Today, Inc.</u>, 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely."). Defendants made no motion to compel Plaintiff's deposition for the past thirteen months. They sat on their hands, waiting until the last possible day to seek leave to extend deadlines that need not be extended. See <u>Babcock v. CAE–Link Corp.</u>, 878 F.Supp. 377, 387 (N.D.N.Y. 1995) (Waiting until the last day of discovery to seek court leave in discovery process is grounds to deny requests).

Counsel references some "11th hour" but it is really they who make the instant application in the eleventh hour. Plaintiff informed defendants' counsel that the date they noticed did not work. Instead of trying to figure out a way forward, defendants believe they get to wait one and a half months to write a one-page letter with little substance, hoping that this Court will do as they want. They speak of an "eleventh hour" move by Plaintiff but it is complete gaslighting; it is they who have waited until the 11th hour by literally asking to extend the deposition deadline ***the day before the deadline.*** Even if they had made a motion to compel, the defendants still would not have been able to show that they could not have completed discovery within the generous & lengthy discovery period. See <u>Gotlin v. Lederman,</u> 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007); <u>King v. Friend</u>. Truth be told, the non-occurrence of said deposition is a cause and effect of defendants own making and is miles and miles away from the "good cause/ reasonable due diligence/ "impossibility" standard enunciated by the 2nd Circuit. Plaintiff informed defendants counsel that October 28 would not work for Plaintiff. Over five weeks passed and defendants ***did nothing*** to attempt to work out any dates amenable to both sides. This certainly cannot be said to even come close to the <u>Gotlin</u> court's analysis: that "an application to reopen discovery should be denied where the moving party "has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." <u>Gotlin v. Lederman</u>, at *3. It is almost as if they set the situation up for failure and reverse engineered a need for an extension to complete depositions. They unilaterally set one date, refused to negotiate that date, and then sought an absurdly long extension because of a problem that they created and also did not use reasonable due diligence to cure.

Defendants <u>6th and final point</u> states in conclusory fashion, without any explanation of rhyme or reason, that the "recent appearance" of the landlord defendants is reason to extend the close of discovery until four months from now. This is a hollow argument. They offer nothing to support their position. There is no discovery that can logically be sought by the landlord defendants that the tenant defendants have not already sought as they are both represented by the same law firm, in the same case, who presumably did what he was supposed to. What does the landlord require in discovery that is not already in their possession? The lease between the them and the defendant tenants? Unless counsel has been "holding out" on requesting relevant information for the tenant defendants, this point is moot and illogical. If anything, it is Plaintiff who would need more time to retrieve information from these defendants if he had reason to do so. Plaintiff's case is sound and ready for trial. There are still twenty-seven days left for the completion of discovery and there is little logic to any claim that these new defendants need any extension of discovery in a more than one- year old case where all discovery has been exchanged.

Very truly yours,

Stuart H. Finkelstein

To all counsel via Pacer