UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DINO ANTOLINI,         :   Case No.: 1:19-cv-08496-ER

        Plaintiff,

  - against -

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C. K.
CHUNG, C&S MILLENIUM REAL ESTATE
LLC.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Hon. George B. Daniels**

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
## DEFENDANTS MOTION TO SET ASIDE CLERK'S CERTIFICATE OF DEFAULT

Stuart H. Finkelstein. Esq.
Finkelstein Law Group
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
Telephone: (718) 261-4900
sf@finkelsteinlawgroup.com

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………..…3,4

PRELIMINARY STATEMENT …………………………………………....4

I. PLAINTIFF'S ENTRY OF DEFAULT AGAINST DEFENDANTS SHOULD NOT BE VACATED ……..………………………………….….......4

    A. Defendant's Bad Faith and Willful Conduct………………...…..7
    B. Defendant's Cannot Show A Meritorious Defense…...…….…10

    C. Plaintiff Will Suffer Prejudice……………………………........12

    D. Conflict of Interest …………………….………….…….....14
    E. Defendant's 'Procedural Defect' Argument is meritless…………15

II. CONCLUSION…………………………………………………………..17

# TABLE OF AUTHORITIES

**Cases**

Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 95 (2d Cir. 1993)…………………………..…….4

S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)..……………………………………….4

Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996)………………………5

Raheim v. N.Y.C. Health & Hosps. Corp., 2007 WL 2363010, (E.D.N.Y. Aug. 14, 2007)……..5

Brock v. Unique Racketball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986)…..………..6

Indymac Bank v. Nat'l Sett. Agy., Inc., 2007 WL 4468652, (S.D.N.Y. Dec. 20, 2007)…………6

Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451 (S.D.N.Y. 2007) (*affirmed* 316 Fed.Appx. 51(2d Cir. 2009………….…………………………………………………...7

Mason Tenders Dist. Coun. v. Duce Const., 2003 WL 1960584 (S.D.N.Y. April 25, 2003)……7

Guggenheim Capital, LLC v. Birnbaum, 722 F.3d at 455 (2d Cir. 2013)………………......8

Avions De Transport Régional G.I.E. v. Avian Líneas Aéreas S.A., 2019 WL 596520 (S.D.N.Y. Nov. 12, 2019)………………………………………………………………………………8

Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry Const., LLC, 779 F.3d 182 (2d Cir. 2013)……………………………………………………8

Strulowitz v. Flavor Boutique 796 Inc., 2020 WL 274956 (S.D.N.Y. May 26, 2020)………..…8

Frost Belt Int'l Recording., v. Cold Chillin', 758 F.Supp. 131, 136 (S.D.N.Y. 1990…………….9

Mason Tenders Dist. Council v. WTC Contracting, Inc., 2011 WL 4348152, (S.D.N.Y.    Sep. 16, 2011)………………….….……………………………………………………….........9

Anghel v. Sebelius, 912 F.Supp.2d 4 (E.D.N.Y. 2012)………………………………………..….9

Gonzaga Cortez v. Hang Lin, 2019 WL 4526363 (S.D.N.Y. Sep. 9, 2019)……….…..……….10

Krevat v. Burgers to Go Inc., 2014 WL 4638844 at *6 (E.D.N.Y. Sep. 16, 2014)……………...10

Sony Corp. v. Elm State Elec., Inc., 800 F.2d 317 (2d Cir. 1986)………………………………11

Commercial Bank of Kuwait v. Rafidain 15 F.3d 238 (2d Cir. 1994)………………….…..…12

Graves v. Correctional Medical Service, 2015 WL 1823456 (S.D.N.Y. April 22, 2015)…..…… 12

Borkowski v. Valley Central School District, 63 F. 3d 131 (2d Cir. 1995)……………………..12

Roberts v. Royal Atlantic Corp., 542 F. 3d 363 (2d Cir. 2008)………………………………….13

Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304 (S.D.N.Y. Sep. 11, 2012) (aff'd 731 F.3d 184 (2d Cir. 2013))……………………………………………………………………….13

Anderson v. Nassau Co. Dept. of Corrections, 376 F. Supp.2d 294 (E.D.N.Y. 2005)…………..17

Durant v. Traditional Investments, Ltd., 1990 WL 135731 (S.D.N.Y. Sep. 12, 1990)………….18

**Rules**

S.D.N.Y. Loc. R. 55…………………………………………………………..………...………4

Fed. R. Civ. P. 55………………………………………………………………………..……..4

Fed. R. Civ. P. 60(b)……………………………………………………………………………4

Judge Daniels Individual Rules MOTION RULES AND PROCEDURES…………....……….10

## PRELIMINARY STATEMENT

Plaintiff, by and through his undersigned counsel, submits this Memorandum of Law in support of his opposition to defendants', Eddie C K Chung and C&S Millenium Real Estate LLC, (collectively, 'defaulting defendants') Motion to Vacate the Entry of Default and, as grounds therefore, states as follows.

