UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dino Antolini,

                Plaintiff,

-against-

Amy McCloskey, et al.,

                Defendants.

1:19-cv-09038 (GBD) (SDA)

REPORT AND RECOMMENDATION

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:**

Before the Court is Plaintiff's motion for entry of a default judgment against Defendants Eddie C. Chung ("Chung") and C&S Millenium Real Estate LLC ("C&S") on the grounds that they failed to answer or otherwise defend against the Complaint. (Pl.'s Not. of Mot., ECF No. 97.) For the reasons set forth below, I respectfully recommend that Plaintiff's motion be DENIED.[1]

## BACKGROUND

This action, which asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12182(a); the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4); and the New York State Civil Rights Law, N.Y. Civ. Rts. Law §§ 40-c & 40-d, as well as a claim for common law negligence, was filed on September 28, 2019. (Compl., ECF No. 1.) Plaintiff, who is a wheelchair user, alleges that Defendants failed to make their place of public accommodation accessible to persons with disabilities. (*Id*. ¶¶ 2, 6.) Named as Defendants were Defendants Chung and C&S, who are alleged

---

[1] I make this Report and Recommendation pursuant to the referral to me of dispositive motions in this case. (Order of Ref., ECF No. 36.)

to own the place of public accommodation, as well as Defendants Amy McCloskey, Theresa Laurent and Dimur Enterprises, who are alleged to operate and/or lease the place of public accommodation (the "Tenant Defendants"). (*Id*. ¶¶ 7, 9.) In his Prayer for Relief, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages and attorneys' fees. (*See* Compl. at p. 18.)

Plaintiff purported to serve the Summons and Complaint in this case upon Defendant Chung by delivering them on October 1, 2019 to an individual named Grandy Chung at 2-55 150th St., Whitestone, New York, and by mailing them on October 3, 2019 to Defendant Chung at the same address.[2] (*See* Aff. of Service, ECF No. 18, at PDF p. 4.) Plaintiff purported to serve the Summons and Complaint upon Defendant C&S by delivering them on October 10, 2019 to Defendant Chung, the authorized agent for Defendant C&S. (*See* Aff. of Service, ECF No. 19.)

Over one year later, on October 15, 2020, Plaintiff requested from the Clerk of Court Certificates of Default against Defendants Chung and C&S.[3] (*See* Finkelstein Affs., ECF Nos. 91 & 93.) Later that same day, the Clerk of Court issued Certificates of Default against Defendants Chung and C&S. (*See* Certs. of Default, ECF Nos. 95 & 96.) On October 18, 2020, Plaintiff filed the motion for entry of a default judgment against Defendants Chung and C&S that presently is before the Court. (*See* Pl.'s Not. of Mot.) On October 20, 2020, the Levin-Epstein Firm first

---

[2] Based upon the date of the docket entry for the Affidavits of Service filed at ECF No. 18, proof of service was filed on October 26, 2019, *i.e.*, 23 days after the Summons and Complaint were mailed to Defendant Chung.

[3] During the interim period, this litigation proceeded against the Tenant Defendants, who had appeared through counsel, Levin-Epstein & Associates, P.C. ("Levin-Epstein Firm"), on October 22, 2019. (*See* Nots. of Appearance, ECF Nos. 14 & 15.)

entered a notice of appearance on behalf of Defendants Chung and C&S. (*See* Not. Of Appearance, ECF No. 102.)

Defendants Chung and C&S were granted an extension until November 20, 2020 to file their opposition to Plaintiff's motion for a default judgment (*see* 10/27/20 Order, ECF No. 108), and they timely filed an opposition memorandum and declaration on November 20. (*See* Opp. Mem., ECF No. 111; Mizrahi Decl., ECF No. 112.) Plaintiff was granted two extensions until December 21, 2020 to file his reply (*see* 11/23/20 Order, ECF No. 115; 12/17/20 Order, ECF No. 126), and he filed his reply one day late, on December 22, 2020. (*See* Reply, ECF No. 131.)

## LEGAL STANDARDS

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once a default has been entered, then, upon application of the party "entitled to a judgment by default," the Court may proceed to enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). "A default judgment may not be granted, however, if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (quoting *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007)).

"Assuming the plaintiff demonstrates proper service, the decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan*, 242 F.R.D. at 73 (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). "In determining whether to grant such a motion, the court may consider numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or are in doubt.'" *Id*. (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2685 (3d ed. 1998)). "The

3

court is also guided by the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims." *Id*. (citing *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 170-71 (2d Cir. 2001) and *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981)).

"It is well established that default judgments are disfavored." *Pecarsky*, 249 F.3d at 174. "A clear preference exists for cases to be adjudicated on the merits." *Id*. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Mroszczak v. Tate & Kirlin Assocs., Inc*., 397 F. Supp. 3d 296, 298 (W.D.N.Y. 2019) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

## DISCUSSION

The Court finds that service of process properly was made upon Defendants Chung and C&S. Defendant Chung does not dispute that service was made upon a person of suitable age and discretion, but argues that proof of service was filed 23 days after service was effected, instead of the 20 days permitted under CPLR § 308(2). (*See* Opp. Mem. at 13-14.) However, this three-day delay does not render the service ineffective, since any defects in service are curable, *see Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-03052 (KMK), 2011 WL 1236121, at *4 (S.D.N.Y. Mar. 31, 2011), and under my general pretrial supervision of this case, I hereby extend the time for Plaintiff to file proof of service *nunc pro tunc*. With respect to Defendant C&S, there is no defect in service since Defendant Chung was personally served as the authorized agent for Defendant C&S. *See* CPLR § 311(1).

Nevertheless, applying the relevant factors, in my discretion, I find that Plaintiff's motion for a default judgment against Defendants Chung and C&S should be denied. First, their default was not willful. The fact that "shortly after Plaintiff filed [his] motion for default judgment," Defendants Chung and C&S appeared to oppose the motion "supports a finding that [their] default was not willful because it evidences an intention and attempt to defend against the action." *See Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-06311 (MKB), 2019 WL 2233828, at *5 (E.D.N.Y. May 22, 2019). Second, Plaintiff has suffered no prejudice. "'[D]elay standing alone does not establish prejudice' sufficient to defeat a motion to vacate a default," or, as in the present case, to permit a default judgment to be entered. *See Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) (citing *Enron Oil Corp.*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Plaintiff has not made such a showing. Third, "[o]n the question of meritorious defense, [t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. . . . The defaulting defendant need only meet a low threshold to satisfy this factor." *Id*. (citations and internal quotation marks omitted). Here, Defendants Chung and C&S meet this low threshold. For example, Defendants Chung and C&S may be entitled under the lease they entered into with the Tenant Defendants to have the Tenant Defendants make any required alterations and/or modifications, and/or may be entitled to indemnification. (*See* Opp. Mem. at 20.) In addition, on the present record, there is a justiciable dispute as to whether the removal of architectural barriers is readily achievable. (*See id*.)

5

**CONCLUSION**

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for a default judgment be DENIED.

Dated:     December 23, 2020
           New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).