UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DINO ANTOLINI,

                                                Case No.: 1:19-cv-09038 GBD

                      Plaintiff,

    - against -

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C.K.
CHUNG, and C&S MILLENIUM REAL
ESTATE LLC,

                                              **Hon. George B. Daniels**
                      Defendants.
------------------------------------------------------------------X

      Pursuant to Fed. R. Civ. P 72(b) and 28 U.S.C.A Section 636(b)(1), Plaintiff DINO ANTOLINI, through his attorney Stuart H. Finkelstein, hereby respectfully submits his written objections to the report and Recommendation of Magistrate Judge Stewart Aaron dated December 23, 2020, recommending denial of Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55.

## INTRODUCTION

      Plaintiff commenced this action on September 28, 2019, which asserts claims under the Americans with Disabilities Act, 42 U.S.C. §12182(a); the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4); and the New York State Civil Rights Law, N.Y. Civ. Rts. Law §§ 40-c & 40-d, as well as a claim for common law negligence. The defaulting defendants, Eddie C. Chung ("Chung") and C&S Millenium Real Estate LLC ("C&S")

were properly served with the summons and complaint in October 2019. The defaulting defendants have never denied knowledge of the action or contested service or having knowledge of the lawsuit in any way. On October 15, 2020, Plaintiff requested from the Clerk of Court, Certificates of Default against Defendants Chung and C&S for their failure to appear in the action. On December 23, 2020, Magistrate Judge Aaron recommended that Plaintiff's motion for a default judgment be denied. The bases for Plaintiff's objections to the Magistrate Judge's Report and Recommendation are 1) the report improperly focuses completely on the time period from Plaintiff's filing for default to when there was an[appearance made on their behalf; 2) the report does not address how the defaulting defendants knew about the lawsuit and callously ignored it for over one year; 3) the report does not address the way in which the defaulting defendants make no attempt, no attempt at all, to *try* to provide any explanation of why they have been in default for over thirteen months; 4) the report does not address Plaintiff's argument concerning the necessary disqualification of the Levin Epstein firm. For the reasons set forth in Plaintiff's memoranda and further set forth below, it is respectfully requested that Plaintiff's objections to the Report be sustained and Plaintiff's motion for default judgment granted.

### I.     Relevant Procedural & Factual Details

1.     The defaulting defendants were served in October 2019, some fourteen months ago. They did not even attempt to participate in the lawsuit until over a year later, October of 2020. Notwithstanding the proper notice and service, the defaulting defendants did not respond to the Complaint, did not appear, did not

move, and did not in any way attempt to defend themselves for an entire year.

2. For thirteen months, both defaulting defendants and their counsel knew about the suit pending against them.

3. Eddie C. K. Chung was served on October 1, 2019 pursuant to NY C.P.L.R. § 308(2) as the summons and complaint was delivered to Mr. Chung's wife at their home. See ([DE 18], Affidavit of Service as to Eddie C. K. Chung). C&S Millenium Real Estate LLC was also properly served on October 10, 2019. See ([DE 19], Affidavit of Service as to C&S Millenium Real Estate LLC).

4. The Clerk's Certificates of Default were entered on October 15, 2020. [DE 95-96]. Plaintiff filed his Motion for Default on October 18, 2020. [DE 97]. The Landlord defendants appeared in this action on October 20, 2020 through the Levin-Epstein firm, who have already been representing the tenant Defendants in this action since October 22, 2019.

5. At no point did the defaulting defendants ever attempt to proffer any hint of a reasonable excuse for their default.

6. To this day, the defaulting defendants have not satisfactorily explained their impermissible conduct in blatantly disregarding this lawsuit for over a year.

7. Magistrate Judge Aaron found that service of process was made properly upon both defaulting defendants Eddie C. Chung ("Chung") and C&S Millenium Real Estate LLC ("C&S").

8. Magistrate Judge Aaron has recommended that Plaintiff's Motion for a default judgment against defendants Chung and C&S should be denied.

II. **Objections**

9. It is respectfully submitted that the Report improperly focused only on the time period between which Plaintiff filed for default and on the subsequent notice of appearance on the landlord defendant's behalf by the Levin-Epstein firm. It is true that shortly after Plaintiff filed his motion for default judgment," Defendants Chung and C&S appeared to oppose the motion as the Levin-Epstein firm appeared on their behalf. However, the defaulting defendants did not suddenly first learn of the lawsuit on October 15, 2020, the date that Plaintiff filed for Clerk's certificates of default. They knew about this lawsuit all along, *dating back one year* to October 2019.

10. The report improperly focuses on the defaulting defendants speed at retaining the Levin-Epstein firm in between the October 15, 2020 date and the subsequent notice of appearance on October 20, 2020. The report only discussed that five-day time period without any mention of the actual defaulting period and this is improper.

11. The report does not address how the defaulting defendants knew about the lawsuit and callously ignored it for over one year. It does not spend any time discussing the willful defaulting period from when defendants were served until they finally appeared. This is explained further in Plaintiff's Memo of Law in Opposition to defendants' motion to set aside the Clerk's Certificate of Default [DE 132].

12. The defaulting defendants and their counsel decided intentionally to make no effort to even attempt to argue that there were some circumstances beyond their control they may lend a hint of credence to the [non-existent] reason for the default.

13. The report does not engage in the necessary balancing act for the court

to use when deciding on a default judgment. The report overlooks and fails to address the prejudice that Plaintiff will suffer if the default is vacated and does not spend any time at all addressing Plaintiff's 'prejudice' argument made on page 13 & 14 of his Memo of Law [DE 131].

14. The report improperly disregards Plaintiff's contention that the Levin-Epstein firm cannot represent the defaulting landlord defendants. The report does not devote any time to discussing this important issue and this is improper.

15. The report fails to address critical facts and arguments that are glossed over and therefore must be remedied.

**WHEREFORE**, for the reasons set forth in Plaintiff's Motion for a Default Judgment and in his Opposition to defendants Motion to Set Aside the Default, Plaintiff's Objections to the Report should be sustained and the Report and Recommendation should be rejected to the extent that it recommends that Plaintiff's Motion for a Default Judgment be denied.

Dated: January 6, 2021
      Syosset, New York

                  Respectfully submitted,

                          By**:**_____/S_____
                          Stuart H. Finkelstein, Esq.
                          Finkelstein Law Group,
                          PLLC 338 Jericho Turnpike
                          Syosset, New York 11791
                          Telephone: (718) 261-4900

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copies of Plaintiff's Objections Pursuant to Fed. R. Civ. P 72(b) dated January 6, 2021, by depositing true copies thereof enclosed in a postage paid envelope in an official depository under the exclusive care and custody of the United States Postal service, via First Class Mail to Jason Mizrahi, Esq. 420 Lexington Avenue room 2525 New York, NY 10170 and via email: Jason@levinepstein.com.

Dated: Syosset, New York
      January 6th, 2020

                                  /S
                         Stuart H. Finkelstein, Esq.
                         FINKELSTEIN LAW GROUP
                         Attorney for Plaintiff
                         338 Jericho Turnpike
                         Syosset, New York 11791
                         Telephone: (718) 261-4900