**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DINO ANTOLINI                                    Case No.: 1:19-cv-09038

                         *Plaintiff*,                   **ANSWER WITH**
                                                             **AFFIRMATIVE**
       -*against*-                                   **DEFENSES, AND**
                                                                    **COUNTERCLAIMS**

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL
ESTATE LLC,

                              *Defendants*.
-----------------------------------------------------------------X

      Defendants Eddie C K Chung and C&S Millenium Real Estate LLC (together, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, dated September 28, 2019, (the "Complaint") of Dino Antolini (the "Plaintiff"), hereby admit, deny and allege as follows:

## NATURE OF THE CLAIMS

      1.     The allegations contained in in paragraph "1" of the Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Defendants admit that this Court has jurisdiction for purposes of the claims alleged in the Complaint. To the extent that any other averments may be deemed fact those allegations are denied.

      2.     Defendants deny the allegations contained in paragraph "2" of the Complaint

## JURISDICTION AND VENUE

      3.     The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required, but to the extent that the averments may be deemed

fact, Defendants admit that this Court has jurisdiction for purposes of the claims alleged in the Complaint.

4. The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required, but to the extent that the averments may be deemed fact, Defendants admit that this Court that venue is proper.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5"of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6"of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint as stated. C&S Millennium Real Estate LLC is the record owner of the subject property.

8. Defendants admit the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

18. The allegations contained in paragraph "18" of the Complaint set forth legal conclusions for which no response is required.

19. The allegations contained in paragraph "19" of the Complaint set forth legal conclusions for which no response is required.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required.

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required.

22. The allegations contained in paragraph "22" of the Complaint set forth legal conclusions for which no response is required.

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required.

24. The allegations contained in paragraph "24" of the Complaint set forth legal conclusions for which no response is required.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required.

27. The allegations contained in paragraph "27" of the Complaint set forth legal conclusions for which no response is required.

28. The allegations contained in paragraph "28" of the Complaint set forth legal conclusions for which no response is required.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

31. No response is required to the statement set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. The allegations contained in paragraph "33" of the Complaint set forth legal conclusions for which no response is required.

34. The allegations contained in paragraph "34" of the Complaint set forth legal conclusions for which no response is required.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph "48" of the Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW)

49. No response is required to the statement set forth in paragraph "49" of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in paragraph "58" of the Complaint.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

59. No response is required to the statement set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required.

62. Defendants deny the allegations contained in paragraph "62" of the Complaint.

63. Defendants deny the allegations contained in paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in paragraph "66" of the Complaint.

67. Defendants deny the allegations contained in paragraph "67" of the Complaint.

68. Defendants deny the allegations contained in paragraph "68" of the Complaint.

69. Defendants deny the allegations contained in paragraph "69" of the Complaint.

70. Defendants deny the allegations contained in paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in paragraph "71" of the Complaint.

72. Defendants deny the allegations contained in paragraph "72" of the Complaint.

73. Defendants deny the allegations contained in paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in paragraph "74" of the Complaint.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

75. No response is required to the statement set forth in paragraph "75" of the Complaint.

76. Defendants deny the allegations contained in paragraph "76" of the Complaint.

77. Defendants deny the allegations contained in paragraph "77" of the Complaint.

78. Defendants deny the allegations contained in paragraph "78" of the Complaint.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

79. No response is required to the statement set forth in paragraph "79" of the Complaint.

80. Defendants deny the allegations contained in paragraph "80" of the Complaint.

81. Defendants deny the allegations contained in paragraph "81" of the Complaint.

82. Defendants deny the allegations contained in paragraph "82" of the Complaint.

83. Defendants deny the allegations contained in paragraph "83" of the Complaint.

84. Defendants deny the allegations contained in paragraph "84" of the Complaint.

85. Defendants deny the allegations contained in paragraph "85" of the Complaint.

## INJUNCTIVE RELIEF

86. Defendants deny the allegations contained in paragraph "86" of the Complaint.

87. Defendants deny the allegations contained in paragraph "87" of the Complaint.

88. Defendants deny the allegations contained in paragraph "88" of the Complaint.

## DECLARATORY RELIEF

89. Defendants deny the allegations contained in paragraph "89" of the Complaint.

## ATTORNEY'S FEES, EXPENSES AND COSTS

90. The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

## JURY DEMAND

91. No response is required to the statement set forth in paragraph "91" of the Complaint.

## PRAYER FOR RELIEF

92. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95. Plaintiff's Complaint, which fails to allege when Plaintiff visited the location, is barred to the extent the claims stated in the Complaint are based on one or more visits to the location prior to the applicable statute of limitations

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the location that departs from accessibility guidelines, the location has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in the facilities built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendants' financial resources, and the effect on Defendants' operations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration".

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims that the location was designed in violation of the ADA or Title 24 are barred to the extent that the location was designed and constructed before the effective date of the ADA, Title 24, or their regulations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims for damages alleged in the Complaint are limited by Defendants' good faith reliance upon reasonable interpretations of New York State and New York City law by local building authorities and issuance of appropriate building permits and certificates of occupancy for facility at issue.

