# STUART H. FINKELSTEIN
*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

February 16th, 2021

The Honorable George B. Daniels
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11A
New York, New York 10007

Magistrate Stewart D. Aaron
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 19-cv-09038-GBD
Reply to defendants' motion

Dear Judge Daniels,

I represent Plaintiff Dino Antolini and write the Court in the hope of ending the butchering of this lawsuit, engendered and effectuated by the defendants' lawyer since 2019.

In defendants' counsel's latest application, [DE 140] the mistruths are unabated. Dino Antolini's deposition was noticed for February 11, 2021. Beginning on January 19, 2021, some two weeks before, the first of three emails were sent by defendants' counsel seeking confirmation of Plaintiff's deposition. It was during the phone call of February 4, 2021 I told him Mr. Antolini was ill and was unable to verbally participate in his deposition. As reflected in Mr. Antolini's medical records that defendants have in their possession for over eight months, he suffers from Bell's Palsy on one side of his mouth. However, Mr. Antolini has now been afflicted on the other side of his mouth and his speech is almost unintelligible.

Counsel for defendants went absolutely bonkers on the phone. After he stopped yelling, I informed him that I would be more than willing to furnish an updated HIPPA authorization to verify, but he refused. I then offered him an Arons authorization to speak *directly* with Dino's doctor, but that too was rejected. I then suggested (despite counsel's previous ad hominem attacks that Dino is mentally incompetent as well as an alcoholic) the deposition still take place on February 11 pursuant to FRCP 31. This lawyer refused that as well and just before he hung up on me, he had the guile to say to me "listen to keyboard as I'm typing my motion to the court as we speak".

Plaintiff seeks a ruling from the Court that defendants have waived their right to a deposition of Plaintiff. Mr. Antolini was ready, willing and able to be deposed, with the necessary accommodations so made. Neither Plaintiff nor your affiant ever refused the deposition be held on February 11, 2021. Additionally, as Plaintiff had suggested to counsel as a means of effectuating the legitimate fact-finding purpose of the deposition, interrogatories could have been emailed to us, or simply asked verbally via Zoom. See <u>Powers v. Fox Television Stations, Inc.</u>, 1995 WL 319857 (S.D.N.Y. 1995)

(Written interrogatories permitted when party to be deposed is unavailable or unable to answer). I even suggested that Mr. Antolini, on Zoom, could have written out the answers in full view. This was offered to defendants' lawyer but this too was rejected.

I advise the Court, respectfully, that Mr. Antolini is scheduled for an MRI this week as prescribed by his treating physician. The refusal to conduct Mr. Antolini's deposition on February 11, 2021 is just one more exemplar of the 'smoke and mirrors' tactics to enable the ongoing behavior. The denial of Plaintiff's offer for interrogatories for defendants to obtain discovery just does not make sense, if of course you have no intention to obstruct the prosecution of the lawsuit. The functional purpose of the deposition could have been readily achieved. Simply put, counsel wants to continue the obfuscation and does not actually care about the answers. The crux of this case, an ADA Title III action, does not rest on the deception that this lawyer has conjured up for the past thirteen months. Rather, the case is about a place of public accommodation, the establishment 'Madame X,' located at 94 West Houston Street, that is completely and totally inaccessible to disabled New Yorkers. Beginning with the eight steps leading into this tri level lounge, on through the non-compliant interior and bar area, and all the way through to the inaccessible bathroom, this place is an ADA mess and has been for over twenty-three years.

In addition, counsel manufactures an issue with Plaintiff's objections (he refers to them as boilerplate) to defendants' notice of deposition. It is as if he believes that he is above it all in having to present a cogent legal argument regarding Plaintiff's notice, as well as supporting case law for this frivolous submission to the Court.

The sordid behavior exhibited by defendant's counsel is just the tip of the iceberg as it's been apparent to your affiant for quite some time that Mr. Mizrahi's appearance in this case is solely to obstruct it from going forward and second, to churn and churn until he's told that he can't. Any other motivation he claims is bogus.

A snapshot of his behavior in the case is as follows:
1)     Making a baseless and frivolous Motion on an "emergency basis" for a 'framed issue hearing' when no such apparatus exits. [DE] 60;

2)     Making a baseless and frivolous Motion seeking "underlying documents on which Plaintiff's demand for attorney fees and expenses is based"; contemporaneous time records, which should specify, for each attorney, the date, the hours expended, and the nature of the work done and a "description of the legal authority, along with any underlying documents, on which Plaintiff's computation "for violations of the New York City and New York State Human Rights Law is based". Incredibly he did this acknowledging that a) the case was ongoing and b) that Plaintiffs in these cases can only recover injunctive relief and attorneys' fees and costs to be determined at the conclusion of the suit [DE 49];

3)     In June of 2019 after we sent a HIPPA authorization, he attached his own subpoena altering its terms in complete contravention of law. Thereafter he made multiple motions seeking unheard of requests in addition to the medical records authorized in the authorization furnished. It was only when he was able to obtain ALL OF PLAINTIFF'S MEDICAL RECORDS FROM BIRTH, some 64 years, that his fraudulent and frivolous behavior came to an end. Moreover, he was also authorized

to obtain Mr. Antolin's *psychiatric records* along with his *dental records*, HIV-related information and alcoholic/DRUG TREATMENT records----all of this for his lawsuit alleging violations of the Americans with Disabilities Act;

4)   On January 21, 2021, Plaintiff submitted Plaintiff's Expert Report which not due until March 12, 2021. No matter, he demanded in those emails that we "remedy" the report. On February 3, 2021 we 'remedied' the Expert's Report by providing the Architects' signature and his CV. *Exhibit* attached. However, on October 25, 2019, approximately *sixteen months ago,* Plaintiff served his Fact and Expert Witness Interrogatories and his Request for Production pursuant to Rule 26(a)(2) upon the defendants. Incredibly, we have received nothing in response from the defendants' attorney. His game plan is obvious, i.e., to wait until the last day discovery is open and then provide their expert's report and responses to Plaintiff's sixteen months old Discovery Requests, so there would be no time to depose their expert. In contrast, incredulously, his latest 'worry' in bringing the instant motion is to ascertain the Plaintiff's Expert's hourly fee and if he's ever been published. I told him during our phone call of February 4 there was no hourly fee agreed to (his fee was for the report) and that he'd never been published. Notwithstanding, he files the instant motion.

Adding to the mix is the absolute unfathomable matter of this lawyer having his client call me on February 4, 2021. Once she identified herself to me, I ended the phone call immediately as I did not want to be at the butt of another sickening motion made by defendants' lawyer. I did, however instantly email defense counsel to advise of same.

Because of his pattern of continued misstatement and mistruths in his submissions to the Court, as well as the behavior exhibited to me during phone calls, I ask that your Honor either allow the calls to be recorded, prohibit any calls going forward, or to appoint an independent overseer to monitor any future out of court conversations. Courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43, (1991). The Second Circuit has similarly found that a "court has inherent power to sanction and control parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000). Respectfully, I really don't know of any other way to deal with this. Plaintiff respectfully requests that your Honor uphold Judge Stewart's order, closing all depositions on February 19, 2021 [DE 124] or in the alternative permit Mr. Antolini to submit written responses to any questions due to his condition.

I thank the court for the continued consideration and attention to this matter.

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all counsel of record via ECF