**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DINO ANTOLINI,                                                    Case No.: 1:19-cv-9038

                            *Plaintiff*,

            -*against*-

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG  and  C&S  MILLENIUM  REAL
ESTATE LLC,

                            *Defendants*.
-----------------------------------------------------------------X

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
### FIRST REQUESTS FOR PRODUCTION OF EXPERT DICOVERY DOCUMENTS

Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the

"**Defendants**"), by and through his undersigned attorneys, as and for their responses to Plaintiff's

First Request for Production of Expert Discovery Documents, respond as follows:

These responses are made solely in relation to the above-captioned action, and are

proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject

to the objections noted below. Defendants reserve the right to object on any ground to 1) the

admissibility or use of any information provided herein in any subsequent stage or proceeding in

this or any other action; and 2) any other discovery procedure relating to the subject matter of this

Request. Additionally, these responses are given without prejudice to Defendants' right to produce

at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently

omitted.

### GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS

Defendants hereby incorporate by reference each of the following General Objections and

Limitations ("**General Objections**") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1.      Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2.      Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3.      Defendants object to each Request that it calls for a legal conclusion.

4.      Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5.      Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7.      Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8.      Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9.      Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10.     Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11.     Defendants object to each Request to the extent that it seeks information that was not created by Defendants, or is not currently in the possession, custody, or control of Defendants, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

12.     Defendants reserve the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

## RESPONSES & OBJECTIONS

1.     All reports, memoranda and/or writings generated or prepared by each person expected to be called as an expert witness by Defendants at the trial of this case that contain the expert(s) opinions and/or conclusions.

> **Response**: Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive. Subject to, and notwithstanding the foregoing, Defendants are not currently in possession of any responsive documents to this request.

2.     All documents, depositions, exhibits, plans, drawings, photographs, ordinances or statutes which each expert has used in basing his/her opinion, if that expert is expected to be called as an expert witness by Defendants' at the trial of this case.

> **Response**: Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive. Subject to, and notwithstanding the foregoing, Defendants are not currently in possession of any responsive documents to this request.

3.     All invoices, records, and all documents, exhibits or writings of any kind that Defendants' intends to use at trial.

**Response**:  Defendants refer Plaintiff to the documents produced simultaneously herewith.

4.      All agreements, contracts, invoices (paid and unpaid), cancelled checks or documents depicting the fee arrangement between Defendants' or its counsel and its expert witness(es) expected to be called by Defendants' at trial.

**Response**: Defendants object to this request as it violates the attorney work product privilege. *McDaniel v. Freightliner Corp., 2000 WL 303293*, at *4 (S.D.N.Y. 2000). .

5.      The most current curriculum vitae or resume of each person expected to be called as an expert witness by Defendants at the trial of this case.

**Response**: Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive. Subject to, and notwithstanding the foregoing, Defendants are not currently in possession of any responsive documents to this request.

Dated: New York, New York
          August 25, 2020

                              LEVIN-EPSTEIN & ASSOCIATES, P.C.

                              By:  /s/ Joshua Levin-Epstein,
                                   Joshua D. Levin-Epstein
                                   420 Lexington Avenue, Suite 2525
                                   New York, NY 10170
                                   Tel.:  (212) 792-0046
                                   Email: Joshua@levinepstein.com
                                   *Attorneys for Defendants*

To:
          Finkelstein Law Group, PLLC
          Stuart H. Finkelstein, Esq.
          338 Jericho Turnpike
          Syosset, New York 11791
          Tel. No.: (718) 261-4900
          *Attorney for Plaintiff*