# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

April 15th, 2021

Magistrate Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

                                      Re: Antolini vs. McCloskey, et al
                                      Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

I represent Plaintiff Mr. Antolini in this lawsuit, and I write the Court in response to defendants' letter to you dated April 14, 2020.

On Monday April 12, 2020, Plaintiff wrote to the court seeking to compel multiple pieces of discovery that defendants have unlawfully withheld for many months. *See* [Dckt. No. 154, pg. 2.] Plaintiff is seeking 1) proper Rule 26 initial disclosures from the landlord defendants whose counsel put in a notice of appearance on October 20, 2020 [Dckt. No.'s 101, 102]; and 2) all expert and architectural discovery that miraculously has been missing in this case from *all* defendants since October 2019.

On Wednesday afternoon [April 14, 2020], defendants submitted their opposition to Plaintiff's motion. Therein, they readily admitted to violating Rule 26 and informed the court that they had [purportedly] rectified part of the issue by concurrently producing initial disclosures to Plaintiff. *See* [Dckt. No. 155, pg. 2]. Plaintiff's counsel did receive an email supposedly responding with materials that were due, at the minimum, since August 25, 2020. Defendants did not to submit any expert discovery because "the expert discovery deadline is May 11, 2020." *See* [Dckt. No. 155, pg. 2-3].

As to the first basis for the instant motion, defendants have produced woefully inadequate Rule 26 disclosures. Defendants omit, under Fed. R. Civ. P. 26(a)(1)(A)(ii), *a copy or a description by category and location—of all documents, electronically stored information, and tangible things,* a litany of information pertaining to their facility such as: architectural plans, department of building permits, scope(s) of work prepared for the facility pursuant to the Complaint and to the maximum extent feasible, prior proposal(s) of work to be performed in furtherance of ADA compliance; current work orders pertaining to any modification of the premises, any and all records of any site surveys, and copies of any and all contracts let in the performance of building alteration. Defendants also critically omit the identity of witnesses who will testify at trial and submit a report. Fed. R. Civ. P. 26(a)(2)(A-B).

As to the second basis for the instant motion, defendants cannot be allowed to continue to stonewall and use dilatory tactics regarding expert discovery. Defendants must be ordered to produce all expert materials, including those outlined in Plaintiff's R. 26 and R. 34 requests outlined on page 2 of Dckt. No. 154 and also attached as exhibit A to the same docket entry. This lawsuit has been pending for over 450 days and defendants counsel has not provided any expert or architectural discovery *at all*. Yet, they attempt to hang their hat on the remaining 25 days to engage in a legitimate expert discovery disclosure and exchange. This is wrong and cannot be allowed.

Defendants are incorrect about their obligations for production on two fronts. First, they are wrong on the timing outlined in Rule 26. Fed. R. Civ. P 26(a)(2)(D) explains that expert disclosures must be made according to certain time constraints. Despite defendants' assertion, the court did not ever order a 'sequence of expert disclosure' dates. Rather, the court ordered multiple global extensions of discovery which is now open until May 11, 2021. *See* [Dckt. No.'s 124, 150]. As such, the controlling provision is R. 26(a)(2)(D)(ii). Defendants alleged expert evidence is indeed 'intended solely to contradict or rebut evidence on the same subject matter' as any ADA architectural expert materials would be responding to Plaintiff's expert submissions which defendants have been in possession of for months.

