# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900
April 28th, 2021

Magistrate Judge Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

                                                 Re: Antolini vs. McCloskey, et al
                                                 Case No.: 1:19-cv-09038 GBD

Dear Judge Aaron:

Plaintiff opposes any and all attempts by defendants to continue to run the clock on discovery by their self-induced, self-engendered and untruthful behavior as relayed to this court. Unfortunately, to date he has had three extensions of time for *his* completion of discovery for a total of eleven (11) months.

Defendants spend the first two pages of their letter incorrectly recounting the events of Plaintiff's deposition on April 19. They do this and repugnantly misrepresent much. But before turning to defendants counsel's abusive behavior that took place during Plaintiff's deposition, the actual relief requested has little to do with Plaintiff, or anything about his deposition. Defendants' request "*a (i) a sixty (60) day extension of time to complete Plaintiff's deposition from April 23, 2021 to, through and including, June 22, 2021; (ii) a sixty (60) day extension of time to complete all fact discovery from April 23, 2021 to, through and including, July 10, 2021; (iii) a thirty (30) day extension of time to serve Fed.R.Civ.P. 26(a)(2) expert disclosures from April 30, 2021 to, through and including, May 30, 2021.* [Dckt. No. 159 at 1]. As Plaintiff explained in his letter of April 19, 2021, and more fully below, defendants could have continued the deposition as they readily acknowledge that they had three hours left. They had multiple days of web cam time and court reporter time reserved for multiple concurrent days through the week of April 19, 2021. Defendants busted the deposition after Plaintiff's counsel's objections to their absurd behavior. They must live with their own decisions and cannot continue to charade this court with yet another extension, as seems to have been their dilatory litigation strategy from the get-go.

Further, besides defendants' request to continue the deposition that they unilaterally chose not to continue, the later requests for 1) an extension of fact discovery to June 22, 2021 and 2) an extension of time for expert discovery to May 30, 2021 are meritless.

First, defendants submit no legitimate reason as to extend fact discovery. Paragraph 5 of page 2 of their letter co-mingles a request for an extension of time to complete depositions with the 60 day request to extend fact discovery. Fact Discovery is set to close on May 11, 2021. Defendants seek another 60 days because of the bogus contention that "good cause exists." *See* [Dckt. No. 159 at 2, ¶ 5]. But the only possible reason showing 'good cause' that can be gleaned from their convoluted letter is that the "elicitation of material testimony" was obstructed *See* Id. But defendant's logic fails. All depositions were to be completed by April 23, 2021. Fact discovery is set to close on May 11. That leaves an intervening fourteen (14) court days. Defendants were to have fourteen court days from the time of completion of depositions until the close of all

discovery. No matter what was 'elicited' from Plaintiff during his deposition, this was to be the allotted time, already so generously provided after numerous discovery extensions. Further, Plaintiff already provided multiple hours of testimony. The questions asked were degrading, abusive, and were intended to humiliate and harass. Defendants have more information about this Plaintiff than any ADA Title III defendant has ever possessed about a Plaintiff before. Yet still, defendants want 60 *more* days for fact discovery. They point to no material or facts that they wish to seek more discoverable information about and no topic of information that has been left unpursued. They have served no additional discovery requests, even in the wake of Plaintiff's deposition. And surely any such requests would have had to have been served, as to allot Plaintiff his correct time of 30 days to respond. See Fed. R. Civ. P. 34(b)(2). Defendants appear to desire to drag this action out at all costs, even when there is no reason to do so. Their 60 day fact discovery request is meritless and should be denied on its face and this case will proceed to trial, whether defendants care to face that reality or not.

Secondly, there is certainly there is no basis to extend expert discovery. Defendants know this, which is probably why most of page 3 of their letter contains little substance on the matter and the substance that is present actually highlights why defendants are in violation of Rule 26. Defendants waited for eighteen months to legitimately engage in the expert discovery process; a dereliction of duty in an ADA Title III case where expert materials are of great import. They only did this after Plaintiff's motion to compel and order regarding same. *See* [Dckt. No. 154; 157 granting Plaintiff's motion to compel expert discovery]. Defendant's self-concocted "our expert has not had 45 days" to review Plaintiff's expert report statement has no bearing in procedure or law. [Dckt. No. 159 at 3]. Defendants were never required to wait for Plaintiff's expert report to serve their rule 26 expert disclosures and submit an expert's report. See Fed. R. Civ. P. 26(b). They always could have hired their own expert to inspect their own premises and then subsequently issue a rebuttal report if so desired. Yet, defendants now claim "our expert has not had 45 days to review Plaintiff's expert report." [Dckt. No. 159 at 3]. But this statement works to show exactly why expert discovery cannot be extended and if anything, defendants are yet again in violation of the federal rules. A rebuttal report was due April 16, thirty days from March 16, 2021 when Plaintiff served his supplemental report. Fed. R. 26(a)(2)(D). In fact, Plaintiff actually served his expert report on January 21, 2021! *See* (Dckt. No. 140, Exh. A, where defendants acknowledge same). The only difference in Plaintiff's supplemental report was that Plaintiff amended certain information about Mr. Chen, while the ADA report itself regarding the facility at 94 West Houston Street remained the same. Defendants' acknowledgements work to shut off an ability to serve a rebuttal report or extend expert discovery. *See* Fed. R. 26(a)(2)(D).

