**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DINO ANTOLINI,                                               Case No.: 1:19-cv-9038

                                  *Plaintiff*,

                    -*against*-

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL
ESTATE LLC,

                                  *Defendants*.
-----------------------------------------------------------------X

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FACT AND EXPERT WITNESS INTERROGATORIES

Defendants Dimur Enterprises Inc., Amy McCloskey and Theresa Laurent (collectively, the "**Defendants**"), by and through his undersigned attorneys, as and for their responses to Plaintiff's Fact and Expert Witness Interrogatories, respond as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject to the objections noted below. Defendants reserve the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

## GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS

Defendants hereby incorporate by reference each of the following General Objections and

Limitations ("**General Objections**") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1.      Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2.      Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3.      Defendants object to each Request that it calls for a legal conclusion.

4.      Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5.      Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7.      Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8.      Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9.      Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10.     Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11.     Defendants object to each Request to the extent that it seeks information that was not created by Defendants, or is not currently in the possession, custody, or control of Defendants, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

12.     Defendants reserve the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

## **RESPONSES & OBJECTIONS**

1.      State the name and address of each person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

2.      Please state the name, professional and home address of each and every expert who is expected by you, your agents, employees, investigators or attorneys to testify as an expert witness during the trial of this matter.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

3.      Please state the following information for each and every expert witness identified in your answers to Interrogatory Number 2 above.

(a) Her/his profession or occupation, and the field in which her/he is allegedly an expert;
(b) The name and address of each school he/she attended and a description of each degree received;
(c) The name of any professional or trade association of which she/he is a member;
(d) The title, subject matter, publisher and date of publication of any books, papers or articles on subjects in his/her field;
(e) The number of years each has practiced or worked in his/her filed;
(f) Her/his places of employment for the past ten (10) years.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

4. As to each such expert witness identified in your answer to Interrogatory Number 2 above state:

(a) The subject matter on which the expert is expected to testify;
(b) The substance of the facts upon which or about which the expert is expected to testify;
(c) The substance of the opinion or opinions to which each such expert is expected to testify;
(d) The facts determined and the opinions formed by each expert;
(e) A summary of the grounds for each opinion.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

5. As to the facts upon which each opinion set forth in the answer to the preceding interrogatory is based, and as to each such fact that is in any way relied upon by such person in arriving at his opinion, state:

    a. The name and address of the person supplying such facts; and

    b. The form in which such facts were supplied to him.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

6.   Did any expert identified in your answer to Interrogatory Number 2, above, submit a report setting forth his/her opinions or conclusions reached from any test, analysis, examination of inspection that he/she may have conducted or relating to any issued relevant to this lawsuit? If so, please state:

      a.   The date (or dates, if more than one) said expert's report was submitted;

      b.   The name and address of the person submitting such written report or opinion;

      c.   The name or other means of identification of the person to whom the report was submitted;

      d.   The name and address of the person who has present custody of the  report;

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

7.   Please attach a copy of each such written report or opinion set forth in your answer to the preceding interrogatory to your Answers to these Interrogatories. (This request is made under the provision of the Fed. R. Civ. P. 26 and you are requested to attach a copy of such report to these Answers to Interrogatories.)

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

8.   Please state whether any item or object relevant to this lawsuit has been tested, analyzed, examined or inspected by any of the experts identified in your answer to Interrogatory Number 2.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

9.   If so, state:

a.   Describe in detail, sufficient to identify, each item or object that was tested, analyzed, examined or inspected, and the name of the expert;

b.   The facts or information you were seeking in having these tests, examinations or inspections made;

c.   The steps used in each test, examination or inspection of any object or item material to this lawsuit;

d.   Please state the findings resulting from each inspection, analysis, examination or test conducted;

e.   The facts or opinions derived from these tests;

f.   Please state the date of each test, the name and address of the person conducting the test and the name of each test performed.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

10.  As to such expert identified in your answer to Interrogatory number 2 above, identify those whose testimony is expected to be offered by deposition and those whose testimony is expected to be offered in person at trial.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

11. Identify all photographs of the subject property or the individuals involved in this case upon which each expert witness identified in your answer to Interrogatory Number 2 above will rely and identify the name of the person taking said photograph and the dates upon which said photographs were taken.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

12. For each expert witness identified in your answer to Interrogatory Number 2 above, please state the percentage of income each expert derives annually from litigation (including, but not limited to depositions, court appearances, charges for analysis and opinions).

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

13. Please provide the name of the Court, caption of the case, and case number of every case in which each expert witness identified in your answer to Interrogatory Number 2 above has been identified either by answers to expert interrogatories or by the fact that they have testified by deposition or at trial during the three (3) preceding (sic) the date of these interrogatories and as to each, please state the name and address of the parties or attorneys for whom such expert gave evidence.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

14. For each expert witness identified in your answer to Interrogatory Number 2, please state with specificity the scope of employment in the pending case and the compensation for such services, including the date and amount of all payments to date, as well as, any bills outstanding with the corresponding hourly rate for the review of records, deposition testimony and appearance at trial.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

15. For each expert witness identified in your answer to Interrogatory Number 2 above, please state the general litigation experience including the percentage of work performed for plaintiffs and defendants.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

16. For each expert witness identified in your answer to Interrogatory Number 2  above, please state what percentage the expert's income for each of the preceding five (5) years was derived from his/her involvement as an expert witness for:

a.  Plaintiff

b.  Defendant

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

17. Please state the name, professional and home address of each and every fact witness who is expected by you, your agents, employees, investigators or attorneys to testify as a fact witness during the trial of this matter.

**Response**: Defendants object to this Interrogatory on the grounds that it seeks information beyond that permitted by Local Civil Rule 33.3. Defendants further object to this request as it calls for a legal conclusion and/or a response to a question of law. Defendants object as this request is premature as discovery has not completed and Defendants are not in a position to determine which information is responsive.

.

Dated: New York, New York
       August 25, 2020

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  /s/ Joshua Levin-Epstein,
     Joshua D. Levin-Epstein
     420 Lexington Avenue, Suite 2525
     New York, NY 10170
     Tel.:  (212) 792-0046
     Email: Joshua@levinepstein.com
     *Attorneys for Defendants*

To:

     Finkelstein Law Group, PLLC
     Stuart H. Finkelstein, Esq.
     338 Jericho Turnpike
     Syosset, New York 11791
     Tel. No.: (718) 261-4900
     *Attorney for Plaintiff*