UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dino Antolini,

      Plaintiff,

-against-

Amy McCloskey et al.,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2021

1:19-cv-09038 (GBD) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

  WHEREAS, on September 28, 2019, this action was commenced on behalf of Plaintiff Dino Antolini ("Plaintiff" or "Antolini") (Compl., ECF No. 1); and

  WHEREAS, on or about November 19, 2019, Plaintiff's attorney, Stuart H. Finkelstein ("Finkelstein"), was arrested based upon a criminal complaint issued by the U.S. Attorney's Office for the Southern District of New York (the "Criminal Complaint") (*see U.S. v. Finkelstein*, No. 19-MJ-10645, ECF No. 1); and

  WHEREAS, the Criminal Complaint charged Finkelstein with, among other things, stealing the identities of two individuals in order to file hundreds of fraudulent lawsuits pursuant to the Americans with Disabilities Act that those individuals never authorized (*see id.*); and

  WHEREAS, on August 4, 2020, Defendants filed an Emergency Letter Motion "requesting a framed-issue hearing for the examination of [Plaintiff], under oath, on the subject of whether Plaintiff knowingly authorized his purported attorney [Finkelstein] to commence the instant action" (Defs.' 8/4/20 Ltr. Mot., ECF No. 60); and

  WHEREAS, on August 7, 2020, the Court denied Defendants' Emergency Letter Motion, stating, in part: "There is no basis in the Federal Rules of Civil Procedure for holding [a framed-

issue] hearing. Nor is there any emergency. When Defendants take the deposition of Plaintiff, they are free to ask questions regarding whether Plaintiff authorized Mr. Finkelstein to commence this action and/or regarding Plaintiff's interrogatory responses." (8/7/20 Order, ECF No. 63); and

WHEREAS, on February 10, 2021, Defendants filed a Letter Motion to compel Antolini to sit for a deposition (Defs.' 2/10/21 Ltr. Mot., ECF No. 140); and

WHEREAS, on March 2, 2021, the Court granted Defendants' Letter Motion (as modified) and directed that Antolini's deposition shall commence on April 19, 2021 and continue from day to day until complete (3/2/21 Order, ECF No. 150, ¶ 1); and

WHEREAS, the March 2 Order stated: "As indicated on the record during today's remote conference, there shall be no objections at Plaintiff's deposition other than objections to form and objections on the basis of privilege, and only in the case of the latter may Plaintiff decline to answer the question posed." (*id*. ¶ 13); and

WHEREAS, Antolini's remote deposition commenced on April 29, 2021 (*see* Antolini Dep. Tr., ECF No. 167-1); and

WHEREAS, Defendant's counsel contacted the Court during Antolini's deposition to raise with the Court that Finkelstein was making speaking objections regarding, and was instructing Antolini not to answer, certain questions (*see* Antolini Dep. Tr. at 36-38); and

WHEREAS, the Court ruled on the record the first time it was contacted during Antolini's deposition, as follows: "I'm going to be crystal clear. You may object to the form of a question or object -- state any objection you want to any question with the word objection. You are not permitted to instruct the witness not to answer except on privilege grounds or give any other instructions or speak any other words than the word objection." (*see id*. at 40); and

WHEREAS, Defendants' counsel contacted the Court a second time within minutes of the Court's first ruling to raise with the Court that Finkelstein was continuing to make speaking objections (*see id*. at 47-48); and

WHEREAS, the Court advised Finkelstein that he was only permitted to state the word "objection," and that if Finkelstein chose "to continue behaving in this manner in violation of my ruling, there [would] be financial consequences associated with it," which would be "significant" (*see id*. at 51-52); and

WHEREAS, later in the deposition, Finkelstein instructed Antolini not to answer a question as to how he and Finkelstein met, did not permit Antolini to answer questions regarding a deposition exhibit consisting of copies of Finkelstein's arrest warrant and Criminal Complaint, and terminated the deposition in response to a question as to whether Antolini was aware that Finkelstein had been arrested (*see id*. at 272-82 & Dep. Ex. C (ECF No. 167-4)).

NOW, THEREFORE, it appearing to the Court that Finkelstein has violated the Court's March 2 Order, as well as the Court's rulings made during Antolini's deposition, it is hereby ORDERED that Finkelstein shall show cause why he should not be sanctioned, pursuant to Fed. R. Civ. P. 37(b)2, Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927 and/or the inherent powers of the Court, for these violations. Such showing shall be made by affidavit and a memorandum of law compliant with Local Civil Rule 7.1(a)(2) filed on or before May 20, 2021.

**SO ORDERED.**

Dated:   New York, New York
         May 6, 2021

_____
STEWART D. AARON
United States Magistrate Judge