# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

June 9, 2021

*Via Electronic Filing*
The Honorable Stewart D. Aaron, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

        Re:    *Antolini v. McCloskey et al*
                  **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Judge Aaron:

      This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate (collectively, the "Defendants") in the above-referenced action.

      Pursuant to Your Honor's Individual Practice Rules I(A), and Your Honor's April 30, 2021 Order [Dckt. No. 166] (the "April 30th Order"), this letter respectfully serves to respond Plaintiff's counsel's June 7, 2021 motion for: (i) a protective order, prohibiting Defendants from deposing Plaintiff Dino Antolini (the "Plaintiff"); (ii) an order striking Plaintiff's April 19, 2021 deposition transcript; and (iii) sanctions ("Plaintiff's Motion").

## I.    Preliminary Statement

      In a cynical effort to coverup his unjustifiable behavior during Plaintiff's deposition, Attorney Finkelstein filed a letter on April 19, 2021, assuring the Court that Plaintiff is "ready…to continue with his deposition." [*See* Dckt. No. 158]. Now, with "significant"[1] sanctions looming over him, Attorney Finkelstein is feebly reversing course.

      In lieu of filing a timely response to this Court's Order to Show Cause why he should not be sanctioned [Dckt. No. 169], Attorney Finkelstein stalled the briefing schedule for nearly one month on the pretense of "personal health" issues and religious observance conflicts. [*See* Dckt. Nos. 172, 174]. It is clear that Attorney Finkelstein was "actively litigating other cases in this District throughout th[is] period"[2]. Notably, he has been attempting to preclude the use of Plaintiff's April 19, 2021 deposition testimony in *Antolini v. Nieves et al* (Case No.: 1:19-cv-07645-VSB-RWL) after defendants raised several material inconsistencies and contradictory statements between Plaintiff's unnotarized affidavit, filed in opposition to summary judgment, and Plaintiff's sworn deposition testimony.[3] The filing of the instant motion – less than one (1) week after the Court "admonishe[d] Plaintiff for persistent failure to abide by the Court's Individual Rules" [*see* Dckt. No. 176] – is a maneuver to avoid possible disposition, and sanctions, in *Nieves*, and to eschew accountability of Attorney Finkelstien's unjustifiable behavior during Plaintiff's

---

[1] *See* Dckt. No. 167-1 at pp. 51-52 [April 19, 2021 Deposition Transcript]; *see also* Dckt. No. 169 at p. 3.
[2] *See* Dckt. No. 176.
[3] *See Antolini v. Nieves et al* (Case No.: 1:19-cv-07645-VSB-RWL) at Dckt. No. 104 at pp. 1-4.

deposition.

As set forth more fully below, Plaintiff's Motion is technically infirm, because it violates the explicit instructions of the Court's April 30th Order. Moreover, Plaintiff's Motion violates the Court's August 7, 2020 Order [Dckt. No. 63] (the "August 7th Order"), Your Honor's Individual Motion Practices, and this Court's local civil rules.

Thus, Plaintiff's Motion must be summarily denied, and stricken from the record.

## II.  Plaintiff's Motion Violates the Court's April 30th Order

Plaintiff's Motion was filed in derogation of the Court's April 30th Order which (i) explicitly prohibited the parties from filing any further sanctions motions; and (ii) stayed all discovery, *sine die*. The April 30th Order states, in pertinent part as follows:

> "No later than May 7, 2021, Defendants shall file with the Court a complete copy of the transcript of Plaintiff's deposition so that the Court may determine the sanctions, if any, to be imposed upon the parties based upon conduct that occurred at the deposition, as well as any conditions to impose regarding the continuation of Plaintiff's deposition. ***No further motions for sanctions shall be filed*** by the parties at this time. The Court will provide the parties an opportunity to be heard prior to the imposition of sanctions.
>
> Other than as set forth in paragraphs 1 and 2 hereof, ***discovery is stayed pending further Order of the Court***."

[*See* Dckt. No. 166 at ¶¶ 3-4] (emphasis added).

