# STUART H. FINKELSTEIN
*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

June 11, 2021

Magistrate Judge Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

                                      Re: Antolini vs. McCloskey, et al
                                      Case No.: 1:19-cv-09038 GBD

Dear Judge Aaron:

I write in reply to yet another mendacious letter to the Court by defendants' lawyer.

The motion submitted by Plaintiff is pursuant to Rule 30 to terminate any future deposition of Mr. Antolini. Ancillary to that relief, and contingent upon winning the motion, would sanctions as to fees and costs be deliberated. It is as plain as day that this is not a motion for costs.

Simply because that contention was so ordained by defendant's counsel does not make it so. Even a cursory reading of the motion papers, beginning with the first page, the Notice of Motion detailed in full view: "NOTICE OF MOTION TO TERMINATE THE DEPOSITION OF PLAINTIFF." Defendant's letter dated June 9, 2021 [Dckt. No. 178] is thus a sad and pathetic attempt to masquerade their counsel's disgusting behavior at Plaintiff's deposition.

Not only was notice given by affiant at Mr. Antolin's deposition of our intention to file our Rule 30 Motion to terminate/ limit, [Dckt No. 167-1 at 275:8], but further, during the April 30th, 2021 conference, the filing of Plaintiff's Rule 30 Motion was discussed between affiant and the Court: " …

MR FINKELSTEIN: Well, I'll make the appropriate motion, then, at that point if you're extending it in terms 4 of their deposing my expert whose report was submitted 5 months ago. In any event, it sounds to me like you're already 7made a decision that, based upon my requests that I asked for in my letter of my relief that the deposition be deemed waived, any further deposition of my client, based upon defense counsel's behavior at that deposition. So I'm a little confused to hear about sanctions and nothing about them having given up their right and after utilizing the Rule 30 to continue the deposition or to say if something was wrong, because they continued the questioning for hours after the two phone calls to the Court. So I'm wondering about that, your Honor. If you can clear that up for me I'd appreciate it, please.

THE COURT: No -- THE COURT: Mr. Finkelstein, I have no idea what you've just said. Did you want me to read the paragraph again to you from my Order? Maybe I need to read it -- granted, you don't have it in front of you, so I'm happy to read it again. Would you like me to do so?

MR. FINKELSTEIN: I'd appreciate that. Let me see if I can clarify my question, then. It sounds to me -- we haven't touched on my request that defendants' counsel's deposition of plaintiff is waived based upon their behavior at the deposition of Mr. Antolini.

*THE COURT: First of all, I've seen no such motion. And, second of all, I can't imagine that that relief would be granted, but –*

MR. FINKELSTEIN: Why? Why is that –
THE COURT: -- I haven't seen any such motion.

MR. FINKELSTEIN: Okay. So I'm –
THE COURT: I haven't seen the motion. Have you –
MR. FINKELSTEIN: No, I've got that.
THE COURT: -- prepared any motion?
MR. FINKELSTEIN: I've got that, your Honor, but how can you decide that it wouldn't be granted even if I submit the motion?
THE COURT: You stopped the deposition, did you not?
MR. FINKELSTEIN: No, I didn't. I said to him no more questions about my arrest, but please continue with the deposition of Mr. Antolini. That's what happened, Judge.
THE COURT: Right. So you instructed your witness not to –
MR. FINKELSTEIN: It's all in my letter.
THE COURT: -- and you instructed the witness not to answer, correct?
MR. FINKELSTEIN: It's all in my submission to the Court, Judge. It's all part of the record. It's part of my letter, and it's part of my -- the deposition, transcript of the deposition. I've never stopped a deposition. I told him no more questions regarding my arrest record, putting it up on the monitors. You have to have read it, Judge. I'll read it for you if you don't have it in front of you. And I implored him to continue with the deposition of Mr. Antolini. He refused to do that.
HE COURT: Okay. I'm going to read –
THE COURT: -- my Order one more time."

Even though it appears the Court hinted that it might not grant Plaintiff's Rule 30 Motion, the Court also noted that the reason for that was because it had not yet seen the motion. Of course that is absolutely fair and as such, Plaintiff has submitted same based on the above conversation with the Court and hopeful for a thoughtful reading of the transcript and not relying on the inaccurate and frankly, untruthful submissions by the lawyer for defendants.

Strikingly and quite telling, defendants fail to address Plaintiff's Motion and therefore this Court must deem their nonresponsive letter as an admission, thereby granting Plaintiff's Motion in toto.

Very truly yours,

Stuart H. Finkelstein

To all via ECF/Pacer