UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DINO ANTOLINI,                                    :   Case No.: 1:19-cv-09038

                                                  :

                        Plaintiff,                :

                                                  :

      - against -                                 :

                                                  :

                                                  :

AMY MCCLOSKEY, THERESA LAURENT,                   :
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S
MILLENIUM REAL ESTATE LLC,                        :

                                                  :

                                                  :

                        Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --X


                                          Honorable Stewart D. Aaron



                    MEMORANDUM OF LAW
      IN SUPPORT OF PLAINTIFF'S RESPONSE TO
        THE COURT'S ORDER TO SHOW CAUSE




                              Stuart H. Finkelstein. Esq.
                              Finkelstein Law Group
                              Attorney for Plaintiff
                              338 Jericho Turnpike
                              Syosset, New York 11791
                              Telephone: (718) 261-4900
                              sf@finkelsteinlawgroup.com


                                  1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..............................................…………3

INTRODUCTION……. ...................................................... ………...5

LEGAL STANDARD………………………………………………5

I.    PLAINTIFF'S COUNSEL SHOULD NOT BE
      SANCTIONED……........................................................6

      A.   Plaintiff's counsel complied with this court's orders……………..…...7

      B.   Plaintiff's counsel was substantially justified ...................................10

      C.   Defendant's counsel acted in bad faith…………………………..…13

CONCLUSION…………………………………………16

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

Alexander v. F.B.I., 186 F.R.D. 60, 65 (D.D.C., 1998)…………………………...………..16

Baines v. City of New York, 2016 WL 3042787 (S.D.N.Y., 2016)……………..……………15

Borkowski v. Valley Central School District, 63 F. 3d 131 (2d Cir. 1995)………………..……16

Brown v. County of Nassau, 736 F. Supp. 2d 620 (E.D.N.Y. 2010)……………………………13

Comp. Habilitation Servs. v. Comm. Funding Corp., 240 F.R.D. 78 (S.D.N.Y. 2006)…………10

Cordero v. City of New York, 2017 WL 2116699, (E.D.N.Y. May 12, 2017) ............................9

Horton v. Maersk Line, Ltd., 294 F.R.D. 690, 693 (S.D. Ga. 2013) .............................................5

James v. Miller, 1988 WL 72290, at *1 (N.D.Ill., 1988)……………………………………...16

Kennedy v. City of New York, WL 3460417 (S.D.N.Y. June 20, 2016). .....................................9

O'Callaghan v. New York Stock Exch., 2013 WL 3984887, (S.D.N.Y. Aug. 2, 2013)................5

Phillips v. Manu. Hanover Trust Co., 1994 WL 116078 (S.D.N.Y. Mar. 29, 1994)…...................8

Scott-Iverson v. Indep.Health Ass., Inc., 2017 WL 35453 (S.D.N.Y. Jan 4, 2017)…………..9, 15

Salovaara v. Eckert, 222 F. 3d 19 (2d Cir. 2000)……………………………………………..10

Sicurelli v. Jeneric/Pentron, Inc., WL 351701 at *7 (E.D.N.Y. Dec. 30, 2005)……………..8

Tompkins v. R .J. Reynolds Tobacco Co., 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)……………...11

T.Z. v. City of New York, 2008 WL 544707 (S.D.N.Y. Feb. 26, 2008)…………………..…….11

United States ex rel. Baltazar, 302 F.R.D. 258 (N.D. Ill. 2008)…………………………………14

**Statutes**

28 U.S.C. § 1927........................................................................................................................ 5

**Rules**

S.D.N.Y. Loc. R. 37.3……………………………………………………………………………13

Fed. R. Civ. P. 26……………………………………………………………………………...11

Fed. R. Civ. P. 30.........................................................................................................................4

Fed. R. Civ. P. 30(b)(2)................................................................................................................8

Fed. R. Civ. P. 30(b)(6)...............................................................................................................6

