UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DINO ANTOLINI,

          Plaintiff,

    -against-

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL ESTATE LLC,

          Defendants.
_____

ATTORNEYS AFFIRMATION

Case No.: 19-cv-09038

      Stuart H. Finkelstein, Esq., an attorney duly admitted to practice in the United States District Court for the Southern District Court of New York, affirms under sworn penalty of perjury as follows:

1. I am the attorney for DINO ANTOLINI the Plaintiff in the above captioned action.

2. I submit this Affirmation in response to the Order to Show Cause issued by the Court on May 6, 2021.

3. This is an action under Title III of the Americans with Disabilities Act.

4. My client Mr. Antolini has multiple disabilities in accordance with the ADA and can only move about in a wheel chair.

5. On May 6, 2021 the Court issued its order to show cause why Stuart H. Finkelstein, Esq. should not be sanctioned, pursuant to Fed. R. Civ. P. 37(b)2, Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927 and/or the inherent powers of the Court, for violations of the Court's March 2 order, as well as the Court's rulings made during Mr. Antolini's deposition.

6. Affiant submits that no such violations occurred and the rulings from the Court

subsequent to the phone calls that I was only to say one, and <u>only one word only,</u> i.e., *"objection,"* and to remain ***"a potted plant"*** was adhered to and any other objections were in conformity with the Federal Rules of Civil Procedure and were articulated concisely and in a nonsuggestive manner including declining to respond based on attorney-client privileged communications. A reading of the transcript will also reflect no coaching of Mr. Antolini took place. *See* Rule 30 (c) (2) An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. <u>An objection must be stated</u> <u>concisely in a nonargumentative and nonsuggestive manner</u>. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). My client was barraged with a sick, perverted and sadistic line questioning and the deposition transcript reflects the objections made by affiant adhered to the F.R.C.P.

7. It was during the phone calls to the court where I explicitly stated the grounds for my objections (*bad faith*) which is clearly delineated in <u>Rule 30(3)(A):</u> (A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in *bad faith* or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

8. Throughout the deposition, and during my call to the Court I repeatedly made mention of Rule 30 and implored defendants' lawyer to cease his abhorrent questioning and thereafter supplemented our position when I wrote my letter to the Court that very afternoon advising of the situation and subsequent termination of the deposition.

    \*\*\* THE COURT: Mr. Finkelstein, I will give you a very, very brief opportunity to respond, because you already know I'm going to rule. Go ahead.

MR. FINKELSTEIN:  So I'm not sure what other lawsuits have to do with this case, Your Honor. Each case stands on its own. But maybe it's all for naught what I'm saying, because you already said you know how you're going to rule, so. . .

THE COURT: Yes. I'm going to be crystal clear. You may object to the form of a question or object- - state any objection you want to any question with the word objection. You are not permitted to instruct the witness not to answer except on privilege grounds or give any other instructions or speak any other words than the word objection. And the purpose of that objection is that it's preserved so that later on, if your adversary tries to use the information elicited from that response, you have an opportunity to stop him from doing that. However, those are the only objections that are permitted. With respect to the issue of other lawsuits, that's a factual matter. It may be a matter of public record, it may be a waste of the seven hours you're allotted, and your client will have whatever memory he has of -- my recollection is there are many other lawsuits, and he'll remember off the top of his head what he remembers. This is all –

MR. FINKELSTEIN: When you say –

THE COURT: Let me finish.

MR. FINKELSTEIN: Oh, sure.

THE COURT: No, Mr. Finkelstein. I'm still speaking

MR. FINKELSTEIN: I beg your pardon. I thought you were finished.

THE COURT: He is not – you are not permitted to say any other that the word objection. That's all you're allowed to do. And then your client is going to answer the question unless its privileged. If he says, what did Mr. Finkelstein say to you, he's not allowed to ask that; you're allowed to instruct not to answer.

MR. FINKELSTEIN: Yes. Yes, I have a question. When you say it's a factual basis, these other cases, what do you -- how is -- I don't understand what that means. What fact –

THE COURT: it is a fact. It is a fact. There's nothing privileged about whether or not there's other litigation.

MR. FINKELSTEIN: And what does other litigation have to do with this case?

