**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Dino Antolini,

                                        Plaintiff,

                    -against-

Amy McCloskey et al.,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/19/2021___

1:19-cv-09038 (GBD) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

On May 6, 2021, the Court ordered that Plaintiff's attorney, Stuart H. Finkelstein ("Finkelstein"), show cause no later than May 20, 2021 why he should not be sanctioned, pursuant to Fed. R. Civ. P. 37(b)(2), Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927 and/or the inherent powers of the Court, for his violations of the Court's March 2, 2021 Order, as well as the Court's rulings made during Plaintiff's deposition. (Order to Show Cause ("OTSC"), ECF No. 169.) Even though Finkelstein failed to comply with the Court's Individual Rules in seeking extensions of time, the Court granted two extensions to Finkelstein to file his response to the OTSC based on "personal health reasons" and a religious holiday, such that Finkelstein's response was due on June 10, 2021. (*See* 5/17/21 Order, ECF No. 173; 6/1/21 Order, ECF No. 176.) Thereafter, even though Finkelstein filed his own motion for sanctions against defense counsel on June 7, 2021 (discussed *infra*), Finkelstein failed to meet the June 10 deadline and filed his response to the OTSC a day late on June 11, 2021. (Finkelstein Mem., ECF No. 180; Finkelstein Aff., ECF No. 181.)

Finkelstein's response essentially makes three points—*i.e.*, that he did not violate any Court Order; that, even if he did, his conduct was substantially justified; and that, if the Court finds that he violated its Orders, "any sanction should not be unfair or disproportionately high."

(*See* Finkelstein Mem. at 6-17.) Pursuant to the Court's Order (6/11/21 Order, ECF No. 181), Defendants filed a memorandum and declaration in response to Finkelstein's submissions on June 18, 2021. (Defs.' 6/18/21 Mem., ECF No. 182; Mizrahi 6/18/21 Decl., ECF No. 183.)

From the Court's review of the parties' submissions, it is clear that Finkelstein violated the Court's March 2, 2021 Order (3/2/21 Order, ECF No. 150), as well as the Court's rulings made during Plaintiff's deposition. The March 2 Order stated: "As indicated on the record during today's remote conference, there shall be no objections at Plaintiff's deposition other than objections to form and objections on the basis of privilege, and only in the case of the latter may Plaintiff decline to answer the question posed." (*Id*. ¶ 13.) Yet, during Plaintiff's deposition, Finkelstein made speaking objections regarding, and repeatedly instructed Plaintiff not to answer, certain questions, which led to defense counsel contacting the Court. (*See* Antolini Dep. Tr., ECF No. 167-1, at 36-38.) Then, even after the Court ruled on the record during the deposition that Finkelstein was not to make speaking objections, he continued to do so, which led defense counsel to contact the Court a second time, and the Court to reiterate its prior rulings. (*See id*. at 47-52.) Finally, Finkelstein halted Plaintiff's deposition when defense counsel asked questions about Finkelstein's arrest warrant and criminal complaint, which arguably relate to the issue of "whether Plaintiff authorized Mr. Finkelstein to commence this action," a subject expressly contemplated by the Court's August 7, 2020 Order (ECF No. 63) as appropriate for Defendants to probe at Plaintiff's deposition. (*See* Antolini Dep. Tr. at 272-82.)

Based on Finkelstein's conduct, the Court will impose sanctions on him. The Court will base the extent and/or amount of such sanctions on the totality of Finkelstein's conduct during Plaintiff's deposition, which remains open. Once the deposition is completed, the Court will issue a written Opinion and Order regarding such sanctions.

As noted above, on June 7, 2021, Finkelstein filed a motion for sanctions against defense counsel. (*See* Pl.'s 6/7/21 Mot., ECF No. 177.) In his motion, Finkelstein seeks, among other things, to terminate Plaintiff's deposition and to strike the deposition transcript from the docket. (*See id*.) Defendants filed a response to the motion on June 9, 2021 (Defs.' 6/9/21 Resp., ECF No. 178), and Finkelstein filed a reply on June 11, 2021. (Pl.'s Reply, ECF No. 179.)

