# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

June 23, 2021

*Via Electronic Filing*
The Honorable Stewart D. Aaron, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2021
```

Re:  *Antolini v. McCloskey et al*
     **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Judge Aaron:

This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate (collectively, the "Defendants") in the above-referenced action.

Pursuant to Your Honor's Individual Practice Rules I(A) and II(A), this letter respectfully serves to request an enlargement of Defendants' time to complete Plaintiff's deposition by an additional three (3) hours.[1]

This request is not made on consent of counsel for Plaintiff Dino Antolini (the "Plaintiff"), who did not provide a basis for withholding consent.

By way of background, on March 2, 2021, the Court granted Defendants' motion to compel [Dckt. No. 140], and ordered Plaintiff to appear for his deposition "day to day until complete" for seven (7) full days. [*See* Dckt. No. 150 at ¶ 2]. The seven (7) day deposition schedule was necessitated due to Plaintiff's "almost unintelligible"[2] speech, caused by an onset of Bell's Palsy.

Respectfully, additional time is needed to meaningfully depose Plaintiff.

As reflected in the transcript of Plaintiff's April 19, 2021 deposition, Plaintiff's speech impediment delayed the progress of Defendants' examination. The Court reporter identified nearly 171 instances where Plaintiff's testimony was "indiscernible". A true and correct copy of the percentage-of-page analysis, identifying these instances, is annexed hereto as **Exhibit "A"**.

The undersigned counsel was less than a quarter of the way through its deposition outline before Attorney Finkelstein unilaterally "halted Plaintiff's deposition". [*See* Dckt. No. 184 at p. 2].

In light of the foregoing, Defendants request that they be afforded a total of six (6) hours to complete Plaintiff's deposition.

---

[1] In the June 19, 2021 Order [Dckt. No. 184], the Court granted Defendants a total of "three (3) hours to ask any remaining questions they have."
[2] *See* Dckt. No. 141 at ¶ 2; Dckt. No. 144 at ¶ 1; Dckt. No. 144-1 at ¶ 1.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*
     Jason Mizrahi
     60 East 42nd Street, Suite 4700
     New York, NY 10165
     Tel. No.:  (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Defendants*

VIA ECF: All Counsel

Request DENIED. In view of the fact that Defendants apparently had been willing to completely forego any further deposition of Plaintiff (*see* ECF No. 182 at PDF p. 28), the Court finds that Defendants' request is not well grounded. In any event, the Court finds that permitting up to three hours of additional testimony is proportional to the needs of the case. The Court reiterates that it will not tolerate speaking objections (or other dilatory tactics) from Plaintiff's counsel. SO ORDERED.

Dated: 6/25/2021