UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DINO ANTOLINI,

                         Plaintiff,

        -against-

AMY McCLOSKEY, THERESA LAURENT, DIMUR
ENTERPRISES INC., EDDIE C K CHUNG, and C&S
MILLENIUM REAL ESTATE LLC,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 9038 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Dino Antolini, a wheelchair user, brings this action against Defendants Amy McCloskey, Theresa Laurent, Dimur Enterprises Inc., Eddie C K Chung, and C&S Millenium Real Estate LLC, asserting, among other things, violations of the Americans with Disabilities Act, 42 U.S.C. § 12182(a), due to the alleged failure of Defendants to make their place of public accommodation accessible to persons with disabilities. (Compl., ECF No. 1.) Plaintiff filed a motion for entry of a default judgment against Defendants Chung and C&S Millenium. (*See* Pl.'s Notice of Mot. for Default Judgment, ECF No. 97.)

Before this Court is Magistrate Judge Aaron's December 23, 2020 Report and Recommendation (the "Report," ECF No. 132), recommending that Plaintiffs motion for a default judgment be denied. (Report at 1.) Magistrate Judge Aaron advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 6.) Plaintiff filed timely objections on January 6, 2021. (*See* Pl.'s Objections, ("Pl.'s Objs."), ECF No. 134.) Having

1

reviewed Magistrate Judge Aaron's Report, as well as Plaintiff's objections, this Court ADOPTS the

Report and overrules the objections. Accordingly, the motion is DENIED.[1]

## I.    FACTUAL BACKGROUND

Plaintiff commenced this action on September 28, 2019. (ECF No. 1.) Named as

Defendants were the building landlords Chung and C&S Millenium (the "Landlord Defendants").

*Id.* Plaintiff properly effectuated service upon Chung and C&S Millenium on October 1, 2019 and

October 10, 2019, respectively. (ECF Nos. 18 and 19.) Over one year later, Plaintiff requested from

the Clerk of the Court Certificates of Default Judgment against Chung and C&S Millenium. (ECF

Nos. 91 and 93.) The certificates were issued on October 15, 2020. (ECF Nos. 95 and 96.) Three

days later, Plaintiff filed the motion for entry of a default judgment against the Landlord Defendants.

(ECF No. 97.) On October 20, 2020, counsel for the Landlord Defendants entered a notice of

appearance and was granted an extension of time to file an opposition to Plaintiff's motion. (ECF

No. 108.) The Landlord Defendants timely filed their opposition. (ECF No. 111.) After requesting

two extensions, Plaintiff filed his reply on December 22, 2020.

## II.    LEGAL STANDARD

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit

proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc.*

*v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the

---

[1] While Plaintiff's objections to the Report were pending, he filed a motion that he styled as a "Motion for Leave to Supplement Plaintiff's Motion for Default Judgment with Defendant's Deposition Transcript." (ECF No. 149.) Because Plaintiff's motion for entry of a default judgment is denied, his request to supplement his motion is DENIED as moot. In any event, Plaintiff's "motion" fails to articulate any legal standard for supplementing a party's submission after it has been adjudicated by a Magistrate Judge pursuant to Fed. R. of Civ. P. 72 (b). Moreover, Plaintiff's "motion" fails to comport with the requirements of Local Civil Rule 6.1 as it fails to attach a notice of motion, a supporting affidavit, or a memorandum of law.

portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## III.   THE REPORT IS ADOPTED

As an initial matter, Plaintiff's objections to Magistrate Judge Aaron's findings are perfunctory because they are conclusory, general in nature, and rehash—at a high level with minimal detail—the arguments and information included in his motion for a default judgment and reply briefing that Magistrate Judge Aaron previously considered and rejected. (*See* ECF Nos. 97 and 131.) Indeed, Plaintiff does not cite any case law in his objections, and thus provides no support for

his contention that the Report is contrary to law or erroneous. Because Plaintiff's objections to the Report are merely perfunctory, this Court need review Magistrate Judge Aaron's findings for only clear error.[2]

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once a default has been entered, then, upon application of the party "entitled to a judgment by default," the Court may proceed to enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). "It is well established that default judgments are disfavored." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). A "clear preference exists for cases to be adjudicated on the merits." *Id.*

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). "In determining whether to grant such a motion, the court may consider numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or are in doubt.'" *Id.* "The court is also guided by the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiff[] would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims." *Id.*

---

[2] Plaintiff also objects to the Report "disregard[ing] Plaintiff's contention that the Levin-Epstein firm cannot represent the defaulting landlord defendants" due to a conflict of interest. (Pl.'s Objs. at ¶ 14.) Magistrate Judge Aaron correctly chose not to address this argument in the Report because it was not properly raised. Plaintiff improperly made this argument for the first time in his reply brief. (ECF No. 131 at 14–16.) An argument may not be made for the first time in a reply brief. *See Keefe v. Shalala,* 71 F.3d 1060, 1066 n. 2 (2d Cir.1995) (stating that normally the court "will not consider arguments raised for the first time in a reply brief"); *Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir.1993) (stating that "[a]rguments may not be made for the first time in a reply brief").

On the first factor, Magistrate Judge Aaron correctly found that Landlord Defendants'
prompt appearance after Plaintiff filed his motion for default judgment supported a finding that
Defendants' default was not willful and evidenced an intent to defend against the action. (Report
at 5) (citing *Courchevel 1850 LLC v. Rodriguez*, 2019 WL 2233828, at \*5 (E.D.N.Y. May 22,
2019)). On the second factor, Magistrate Judge Aaron also properly found that Plaintiff was not
prejudiced by the Landlord Defendants' delay, and aptly noted that delay must result in the "loss
of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and
collusion." (*Id.*) (quoting *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018), *aff'd*,
800 F. App'x 18 (2d Cir. 2020). Plaintiff has failed to make such a showing here. As to the third
factor, Magistrate Judge Aaron appropriately noted the "low threshold" necessary to satisfy this
factor and correctly found that the Landlord Defendants have at least two potential defenses
available to them. (Report at 5.)

Accordingly, Magistrate Judge Aaron properly recommended that Plaintiff's motion for
entry of a default judgment be denied. (*Id.* at 6.)

## IV.  SANCTIONS ARE NOT APPROPRIATE IN CONNECTION WITH PLAINTIFF'S OBJECTIONS TO THE REPORT

In their opposition to Plaintiff's objections to the Report, the Landlord Defendant's cross-
moved for sanctions under 28 U.S.C. § 1927. (*See* Defs.' Opp'n to Pl.'s Objections to Report and
Recommendation, ECF No. 135, at 9–10.) An award for sanctions under 28 U.S.C. § 1927 is
appropriate only "when the attorney's actions are so completely without merit as to require the
conclusion that they must have been undertaken for some improper purpose . . . [i]n addition, the
court must find bad faith and must provide the attorney notice and an opportunity to be
heard." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125–26 (2d Cir. 2011). Plaintiff's
alleged misconduct (e.g. the filing of objections to the Report and failing to timely provide an

executed HIPAA authorization form) does not meet the high threshold for an award of sanctions under section 1927. However, this Court is aware of Mr. Finkelstein's dilatory conduct during discovery and that Magistrate Judge Aaron has previously imposed sanctions on Mr. Finkelstein based on his conduct at his client's deposition. (See ECF Nos. 184, 185–186, 190–193.) Thus, Mr. Finkelstein is warned that the continuance of such behavior will result in all appropriate sanctions.

## V.    CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Defendants' motion for entry of a default judgment, (ECF No. 97), is DENIED. The adoption of this Report moots Plaintiff's request for leave to supplement his motion for entry of a default judgment. (ECF No. 149.) The Clerk of the Court is directed to close both motions accordingly.

Dated: New York, New York
       July 20, 2021

                                        SO ORDERED.

                                        GEORGE B. DANIELS
                                        United States District Judge