# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

July 22, 2021

*Via Electronic Filing*
The Honorable Stewart D. Aaron, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *Antolini v. McCloskey et al*
       **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Magistrate Judge Aaron:

  This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate (collectively, the "Defendants") in the above-referenced action.

  Pursuant to Your Honor's Individual Practice Rules I(A) and II(B), this letter respectfully serves to respond to the July 22, 2021 letter motions [Dckt. Nos. 200, 202] of Plaintiff Dino Antolini (the "Plaintiff"), requesting an extension of time to complete his continued virtual deposition.

  As set forth more fully below, in light of Plaintiff's counsel's ongoing disregard for discovery protocols and this Court's Orders, and Plaintiff's failure to appear for his Court-Ordered deposition, it is respectfully requested that the Court enter an order for sanctions, up to and including a recommendation that Plaintiff's action be dismissed for his failure to obey discovery orders pursuant to Fed.R.Civ.P. 37(b) and/or failure to prosecute pursuant to Fed.R.Civ.P. 41(b). [*See* Dckt. No. 191].

  This afternoon, at 11:12 a.m., the Plaintiff's counsel emailed the undersigned as follows:

> "Attached is the letter sent to Magistrate Aaron today. If you want to work it out
> feel free to email me back with any suggestions. If you want to call, then make sure
> to tell me first you're not recording. Otherwise, I'll stay with the present mode."

  In response, the undersigned advised Plaintiff's counsel that an exchange of letters or emails does not satisfy the Court's meet-and-confer requirement, and requested that that Plaintiff's counsel call the undersigned counsel directly to discuss his proposed application. [*See* Individual Rule II(A)].

  At 12:32 p.m., the undersigned received a phone call from Plaintiff's counsel. In the beginning of our call, the undersigned asked Plaintiff's counsel to answer basic questions regarding: (i) Plaintiff's unavailability; and (ii) his efforts to ensure that Plaintiff has the required technology in advance of his deposition, noticed for July 23, 2021.

1

Plaintiff's counsel refused to answer any of the undersigned's questions, abruptly terminated the phone call, and threatened to seek unnecessary judicial intervention.

In an email sent on 2:25 p.m., the undersigned emailed Plaintiff's counsel as follows:

Mr. Finkelstein,

1. We do not consent to conducting a telephonic deposition. We note your prior request for a telephonic deposition was denied. [*See* Dckt. No. 150].

   In order to respond to your sperate request to adjourn tomorrow's deposition, please respond to the following questions:

2. When was the deponent's wife initially scheduled to appear at Bellevue Hospital tomorrow?

3. Why is the deponent's attendance at Bellevue Hospital tomorrow necessary?

4. What efforts has the deponent made to secure alternative arrangements for his wife at her medical appointment tomorrow?

5. When did the deponent's grandson leave to Italy?

6. When is the deponent's grandson scheduled to come back from Italy?

7. What efforts has the deponent made since June 25, 2021 to ensure he has the required technology for his virtual deposition?

8. What efforts have you made since June 25, 2021 to consult with the deponent to ensure that he has the required technology for his virtual deposition, noticed for July 23, 2021?

Plaintiff's counsel never responded to the undersigned's email, and proceeded to file the instant letter motion.

Thus, Plaintiff's letter motion contains a material misstatement of fact, insofar as it represents that the undersigned "did not respond to the scheduling of a new [deposition] date". [*See* Dckt. No. 202]. Moreover, Plaintiff, once again, failed to adhere to Your Honor's Individual Rules and meet-and-conferral orders.

The undersigned law firm has incurred unnecessary attorneys' fees and Court Reporter fees as a result of Plaintiff's counsel's unilateral termination of the Court-Ordered deposition, scheduled for July 23, 2021.

In light of Plaintiff's counsel's ongoing disregard for discovery protocols and this Court's Orders, and Plaintiff's failure to appear for his Court-Ordered deposition, it is respectfully requested that the Court enter an order for sanctions, up to and including a recommendation that

Plaintiff's action be dismissed for his failure to obey discovery orders pursuant to Fed.R.Civ.P. 37(b) and/or failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

      We thank the Court for its attention to this matter and are available at the Court's convenience to answer any questions related to the foregoing.

      Respectfully submitted,

      LEVIN-EPSTEIN & ASSOCIATES, P.C.

      By: */s/ Jason Mizrahi*
           Jason Mizrahi
           60 East 42nd Street, Suite 4700
           New York, NY 10165
           Tel. No.: (212) 792-0048
           Email: Jason@levinepstein.com
           *Attorneys for Defendants*

VIA ECF: All Counsel