# STUART H. FINKELSTEIN

*Attorney at Law*

338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

August 11th, 2021

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

To remind your Honor, I represent plaintiff Dino Antolini and write in furtherance of your order at [Dkt. No. 208] allowing Plaintiff's Counsel to respond to defendants' counsel's request for attorney's fees. Plaintiff asserts that the award of any expenses to the defendants is unjust, that any perceived Plaintiff's procedural 'failure' by Plaintiff or his counsel is misunderstood, that Plaintiff's failure to appear was substantially justified, and that defendants' improper billing cannot be tolerated.

Plaintiff's deposition was scheduled[1] for July 23, as per this court's order at Dkt. No. 197. Defendant's counsel contacted Plaintiff's counsel on Tuesday, July 20 to confirm the deposition date and provide the remote access link. However, on the morning of Thursday, July 22, Plaintiff's counsel received regrettable notice from Plaintiff that he was in the hospital, tending to his ailing wife. *See* Dkt. No. 200 at 1. Plus, as Plaintiff had only found out the day before, his ability to appear by video was severely limited once his grandson left the country. Plaintiff's counsel then immediately wrote to the Court at 10:37 a.m. concerning same, seeking alternative solutions such as proceeding telephonically or granting a brief extension of time to complete the deposition. Plaintiff and his counsel had hoped that either of these proposals would be amenable to the court as the Court has on many occasions allowed proceedings to proceed telephonically and has also extended the deadline for deposition completion many times. The court instructed counsel to confer regarding same and file a letter motion if no solution could be had. *See* Dkt. No. 201. Plaintiff's counsel then engaged defendants' counsel to inform him of the situation and hopefully come to an agreement. Plaintiff's counsel did this in good faith, as there was no delay or obfuscation. It would not make

---

[1] As an important aside, during the July telephone conference, your Honor made reference to counsel's interactions regarding defendant's original notice for deposition that were sent at the end of June and beginning of July. Your Honor indicated that Plaintiff's counsel did not adhere to his obligations in not responding to one of the notices for deposition. However, Plaintiff's counsel wants to make it clear that he did respond accordingly to defendant's original notices. Plaintiff explained to the court in his letter at Dkt. No. 192 that he was out of town for the July 4 weekend with extremely limited access to any lines of communication. The deposition was also still two weeks away at that point. Defendants' claims that counsel was obfuscating his duties is without merit. Further, Plaintiff's counsel would note that those interactions are outside the scope of the instant order to show cause (July 8-22), which does not concern any notice issues, as the deposition became so ordered on July 13, 2021. Dkt. No. 197

-1-

sense to delay, as the deposition time and date have been so ordered by this honorable Court. In the series of e-mails that followed, Plaintiff's counsel got nowhere.

In that exchange, your affiant made it clear that Plaintiff was in a compromised situation, but nonetheless knew he needed to adhere to his deposition obligation and sought to come to a reasonable and amenable solution with opposing counsel. Potential solutions included either conducting the deposition by telephone phone on the afternoon of the originally planned date of July 23, or scheduling a new date mutually agreeable among counsel. Unfortunately, instead of actually responding to either proposal, defense counsel sent back an abusive and distorted list of self-serving questions that did not and could not lead to any productive solution. *See* attached e-mails.

Fed. R. Civ. P. 37(d) provides in relevant part that

> "[…], the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, **caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust**."

**Causation**: First, none of Plaintiff's counsel's alleged defective behavior contributed to the delayed deposition. There is no causal linkage, as is required under R. 37(d) ("[the failing party must pay fees] **caused** by the failure"). Here, there was no causal linkage. The attorney's fees alleged, including the preparation of deposition outlines, did not happen because Plaintiff did not appear. The purpose of deposition preparation is just that, to prepare for an impending deposition. Plaintiff's deposition is still going forward. As such, the expense of creating prepared documents and outlines, was not "caused by Plaintiff's failure." It was caused by the fact that a deposition is happening and defendant's counsel presumably wants to be prepared for it.[2]

**Substantial Justification**: Second, and most importantly, Plaintiff's failure to appear was substantially justified. Whether a party was **substantially justified** in flouting litigation obligations is determined by "an objective standard of reasonableness." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, (1988)). Conduct is substantially justified if there was a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *See e.g.*, Comprehensive Habilitation Servs. v. Commerce Funding Corp., 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying sanctions motion where opposing party raised valid relevancy objections to document requests). The Comprehensive Habilitation court specifically remarked that even if the fact finder (district court judge or magistrate) is not necessarily 'persuaded,' to agreement with the non-moving party's justification, so long as there is "some reasonable justification, having substance," the court may deny an award of fees.

As Plaintiff swore to on the record before your Honor on August 4, 2021 (Dkt. No. 208), Plaintiff's wife had a medical emergency that required Plaintiff to be by her side. Mrs. Antolini is 70 years old and in sub-par health. Mrs. Antolini had just had a surgical intervention about three weeks prior to July 23, 2020 (the ordered depo date). She had been going to physical therapy post-op to recover and re-build strength. However, as the days progressed, she came to be in some deal of pain, though not too severe. But on the morning of July 22, the pain suddenly intensified

---

[2] This also applies as to Counsel's absurd 45 minute "status conference" with his client as well as counsel's irrelevant billing of his correcting Judge Daniels mistake in his order denying Plaintiff's motion for default judgment. *See* Dkt. No 207-1 at 3.

and became too unbearable. Mrs. Antolini was admitted to Bellevue hospital. As her sole caretaker and life partner for over 50 years, Plaintiff did what he had to do.
Plaintiff's 'failure,' was so much substantially justified that it almost should not even be called 'a failure.' Cf. Nevarez v. Hunt, 288 F.R.D. 270, 271 (W.D.N.Y. 2013) (where Plaintiff was sanctioned for failure to appear at his own deposition when the failure was completely unexcused). In Nevarez, the plaintiff did not provide any notice at all to the defendants that he would not be appearing for his noticed deposition prior to the deposition. In fact, the defendants counsel had to call the plaintiff when he did not appear and all the plaintiff said was that he had a doctor's appointment. Id. at 271 The court explained that "Plaintiff has not demonstrated any reason why he could not have apprised defense counsel of his medical appointment sooner or sought to reschedule either that appointment or the deposition itself." Id. Here, Plaintiff and his counsel *did* do the things that Judge Larimer described above. Plaintiff's wife's medical condition was an emergency, and thus there was no way to let defendants counsel know about it earlier. It came suddenly and defendant's counsel was informed immediately once it happened. And there was no way to "reschedule" an emergency. Further, Plaintiff did try to reschedule the deposition itself. As soon as Plaintiff's counsel was made privy to the situation, he immediately attempted to get in contact with the Court and defendant's counsel to work out a solution.

Here, Plaintiff's deposition was delayed because his wife had an emergency. Here, there was a medical emergency situation and Plaintiff's counsel called defendants' counsel as soon as he was made aware. Plaintiff believes that when weighed against this standard, the facts at bar weigh in Plaintiff's favor because Plaintiff's actions go far beyond the "some reasonable justification' standard explained by courts in this district. *See* Oleg Cassini, Inc. v. Electrolux Home Products, Inc., (S.D.N.Y. 2013). Plaintiff's actions make total and complete sense and provided no prejudice whatsoever to the defendants.

Wherefore, Plaintiff respectfully requests that your Honor deny defendants application for fees and grant any other relief that this Court may deem just and proper. In the alternative, should your Honor choose not to deny the instant fee application, Plaintiff respectfully requests that the Court reduce the loadstar fee award to an amount of time and fees that are proportionate and commensurate to the circumstances of the dispute *See* DIRECTV, Inc. v. Needleman, (D.N.J 2005). Defendants have not provided any time sheet or actual legitimate accounting of hours worked prior to July 8. It is hard to imagine that Defendant's counsel has not duplicitously billed since Defendant's have been preparing for this deposition for five months. This witness, nor the facts at bar, are overly complicated. Further, the court should ignore every billing entry listed for July 22, 2021. Defendants and their counsel were on notice beginning at 10:37 a.m, that the deposition was in extreme jeopardy of going forward as scheduled. However, defendant's counsel appears to have purposefully shut their eyes to this reality. Instead of answering Plaintiff's legitimate proposals that he e-mailed at 12:46 p.m., on July 22, defendant just kept churning and billing. Without confirming that the thing they were billing for was actually happening, Defendant's billed close to $1,000. Holly Cow. To the extent that this Court does not deem any portion of defendant's billing as duplicative, Plaintiff requests that the court substantially cut the requested loadstar amount, i.e., to only fees associated with the re-reviewing of outlines already prepared.

In sum, neither Plaintiff nor his counsel should have to foot the bill for any of Defendant's alleged costs. This is because Plaintiff did not obstruct the deposition process, Plaintiff's non-appearance was substantially justified and good faith attempts were made by Plaintiff's counsel to resolve the issues, and Plaintiff did not prejudice defendants. In fact, Plaintiff did his darndest (as he always has throughout this litigation) to find a solution for an unfortunate situation that should have been readily resolvable. To the extent that this court finds that Plaintiff is liable for any of defendants alleged costs, such expenses as proffered by defendant's counsel, are disproportionate in terms of the legal work that the fees are sought for, and in terms of the grossly high billing rate.

Thank you for your continued attention to this matter.

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all via ECF