# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

August 12, 2021

*Via Electronic Filing*
The Honorable Stewart D. Aaron, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

        Re:    *Antolini v. McCloskey et al*
                **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Magistrate Judge Aaron:

      This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate (collectively, the "Defendants") in the above-referenced action.

      Pursuant to Your Honor's Individual Practice Rules I(A) and the directives contained in Your Honor's August 4, 2021 Order [Dckt. No. 208], this letter respectfully serves to respond to Plaintiff Dino Antolini's ("Plaintiff") letters filed on August 10, 2021 [Dckt. Nos. 209, 210], and August 11, 2021 [Dckt. No. 211].

## I. Plaintiff's August 10, 2021 Letters Failed to Comply with the Court's August 4, 2021 Order "In All Respects"

      On August 4, 2021, the Court held a telephonic conference to address, *inter alia*,: (i) Plaintiff's failure to appear for his Court-ordered July 23, 2021 deposition; (ii) "the *bona fides* of Plaintiff's belated requests to adjourn the Court-ordered continuation of his deposition"; (iii) Plaintiff's failure to appear for the Court-ordered July 23, 2021 telephonic conference. [*See* Dckt. No. 205].

      At the August 4, 2021 telephonic conference, Plaintiff confirmed that he was unable to independently make the necessary arrangements for his Court-ordered continued video deposition.[1]

      Following the August 4, 2021 telephonic conference, the Court entered an order directing Plaintiff to, *inter alia*, file a letter on or before August 11, 2021: (i) "stating the [appropriate] arrangements made to accommodate the remaining time of [Plaintiff's] deposition on video"; and (ii) "providing three weekdays between August 16 and August 25 (inclusive) when Plaintiff is available for that continued deposition." [Dckt. No. 208]. In light of Plaintiff, and Plaintiff's

---

[1] *See also* [Dckt. No. 200] ["[Plaintiff's] [g]randson has gone back to Italy and will not be able to assist in the video aspect of the deposition. To remind you, when [Plaintiff] appeared before [Y]ou during the video conference regarding his health, his [g]randson was there to help him with the technical aspects."]; [Dckt. No. 202] [representing that additional time was needed to "make the appropriate arrangements to accommodate" Plaintiff's video deposition.] [Dckt. No. 211] [same].

1

counsel's documented history of litigation misconduct, and disregard for discovery protocols and this Court's Orders, the August 4, 2021 Order expressly noted, as follows:

> "If Plaintiff fails to timely comply with this Order *in all respects*, I shall recommend that his case be dismissed for failure to obey discovery orders pursuant to Federal Rule of Civil Procedure 37(b) and/or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)…."

[*Id*.] [emphasis added].

On August 10, 2021, Plaintiff filed two (2) letters in response to the Court's August 4, 2021 Order. [*See* Dckt. Nos. 209, 210]. The letters offered Plaintiff's availability on "August 25, [August] 26 or [August] 27" for Plaintiff's continued video deposition, and did not include a statement of "[appropriate] arrangements made to accommodate the remaining time of [Plaintiff's] deposition on video."[2] [*See id*.].

Thus, Plaintiff has failed to comply with the Court's August 4, 2021 Order in two (2) material respects, as he has (i) failed to "provid[e] three weekdays between August 16 and August 25 (inclusive)" for his continued deposition; and (ii) failed to "stat[e] the arrangements made to accommodate the remaining time" of his continued deposition. [*See* Dckt. No. 208].

This is highly concerning, particularly because the Court had warned Plaintiff three (3) times that "his failure to obey discovery orders" would result in a recommendation that his case be dismissed [Dckt. Nos. 191, 205, 208]. Moreover, Defendants intend to introduce multiple exhibits at Plaintiff's continued deposition, which the Court limited to three (3) hours. Thus, it is critical that Plaintiff has the necessary technical support to ensure a smooth, and uninterrupted deposition.

In light of Plaintiff, and Plaintiff's counsel's, documented history of litigation misconduct[3],

---

[2] The August 10th letters stated: "[t]he arrangements are the [same] as before, zoom, with defendants' providing the link."

[3] *See* [Dckt. No. 58] ["Before writing to the Court and further clogging the docket, [Attorney Finkelstein] should read my Individual Practices"]; *see also* [Dckt. Nos. 20, 21, 25, 27, 30, 31, 34, 42, 80] [Plaintiff's letter motions filed in derogation of this Court's Individual Motion Practice Rules]; *see also* [Dckt. No. 53] [Admonishing Attorney Finkelstein for failing to respond to outstanding discovery requests, under threat of sanctions]; [Dckt. Nos. 75] [Sanctioning Attorney Finkelstein for failure to comply with August 7 Order]; [Dckt. No. 79] [Admonishing Attorney Finkelstein to meet and confer and to cooperate with Defendants' counsel without resort to court intervention "and to follow the process set forth in [the Court's] August 7 Order."]; [Dckt. No. 112-4 at 6:25 – 7:2] [October 14, 2020 Transcript] (Court stating that obtaining truthful information from Plaintiff's counsel was akin to "drawing blood from a stone"); [*Id*. at 13:10] [October 14, 2020 Transcript] ("The Court: All right, so [Plaintiff's counsel] is obfuscating"); [Dckt. No. 126] [Admonishing Attorney Finkelstein for failing to comply with Individual Motion Practice Rules]; [Dckt. No. 142] [Ordering Plaintiff and Plaintiff's counsel to file two sworn statements, under penalty of perjury, and scheduling an issue-framed hearing, due to Plaintiff's counsel's dilatory conduct]; [Dckt. No. 157] [Admonishing Plaintiff, "once again for…[failing] to appropriately meet and confer prior to raising [his] disputes with the Court."]; [Dckt. No. 163] [Noting Plaintiff's counsel's failure to comply with this Court's April 16, 2021 Order and August 7, 2021 Order]; [Dckt. No. 169] [Ordering Attorney Finkelstein to show cause why he should not be sanctioned for

and the express directives continued in Your Honor's August 4, 2021 order, it is respectfully requested that the Court recommend that "[Plaintiff's] case be dismissed for failure to obey discovery orders pursuant to Federal Rule of Civil Procedure 37(b) and/or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)…." [Dckt. No. 208].

### II. Plaintiff has Failed to Rebut Defendants' Entitlement to an Award of Attorneys' Fees

Plaintiff's August 11, 2021 letter [Dckt. No. 211] primarily argues that Defendants have not satisfied the legal threshold for being awarded sanctions under Fed.R.Civ.P. 37(d). This argument is legally and factually flawed because for reasons stated on the July 23, 2021 and August 4, 2021 telephonic conferences, the Court had determined that Plaintiff had knowingly, without substantial justification, failed to appear for the Court-ordered July 23, 2021 telephonic conference and deposition. Thus, the Court had already determined Defendants' entitlement to fees. To the extent that Plaintiff seeks to re-litigate that issue, the proper procedure would have been to file a motion for reconsideration under Fed.R.Civ.P. 60.

Next, Plaintiff argues that Defendants' fee application should be reduced for: (i) "not provid[ing] any time sheets…prior to July 8[,] [2021]"[4]; (ii) time spent preparing for Plaintiff's deposition on July 22, 2021; and (iii) time spent preparing for Plaintiff's deposition, beyond "reviewing [deposition] outlines already prepared." [Dckt. No. 211 at p. 3].

Critically, Plaintiff does not dispute the undersigned law firm's proposed hourly rates[5], only the requested fee amount of $1,881.25. Here, the number of hours (*i.e.,* seven [7]) expended between July 8, 2021 and July 23, 2021 are reasonable, particularly in light of the amount of work necessitated by Plaintiff and his counsel's litigation misconduct – *to wit*: coordinating deposition logistics, obtaining Court intervention, attempting to meet-and-confer with Plaintiff's counsel, reviewing and preparing a deposition outline, and attending multiple telephonic conferences.

---

violating the Court's March 2, 2021 Order]; [Dckt. No. 172] [Failing to meet-and-confer with Defendants' counsel before seeking extension]; [Dckt. No. 174] [same]; [Dckt. No. 176] [Admonishing Plaintiff "for persistent failure to abide by the Court's Individual Rules"]; [Dckt. No. 177] [Plaintiff's motion seeking discovery and sanctions filed in derogation of the Court's April 30, 2021 Order]; [Dckt. No. 181] [Admonishing Plaintiff for filling an untimely response to the Order to Show Cause]; [Dckt. No. 184] [Imposing sanctions against Attorney Finkelstein for misconduct during Plaintiff's deposition]; [Dckt. No. 186] [Reiterating that the Court "will not tolerate speaking objections (or other dilatory tactics) from Plaintiff's counsel."][ [Dckt. No. 189] [Denying Plaintiff's counsel's "inappropriate" request for a discovery conference, in violation of the Court's April 30, 2021 Order; [Dckt. No. 191] [warning that Plaintiff's "failure to obey discovery orders" would result in a recommendation that his case be dismissed]; [Dckt. No. 193] [noting "Plaintiff's counsel's obfuscation"]; [Dckt. No. 201] [Noting Plaintiff's counsel's failure to abide by discovery protocols]; [Dckt. No. 205] [noting Plaintiff's failure to appear for Court-ordered telephone conference, granting Defendants' attorneys' fees and costs, warning Plaintiff *a second time* that his "failure to obey discovery orders" would result in a recommendation that his case be dismissed]; [Dckt. No. 208] [warning Plaintiff *a third time* that his "failure to obey discovery orders" would result in a recommendation that his case be dismissed."]

[4] The July 23, 2021 Order expressly directed Defendants to submit "contemporaneous time records from July 8, 2021 through July 22, 2021." [Dckt. No. 205].

[5] Plaintiff's averment that Defendants' counsel's billing rate is "grossly high" is not supported by any factual or legal basis. [Dckt. No. 21

Thus, Defendants' requested fee application should be approved.

### III.  Conclusion

In light of the foregoing, Defendants respectfully request that the Court: (i) recommend that "[Plaintiff's] case be dismissed for failure to obey discovery orders pursuant to Federal Rule of Civil Procedure 37(b) and/or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)…." [Dckt. No. 208]; and (ii) grant Defendants an award of attorneys' fees in the amount of $1,881.25.

If the Court is not inclined to recommend dismissal at this stage, Defendants respectfully request that the Court: (i) order Plaintiff to file a sworn affidavit, detailing his efforts to ensure that his continued video deposition will progress smoothly, without interruption; (ii) order Plaintiff to appear for his continued video deposition on August 26, 2021; in addition to (iii) granting Defendants an award of attorneys' fees in the amount of $1,881.25.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

       Respectfully submitted,

       LEVIN-EPSTEIN & ASSOCIATES, P.C.

       By: */s/ Jason Mizrahi*
       Jason Mizrahi
       60 East 42nd Street, Suite 4700
       New York, NY 10165
       Tel. No.:  (212) 792-0048
       Email: Jason@levinepstein.com
       *Attorneys for Defendants*

VIA ECF: All Counsel