STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

August 4th, 2020

The Honorable Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

I write the Court in response to the sordid letter labeled as an 'emergency' by defendants' today's date. On July 7, 2020 I wrote to your Honor [DE 50] that defendants had not responded to any of our Discovery requests. Subsequently, your Order [DE 51] placed a deadline on defendants to respond by July 14, 2020 and if not, sanctions to abide. They responded, as I indicated, but to only two of our Requests (Documents, and one of the Interrogatory Requests) and to those, they not only objected to each and every one, totaling fifty, but answered not one of them. The other three Requests were completely ignored.

For the past week and a half I have been emailing and calling them to set up a meet and confer which finally which took place today at 4:00 pm and ended at 4:15 pm. Mr. Mizrahi told me, in no uncertain terms, that he would not be supplementing any of the so called 'responses' that they did give, but incredibly, he would not respond at all to the three other Requests.

I told him I'd be making a Motion to the Court to compel and seeking sanctions, and he replied 'we'll stretch this thing out as long as we can so that you'll be in jail before this case is resolved". I terminated the call and then strictly by coincidence, his "emergency letter" is filed with the Court some two hours later!

The letter is nothing more than a regurgitation of what has been a matter of public record for ten months. Regarding his self-made law as to the validity of my Notary stamp, it is certainly not his say to pontificate on. First, I did in fact write 2024 for the expiration date. No one goes out of her/his way to spend needless monies to order a new stamp when the Notary expires in the same decade, and second, I did submit my application for its renewal but pursuant to the Office of the County Clerk in their letter to me: *"Please be advised that your identification card is issued by the Department of State in Albany and there could be a delay of more than 6 months before the card is mailed to you".* Such is the situation here. My stamp just recently expired, i.e. three weeks ago.

It is such an emergency that these lawyers did nothing about this bogus happening for ten months. Maybe defendants' counsel forgot, but under the Federal Rules of Civil Procedure, they are entitled to a deposition of my client, as I am of theirs. Yet, they chose to deceitfully hold this nonsense in their back pocket, just to stall, delay, and harass. The most powerful U.S. Attorney's Office in the country <u>subpoenaed and spoke directly to my client and rightfully, nothing came of it.</u> My client has appeared in this courthouse numerous times in other cases in this very district. I have communicated with my client over 75 times since the time period addressed (November 2019) in defendant's counsel's letter. Ten months have passed with this supposed smoking gun information and yet nothing concerning same was ever brought up. In these past ten months, Plaintiff's standing and legitimacy have been questioned numerous times with Plaintiff having to respond to such challenges. Each and every case initiated by Mr. Antolini has not been dismissed or even contested with any framed issue hearing as these deceitfully defendants claim. Yet again, they engage in their old tricks—lies on top of more lies. Moreover, in violation of law, they put Mr. Antolini's confidential interrogatory responses on Pacer. When does it stop?

But against this mountain of legitimate proof positive, these defendants contend that a lying recounting of a ten-month old shameful journalist (who admits to knowing one of the defendants for twenty-nine years) endeavor gives cause to upend the civil litigatory rights and abridge my client's substantive rights. Your Honor, nothing has changed. The only 'new' (not actually new, ten months old) fact in dispute is this bogus narrative from a yellow journalist reporter who admittedly is close friends with the defendant in this very suit. Plaintiff does not believe that just because someone conjures up false narratives, that this Court (or any court) need take them so seriously as to unjustly put my client on the defensive and more importantly, get their wish granted that the case never goes to trial. Plaintiff believes that defendants conduct is akin to bad faith and should be appropriately admonished under Fed. R. Civ. P. 11.

Your Honor, what this person did to gain entry to my client's house is absolutely disgusting. He lied to Mr. Antolini's 91- year old mother, (Dino was taking a nap when this person came to the door) telling her that he was a friend of Dino's from high school. In fact, Mr. Antolini called me immediately after this 'reporter' was kicked out and was extremely distraught. Mr. Antolini said that this man had made his mother extremely upset and uncomfortable and asked me to make sure this did not happen again. Plaintiff's phone and e-mail records will show same of course as Mr. Antolini called me late that very night (and we spoke numerous times the next day) which he would of course provide should the court request such materials). My client provided me with his number and I spoke to the man after he harassed my client. He frantically tried to tell me that he was sorry for disturbing my client's mother and then, what can only be considered as pathological, asked me if he could go back to his house, this time more respectfully. I told him that if he harassed my client again, the appropriate law enforcement authorities would take swift action against him.

The 'conversation' that these lawyers have based their letter on did not happen. They have made this up; this is now the 6th time they have just made up facts in this lawsuit. The record will bear us out. The slanderous lies that have been concocted from the brain-trust of these two attorneys are hell bent on obstructing this litigation and is attempting to make a mockery of this Court and the judicial process as a whole. Their conduct cannot be said to be undertaken in good faith. Fed. R. Civ. P 11 1982 advisory committee notes states that "the amended rule attempts to deal with the problem by building upon and expanding the equitable doctrine permitting the court to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." In ten months, never once did they raise this drivel as an issue to Plaintiff's counsel or

the Court. Their request is made in bad faith; there may be no other interpretation. Plaintiff prays that your Honor see this conduct for what it truly is and levy sanctions against defendants and their counsel for their bad faith misconduct.

Respectfully submitted, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To counsel of record via Pacer