UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DINO ANTOLINI,   Case No.: 1:19-cv-9038

                Plaintiff,

    -against-

AMY MCCLOSKEY, THERESA LAURENT,
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL
ESTATE LLC,

               Defendants.
-------------------------------------------------------------X

Plaintiff, DINO ANTOLINI, by his Attorney, Stuart H. Finkelstein, hereby responds to Defendants First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The responses below and any documents produced with respect to these interrogatories shall not be deemed a waiver of any general or specific objections or privileges set forth below and the Plaintiff expressly reserves all objections and privileges.

Plaintiff expressly reserve their right to amend and/or supplement the responses herein and identification of documents withheld on the basis of privilege.

Plaintiff submit these answers and objections without conceding the relevancy or materiality of the subject matter of anything contained in the documents, the notice, or interrogatories with respect to which the documents are produced, and without prejudice to the Plaintiff rights to object to further discovery, or to object to the admissibility of anything contained herein or in such documents or the subject matter thereof at trial. Plaintiff does not, by this response, waive any privilege with respect to any document.

Plaintiff reserves the right to object to further discovery concerning the Interrogatories now being responded to upon any valid grounds.

Plaintiff reserves the right to amend and/or supplement this response herein at any time up to and including the time of trial.

Plaintiff objects to defendants' requests to the extent that they seek a legal opinion, the production of information and/or documents that are privileged, protected by the attorney-client privilege, which constitute work product or are not reasonably limited in time. By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers. All responses are made expressly subject to, and without waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

All specific objections hereinafter set forth shall be deemed to incorporate the general objections set forth above.

The production of any document by the Plaintiff is not intended to waive any privilege, right or objection on the part of Plaintiff as to any such document. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of the Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. In the event that a privileged document is inadvertently produced by the Plaintiff, the right and privilege is hereby reserved and retained to demand the return of any such document and all copies thereof.

## INTERROGATORIES

INTERROGATORY NO. 1:

Did you execute a retainer agreement authorizing Stuart H. Finkelstein to represent you for the purpose of commencing and prosecuting the Action?

yes

INTERROGATORY NO. 2, 3, 4

INTERROGATORY NO. 5:

Identify the exact date and time which you attempted to access the Property.
On or about the first week of August, 2019

INTERROGATORY NO. 6:

Identify each of the barriers you encountered that deterred you from patronizing the Property as alleged in the Complaint.

There are eight steps (at the exterior side of the entrance door which has a change in level greater than ½ inch high) which is a total barricade to access, among others.

INTERROGATORY NO. 7:

Identify the person who photographed the Property, as depicted in in the two photographs annexed to the Complaint.

My attorney, Stuart Finkelstein

INTERROGATORY NO. 8:

Did you review the Complaint before it was filed with the Court?
Yes
INTERROGATORY NO. 9: Prior to the filing of the Complaint in this Action, did you communicate with Stuart H. Finkelstein related to this Action?

Yes

INTERROGATORY NO. 10:
Describe in detail the nature of your alleged visit(s) to the Property between August 2019

through March 2020.

See Plaintiff's Complaint; unintelligible, vague, duplicative, burdensome, overbroad, ambiguous, and to be responded to at Plaintiff's deposition.

## VERIFICATION

I, Dino Antolini, verify under penalty perjury that the foregoing facts and statements within the responses to interrogatories directed to me are true and correct.

DINO ANTOLINI

*[signature]*

Dino Antolini

7/22/20

Dated

STUART H. FINKELSTEIN
Notary Public, State of New York
Reg. No. 02F16344841
Qualified in Nassau County
My Commission Expires 07/11/2024

Sworn to before me on this

22 day of July 2020

*[signature]*

Notary Public

Stuart H. Finkelstein, Esq., an attorney duly admitted to practice law before the United States District Court, Southern District of New York, duly affirms under the penalties of perjury pursuant to 28 U.S.C. §1746 that the responses given by Plaintiff are upon information and belief true and accurate.

*[signature]*

Stuart H. Finkelstein, Esq.
Dated: July 22, 2020