# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

September 14, 2021

***Via Electronic Filing***
The Honorable Stewart D. Aaron, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *Antolini v. McCloskey et al*
       **Case No.: 1:19-cv-09038-GBD**

Dear Honorable Magistrate Judge Aaron:

  This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate (collectively, the "Defendants") in the above-referenced action.

  Pursuant to Your Honor's Individual Practice Rules I(A) and II(A), this letter respectfully serves to respond to Plaintiff's September 13, 2021 letter motion: (i) to compel discovery; and (ii) for an extension of time to file Plaintiff's motion for sanctions, pursuant to paragraph 2(a) of Your Honor's August 26, 2021 Order [Dckt. No. 220], from September 14, 2021 to September 28, 2021.

  With respect to Plaintiff's request to compel, the motion should be denied for two, independent basis. First, under the Fed.R.Civ.P., and Local Civil Rules of S.D.N.Y., the landlord Defendants' time to respond to Plaintiff's discovery requests[1] accrued beginning August 31, 2021 [Dckt. No. 224], *i.e.,* the day the Court lifted the discovery stay entered on April 30, 2021 [Dckt. No. 166]. *See* Fed.R.Civ.P. 34(b)(2)(a). The undersigned law firm has confirmed that written responses would be provided in due course, pursuant to Fed.R.Civ.P. 34(b)(2)(a). Separately, the undersigned law firm is awaiting confirmation from the landlord defendant's Fed.R.Civ.P. 30(b)(6) for his availability for a deposition.

  Second, Plaintiff's motion to compel was filed in derogation of:

1. Paragraph 3 of Your Honor's August 7, 2020 Order [Dckt. No. 63], which contains meet-and-conferral directives for any discovery disputes;

2. Your Honor's Individual Rule I(D) ("Requests for Adjournments or Extensions of Time"), which states in pertinent part:

  Requests to adjourn a court conference or court proceeding (including a telephonic court conference) or to extend a deadline must be made by Letter-Motion, ***after consultation with all affected parties,*** and must state: (1) the original date of the

---

[1] Plaintiff's discovery requests to Defendants Eddie C K Chung and C&S Millennium Real Estate were first propounded on May 1, 2021, *i.e.,* after the Court's April 30, 2021 Order [Dckt. No. 166], staying discovery, was in effect.

    conference, proceeding or deadline; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

    All requests for extension of a deadline must be made in advance of the deadline to be extended. Absent unforeseeable emergencies, all requests for adjournment of a court conference or other court proceeding (including a telephonic court conference) must be made at least 72 hours in advance of the proceeding to be adjourned, and must include at least two proposed dates, on which all counsel are available, for the adjourned proceeding.

3. Your Honor's Individual Rule II(A) ("Requirement to Meet and Confer"), which states in pertinent part:

    No discovery dispute shall be heard unless the moving party (including a non-party seeking relief) has first *conferred in good faith with the adverse party or parties by telephone or in person in an effort to resolve the dispute.*

4. Your Honor's June 1, 2021 Memo Endorsement at Docket No. 176, which notes, in pertinent part:

    The Court admonishes Plaintiff for persistent failure to abide by the Court's Individual Rules, which provide at Paragraph I.D that *"[requests... to extend a deadline must be made... after consultation with all affected parties, and must state... whether all affected parties consent [and,] if not, the reasons given for refusing." Such consultation is mandatory. The Court notes that the requesting party is not excused from its obligation to consult by the fact that the other party states that it is recording a telephone call*, nor by any purported "[i]nab[ility]" to leave a voice mail message." The Court notes that such mandatory extension request from Plaintiff in which Plaintiff fails to make a showing of reasonable due diligence to consult with Defendant prior to making such request. So Ordered.

    [Dckt. No. 176] (emphasis added).

With respect to Plaintiff's request for a two (2) week extension of time to file his motion for sanctions, Plaintiff previously consented to Defendants' request to file the August 26th Deposition transcript on September 10, 2021. [*See* Dckt. No. 229].

Notwithstanding the foregoing, Defendants take no position on Plaintiff's extension request.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

            Respectfully submitted,

            LEVIN-EPSTEIN & ASSOCIATES, P.C.

          By: */s/ Jason Mizrahi*
            Jason Mizrahi
            60 East 42nd Street, Suite 4700
            New York, NY 10165
            Tel. No.: (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Defendants*

VIA ECF: All Counsel