I. **<u>PLAINTIFF'S ENTRY OF DEFAULT AGAINST DEFENDANTS SHOULD NOT BE VACATED BECAUSE DEFENDANTS' DEFAULT WAS WILLFUL, DEFENDANTS' DO NOT HAVE A MERITORIOUS DEFENSE, AND THE PLAINTIFF WILL BE PREJUDICED IF THE ENTRY OF DEFAULT IS VACATED</u>**

Entry of a default judgment is governed by Federal Rules of Civil Procedure ("FRCP") 55 and Local Civil Rule 55.2. FRCP 55(b)(2) provides that where a party fails to plead or otherwise defend against a Complaint, and after entry of default, default judgment may be entered against such party. A defendant seeking to vacate a default entered against her may move pursuant to rules 55(c) and 60(b): "the district court may grant a motion for relief from a judgment on the ground of "excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6); *see also* Fed. R. Civ. P. 55(c) (providing that default judgments may be set aside in accordance with Rule 60(b)). A motion to vacate a default judgment is addressed to the sound discretion of the district court. <u>Enron Oil Corp. v. Diakuhara</u>, 10 F. 3d 90, 95 (2d Cir. 1993). In deciding a motion to vacate a default judgment, the district court may consider: (1) whether default was willful, (2) whether defendant demonstrated the existence of a meritorious defense to Plaintiff's claims, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party any level of prejudice. <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998); Fed. R Civ. P. 60(b)(1), 28 U.S.C.A. This is a flexible balancing act that must weigh all of the factors appropriately. *See* <u>Commercial Bank of Kuwait v. Rafidain Bank</u>, 15 F.3d 238 (2d Cir. 1994).

**A. Defendant's Default was in Bad Faith and was Willful.**

<u>First</u>, defendants and their counsel have engaged in conduct akin to bad faith. Defendants counsel, Levin-Epstein P.C., has known about this action from its inception and yet the defaulting defendants did not appear in any manner in the case for thirteen months. *See, e.g.,* <u>SEC v. McNulty</u>, 137 F.3d 732, 738–39 (2d Cir. 1998) (court may find default to have been willful where the conduct of counsel or the litigant was "egregious and was not satisfactorily explained"); <u>Am.</u>

4

Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996) (willfulness may be found when a defaulting party has acted in bad faith or has "made a strategic decision to default"). Defendants' counsel has been involved in this action for thirteen months. Counsel has repeatedly held themselves out as attorneys for both the restaurant defendants and for the landlord defendants See Exh. A (Subpoena Deuces Tecum pgs. 1., 4.). Tellingly, the subpoena served on Plaintiff's doctors are dated July 24, 2020, some three months before there was ever a notice of appearance filed on behalf of the landlord defendants. Courts will find willfulness where "there is evidence of bad faith" or in the presence of "egregious or deliberate conduct." Holland v. James, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting Am. Alliance Ins. Co., Ltd., 92 F.3d at 60–61). Further, courts should take equitable factors into account to analyze whether there was bad faith conduct or simply some 'good faith mistake in the [defendants] failure to appear. See Raheim v. New York City Health and Hosps. Corp., 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007)). Here, the circumstances are such that it is clear that the defendants' defaults were caused by conduct that was deliberate and willful -- not mere negligence or carelessness. Indeed, counsel for the defendants was aware of this lawsuit immediately after it was filed, and even as the case progressed they still took no action. There is no indication that the landlord defendant's failure to respond to the Complaint was anything but deliberate. See Gustavia Home, LLC v. Vielman, 2017 WL 4083551 (E.D.N.Y. Aug. 25, 2017).

For thirteen months, both defaulting defendants and their counsel have known about the suit pending against them.  See also S.E.C. v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998) ("willful" default found when "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," such as "for flimsy reasons, [failure] to comply with orders," or failing to answer a complaint after evading service); Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917–19 (3d Cir. 1992); Brock v. Unique Racketball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986) (default properly entered when defendant demonstrated lack of diligence during pre-trial proceedings); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)

(defendant failing to defend the action); *compare,* Coach, Inc. v. O'Brein*, 2011 WL 3462317, at *3 (S.D.N.Y. July 27, 2011) (where reason for defendant's default was her unfamiliarity with federal procedure and the fact that she was unable to retain counsel in New York, as well as the fact that he parties were in settlement discussions, court found default was not in bad faith).

Secondly, the failure by the defaulting defendants, Eddie C K Chung and C&S Millenium Real Estate LLC, to respond to the Complaint demonstrates the defaults were **willful in their blatant disregard of a federal lawsuit.**  It is hard to imagine a more willful default than what has been outlined above. Defendants just decided that they are so unique and special as to not have to be concerned about a federal lawsuit filed against them. A review of the cases that have vacated a default judgment on grounds that the party's default was not "willful" reveals that the circumstances were such that there was clearly a reasonable excuse for the default. *See, e.g.*, Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Indymac Bank v. Nat'l Settlement Agency, Inc., 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding the defendants' non-appearance and failure to respond "indicate willful conduct in the context of a default judgment). These defaulting defendants had sufficient notice of the present litigation because they were properly served with a summons and Complaint. *See* ([DE 18, 19], Affidavits of Service as to Eddie C. K. Chung and C&S Millenium Real Estate LLC). Eddie C. K. Chung was served on October 1, 2019 pursuant to NY C.P.L.R. § 308(2) as the summons and complaint was delivered to Mr. Chung's wife at their home. The summons and Complaint were also mailed to Mr. Chung at his dwelling place. C&S Millenium Real Estate LLC was also properly served on October 10, 2019. Mr. Eddie Chung himself accepted service as an authorized agent of 'C&S.' Mr. Chung is the managing agent of C&S Millenium Real Estate LLC. These defendants, herein after 'Defaulting Defendants,' were both properly served pursuant to CPLR 307,308, 311 and notably do not contest or challenge service in any manner. *See* ([DE 18, 19].

Defendants were served in October 2019, some fourteen months ago and did not bother to even attempt to participate in the lawsuit until October of 2020. Notwithstanding the proper notice

6

and service, the defaulting defendants did not respond to the Complaint, did not appear, did not move, and did not in any way attempt to defend themselves for an entire year, thus constituting willfulness in the context of default judgment. Indymac Bank v. Nat'l Settlement Agency, Inc., 2007 WL 4468652 (S.D.N.Y. Dec. 20, 2007). A finding of bad faith in the context of default is [not] a necessary predicate to concluding that a defendant acted 'willfully.' Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998). A default is willful when a defendant "simply ignores a complaint without action." Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451 (S.D.N.Y. 2007) (*affirmed* 316 Fed.Appx. 51(2d Cir. 2009); Mason Tenders Dist. Council v. Duce Const. Corp., 2003 WL 1960584 (S.D.N.Y. April 25, 2003) ("defendants, having failed to respond to the summons and Complaint and having failed to provide any explanation for its failure to defend, have defaulted willfully." In Todtman v. Ashraf, the investment fund defendants were served with a summons and complaint and ignored same for seven months. Id at 454. The defendants did not file an answer, move, or otherwise respond until seven months past the due date of a responsive pleading (their response was in the form of two letters requesting mercy from the court). Id. Two months later, the defendants moved to set aside the default. Id. at 453. The court found that the defendants were served properly and yet did not answer the complaint or appear in the action and that "*pro se* status does not excuse the defendants' complete failure to respond to the complaint for seven months (February to September 2006), and only then after plaintiff moved for judgment by default." Id. at 454. The willfulness standard is satisfied where a defendant "received the complaint, the court's orders, or the notice of default judgment," but does not respond, and does explain the reason for the default or show that his non-compliance was due to circumstances beyond his control. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d at 455 (2d Cir. 2013).

   Presently, the defaulting defendants have not even *attempted* to proffer any hint of a reasonable excuse for their default, nor have they satisfactorily explained their impermissible conduct in blatantly disregarding this lawsuit for over a year. Avions De Transport Régional

G.I.E. v. Avian Líneas Aéreas S.A., 2019 WL 596520 (S.D.N.Y. Nov. 12, 2019); Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182 (2d Cir. 2013) (where defendant did not satisfactorily explain why he did not answer the complaint after *he did not deny* that he received the complaint or the notice of default which supported an inference of willful default); Cf. Strulowitz v. Flavor Boutique 796 Inc., 2020 WL 274956 (S.D.N.Y. May 26, 2020) (where Mr. Epstein was unable to obtain a default for his client or fees for himself because the defendant at least legitimately argued that he never received a copy of the summons and complaint); RL 900 Park LLC v. Ender, 2020 WL 70920 (S.D.N.Y. Jan. 3, 2020) ("[defaulting] defendants presented no evidence that the lack of response was due to "circumstances beyond his [or her] control.")

Here, the defaulting defendants and their counsel make no attempt, no attempt at all, to provide any explanation of why they have been in default for over thirteen months. The only time period they ever speak of is from Plaintiff's filing of the clerk's certificate of default to the time counsel put in a notice of appearance. Tellingly, they proffer no explanation at all of the actual defaulting period, some thirteen months long. *See* Kass v. City of New York, 2015 WL 8479748, at *3 (S.D.N.Y. Dec. 2, 2015); *accord* Frost Belt Int'l Recording Enters., v. Cold Chillin' Records, 758 F.Supp. 131, 136 (S.D.N.Y. 1990) (noting that defendant's counsel failed to submit an affidavit explaining default and that "such utter failure to explain the default effectively precludes a finding of excusable neglect"); Mason Tenders Dist. Council v. WTC Contracting, Inc., 2011 WL 4348152, at *3 (S.D.N.Y. Sep. 16, 2011) (denying motion to vacate default judgment because party had no "credible explanation" for why it did not read its mail and appear in the action); *cf.* Bricklayers & Allied Craftworkers, 779 F.3d at 186 (finding egregiousness where "there [was] *no dispute* that [defendant] was aware of the legal action pending against him" yet he "failed to file a responsive pleading for over nine months after the receipt of the summons and complaint") (emphasis added). Defendants may now attempt to try to address this glaring and gaping issue in their reply. First, any post-facto reply to the instant opposition cannot raise new arguments *See*

8

Anghel v. Sebelius, 912 F.Supp.2d 4 (E.D.N.Y. 2012) ("It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief." Morgan v. McElroy, 981 F.Supp. 873, 876 (S.D.N.Y. 1997). Secondly, any attempt would be extraordinarily revealing and of no consequence. The defaulting defendants and their counsel decided it was not worth their time, energy, or effort to even attempt to argue that there were some circumstances beyond their control they may lend a hint of credence to the [non-existent] reason for the default. Gonzaga Cortez v. Hang Lin, 2019 WL 4526363 (S.D.N.Y. Sep. 9, 2019) (Judge Schofield: "Not only did the individual **Defendants fail to submit affidavits regarding their lack of notice**, Defendants do not even assert that the individual Defendants lacked notice of this litigation"). By failing to provide an explanation for the individual defendants' failure to respond, they fail to show the default was not willful. See Id.  Mr. Chung, his shell company C&S Millenium, and their attorneys clearly knew about this litigation, and willfully disregarded it by not taking any action to defend it or even having the respect for this honorable Court to attempt to explain same.

**B. Defendants have not and cannot present a meritorious defense.**

The defaulting defendants argue that they have "several" meritorious defenses to the Complaint, and that under Enron Oil Corp., 10 F.3d at 98, the Court should vacate the Default and allow defendants to answer or otherwise respond. *See* ([DE 111] Memo pg. 17). However, defaulting defendants make no effort to meet their burden of offering evidence sufficient to establish a complete defense. See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). "A defense is meritorious if it is good at law to allow defendants to prevail." Id. "While a defendant need not establish his defense conclusively, he must 'present evidence of facts that, if proven at trial, would constitute a complete defense." Krevat v. Burgers to Go Inc., 2014 WL 4638844 at *6 (E.D.N.Y. Sep. 16, 2014). Defendants here offer what they claim are meritorious defenses: 1) no individual liability for Mr. Chung, 2) an Indemnity clause, and 3) Barrier Removable is not Readily Achievable. *See* ([DE 111] Memo pg. 17-21).

Defendants proclaim, in ultimate conclusory fashion, that Mr. Chung is not a proper party to this action. *See* ([DE 111] Memo pg. 18). Moreover, in counsel's responses they continue the same pattern of stonewalling by falsely proffering to the Court that an individual cannot be held liable for violating the Americans with Disabilities Act. Nothing could be further from the truth as this principle of liability has been soundly adhered to across the country. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a). *See* Clement v. Satterfield, 927 F. Supp. 2d 297 (2013). Defendant's argument that individuals are not proper defendants under Title Ill is without support, totally unavailing, and certainly cannot have any impact on whether the defaulting defendants may evade the consequences of their actions. Under Title Ill, liability may be imposed on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). "Nearly every court that has decide the issue of individual liability under Title Ill has found that individuals can be held responsible for violations of these prohibitions against discrimination if they own, lease, or operate a place of public accommodation." Guckenberger v. Boston Univ., 957 F.Supp. 306, 322 (D. Mass. 1997) (internal citations and quotations omitted); *see also* Coddington v. Adelphi Univ., 45 F. Supp.2d 211, 215 (E.D.N.Y. 1999) ("The question of whether a person is a proper defendant under the [Title III] turns not on whether the defendant is a person, partnership, corporation or other entity but, instead, whether the defendant owns, leases or operates a place of public accommodation within the meaning of the ADA.'); Howe v. Hull, 873 F. Supp. 72, 77 (N.D. Ohio 1994) ("An individual may be subject to personal liability under [Title Ill] ... to hold differently would allow individuals with both the authority and the discretion to make decisions based on a discriminatory animus to violate the ADA with a degree of impunity not envisioned by Congress"). The mendacious pattern of these defendants continues as they try to argue that the above principles have not been proffered by

10

Plaintiff. Again, this is not true. Plaintiff dispelled this argument already in his letter dated August 27, 2020 [DE 69]. The defaulting defendants offer only conclusory statements that are insufficient to compel vacatur of an entry of default. *See* Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015) ("The court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true").

Defendants second argument that they attempt to use in support of a meritorious defense is that there is supposedly an indemnity clause in the controlling lease between the tenant defendants and the landlord defendants. The conflict of interest this creates for defendants' counsel notwithstanding, this defense is 1) not a complete defense to the action and 2) is confusing *in light of the landlord defendants claim that the defendants Eddie Chung and C&S Millenium do not own the subject premises*. *See* ([DE 111] Memo Pg. 19). This cannot be a complete defense as contemplated in this Circuit. *See* Krevat v. Burgers to Go Inc., 2014 WL 4638844 at *6 (E.D.N.Y. Sep. 16, 2014); Am. Alliance Ins., at 61 (2d Cir. 1996) (a complete defense must enable the factfinder to make a final determination for the asserting party). Where a court is unable to make a determination whether the defendant has a meritorious defense to the Plaintiff's claims, such a circumstance weighs in favor of granting a default judgment. *See* Empire State Carpenters Welfare v. Darken Architectural Wood*,* 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012); Mack Fin. Servs. v.. Poczatek*,* WL 4628695, at *4 (E.D.N.Y. Aug. 30, 2011). Complete relief cannot be afforded to the landlord defendants as the indemnity clause does not afford complete relief as it does nothing to redress the ADA violations enumerated in the Complaint; it only serves to 'foot the bill' rather than actually resolve the case or controversy. *See* Krevat v. Burgers 2014 WL 4638844 at *6; Am. Alliance Ins. at *61.

Additionally, the defaulting landlord defendants write: " [Plaintiff states] that Mr. Chung and C&S Millenium Real Estate LLC own the [Subject Premises]). This conclusory aversion not only fails as a matter of law, but it is also demonstrably false, based on publicly available NYC

11

Department of Building land records, and the governing commercial lease…Based on the foregoing, Plaintiff cannot maintain his claim against any of the individual defendants, including Mr. Chung." *See* ([DE 111] Memo Pg. 19). And yet amazingly, the very next section of their papers proclaims that "The Landlord Defendants are Entitled to Indemnity Under the Commercial Lease the Landlord Defendants entered into a commercial lease (the "Lease") with the Tenant Defendants, for the Subject Premises. Id. at ¶ 9 [Ex. F] [Commercial Lease]. *See* ([DE 111] Memo Pg. 20)". Defendants seriously try to argue that the purported indemnity clause constitutes a meritorious defense *at the same time they* argue that the landlord defendants do not even own the building. Plaintiff is at a loss for words and will leave it to the court's discretion as to how to address this bad faith argumentation as this is beyond the pale.

Defendants third argument, grasping for a meritorious defense, pertains to 'readily achievable' status of repairs to make the facility ADA compliant (*See* ([DE 111] Memo pg. 20). I It is nothing more than a conclusory denial of questions of fact yet to be determined. *See* <u>Sony Corp. v. Elm State Elec., Inc.</u>, 800 F.2d 317, 320-321 (2d Cir. 1986) (finding "although in an answer general denial normally are enough to raise a meritorious defense, the moving party on a motion to reopen the default must support its general denials with underlying facts."). The defaulting defendant's argument here boils down to 'Plaintiff has not shown that any repairs are readily achievable. Defendants both misstate the record and misunderstand the burden they have in attempting to vacate a default. Plaintiff's Complaint does argue that the repairs are readily achievable ([DE 1] Complaint Par. 30-43) AND Docket Entries 50, 68, 69 provide Plaintiff's clear position that repairs are readily achievable because defendants have the financial resources to finally stop discriminating against people with disabilities and the effect of such repairs will not outweigh the benefits. *See* <u>Borkowski v. Valley Central School District</u>, 63 F. 3d 131 (2d Cir. 1995<u>); Roberts v. Royal Atlantic Corp.</u>, 542 F. 3d 363 (2d Cir. 2008); <u>Kreisler v. Second Ave. Diner Corp.</u>, 2012 WL 3961304 (S.D.N.Y. Sep. 11, 2012) (aff'd 731 F.3d 184 (2d Cir. 2013)). Defendants only argument in support of their 'not readily achievable' defense is simply to

misrepresent the fact that Plaintiff has addressed the readily archivable standard and this is nothing short of vile. Defendants' utter failure to provide any evidence, let alone a cogent argument on this meritorious defense, as well as their other attempted arguments, should further persuade the Court to dismiss the Motion.

### C. There will be Significant Prejudice to Plaintiff if the Default Does Not Stand.

First and foremost, it is not necessary that prejudice exist to the non-defaulting party if the court it is persuaded on balancing the other factors. See S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) citing Commercial Bank of Kuwait v. Rafidain 15 F.3d 238 (2d Cir. 1994). "Courts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." American Alliance, 92 F.3d at 61; "the district court thus has discretion to deny the motion to vacate." Kuwait 15 F.3d 238, 244 (2d Cir.1994); cf. Marziliano v. Heckler, 728 F.2d 151, 157 (2d Cir.1984) (with respect to motion to vacate default pursuant to Rule 55(c), court may deny motion to vacate if default was willful). These defendants defaulted in bad faith and defaulted willfully with total disdain for the civil litigation process. This fact alone necessities that the default must stand. The case for demanding that the defendants be held in default is even stronger here because Plaintiff would also be significantly prejudiced if the motion for default were vacated. Plaintiff has been vigorously and diligently litigating this case since it was filed in September of 2019. Delay is prejudicial if it engenders a loss of evidence, discovery problems, or the opportunity for fraud and collusion." Graves v. Correctional Medical Service, 2015 WL 1823456 (S.D.N.Y. April 22, 2015) citing Pension Benefit Guaranty Corp. v. Canadian Imperial Bank of Commerce, 1989 WL 50171, at * 4 (S.D.N.Y. May 8, 1989). Presently, defendants counsel herein have made a mockery of the discovery process. They have strung this case along at a deliberate snail's pace by engaging in needless and frivolous motion practice and nonsensical demands. While these defendants themselves waited thirteen months before even attempting to engage with the lawsuit, their attorneys knew all too well how to churn and waste time for the past year, making frivolous

motions and **<u>asking for hearings that don't even exist in federal court.</u>** *See* [DE 63] ORDER *denying defendants request for hearing that has no basis in federal rule and would decline to hold hearing regardless,* in addition to making a motion to compel Plaintiff to furnish monetary damages in a lawsuit seeking Injunctive relief. Defendants cannot and should not be given the opportunities to continue to throw as much mud against the wall to see what sticks. There is no discovery that can logically be sought by the landlord defaulting defendants that the tenant defendants have not already sought as they are both represented by the same law firm, in the same case, who presumably did what they were supposed to. What does the landlord require in discovery that is not already in their possession? Unless defendants counsel has been "holding out" on requesting relevant information for the tenant defendants, this point is moot and illogical. If anything, it is Plaintiff who would need more time to retrieve information from these defendants if he had reason to do so. Plaintiff's case is sound and ready for trial. The defaulting defendants can only logically seek to harass, stall, and delay with more illegitimate discovery abuses. Defendants past abuses of the discovery process compounded with the likely future prospects of same creates a high degree of prejudice, all the while the subject facility continues its ongoing pervasive discrimination against Plaintiff and the disabled community at large. Accordingly, to the extent the Court applies the prejudice criteria in its analysis, this factor favors denial of defendant's motion to vacate.

### D. The Present Conflict of Interest Mandates the Disqualification of the Epstein and Mizrahi Attorneys.

An attorney must be disqualified from instant representation when such representation cannot comport with the highest ethical standards that the legal profession so mandates. Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Government of India v. Cook Industries, Inc., 569 F.2d 737, 739 (2d Cir.1978)). The Second Circuit has held that any doubt should be resolved in favor of disqualification. Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975); *see also* Bowens v. Atlantic Maintenance

14

Corp*.,* 546 F.Supp.2d 55, 86 (E.D.N.Y. 2008); Blue Planet Software, Inc. v. Games International, LLC, 331 F.Supp.2d 273, 275 (S.D.N.Y. 2004). If the representation is concurrent, it is 'prima facie improper' for an attorney to simultaneously represent a client and another party with interests adverse to that client*."* Id. *(*quoting Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976)). In such instances, the "per se" standard applies and the attorney must be disqualified unless she/ he can demonstrate "at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representati*on.*" Id. (quoting Cinema 5, 528 F.2d at 1387). Under the Code of Professional Responsibility, "an attorney may not represent adverse interests or undertake to discharge conflicting duties and must avoid even the appearance of representing conflicting interests, except where the conflict of interest is nominal or negligible, or where there has been complete disclosure or consent." Graca v. Krasnik, 872 N.Y.S.2d 690 (Sup.Ct. Kings 2008) quoting 7 N.Y. Jur.2d Attorneys at Law § 162. Pursuant to the Code of Professional Responsibility, a lawyer's duty to his client is that of a fiduciary or trustee who owes his client "undivided loyalty." Cinema 5, 528 F.2d at 1386–87. Presently, defense counsel literally spells out an extraordinarily glaring and incurable conflict of interest. Subheading B on page 20 of their memo of law describes a purported indemnity clause that controls the landlord defendants and tenant defendant's relationship. *See* ([DE 111] Memo pg. 20). Defendants counsel 'Levin-Epstein P.C.' is currently representing both the tenant defendants and the defaulting landlord defendants even though both parties have interests that do not coincide and are opposed to each other. *See* Id; Booth v. Continental Ins. Co., 167 Misc.2d 429 634 N.Y.S.2d 650 (Westchester Co., 1995). Counsel cannot litigate with complete and total loyalty to either party because it will inherently be at the expense of the other party they represent. *See* Cinema 5, 528 F.2d at 1386–87; Graca v. Krasnik, 872 N.Y.S.2d 690 (Sup.Ct. Kings 2008) quoting 7 N.Y. Jur.2d Attorneys at Law § 162. In anticipation of defendant's counsel's belated waiver argument, disqualification based on a law firm's concurrent representation adverse to client is warranted regardless of firm's obtaining waiver of conflict of interest from client if a

15

concurrent adverse relationship exists. <u>Anderson v. Nassau County Dept. of Corrections,</u> 376 F. Supp.2d 294 (E.D.N.Y. 2005). Counsel, as members of the bar of this court, cannot appear before this court in good faith representing both of these parties and must be forced to discharge themselves from engagement of one or both of the parties forthwith.

### E. Defendants' Service/ Local Rule 55.2 Argument is a Red Herring

Defendants argue that (1) Service was not effectuated properly back in September 2019 and (2) that Service of Plaintiff's Motion for Default and was Defective Under S.D.N.Y. Loc. R. 55. Both arguments are incorrect, faulty, and made in bad faith. *See* ([DE 111] Memo pg. 14-15).

Addressing their first nonsensical 'argument,' the summons and Complaint were served properly in September 2019. Service was effectuated against the defaulting defendants, Eddie C.K. Chung and C&S Millenium Real Estate LLC on September 28, 2019, for the defendants' lack of compliance with Title III of the Americans with Disabilities Act, the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law §296 et. seq., (hereinafter referred to as the "New York State Human Rights Law"). [DE 1]. Eddie C. K. Chung was served on October 1, 2019 pursuant to NY C.P.L.R. § 308(2) as the summons and complaint was delivered to Mr. Chung's wife at their home. *See* ([DE 18], Affidavit of Service as to Eddie C. K. Chung). C&S Millenium Real Estate LLC was also properly served on October 10, 2019. *See* ([DE 19], Affidavit of Service as to C&S Millenium Real Estate LLC). Mr. Chung himself accepted service as an authorized agent of 'C&S. *See* <u>Id.</u> Defendants have never denied knowledge of the action or contested service or knowledge in any way. They argue that because proof of service on the Landlord defendants was twenty-three days after the mailing of the summons and Complaint, rather than the 20-day time limit set forth in CPLR 308(2), the court should reject the service of process that was effectuated thirteen months ago. *See* ([DE 111] Memo pg. 14). This is an unserious and unsupported 'argument.' A three-day delay in filing proof of service thirteen

16

months into the case does not give any legitimate ground to 'knock out' proper service when proof of service was in fact filed. *See* <u>Durant v. Traditional Investments, Ltd.</u>, 1990 WL 135731 (S.D.N.Y. Sep. 12, 1990) citing <u>Haegeland v. Massa</u>, 75 A.D.2d 864, 427 N.Y.S.2d 887 (2d Dep't 1980); <u>Reporter Company, Inc. v. Tomicki</u>, 60 A.D.2d 947, 401 N.Y.S.2d 322 (3d. Dep't 1978), *appeal dismissed,* 44 N.Y.2d 791, 406 N.Y.S.2d 41 (1978) (failure to file proof of service is a mere irregularity, non-jurisdictional in nature, which may be corrected by an order *nunc pro tunc).* In <u>Durant</u>, the Plaintiffs were permitted to file proof of service in compliance with CPLR 308(2), and service upon the defendant was deemed complete ten days thereafter. *See* <u>Durant</u> at *3. Presently, there is nothing to even cure here. Plaintiff filed proof of service for both defaulting defendants on October 26, 2019. *See* ([DE 18, 19], Affidavits of Service as to Eddie C. K. Chung and C&S Millenium Real Estate LLC). Defendants and their counsel are either woefully confused or are truly just trying to argue in bad faith. They appear to acknowledge that Plaintiff did file proof of service ("Proof of service on the Landlord Defendants was filed on October 26, 2019 *twenty-three* days after the Summons & Complaint were purportedly mailed, on October 3, 2019." *See* ([DE 111] Memo pg. 14). But they then go on to finish off page 14 by by illogically stating that "Nor has he completed service by filing proof of service with the Clerk of Court." *See* <u>Id.</u> Whether defendants are disoriented or are legitimately engaging in bad faith & frivolous statements to the court, Plaintiff is not sure. But Plaintiff *is* sure that defendant's argument as related to service on the defaulting defendants some thirteen months ago is false and not worth the paper it is written.

Defendants second argument concerns some purported 'procedural defect' because "the Landlord defendants were never served with the Clerk's Certificates of Default, or the Summons and Complaint." *See* ([DE 111] Memo pg. 15). This is just not true. Plaintiff did comply with Loc. R. 55.2(b-c) as "all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" WERE "simultaneously be mailed to the party against whom a default judgment is sought at their last known address. The motion for default judgment was served via mail to Defaulting

Defendants in accordance with Local Rule 55.2, *i.e.* at their last known business addresses and/or home addresses, along with a copy of the summons and complaint as well as the Clerk's Certificate of default. *See* ([DE 97] Atth. 1, pg. 5 *CERTIFICATE OF SERVICE 'Motion for Default Judgements and Supporting Papers*).' Tellingly, and par for the course for these defendants and their counsel, the defaulting defendants do not come armed with any proof of their sordid misrepresentations. There are no affidavits from Mr. Chung or from C&S Millenium Real Estate LLC or anyone else attesting to their boldface lies. There is no proof positive relating to these claims other than counsel's words in his memoranda, written as a third-party observer and certainly not proof in any admissible form. Defendants should be admonished for their repeated misrepresentations to the court and Plaintiff prays that this honorable Court take note of this repeated behavior.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny defendants' Motion to Vacate and for the imposition of any sanctions and fees against defendants for having brought the instant motion in bad faith, along with any relief the Court deems just and proper.

Dated: December 21, 2020
      Syosset, New York

                    Respectfully submitted,

                    By:_____/S_____
                    Stuart H. Finkelstein, Esq.
                    Finkelstein Law Group, PLLC
                    338 Jericho Turnpike Syosset,
                    New York 11791 Telephone:
                    (718) 261-4900