### AS AND FOR A TENTH DEFENSE

102. Plaintiff has failed to mitigate or to reasonably attempt to mitigate her damages, her entitlement thereto being expressly denied.

### AS AND FOR A ELEVENTH DEFENSE

103. Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

### AS AND FOR A TWELFTH DEFENSE

104. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

## AS AND FOR A THIRTEENTH DEFENSE

105. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred in whole or in part because Plaintiff's injury or injuries, which are expressly denied

## AS AND FOR A FOURTEENTH DEFENSE

106. Plaintiff is not entitled to the injunctive relief she seeks because she lacks standing to seek or receive such relief.

## AS AND FOR A FIFTEENTH DEFENSE

107. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## AS AND FOR A SIXTEENTH DEFENSE

108. Defendants is not liable to Plaintiff for any alleged discrimination under the Administrative Code and the Executive Law because it exercised reasonable care to prevent any such behavior and Plaintiff unreasonably failed to take advantage of the corrective opportunities provided by Defendants and to otherwise avoid harm.

## AS AND FOR A SEVENTEENTH DEFENSE

109. Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine

## RESERVATION OF RIGHTS

110. Defendants reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## CLAIM FOR ATTORNEYS' FEES

111. Defendants has retained the Law Offices of Levin-Epstein & Associates P.C. and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendants is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

## COUNTERCLAIMS

### CAUSE OF ACTION ONE
### (Declaratory Judgment)

112. Defendants repeat and reiterate each and every answer and allegation contained in in the paragraphs above inclusively with the same force and effect as if same were more fully set forth herein.

113. Defendants believe that if, as alleged, Plaintiff did not gain access to the facility on the alleged dates, it was because Plaintiff chose not to and had no intention to patronize the Defendants' business.

114. Plaintiff has filed at least two lawsuits in this court this year alleging nearly identical allegations and attaching the same pictures of the purported ADA violations alleged to each Complaint.

115. Below are two photographs from the Complaint filed in *Dino Antolini v. Morgenstern, et. al.*, 19-cv-04938-JMF (filed 5/28/2019, Hon. Jesse M. Furman, presiding):





116. Below are two photographs from the Complaint filed in, *Antolini v. Rosenblum, et.al.*, Case No. 19-cv-06264-DAB (filed 7/5/2019, Hon Deborah A. Batts, presiding):





117. Below is one photograph from the Complaint filed in the instant action, *Antolini v. McCloskey et al,* Case No. 19-cv-09038-GBD (filed 9/28/2019, Hon George B. Daniels, presiding):



118. As the naked eye can see from the pictures above, the person in the photograph, presumably the Plaintiff, Mr. Antolini's shoe is apparent, and he is standing up. In his complaint, he has alleged that he was in a wheelchair, and discriminated against because of that. (*See* Complaint, ¶ 6: "DINO ANTOLINI has been and remains a wheelchair user.")

119. Accordingly, the instant Complaint filed by Plaintiff appears to be fraudulent and asserted for an improper purpose, and therefore, Defendants request that the Court enter an order for Declaratory Judgment in favor of Defendants that Plaintiff is a vexatious litigant.

120. Further, Defendants request Declaratory Judgment in favor of Defendants that the establishment is compliant with the requirements of the ADA, as disabled individuals using the Defendants' facility have full and equal access as any other ambulating individual.

## CAUSE OF ACTION TWO
### (Fraud)

121. Defendants repeat and reiterate each and every answer and allegation contained in in the paragraphs above inclusively with the same force and effect as if same were more fully set forth herein.

122. Defendants believe that if, as alleged, Plaintiff did not gain access to the facility on the alleged dates, it was because Plaintiff chose not to and had no intention to patronize the Defendants' business.

123. As set forth more fully above, Plaintiff made a material misrepresentation or omission of fact, namely, in regard to the photographs and location underlying his ADA complaint as demonstrated above, and in the exhibits attached hereto.

124. Plaintiff made these material misrepresentations with knowledge of its falsity, and intent to defraud.

125. As the operator of the premises, there was reasonable reliance on the part of Defendants.

126. Defendants sustained damages as a proximate cause of Plaintiff's fraud.

**WHEREFORE**, Defendants demand judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety, and granting the costs and disbursements of this action;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action;

(d) declaring that Plaintiff is a vexatious litigant, and that the Defendants establishment is compliant with the requirements of the ADA, as disabled individuals using Defendants' facility have full and equal access as any other ambulating individual, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

(e) damages in an amount to be proven at trial, together with costs, attorney's fees and such further relief as the Court deems just and appropriate; and

(f) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: January 19, 2021
      New York, New York

By:   /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
Telephone: (212) 792-0046
Facsimile: (212) 563-7108
Email: joshua@levinepstein.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I electronically filed the foregoing Answer with Affirmative Defenses and Counterclaims with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

> FINKELSTEIN LAW GROUP, PLLC
> Stuart H. Finkelstein, Esq.
> 338 Jericho Turnpike
> Syosset, New York 11791
> Tel: (718) 261-4900
> finkelsteinlawgroup@gmail.com *Attorneys for Plaintiff*

/s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.