Second, defendants legitimately argue that they don't have to turn over the five listed pieces of information sought on page 2 of Dckt. No. 154 (as well as exhibit A to Dckt. No. 154) because 'they do not have to do it yet.' See [Dckt. No. 155 pg. 3]. But that insults the Court as well as logic. If a party is required to turn over legitimately sought discovery, they are not allowed to withhold it simply because they believe that the deadline for turning it over has not yet arrived. On defendant's logic, a party could only make a motion to compel or amend inadequate discovery responses on the very day that discovery was due since the 'due date' is all that really matters. Such logic would lead to an inept and inefficient civil ligation process and is just not how discovery works. *See* Rothman v. City of New York, 2019 WL 6210815 (S.D.N.Y. Nov. 21, 2019) (Court mandating that parties comply with required discovery process under Fed. R. Civ. P. 26). Defendants do not deny being in possession of the material sought. Defendants do not deny the saliency of the information sought. Defendants do not even deny that Plaintiff has sought this information for many months. Rather, they boldly proclaim that because they have a few weeks left, Plaintiff is not able to seek redress from the court. This is evidence of further sanctionable conduct by defendants and Plaintiff prays that this court consider its powers under Fed. R. Civ. P. 37 and 28 U.S.C. § 1927 to put an end to this behavior.

The reason the instant dispute is so important is because Plaintiff's minimal burden in this case is simply to put forth his logic concerning those repairs he believes are readily achievable and/or mandated provisions of Title III. Roberts v. Royal Atlantic Corp., 542 F.3d 363 (2d Cir. 2008). In Roberts, the Second Circuit confirmed that "Plaintiff's minimal burden does not require him or her to furnish exact or highly detailed plans. Because defendants possess superior access to information regarding their own facilities, such as architectural plans, maintenance requirements and history, and the historical and projected costs of repairs and improvements, they are typically in a position far more easily to refute a plaintiff's proposal as unreasonable than is a plaintiff to prove otherwise… defendants have 'far greater access to information than the typical plaintiff, both about [their] own organization and, equally importantly, about the practices and structure of the industry as a whole…. and therefore a much heavier burden. Kreisler v. Second Ave. Diner Corp., 731 F.3d 184 (2d Cir. 2013) citing Borkowski, 63 F. 3d at 131.

Defendants, also in all too consistent fashion, seek to 'turn things around' and gaslight the situation by asking this Court to sanction Plaintiff for *his* requesting the information defendants unlawfully have been withholding for months. This response is nothing short of perverted. *See* [Dckt. No. 155, ¶6]. In accordance with your Honor's individual rules as well as your August 7, 2020 Order, Plaintiff's counsel attempted to communicate with Defendant's counsel six [6] times before the filing of the instant motion to compel. *See* [Dckt. No. 154, pg. 1]. Since the inception of defendants withholding of the materials, Plaintiff's counsel has e-mailed and called defendants' counsel. Just last week, Plaintiff's counsel called defendants counsel's office four [4] times and left multiple voicemails. When Plaintiff tried to leave more, the operator said that the mailbox was full. Finally on April 12, someone from Defendants counsel's office, attorney Epstein answered Plaintiff's counsel's call. Attorney Epstein told me that my 'gripe' would have to wait until counsel Mizrahi got back from vacation. He then pushed the conversation to settlement and subsequently shoo-shooed me off the phone. Defendants counsel essentially argues that, even though they unlawfully withheld discovery for at least ten [10] months, *and have readily admitted to doing so,* Plaintiff is in the wrong for seeking redress from the court while opposing counsel gets to manipulate discovery deadlines from vacation. Defendant's counsel has been in clear violation of S.D.N.Y. Loc. R. 26.4 and should be ordered to produce the discovery sought forthwith. *See* <u>Rodriguez v. Pie of Port Jefferson Corp.</u>, 2015 WL 1513979 (E.D.N.Y. Mar. 13, 2015) (directing attorneys to comply with Loc. R. 26.4 and meet their discovery disclosure obligations).

Wherefore, Plaintiff reiterates his request for the relief prayed for in his April 12 motion at Dckt. No. 154. Additionally, defendants' Rule 26 disclosures must be amended, and defendants must be ordered to produce responses to Plaintiff's multiple Expert and architectural discovery Requests, including her/his report of the facility.

Very truly yours,

Stuart H. Finkelstein

SHF/ tc
To all via PACER