For eighteen months, defendants have not engaged in expert discovery. They have been in possession of Plaintiff's expert report since January 2021 but instead of meaningfully engaging with the architectural analysis therein, they have done everything possible to shift the focus to everything that this lawsuit it not actually about. Their request should be denied outright.

Defendants *only other basis* to extend expert discovery is their displeasure with Plaintiff's disclosure that "Compensation for study and testimony has not yet been determined" regarding the statement of compensation disclosure mandated by R. 26(a)(2)(B)(vi). [Dckt. No. 159 at 3]. Defendants come dangerously close to making a material misrepresentation as paragraph 3 on page 3 of their letter claiming that Plaintiff 'omitted' the statement of compensation to be annexed to his expert's report. While hidden in footnote 2, defendants do thankfully note that Plaintiff disclosed that "Compensation for study and testimony has not yet been determined." [Dckt. No. 159 n. 2]. At this point, defendants truly just throw more sludge and hope it will stick. Plaintiff's disclosure is accurate and defendants' displeasure with it is meaningless. Not only is the statement correct, but it again has nothing to do with any potential expert in the universe who might perform a site inspection for defendant's and get this place ADA compliant. For 18 months they have done

Nothing and continue to resort with facially inaccurate arguments that are not worthy of this Court's time.

As I relayed to your Honor in my letter of April 19, 2021 [Dckt. No. 158], the reason that Plaintiff's deposition ended before the 7 hours expired was because Defendant's counsel so absurdly and deceitfully brought up and displayed, for all to see on the monitor, a copy of my arrest warrant. Surely this sordid behavior cannot be countenanced by anyone, no less your affiant. As the transcript reflects, Plaintiff and his counsel refused to engage in this line of questioning. I told him to continue the deposition of Mr. Antolini about the case, and not about my personal business. He did not respond to that and rather began starting up again and again harrasing my client solely about me as the subject.

The feigned complaint about my representing my client at his deposition is just more dilatory drama. Let me be clear: defendants counsel questioned Plaintiff for four hours, (not including breaks) and then continued after his two phone calls to the court. He asked all kinds of truly disgusting questions, but yet still was able to elicit responses, as your affiant's hands were tied based on the rulings from the Court. Plaintiff himself became irate at defendants' despicable line of questioning as on multiple occasions, Plaintiff engaged in strong push back and refusal to answer. The transcript will speak for itself.

Adding to the mix is the conduct of this attorney during Plaintiff's deposition of defendant Amy McCloskey. Despite the same rules applying to both sides for making objections, this lawyer made over thirty-seven (37) improper objections, over thirty-five (35) "speaking objections" and directed his client not to answer over four times, none of which were on attorney client privilege. See Deposition attached.

In addition, if defendants counsel truly believed the deposition was so limited by Plaintiff, he could have, pursuant to the rules, stopped the deposition (*See* Rule 30(d)(3). Instead, the record will indicate that the questioning of Mr. Antolini was terminated because of the perverse behavior of asking my client about my life. Further, I gave every opportunity, and in fact urged him to continue the deposition numerous times, but he would not have it. Plaintiff and I seek a ruling that defendants have waived their right to continue the deposition of Mr. Antolini *as result of their own behavior*. Plaintiff and his counsel may seek sanctions against defendants for their behavior and will vigorously oppose any unjustified motion for sanctions against him as such.

Defendants request for an extension of time to complete depositions, an extension of time to complete fact discovery, and an extension of time to compete expert discovery should all be denied outright. Further, there is no justifiable, logical or for that matter any rationale at law to not preclude the defendants from submitting a report from an expert and her/him to testify at trial. These defendants never performed their *mandatory* disclosures, including expert disclosures about who will testify, basis for their opinions, facts and data they will use, any exhibits, qualifications, and a case history. See Fed. R. Civ. P. 26(a)(2). Instead, they offer lip service to relieve them of their transgressions. Defendants' stalling and dilatory tactics must end. Plaintiff has been, and continues to be, ready for trial.

Thanking you for your time, I remain,

Very truly yours,

Stuart H. Finkelstein, Esq.

SHF/tc
To all counsel via ECF