The April 30th Order reflects the Court's directive during the telephonic conference held earlier that day, at 2:00 p.m. [*see* Dckt. No. 160], prohibiting the filing of any further sanctions motions, and staying discovery.

In light of the foregoing, the Court should respectfully strike Plaintiff's Motion.

## III.  Plaintiff's Motion Violates the Court's August 7th Order, Your Honor's Individual Motion Practice Rules, and this Court's Local Civil Rules

Prior to filing Plaintiff's Motion, Attorney Finkelstein did not meet-and-confer with the undersigned counsel regarding the alleged discovery dispute, as Your Honor had directed in the August 7th Order. There was no attempt to comply with Your Honor's Individual Motion Practice Rules II(A) ("Requirement to Meet and Confer") or II(B) ("Letter-Motion for Discovery Conference").

Moreover, Plaintiff's Motion violates E.D.N.Y. Local Civil Rule 7.1(a)(2) ("Motion Papers"), requiring all motions to include "[a] memorandum of law, setting forth the cases and

other authorities relied upon in support of the motion," and Local Civil Rule 11.1 ("Form of Pleadings, Motions, and Other Papers"), which requires that "all documents presented for filing…have at least one-inch margins on all sides".

In light of the foregoing, the Court should respectfully strike Plaintiff's Motion.

### IV.     Conclusion

Attorney Finkelstein's disregard for Fed.R.Civ.P. discovery protocols, and this Court's Orders are not isolated occurrences. *See* [Dckt. No. 58] ["Before writing to the Court and further clogging the docket, [Attorney Finkelstein] should read my Individual Practices"]; *see also* [Dckt. Nos. 20, 21, 25, 27, 30, 31, 34, 42, 80] [Plaintiff's letter motions filed in derogation of this Court's Individual Motion Practice Rules]; *see also* [Dckt. No. 53] [Admonishing Attorney Finkelstein for failing to respond to outstanding discovery requests, under threat of sanctions]; [Dckt. Nos. 75] [Sanctioning Attorney Finkelstein for failure to comply with August 7 Order]; [Dckt. No. 79] [Admonishing Attorney Finkelstein to meet and confer and to cooperate with Defendants' counsel without resort to court intervention "and to follow the process set forth in [the Court's] August 7 Order."]; [Dckt. No. 112-4 at 6:25 – 7:2] [October 14, 2020 Transcript] (Court stating that obtaining truthful information from Plaintiff's counsel was akin to "drawing blood from a stone"); [*Id.* at 13:10] [October 14, 2020 Transcript] ("The Court: All right, so [Plaintiff's counsel] is obfuscating"); [Dckt. No. 126] [Admonishing Attorney Finkelstein for failing to comply with Individual Motion Practice Rules]; [Dckt. No. 142] [Ordering Plaintiff and Plaintiff's counsel to file two sworn statements, under penalty of perjury, and scheduling an issue-framed hearing, due to Plaintiff's counsel's dilatory conduct]; [Dckt. No. 157] [Admonishing Plaintiff, "once again for…[failing] to appropriately meet and confer prior to raising [his] disputes with the Court."]; [Dckt. No. 163] [Noting Plaintiff's counsel's failure to comply with this Court's April 16, 2021 Order and August 7, 2021 Order]; [Dckt. No. 169] [Ordering Attorney Finkelstein to show cause why he should not be sanctioned for violating the Court's March 2 Order]; [Dckt. No. 172] [Failing to meet-and-confer with Defendants' counsel before seeking extension]; [Dckt. No. 174] [same]; [Dckt. No. 176] [Admonishing Plaintiff "for persistent failure to abide by the Court's Individual Rules"].

Respectfully, the Court should not acquiesce Attorney Finkelstein's behavior.

In light of the foregoing, the Court should respectfully deny Plaintiff's Motion, and strike it from the record.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                                                Respectfully submitted,
                                                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                     By: */s/ Jason Mizrahi*
                                                Jason Mizrahi
                                                60 East 42nd Street, Suite 4700
                                                New York, NY 10165
                                                Tel. No.:  (212) 792-0048
                                                Email: Jason@levinepstein.com
                                                *Attorneys for Defendants*

VIA ECF: All Counsel