Fed. R. Civ. P. 30(c)(2) ..............................................................................................................9

Fed. R. Civ. P. 30(d)(2)...............................................................................................................9

Fed. R. Civ. P. 37(a)………………………………………………………………..………..6

**INTRODUCTION**

On May 6, 2021 the court issued its order to show cause why Stuart H. Finkelstein, Esq. should not be sanctioned, pursuant to Fed. R. Civ. P. 37(b)2, Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927 and/or the inherent powers of the Court, for violations of the Court's March 2 order, as well as the Court's rulings made during Mr. Antolini's deposition. But as it stands, neither Plaintiff nor his counsel are deserving of sanctions. Plaintiff properly complied with this court's as well as the controlling procedure set forth under Fed. R. Civ. P 30. It is defendants who must be punished for, quite literally, abusing and humiliating Plaintiff during his deposition taken on April 29, 2021. *See* [Dckt No. 177].

**LEGAL STANDARD**

District courts have broad power to impose sanctions based on 28 U.S.C. § 1927, their inherent power, and the federal rules. *See* Enmon v. Prospect Capital Corp., 675 F. 3d 138, 148 (2d Cir. 2012). But courts must also be sensitive to the fact that "due process imposes a limit on the power to impose sanctions, requiring that courts 'provide notice and opportunity to be heard before imposing *any* kind of sanctions.'" O'Callaghan v. New York Stock Exch., 2013 WL 3984887, at *17 (S.D.N.Y. Aug. 2, 2013) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (emphasis in original)), *aff'd,* 563 Fed.Appx. 11 (2d Cir. 2014). Sanctions are a harsh remedy and a district court may sanction counsel when there is a finding of conduct constituting or akin to bad faith. *See* Salovaara v. Eckert, 222 F. 3d 19 (2d Cir. 2000); Mone v. Commissioner of Internal Revenue, 774 F. 2d 570, 574 (2d Cir. 1985). Bad faith can be inferred "when the actions taken are without merit as to require the conclusion that they must have been undertaken for some improper purpose." Schlaifer Nance

& Co., Inc. v. Estate of Warhol, 194 F. 3d 323, 337 (2d Cir. 1999); <u>Sibley v. Jamestown Bd.</u>

<u>of Pub. Utilities</u>, (W.D.N.Y. 2012); <u>Sales vs. TWU Local 100 Vice President Brain Clark, et</u>

<u>al</u>, 14 Civ. 8091 (S.D.N.Y. 2016). When responding to an order to show cause for sanctions,

the litigant must show that her conduct was substantially justified such that her actions

are proven to be unworthy of sanctions or so that the court may revise or amend its earlier

order. *See* Fed. R. Civ. P. 37(a); <u>Oleg Cassini, Inc. v. Electrolux Home Products. Inc.</u>,

2013 WL 3056805 (S.D.N.Y. June 19, 2013). Plaintiff did not violate this court's orders nor

did he act in bad faith. To the extent that this court believes that Plaintiff made impermissible

speaking objections, Plaintiff adhered to procedures set forth in Fed. R. Civ. P 30 for

objecting to defendant's improper questioning. Further, the court need not be "'troubled'" that

plaintiff's deposition was halted by plaintiff's counsel" ([April 30 telephone conference at pg.

5)] because Plaintiff's counsel properly adhered to Fed. R. Civ. P. 30(d) in reserving his right

to terminate and/ or limit Plaintiff's deposition.[1]

## I.     PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED

Plaintiff's counsel should not be sanctioned because 1) Plaintiff's counsel properly

complied with this court's orders and the federal rules of civil procedure; 2) to the extent that

any impropriety alleged is given credence by the court, Plaintiff's counsel's actions were

substantially justified; and 3) defendant's counsel conducted Plaintiff's deposition in bad

faith.

---

[1]*See* Antolini Depo. [Dckt. No. 167-1 at 275-76] ("I'm making a record …we will present a motion under rule 30(d)(3) to preclude him from going down this disgusting road [that is meant to embarrass harass, embarrass and is being done in bad faith]".

### A.  Plaintiff's Counsel complied with this court's orders

On March 2, 2021, this Court issued an order that held that Plaintiff's counsel could raise objections at Plaintiff's deposition that pertained to "to form and objections on the basis of privilege." *See* [Dckt. No. 150 at ¶ 3]. On April 29, 2021 during Plaintiff's deposition, this court further ruled that "[Plaintiff's counsel] [is] not permitted to instruct the witness not to answer except on privilege grounds." *See* Antolini Depo. [Dckt. No. 167-1 at 40].

No such violations occurred and the rulings from the court subsequent to the phone calls that Plaintiff's counsel was only to say one, and only one word only, i.e., "objection," and to remain "a potted plant", was adhered to. Any other objections were in conformity with the Federal Rules of Civil Procedure and were articulated concisely and in a nonsuggestive manner including declining to respond based on attorney-client privileged communications. A reading of the transcript will also reflect no coaching of Mr. Antolini took place. Up until the point of R. 30(d)(3) termination, (further explained below), Mr. Antolini's deposition proceeded uninterrupted and his testimony was taken properly subject to Plaintiff counsel's objections. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2113, 556 (3d ed. 2010); Nat'l Microsales Corp. v. Chase Manhattan Bank, N.A., 761 F. Supp. 304, 307 (S.D.N.Y. 1991) (noting the proper procedure for non-privilege objections "is for the attorney who raises the objection to note his objection but to allow the question to be answered."). After Judge Aaron's brief appearance on the record, *See* ([Dckt. No. 167-1 at 40]), the *only time* that Plaintiff's counsel instructed Plaintiff not to answer any question was at the very end of the deposition when defendant's counsel began to violate privilege. *See* [Dckt. No. 167-1 at 275]. Plaintiff's objection was prima facie proper

based on any plain reading of both Judge Aaron's order as well as a clear reading of Fed. R.

Civ. P 30(c).

Discounting breaks and calls to the court for clarification, Plaintiff's deposition proceeded

for four hours without significant delay or interruption. Neither Plaintiff nor his counsel should

be sanctioned when their actions did not significantly frustrate the progress of the deposition.

*See* e.g., Sicurelli v. Jeneric/Pentron, Inc., WL 351701 at *7 (E.D.N.Y. Dec. 30, 2005)

(declining to impose sanctions where "counsel's interference ... did significantly frustrate the

progress of and [examiner]'s ability to complete the depositions" but "counsel's conduct ... was

not so completely without merit as to require the conclusion that the conduct was undertaken to

harass or delay or for some improper purpose"); Phillips v. Manufacturers Hanover Trust Co.,

1994 WL 116078 at *4 (S.D.N.Y. Mar. 29, 1994) (declining to award sanctions where,

although "[t]he sheer volume of unwarranted objections was such that it interfered substantially

with [examiner]'s ability to obtain information from [deponent]" and counsel's "conduct did

indeed verge on frustrating the fair examination of [deponent]," examining counsel "was not

prevented from completing the deposition"). In fact, there were only three questions throughout

the entire deposition whereupon Plaintiff's counsel instructed Plaintiff not to answer.[2]  Zealous

advocacy and protection of one's client does is not sanctionable conduct, especially where

progress of the deposition is not frustrated or interrupted. *See* Kennedy v. City of New York,

---

[2] *See* [Dckt. No. 167-1 at 32] ("Q: Mr. Antolini, have you ever been arrested? ... MR. FINKELSTEIN: That's an improper question ... I'm going to object to that and direct him not to answer that question. But if you want to ask him if he's been convicted, we have no problem with that;")
*See* [Dckt. No. 167-1 at 33] ("What other lawsuits were you involved in? ... MR. FINKELSTEIN: ... Objection. Directing him not to answer ... I'm going to object on the grounds of privilege;"
*See* [Dckt. No. 167-1 at 272] ("How did you and Mr. Finkelstein meet? ... MR. FINKELSTEIN: Don't answer [privilege])"

WL 3460417 (S.D.N.Y. June 20, 2016). Imperfect adherence to Rule 30 does not necessarily indicate that an award of sanctions is appropriate. *See, e.g.*, Cameron Indus., Inc. v. Mothers Work, Inc., 2007 WL 1649856, at *5 (S.D.N.Y. June 6, 2007) (declining to impose sanctions, despite finding that "plaintiff's counsel volunteered information to the witness, made unnecessary, unjustified and unprofessional remarks concerning defendant's counsel, made unnecessary and suggestive speaking objections); *see* also Cordero v. City of New York, 2017 WL 2116699, at *6 (E.D.N.Y. May 12, 2017) (noting that courts in the Second Circuit "have declined to impose sanctions based solely on voluminous, unwarranted, and argumentative objections where opposing counsel was not prevented from completing the deposition"). Plaintiff's counsel did not call defendant's counsel any derogatory name. He did not use any offensive term towards defendant's counsel. Plaintiff's counsel did not impede or delay Plaintiff's deposition which continued for hours until Plaintiff's counsel noted his intent to move pursuant R. 30(d)(3)(A).[3]

After Judge Aaron's appearance, Plaintiff's counsel only objected to one line of questioning where he instructed his client not to answer: privileged matters concerning Plaintiff and his attorney. Plaintiffs' objections to form and his objections made in order to preserve the record did not unnecessarily delay or improperly prejudice the defendant in any way. The Honorable Judge Aaron permitted Plaintiff and his counsel to make proper objections based on his orders and the federal rules of civil procedure. Plaintiff and his counsel did just that and as such, neither Plaintiff nor his counsel should be sanctioned.

### B.  Plaintiff and his counsel's actions were substantially justified

___
[3] "If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." *See* Fed. R. Civ. P. 30(d)(3)(A).

To the extent that defendants or this Honorable Court are of the opinion that Plaintiff and/ or his counsel violated Judge Aaron's order because he spoke words other than "objection" in objecting to defendant's abusive and improper questioning, such a belief would miss the mark. Plaintiff's objections were justified based on his right to seek termination of the deposition and his ability to reserve that right. *See* Fed. R. Civ. P. 30(c-d). Conduct in litigation is substantially justified if there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *See e.g.*, Comprehensive Habilitation Servs. v. Commerce Funding Corp., 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying sanctions motion where opposing party raised valid objections to opposing party's requests). Importantly, Plaintiff counsel's actions were at the very least substantially justified because Rule 30(c)(2) sets forth the instances in which a deponent or party may object: "An objection at the time of the examination … must be noted on the record … A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). *See* Fed. R. Civ. P. 30(c)(2). Further, Rule 30(d)(3) states, in turn, that "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *See* Fed. R. Civ. P. 30(d)(3)(A).

Plaintiff's counsel's conduct did not improperly utter words other than "objection" because he was either objecting to violations of privilege or he was properly preserving his right to limit and/ or terminate the deposition based on defendant's bad faith conduct. *See* Id. For example, after defendants' counsel gave an opening lecture to Plaintiff and demeaned him for minutes on end, Plaintiff's counsel lodged the following objection: "Note my objection …

I'm not going to direct him not to answer; I just want to see what the questions are, but I just

wanted to get my objection on the record." *See* [Dckt. No. 167-1 at 19]. At another point,

defendant's counsel bewilderingly engaged a shameful line of questioning demeaning Mr.

Antolini as a drunk with no cognitive functioning. This lawyer peppered Mr. Antolini with the

same question five (5) times and as such, Plaintiff's counsel made sure to object to preserve

his right to terminate and/ or limit pursuant to Fed. R. Civ. P. 30(d)(3)(A) … "This is

harassment. He already answered you five times. But that's okay. Dino, feel free to answer."

*See* Id. at 120.

Further, as noted above, the language in Rule 30 makes clear that Plaintiff's counsel was,

and is, able to protect his client by objecting to improper questioning where those objections

can then be the basis for a rule 30(c) motion to terminate/ limit that may be made at any time.

A judge may limit the scope and manner of a deposition as provided in Rule 26(c). *See* Fed.

R. Civ. P. 30(d)(3)(B). Rule 26(c) delineates those limitations. *See* Fed. R. Civ. P. 26(c)(1)(A-

H). But importantly R. 26 only speaks to what topics can be asked about and how those

questions/ material may be asked/ sought can be asked. *See* T.Z. v. City of New York, 2008

WL 544707 (S.D.N.Y. Feb. 26, 2008) (showing proper limitation of scope of deposition as far

as substance and content). While Plaintiff actively maintains that he did comply with this

Honorable Court's orders, to the extent that saying words other than "objection" in the

alternative, such a gag order does not fairly square with the other parts of Magistrate Aaron's

orders or with the procedures laid out in Fed. R. Civ. P. 30(c-d). An order is contrary to law

'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.

Tompkins v. R.J. Reynolds Tobacco Co., 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000) (quoting

Thompson v. Keane, 1996 WL 229887, at *1 (S.D.N.Y. 1996)). Plaintiff and his counsel's

fundamental right to "move to terminate or limit [the deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party" cannot be abridged. *See* Fed. R. Civ. P. 30(d)(3)(A).

Plainly, if an attorney can say no other single word besides "objection," [4] then how would he/she be able to instruct their client not to answer a question? Such a situation would be untenable as the attorney's hands would be tied and she/ he would be barred from even attempting to execute the instruction not to answer that the court's order and R. 30(c-d) permitted him to do. Further, here, the court appeared to disregard the concept of objections based on bad faith[5] that Plaintiff's counsel attempted to raise as a basis for a Rule 30(d)(3) motion. And even further, during the April 30, 2021 telephone conference, Judge Aaron, after issuing his ruling, stated that he "would take no further phone calls." *See* [Dckt No. 167-1 at 52]. In sum, Plaintiff's counsel was told "you can instruct your client not to answer privileged questions" *but* "you cannot say any word other than the single word 'objection,'" *and* "bad faith does not come into play," *and* "you are on your own I will not be taking any more calls." In essence, the Court's order was inherently, at least in part, contradictory. Plaintiff nor his counsel believe that equity or good conscience mandate that sanctions be levied for protecting their rights while also adhering to judicial orders.

Federal Rule of Civil Procedure 30(c) states that objections at the time of a deposition "must be noted on the record," with testimony proceeding subject to any objections. Such objections "must be stated concisely in a nonargumentative and nonsuggestive manner," and

---

[4] *See* See [Dckt. No. 167-1 at 19]

[5] "MR. FINKELSTEIN: Well, that's acting in bad faith [*See* R. 30(d)(3)(A)] then. That's acting in bad faith then. THE COURT: It is not … That is not -- MR. FINKELSTEIN: Bad faith is -- THE COURT: That is my ruling."

an attorney "may instruct a deponent not to answer when necessary to preserve a privilege, to

enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R.

Civ. P. 30(c)(2). Rule 30(d)(3) states, in turn, that "[a]t any time during a deposition, the

deponent or a party may move to terminate or limit it on the ground that it is being conducted

in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent

or party." *See* Fed. R. Civ. P. 30(d)(3)(A). Further, upon motion from an objecting party, the

court may terminate a deposition or limit its scope by, for instance, "forbidding inquiry into

certain matters," or "prescribing a discovery method other than the one selected by the party

seeking discovery." Fed. R. Civ. P. 30(d)(3)(B); Fed. R. Civ. P. 26(c)(1)(C)-(D). Plaintiff and

his counsel correctly protected their rights under the applicable rules and pray the court see

that truth.

### C. Defendant's counsel conducted Plaintiff's deposition in Bad Faith

As to the rulings that were handed down during the deposition, a person may instruct a

deponent not to answer only when necessary to preserve a privilege, to enforce a limitation

ordered by the court, or to present a motion under Rule 30(d)(3). My client was barraged with

an extremely disturbing line of questioning and the deposition transcript reflects the

objections made by affiant adhered to the Federal rules of civil procedure. *See* Brown v.

County of Nassau, 736 F. Supp. 2d 620 (E.D.N.Y. 2010) (showing proper discoverable

matters in ADA Title III action). After the second call with the Court, the disgraceful

questioning of Mr. Antolini continued. However, affiant was unable to seek judicial

intervention pursuant to the court ruling that there would be no further phone calls to him

during the deposition. When defense counsel decided to post Plaintiff counsel's arrest warrant

and then question Mr. Antolini regarding Plaintiff counsel's personal life, Plaintiff's counsel

had no choice but to terminate the deposition and elect to seek a protective order and to

terminate the deposition. Said Motion is currently pending before the Court.  It is extremely

difficult to imagine by what stretch would any such behavior be condoned. *See* United States

ex rel. Baltazar, 302 F.R.D. 258 (N.D. Ill. 2008) (defendant's abusive, repetitive, and

irrelevant conduct toward plaintiff, including accusing plaintiff of perjury, violated Rule

30(d)(3)(A)); Horton v. Maersk Line, Ltd., 294 F.R.D. 690, 693 (S.D. Ga. 2013) (granting

protective order where "counsel's "accusatory questions and innuendos," "threats of

contempt," and "insults" to the witness's "integrity," and character," violated Rule 30(d)).

As just one example to peak behind the curtain of Plaintiff's pending R. 30(d)(3) motion,

defendant's counsel was so keen on ripping into Plaintiff, that he even fought to limit the

necessary 20-minute reprieve from the dysfunctional questioning that Plaintiff needed at

about the three-hour time mark. *See* [Dckt. No. 167-1 at 156]. At one point, Mr. Antolini felt

that he was being harassed and started to become visibly and audibly upset. Plaintiff's counsel

thereafter attempted to calm Plaintiff down. Eventually, Plaintiff's counsel requested a break

in order to calm nerves and get things back on track. While defense counsel should have

actually been happy about this, as it would have inherently allowed them to continue their

questioning without a hostile witness (because Plaintiff's counsel would have relaxed his

client), defendants objected to the break as too long, and that he couldn't be bothered to "wait

that long."[6] Further, Judge Aaron had noted, during the second phone call, that he was not of

the belief that any harassment was taking place. *See* [Dckt. No. 167-1 at 52]. However,

importantly, the bulk of the deposition had not yet occurred and the Magistrate was not privy

---

[6] *See* [Dckt. No. 167-1 at 155-157]

to the sordid abhorrent conduct of counsel prior to or subsequent to the calls to the Court. At least seven times during the course of the deposition, Plaintiff himself stated on the record that he was being "harassed" or that he was being unfairly maligned/ attacked.[7] Under Rule 30(d)(3)(A), examining counsel are expected to refrain from questioning that creates "unreasonable annoyance, embarrassment or oppression." *See* United States ex rel. Baltazar, 302 F.R.D. at 258 (defendant's abusive, repetitive, and irrelevant conduct toward plaintiff, including accusing plaintiff of perjury, violated Rule 30(d)(3)(A)); Horton v. Maersk Line, Ltd., 294 F.R.D. 690, 693 (S.D. Ga. 2013) (citing Scott-Iverson v. Independent Health Association, Inc., 2017 WL 35453 (S.D.N.Y. Jan 4, 2017). Plaintiff's counsel implored defendant's counsel to continue his questioning of Plaintiff and gave him multiple opportunities to continue the deposition, but without questioning him regarding his attorney's personal life. He didn't care, and continued his questioning. Subsequently the deposition was halted pursuant to R 30(d). It is clear from the record that the purpose of this lawyer's questioning was to intimidate and scare Dino Antolini, as well as designed to unreasonably annoy, harass, and embarrass him as well. The bad faith questioning is apparent with the line of questioning about affiant's personal life as it could not be rationally be calculated to lead to the discovery of admissible evidence in this ADA litigation. *See, e.g.*, Henry v. Morgan's Hotel Group, Inc., 2016 WL 303114 *2 (S.D.N.Y. Jan. 25, 2016). There are circumstances that allow the court to limit the scope of a deposition. Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 126 (D.Conn., 1974) ("It is the duty of the court to keep the inquiry within reasonable bounds and to restrict questions at depositions to those having substantial

---

[7] A prime example of defendant's unasbushful behavior is that counsel would consistently object to "coaching" when in fact no coaching was taking place. *See* [Dckt. No. 167-1 at 22, 120].

relevancy to a sensible investigation*");* Baines v. City of New York, 2016 WL 3042787, at \*4

(S.D.N.Y., 2016) (Questions that delve into a deponent's personal life that have no possible

relevance to the case may be the subject of a successful motion for protective order);

Alexander v. F.B.I., 186 F.R.D. 60, 65 (D.D.C., 1998) (protective order should issue when

deposition is being conducted solely to solicit "irrelevant and invasive information" on topics

unrelated to this case); James v. Miller, 1988 WL 72290, at \*1 (N.D.Ill., 1988) (refusal to

answer irrelevant questions which "go beyond reasonable limits" are justified); Borkowski v.

Valley Central School District, 63 F. 3d 131 (2d Cir. 1995). Pursuant to Plaintiff's pending

motion at Dckt No. 177, defendant's examination was conducted in bad faith, and in such

manner as unreasonably to humiliate, embarrass, abuse and oppress the deponent. The Court

should preclude the use of the deposition at time of trial, striking the ANTOLINI transcript

from the court docket, and pursuant to Fed. R. Civ. P. 37(b)2, Fed. R. Civ. P. 16(f), 28 U.S.C.

§ 1927 and/or the inherent powers of the Court, for monetary sanctions and attorney's fees.

## CONCLUSION

Wherefore, neither Plaintiff nor his counsel should be sanctioned for any conduct in

connection with Plaintiff's deposition. Plaintiff respectfully requests that this Honorable Court view

the record in its entirety. This ADA action has been pending for two years and instead of engaging

in a meaningful effort to end their discrimination against the disabled, defendants rather attack this

individual Plaintiff and his lawyer, with impunity. This deposition was the culmination of those

attacks. Plaintiff and his counsel did not improperly terminate the deposition and should not be

sanctioned for that. Plaintiff's counsel also should not be sanctioned for saying words other than

"objection" as he was adhering to the Court's Orders as well as the Federal Rules of Civil

Procedure. To the extent that this Court believes that Plaintiff or his counsel violated any part of his

order, Plaintiff maintains that any words spoken were sustainably justified. To the extent that this

Court believe that sanctions are warranted, any sanction should not be unfair or disproportionately

high as the deposition proceeded without disruption or delay after your Honor's rulings. Plaintiff

prays that this Court read his pending Rule 30 motion in earnest and come to sound conclusions

about the totality of defendant's behavior and award any relief that this court deems just and proper.

Dated: Syosset, New York
      June 11, 2021

                                   Respectfully,

                                   By:_____/S_____
                                   Stuart H. Finkelstein, Esq.
                                   Attorney for Plaintiff
                                   338 Jericho Turnpike
                                   Syosset, New York 11791
                                   Telephone: (718) 261-4900