THE COURT: Relevance is not a valid objection to be made during a deposition. Period, full stop. Again, later on, if he tries to use that and you think it's irrelevant and he tries to bring it in at trial or on summary judgment, you objected to it, you preserved your ***record. But if he wants to waste his time asking about public record information about other lawsuits, he's allowed to waste his time doing that.***

MR. FINKELSTEIN: Well, that's acting in bad faith then. That's acting in bad faith then.

THE COURT: It is not. Relevance is not a valid objection. That is not…

MR. FINKELSTEIN: Bad faith is - -

THE COURT: That is my ruling. If you disagree with my ruling, so be

(Unreportable crosstalk.)

THE COURT: That is my ruling. If you disagree with my ruling, so be it. You're allowed to disagree with my ruling, but I'm the Judge.

MR. FINKELSTEIN: Oh, I know you're the judge, Your Honor. But as far as we're concerned, it's in bad faith. It unreasonably annoys Mr. Antolini, and there's information in that lawsuit that embarrasses Mr. Antolini. That's all part of Rule 30. So I'm confused, but I'll do my best. I'll do my best, Judge. I'll do my best.

THE COURT: No. Let me be clear. It is not doing your best. You are not to say any other word except objection. Do you understand that?

9. Plaintiff respectfully maintains that a plain reading of Rule 30(3)(A) shows that it does not speak to the behavior of the deponent, but whether the questioning of the witness is proper. It is not if the questioner is 'wasting his time', rather it is if the questions are not in accordance with the Rule. As such, incessant questions about lawsuits that have nothing to do with the instant matter clearly are bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party

10. Affiant never instructed Mr. Antolini not to answer on the basis of non privilege and never objected to Mr. Antolini being queried whether he authorized affiant to commence the instant action. *See* entire deposition transcript at [Dckt. No. 167-1].

> Q. MR. FINKELSTEIN: Yes. If he wants to ask those two questions, I have no issue with those at all. Anything else is attorney/client -- actually, that is, too, but I'll allow- Excuse me.

11. After the second call with the Court, the outrageous questioning of Mr. Antolini continued. However, affiant was unable to seek judicial intervention pursuant to the courts' ruling that there would be no further phone calls to him during the deposition. When defense counsel decided to post MY arrest warrant and then question Mr. Antolini regarding MY personal life, affiant had no choice but to terminate the deposition and elect to seek a

protective order and to terminate the deposition. The clear purpose of these repeated questions was to intimidate and scare Dino Antolini as well as were designed to unreasonably annoy, harass, and embarrass him as well. The bad faith questioning is apparent with this line of questioning about affiant's personal life as it could not be rationally be calculated to lead to the discovery of admissible evidence in this ADA litigation.

12. There was no failure to follow the Court's instructions. After the second phone call, Plaintiff and his counsel made sure to adhere to the letter of the Court's ruling. However, defense counsel repeatedly badgered Mr. Antolini to repeat his answers over and over again, succeeding in harassing him, even though the court reporter and affiant heard him each time as evidenced by the transcript.

13. Affiant was well within the Rules of Federal Procedure to instruct Plaintiff not to answer so as to present a motion under Rule 30(d)(3).

14. Further, affiant articulated multiple times not only during the call with the court, but throughout the deposition of Mr. Antolini his intentions of termination and to seek court intervention. Affiant even wrote to the court the same day of the deposition. More so, Plaintiff's attorney implored defense counsel to conduct himself accordingly so the deposition could continue.

15. Plaintiff has filed his Rule 30 Motion to Terminate his deposition.

16. The facts, circumstances, and reasoning as to why Plaintiff nor his counsel should be sanctioned pursuant to the Court's authority is more fully set forth in the accompanying Memorandum of Law.

17. Respectfully, for the reasons set forth above the Court should not sanction Plaintiff or his counsel. Plaintiff prays that this court view the record in its entirety and rule accordingly on Plaintiff's pending Motion at Dckt. No. 177.

Dated: June 11, 2021
Syosset, New York

                _____/S_____
                Stuart H. Finkelstein, Esq.
                Attorney for Plaintiff
                Finkelstein Law Group
                338 Jericho Turnpike Syosset
                New York 11791
                (718) 261-4900