The Court finds that there is no basis to terminate Plaintiff's deposition. In particular, Defendants are entitled to answers to any questions they have probing whether Plaintiff authorized Finkelstein to commence this action, including, to the extent relevant thereto, questions surrounding the issues raised by the criminal complaint (and, more recently, indictment) issued against Finkelstein.[1]

In addition, based upon Finkelstein's own actions, there is no basis to strike Plaintiff's deposition transcript from the docket. Finkelstein himself filed a letter with the Court on the day of Plaintiff's deposition stating that he "expect[ed]" defense counsel to "attach[] the complete transcript," rather than excerpts, to a motion that Finkelstein contemplated Defendants would make arising from Finkelstein's termination of the deposition. (*See* Finkelstein 4/19/21 Ltr., ECF No. 158.) Later, the Court entered an Order requiring Defendants "to file with the Court a complete copy of the transcript of Plaintiff's deposition." (4/30/21 Order, ECF No. 166, ¶ 3.) Defendants then filed the complete transcript to the Court's docket at ECF No. 167-1, where it has been publicly filed since May 4, 2021. Finally, the Court notes that Finkelstein himself in his publicly filed motion quotes verbatim from what he alleges are objectionable parts of Plaintiff's deposition. (*See* Pl.'s 6/7/21 Mot., ECF No. 177-1 & 177-2.) In these circumstances, where the

---

[1] The Court would not look favorably, however, on questions concerning the warrant or indictment that are not relevant to any issue in this action and that instead appear intended to harass counsel.

"genie is out of the bottle," the Court declines to strike the transcript from the public docket. *See Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-03668 (GHW) (SDA), 2021 WL 1051645, at *1 (S.D.N.Y. Mar. 19, 2021).

Another aspect of Finkelstein's motion for sanctions against defense counsel relates to the nature of the questions posed by defense counsel to Plaintiff. Finkelstein asserts that the questions were designed to humiliate and embarrass the Plaintiff (for example, questions regarding Plaintiff's drinking habits). (*See* Pl.'s 6/7/21 Mot.) In their response, defense counsel correctly note that my April 30 Order stated that "[n]o further motions for sanctions shall be filed by the parties at this time" (4/30/21 Order ¶ 3), but do not otherwise respond to the substance of Finkelstein's arguments about defense counsel's conduct at the deposition. Accordingly, the Court denies without prejudice that portion of Finkelstein's motion that seeks sanctions against defense counsel for his conduct during Plaintiff's deposition. After Plaintiff's deposition has been completed, Finkelstein may file a motion for sanctions based on defense counsel's conduct at the entire deposition.

In their recently filed memorandum, Defendants suggest that, despite their being entitled to ask Plaintiff whether he authorized Finkelstein to commence this action, they may not wish to continue Plaintiff's deposition "because it is impossible to conduct a meaningful deposition where Attorney Finkelstein mars the transcript and coaches Plaintiff." (*See* Defs.' 6/18/21 Mem. at 4-6, 23.) If Defendants choose to continue Plaintiff's deposition, they should rest assured that, if Finkelstein at the continued deposition continues to violate Court Orders, severe sanctions shall be imposed, which may include my recommendation to District Judge Daniels that this case be dismissed unless Plaintiff secures new counsel.

It is hereby ORDERED that, if Defendants choose to continue Plaintiff's deposition, Plaintiff's deposition shall be concluded no later than July 23, 2021, and that Defendants may use up to three hours to ask any remaining questions they have. It is further ORDERED that Defendants shall file a copy of the transcript of any remaining portion of Plaintiff's deposition with the Court within seven days of completion. If Defendants choose not to continue Plaintiff's deposition, they shall so advise the Court by letter filed no later than June 28, 2021.

The Clerk of Court is respectfully requested to terminate the gavel at ECF No. 177.

**SO ORDERED.**

Dated:      New York, New York
            June 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge