UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Dino Antolini,                                           Case No.: 1:19-cv-09038

                              *Plaintiff*,                         Hon. District Judge
                                                            George B. Daniels

               -*against*-

Amy McCloskey, Theresa Laurent, Dimur Enterprises Inc., Eddie C K Chung, and C&S Millenium Real Estate LLC,

                                      *Defendants*.
------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO THE NOVEMBER 19, 2021 OPINION AND ORDER OF THE HONORABLE STEWART D. AARON AND <u>MOTION TO STAY THE IMPOSITION OF SANCTIONS</u>

                                                          **LEVIN-EPSTEIN & ASSOCIATES, P.C.**
                                                          Jason Mizrahi, Esq.
                                                          Joshua Levin-Epstein, Esq.
                                                          60 East 42nd Street, Suite 4700
                                                          New York, NY  10165
                                                          *Attorneys for Defendants*

Dated: New York, New York
         December 14, 2021

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................................................ ii

**PRELIMINARY STATEMENT** ................................................................................................... 1

**RELEVANT PROCEDURAL HISTORY**.................................................................................... 4

    A. The June 1, 2021 Order of Reference to a Magistrate Judge............................................. 4

    B. The Court's November 19, 2021 Sanctions Order, and Plaintiff's Objection ................... 4

**LEGAL STANDARD** .................................................................................................................. 5

    I. Review of a Magistrate Judge's Order.............................................................................. 5

    II. Stay of a Magistrate Judge's Order................................................................................... 5

**ARGUMENT**................................................................................................................................ 6

    I. Attorney Finkelstein's Inexplicable Failure to Address Certain Portions Results in Waiver and Abandonment ............................................................................................................. 8

    II. Magistrate Judge Aaron did not Abuse his Discretion or Misapply the Law in Denying Plaintiff's Motion for Sanctions........................................................................................ 9

        A. Defendants Were Free to Impeach Plaintiff's Credibility ................................................. 9

        B. The Lines of Inquiry At-Issue are Discoverable Pursuant to Fed.R.Civ.P. 26(b)(1)........ 10

    III. Magistrate Judge Aaron did not Abuse his Discretion or Misapply the Law in Sanctioning Plaintiff and Attorney Finkelstein..................................................................................... 12

    IV. The Motion to Stay is Frivolous, and Should be Denied................................................. 13

**CONCLUSION** .......................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. Larose*,
   2020 WL 5632659 (S.D. Cal. 2020) ................................................................................. 6

*Antetokounmpo v. Paleo Prods. LLC*,
   2021 WL 4864537 (S.D.N.Y. 2021) ................................................................................. 8

*Cruz v. Decker*,
   2019 WL 6318627 (S.D.N.Y. 2019) ................................................................................. 6

*Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*,
   2016 WL 2944685 (S.D.N.Y. 2016) ............................................................................... 12

*Grossman v. Schwarz*,
   1989 WL 46594 (S.D.N.Y. 1989) ..................................................................................... 6

*Immerso v. U.S. Dep't of Lab.*,
   2021 WL 3185531 (E.D.N.Y. 2021) ............................................................................... 12

*Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*,
   2020 WL 1480465 (S.D.N.Y. Mar. 2020) ........................................................................ 5

*Kennedy Stock, LLC v. NLS New York Inc.*,
   2021 WL 5013737 (S.D.N.Y. 2021) ............................................................................... 10

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
   124 F.R.D. 75 (S.D.N.Y. 1989) ........................................................................................ 5

*Pacheco v. Chickpea at 14th St. Inc.*,
   2019 WL 3554460 (S.D.N.Y. 2019) ............................................................................... 12

*Sec. & Exch. Comm'n v. Am. Growth Funding II, LLC*,
   2018 WL 6322145 (S.D.N.Y. 2018) ............................................................................... 10

*Sutherland v. Ernst & Young LLP*,
   856 F. Supp. 2d 638 (S.D.N.Y. 2012) ........................................................................ 7, 14

*Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*,
   924 F. Supp. 2d 508 (S.D.N.Y. 2013) .............................................................................. 6

*Thompson v. United States*,
    2017 WL 2666115 (S.D.N.Y. 2017) .................................................................................. 7

*Vaigasi v. Solow Mgmt. Corp.*,
    2016 WL 616386 (S.D.N.Y. 2016) .................................................................................... 5

**<u>Statutes</u>**

28 U.S.C. § 636(b)(1)(A) .............................................................................................................. 5

Defendants[1], by and through the undersigned counsel, respectfully submit this Memorandum of Law in opposition to Plaintiff Dino Antolini's ("Plaintiff") objection (the "Objection" or "*Obj.*") to the November 19, 2021 Opinion and Order of the Honorable Magistrate Judge Stewart D. Aaron [Dckt. No. 256] (the "Opinion and Order") and incorporated motion to stay the imposition of sanctions ("Motion to Stay"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 72(a) and 28 U.S.C. § 636(b)(1), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

By Order dated July 20, 2021 [Dckt. No. 198] (the "July 20 Order"), this Court explicitly admonished Attorney Finkelstein that:

> "this Court is aware of Mr. Finkelstein's dilatory conduct during discovery and that Magistrate Judge Aaron previously imposed sanctions on Mr. Finkelstein based on his conduct at his client's deposition…**Thus, Mr. Finkelstein is warned that the continuance of such behavior will result in all appropriate sanctions**."

[*Id.* at p. 6] (emphasis added). Attorney Finkelstein did not heed the Court's clearing warning in the July 20 Order. Nor did Attorney Finkelstein heed a total six (6) independent written warnings, as of July 20, 2021, that any deposition misconduct would result in sanctions. [*See* Dckt. No. 150 at ¶ 3[2]]; [Dckt. No. 167-1 at 40:13-22[3]]; [*id.* at 51:10-25-52:2-4[4]]; [Dckt. No. 184 at p. 4[5]]; [Dckt.

---

[1] "Defendants" collectively refer to Amy McCloskey, Theresa Laurent, Dimur Enterprises Inc., Eddie C K Chung and C&S Millenium Real Estate LLC.
[2] "…[T]here shall be no objections at Plaintiff's deposition other than objections to form and objections on the basis of privilege, and only in the case of the latter may Plaintiff decline to answer the question posed."
[3] "I'm going to be crystal clear. You may object to the form of a question or object -- state any objection you want to any question with the word objection. You are not permitted to instruct the witness not to answer except on privilege grounds or give any other instructions or speak any other words than the word objection."
[4] "You're allowed to say the word objection. That's it…in the event that the speaking objections continue, and I will impose sanctions for each and every speaking objection you make, Mr. Finkelstein I haven't figured out what the -- what the number is, what the dollar figure is, but it will be significant. So if you choose to continue to behaving in this manner in violation of my ruling, there will be financial consequences associated with it."
[5] "If Defendants choose to continue Plaintiff's deposition, they should rest assured that, if Finkelstein at the continued deposition continues to violate Court Orders, severe sanctions shall be imposed, which may include my recommendation to District Judge Daniels that this case be dismissed unless Plaintiff secures new counsel."

1

No. 186[6]; [Dckt. No. 198 at p. 6[7]]. Since the entry of the Court's July 20 Order, the Honorable Magistrate Judge Aaron sanctioned Attorney Finkelstein twice for deposition related misconduct. The first sanction award arose of out Attorney Finkelstein (and Plaintiff's) gamesmanship in the obstruction of the scheduling Plaintiff's continued deposition.[8] The second sanctions award arose out of Attorney Finkelstein's deposition misconduct at Plaintiff's continued deposition held on August 26, 2021.

The Honorable Magistrate Judge Aaron issued a well-reasoned twenty-nine (29) page Opinion and Order: (i) sanctioning Attorney Finkelstein $6,250 payable to the Clerk of the Court for making 39 improper speaking objections, and 43[9] unwarranted instructions not to answer at Plaintiff's April 19, 2021 and August 26, 2021 depositions; (ii) sanctioning Attorney Finkelstein Defendants' reasonable attorneys' fees and costs[10] incurred in preparing the briefing necessitated by Attorney Finkelstein's deposition misconduct; and (iii) sanctioning Plaintiff and Attorney Finkelstein $787.50 for canceling Plaintiff's continued deposition on July 23, 2021[11]. Thus, Attorney Finkelstein has been sanctioned ***three***[12] separate times related to discovery misconduct.

Despite three sanctions orders, Attorney Finkelstein's contempt for this Court's orders continues in the prosecution of a ***second*** patently frivolous objection to another carefully considered and meticulously supported order issued by the Honorable Magistrate Judge Aaron.

---

[6] "The Court reiterates that it will not tolerate speaking objections (or other dilatory tactics) from Plaintiff's counsel"
[7] "[T]his Court is aware of Mr. Finkelstein's dilatory conduct during discovery and that Magistrate Judge Aaron previously imposed sanctions on Mr. Finkelstein based on his conduct at his client's deposition…Thus, Mr. Finkelstein is warned that the continuance of such behavior will result in all appropriate sanctions."
[8] [*See* Dckt. No. 184 at p. 2] ("Based on Finkelstein's conduct, the Court will impose sanctions on him. The Court will base the extent and/or amount of such sanctions on the totality of Finkelstein's conduct during Plaintiff's deposition, which remains open.")
[9] The Court did not count instances where Finkelstein instructed Plaintiff not to answer on the basis of the attorney-client privilege or of a Court Order—notwithstanding the Court's belief that the majority of these invocations lacked merit. [*See* Opinion and Order at p. 24].
[10] [*Id.* at pp. 24-25].
[11] [*Id.* at pp. 25-28].
[12] [Dckt. Nos. 79, 184, and 256].

Undeterred by this Court's Memorandum Decision and Order adopting Magistrate Judge Aaron's December 23, 2020 Report and Recommendation (the "R&R") [Dckt. No. 132], Attorney Finkelstein has, once again, failed to heed the Court's instruction in its adoption of the R&R that Attorney's Finkelstein's application: (i) "fail[ed] to articulate any legal standard"; and (ii) "fail[ed] to comport with the requirements of Local Civil Rule ["LCR"] 6.1, as it fail[ed] to attach a notice of motion, [or] a supporting affidavit." [*See* Dckt. No. 198 at p. 2 n.1]. The same legal infirmities contained in Attorney Finkelstein's objection to the R&R doom Attorney Finkelstein's instant application.[13]

Further aggravating matters, Attorney's Finkelstein application to stay the award of monetary sanctions under the Opinion and Order is legally meritless. Without any legal justification, Attorney Finkelstein seeks the suspension of the following upcoming payment deadlines: (i) the amount of $6,250 is payable to the Clerk of Court on or before December 19, 2021 [Opinion and Order at p. 28], (ii) the amount of Defendants' reasonable attorneys' fees and costs related to the sanctions briefing is payable following submittal of briefing on a fee application, [*id*.] and (iii) the amount of $787.50 is payable to Defendants on or before December 19, 2021. [*Id*.]. Respectfully, enough is enough.

The instant application marks the ***third*** specious motion briefing interposed by Attorney Finkelstein. The first motion to overrule the R&R had no legal support and "fail[ed] to articulate any legal standard"[14]; the second motion to sanction the undersigned firm for deposition related misconduct was denied because it had no factual or legal basis to support sanctions[15]; and the

---

[13] Plaintiff's application, once again, fails to articulate any legal standard in support of staying the Court's sanctions order. [*Obj*. at pp. 28-31]. Plaintiff's application – once again – fails to comport with the requirements of LCR 6.1, as it fails to attach a notice of motion, or a supporting affidavit." [*See* Dckt. No. 198 at p. 2 n.1].
[14] [*Id*.].
[15] [Dckt. No 256 at p. 20] ("Thus, the Court finds none of the lines of questioning about which Plaintiff complains unreasonable, let alone abusive, oppressive or conducted in bad faith.")

3

instant application for emergency relief is similarly factually and legally baseless for the exact same reasons this Court articulated in its adoption of Magistrate Judge Aaron's R&R.

Accordingly, for the reasons set more fully below, the Court should respectfully overrule the Objection, deny the Motion to Stay, affirm the Opinion and Order in all respects.

## RELEVANT PROCEDURAL HISTORY

Defendants' memoranda of law dated June 18, 2021 [Dckt. Nos. 182-183], September 14, 2021 [Dckt. Nos. 235-236], October 15, 2021 [Dckt. No. 248], and October 18, 2021 [Dckt. No. 249] comprehensively addressed and refuted the majority of the baseless arguments in Plaintiff's Objection. In the interest of brevity and to avoid duplication of efforts, Defendants respectfully incorporate the relevant procedural history and analysis in the Memoranda of Law, to the extent relevant, herein.

### A. The June 1, 2021 Order of Reference to a Magistrate Judge

On June 1, 2021, the Honorable George B. Daniels referred the instant matter to Magistrate Judge Aaron for general pretrial and dispositive motions. [Dckt. No. 36].

### B. The Court's November 19, 2021 Sanctions Order, and Plaintiff's Objection

On November 19, 2021, the Court entered the Opinion and Order, denying Plaintiff's motion for sanctions dated October 5, 2021 [Dckt. Nos. 245-246], and granting in part and denying in part Defendants' requests for sanctions dated June 18, 2021 [Dckt. Nos. 182-183], September 14, 2021 [Dckt. Nos. 235-236], and October 18, 2021 [Dckt. No. 249].

Plaintiff filed the instant Objection and Motion to Stay on December 3, 2021. [Dckt. No. 258]. Plaintiff's Motion to Stay was not accompanied by a notice of motion, or a supporting affidavit, in violation of LCR 6.1.

# LEGAL STANDARD

## I. Review of a Magistrate Judge's Order

Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). "The district court reviews [a magistrate judge's order relating to a nondispositive pretrial matter] under the clearly erroneous or contrary to law standard." *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1480465, at *2 (S.D.N.Y. Mar. 2020) (internal quotation omitted) (citing § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.' *Id.* (citing *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Id.* (citing *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Id.* (citing *Winfield v. City of New York*, 2017 WL 5054727, at *2 (S.D.N.Y. 2017)). "[A] party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Id.* (citing *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 WL 2327068, at *1 (S.D.N.Y. 2007)).

## II. Stay of a Magistrate Judge's Order

Filing an objection pursuant to Fed.R.Civ.P. 72 does not automatically stay the Magistrate Judge's order. *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *21 (S.D.N.Y. 2016); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). If that were the case, "parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection." *Alvarez v.*

5

*Larose*, 2020 WL 5632659, at *2 (S.D. Cal. 2020). "…[C]ourts have admonished parties who plan to file Rule 72 objections to magistrate judges' orders for failing to file immediate *ex parte* applications to stay implementation of the orders, instead waiting to raise their stay requests concomitantly with the objections." *Id.*; *see also Grossman v. Schwarz*, 1989 WL 46594, at *1 (S.D.N.Y. 1989). "Factors govern[ing] a district court's decision to grant a stay pending appeal…are not applicable to an application for a discovery stay. A discovery stay may be entered upon the moving party's showing of 'good cause' or 'where resolution of a preliminary motion may dispose of an entire action.'" *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508 (S.D.N.Y. 2013) (citing *Siemens Credit Corp. v. Am. Tran. Ins. Co.*, 2000 WL 534497, at *1 (S.D.N.Y. 2000)).

## ARGUMENT

Magistrate Judge Aaron's Opinion and Order is not clearly erroneous or contrary to law. At the outset, an assessment of clear error is highly deferential, and such error may be found only if a Magistrate Judge abused his discretion or applied the law incorrectly. *Cruz v. Decker*, 2019 WL 6318627, at *4 (S.D.N.Y. 2019) (citing *Winfield*, 2017 WL 5054727 at *2). Magistrate Judge Aaron did not misapply relevant statutes or case law in deciding that: (i) attorney Jason Mizrahi's deposition conduct did not warrant sanctions; (ii) sanctions against Attorney Finkelstein were warranted pursuant to Fed.R.Civ.P. 30(d)(2), 37(b), 37(d), 28 U.S.C. § 1927 and the Court's inherent powers. Indeed, Plaintiff acknowledged these legal standards in seeking sanctions against Defendants. [*See* Dckt. No. 246 at pp. 4[16], 7-9].

Attorney Finkelstein aims his objections at the underlying sanctions orders themselves, and, in doing so, largely rehashes arguments that Magistrate Judge Aaron has already considered

---

[16] "Pursuant to Fed. R. Civ. P. 11(b), 30(d), 37(b), 16(f), 28 U.S.C. § 1927 and the inherent powers of this Honorable Court, Plaintiff prays for sanctions against the defendants."

6

thoroughly and rejected. For example, in both his original memoranda of law and Objection, Attorney Finkelstein argues that his conduct was "substantially justified" [*Cf.* Dckt. No. 181 at pp. 9-13 *and* Dckt. No. 224 at pp. 10-11, *with Obj.* at p. 16]. Because an objection to a Magistrate Judge's determination is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking "a second bite at the apple," reconsideration is not warranted here. *Thompson v. United States*, 2017 WL 2666115, at *3 (S.D.N.Y. 2017).

Furthermore, Plaintiff's Motion to Stay is plainly devoid of merit. Attorney Finkelstein has, once again, failed to heed the Court's instruction in its adoption of the R&R that Attorney's Finkelstein's application: (i) "fail[ed] to articulate any legal standard"; and (ii) "fail[ed] to comport with the requirements of Local Civil Rule ["LCR"] 6.1, as it fail[ed] to attach a notice of motion, [or] a supporting affidavit." [*See* Dckt. No. 198 at p. 2 n.1]. The same legal infirmities contained in Attorney Finkelstein's objection to the R&R doom Attorney Finkelstein's instant application. This time, however, Attorney Finkelstein's request for an emergency stay is so untethered from any legal basis that he miscites the case law as it relates to an application to stay a Magistrate's order.

Plaintiff case law is inapposite. Plaintiff cites to *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) for the following propositions:

1. "The determination whether to enter a stay pending the district court's ruling on R. 72 objections is within the discretion of the District Court."

2. "On a Rule 72 objection request for a stay, the test is not as exacting as a stay pending appellate review, as the test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal."

[*Obj.* at pp. 28, 29]. This is not the law. The introductory sentence of *Sutherland,* 856 F. Supp. 2d at 640 states, verbatim, as follows:

7

> "The determination whether to enter a stay pending an *interlocutory appeal* is within the discretion of the District Court."

(emphasis added). Neither *Sutherland*, nor any of the other four (4) Second Circuit[17] cases cited in the Objection, remotely support Plaintiff's claim that Fed.R.Civ.P. 72(a) provides injunctive relief. It is clear that Plaintiff has miscited the law relied on.

### I. Attorney Finkelstein's Inexplicable Failure to Address Certain Portions Results in Waiver and Abandonment

As a preliminary matter, Attorney Finkelstein has not objected to the portion of the Opinion and Order based on:

1. "[Attorney] Finkelstien['s]…indict[ment] for filing hundreds of fraudulent ADA lawsuits." [Opinion and Order at pp. 2 n.1, 17, 18].

2. "Plaintiff's medical records…indicat[ing] that he has a condition involving impaired memory." [*Id.* at pp. 17, 18].

3. "Plaintiff's medical records indicat[ing] that Plaintiff's doctor advised him against drinking." [*Id.* at p. 18].

4. "whether Plaintiff and [Attorney] Finkelstein have entered into a retainer agreement or a Power of Attorney." [*Id.* at pp. 11 n.14, 19 n.17].

5. "the methods and frequency of Plaintiff's communications with Finkelstein." [*Id.* at pp. 11 n.14, 19].

6. Plaintiff's various affidavits, filed under penalty of perjury, which contained dramatically different signatures. [*Id.* at pp. 11 n.13, 18].

The law is clear. "To accept those portions of the [opinion] to which no timely objection has been made,…a district court need only satisfy itself that there is no clear error on the face of the record." *Antetokounmpo v. Paleo Prods. LLC*, 2021 WL 4864537, at *2 (S.D.N.Y. 2021). It is clear that the conclusions in the Opinion and Order are well-reasoned with respect to these

---

[17] *E.g., Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 34–38 (2d Cir. 2010), *Vaigasi v. Solow Management Corp*., 2016 WL 616836 (S.D.N.Y. 2016), *Wapnick v. United States*, 2002 WL 985571 at *4 (E.D.N.Y. Mar. 28, 2002) and *Grossman v. Schwarz*, 1989 WL 46594, at *1 (S.D.N.Y. 1989) [*Obj.* at pp. 9, 29, 30].

inquiries. Accordingly, the Court should adopt these portions of the Opinion and Order at the outset.

    **II.    Magistrate Judge Aaron did not Abuse his Discretion or Misapply the Law in Denying Plaintiff's Motion for Sanctions**

Plaintiff objects to the portion of the Order and Opinion denying Plaintiff's Motion for Sanctions on the grounds that: (i) Magistrate Judge Aaron "reference[d]", and/or "rel[ied] on" hearsay evidence [Objection at pp. 10-12]; and (ii) Defendants' inquiries into Plaintiff's alcoholism, attorney-client relationship, and requests for clarification were done "in bad faith" [*id.* at pp. 12-16]. As set forth more fully below, Plaintiff has not raised any meritorious objections that would entitle him to relief.

    **A. Defendants Were Free to Impeach Plaintiff's Credibility**

On August 7, 2020, Magistrate Judge Aaron explicitly authorized Defendants to probe, *to wit*: Plaintiff's retention of Attorney Finkelstein in this action, and Plaintiff's responses to Defendants' first set of interrogatories. [*See* Dckt. No. 63 at ¶ 1[18]]. On October 14, 2020, Magistrate Judge Aaron explicitly authorized Defendants to probe, *to wit*: Plaintiff's responses to Defendants' second set of interrogatories. [Dckt. No. 109 at 13:10-22[19]]. Rather than objecting to, or appealing, the Court's August 7, 2020 or October 24, 2020 Orders, Attorney Finkelstein waited over one (1) year to object to these lines of inquiry, only after he had been sanctioned for deposition misconduct. This is inherently suspect.

Attorney Finkelstein is conflating the legal standard for the introduction of evidence at

---

[18] "When Defendants take the deposition of Plaintiff, they are free to ask questions regarding whether Plaintiff authorized Mr. Finkelstein to commence this action and/or regarding Plaintiff's interrogatory responses."

[19] "All right, so you're obfuscating. All I can say is, Mr. Mizrahi, you have ample fodder, for lack of a better term, for cross-examining Mr. Antolini and showing that his response to interrogatory number one is false. And you'll take his deposition, and, for lack of a better term, the chips will fall where they may. If you have other relief you want to seek after you take his deposition, you can seek it. But obviously, Mr. Finkelstein's making a representation here that this is all his client recalls, and you'll walk him through the 13 pages he produced, and you'll take his deposition; and, again, whatever relief you want to seek thereafter, you can seek."

summary judgment and/or trial, with the legal standard pertaining to general discovery matters before trial. The latter is clearly what Magistrate Judge Aaron contemplated when referencing the affidavit of investigative journalist Brad Hamilton, dated June 19, 2020 (the "Hamilton Aff."). The case law cited in support of Plaintiff's Objection makes this distinction clear. (*See Holmes v. Gaynor,* 313 F. Supp. 2d 345, 355 (S.D.N.Y. 2004) (considering admissibility of hearsay evidence at summary judgment); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 706 (S.D.N.Y. 1999) (same); *In re Sept. 11 Litig.*, 621 F. Supp. 2d 131 (S.D.N.Y. 2009) (same). The Defendants have every right under the discovery protocols to probe this issue during discovery. *See Sec. & Exch. Comm'n v. Am. Growth Funding II, LLC*, 2018 WL 6322145, at *9 (S.D.N.Y. 2018) (citing Fed. R. Evid. 801(d)(1), 803(5)).

Plaintiff fundamentally misapprehends the import of the Hamilton Aff. The twenty-nine (29) page Opinion and Order only references the Hamilton Aff. three times. [*See* Opinion and Order at pp. 2 n.2, 17, 18]. The first reference appears in the "Background" section of the Opinion and Order, which Plaintiff never objected to.[20] [*Id.* at p. 2 n.2]. The second and third references juxtapose the Hamilton Aff. with Attorney Finkelstein's criminal indictment and Plaintiff's sworn testimony at his April 19, 2021 deposition. [*Id.* at pp. 17, 18]. Thus, Magistrate Judge Aaron's reference to the Hamilton Aff. – to underscore the relevancy of Plaintiff's genuine intent to patronize Defendants' cocktail bar, and retention of Attorney Finkelstein – was wholly proper.

## B. The Lines of Inquiry At-Issue are Discoverable Pursuant to Fed.R.Civ.P. 26(b)(1)

Magistrate Judge Aaron correctly found "none of the lines of questioning about which Plaintiff

---

[20] "'Because the parties have not objected to the R&R's characterization of the background facts ..., the Court adopts the R&R's 'Background' section....'". *Kennedy Stock, LLC v. NLS New York Inc*., 2021 WL 5013737, at *1 n.1 (S.D.N.Y. 2021) (citing *Silverman v. 3D Total Solutions, Inc*., 2020 WL 1285049, at *1 n.1 (S.D.N.Y. 2020)).

complains unreasonable, let alone abusive, oppressive or conducted in bad faith." [Opinion and Order at p. 20]. As set forth, in great length, in Defendants' memoranda of law dated June 18, 2021 [Dckt. Nos. 182-183], September 14, 2021 [Dckt. Nos. 235-236], October 15, 2021 [Dckt. No. 248], and October 18, 2021 [Dckt. No. 249], the lines of inquiry Attorney Finkelstein complains of are probative into: (i) Defendants' Fourteenth Defense; and (ii) Defendants' counterclaims, which state as follows:

## AS AND FOR A FOUREENTH DEFENSE

106. Plaintiff is not entitled to the injunctive relief she seeks because she lacks standing to seek or receive such relief.

## COUNTERCLAIMS

### CAUSE OF ACTION ONE
### (Declaratory Judgment)

113. Defendants believe that if, as alleged, Plaintiff did not gain access to the facility on the alleged dates, it was because Plaintiff chose not to and had no intention to patronize the Defendants' business.

119. The instant Complaint filed by Plaintiff appears to be fraudulent and asserted for an improper purpose, and therefore, Defendants request that the Court enter an order for Declaratory Judgment in favor of Defendants that Plaintiff is a vexatious litigant

### CAUSE OF ACTION TWO
### (Fraud)

122. Defendants believe that if, as alleged, Plaintiff did not gain access to the facility on the alleged dates, it was because Plaintiff chose not to and had no intention to patronize the Defendants' business.

In support of his position, Attorney Finkelstein, unsuccessfully cites to the same cases relied upon in the underlying briefing. (*Cf.* Dckt. No. 246 at pp. 8, 10, 12, 21, *with* Objection at p. 13) (citing *Baines v. City of New York*, 2016 WL 3042787 (S.D.N.Y. 2016)); (*Cf.* Dckt. No. 246 at pp. 10, 13, 22, *with* Objection at pp. 15, 18) (citing *Scott-Iverson v. Independent Health Association*, Inc., 2017 WL 35453 (S.D.N.Y. 2017)); (*Cf.* Dckt. No. 181 at p. 9, and Dckt. No. 224 at

11

pp. 11, 12, 22, *with* Objection at p. 23) (citing *Cordero v. City of New York*, 2017 WL 2116699, at *6 (E.D.N.Y. 2017)).

Attorney Finkelstein's re-hashing of unsuccessful arguments, already decided adversely against him, is sanctionable. *See Immerso v. U.S. Dep't of Lab.*, 2021 WL 3185531, at *6 (E.D.N.Y. 2021) (sanctioning under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11(c) counsel for raising arguments that have already been decided adversely against him) ("At minimum, the volume and redundancy of [plaintiff's] filings, in pursuit of relief that the court has clearly explained that he is not entitled to receive, demonstrates that harassing and burdening the court and opposing counsel is among his primary objectives."); *Pacheco v. Chickpea at 14th St. Inc.*, 2019 WL 3554460, at *1 (S.D.N.Y. 2019) ("If those arguments were frivolous in the first instance, they are far worse now, given the standards for making a "proper" objection and the Rule 72 standard of review. One would think, for instance, that having already been chided by Magistrate Judge Gorenstein for ignoring controlling Supreme Court precedent, Defendants might think twice before doing so again. But no."). Here, Plaintiff's cavalier disregard of clear and conspicuous Court orders and Fed.R.Civ.P. protocols would appear to be intentional. *Id*. (awarding sanctions against counsel for filing frivolous objection to magistrate's report and recommendation)*; Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.,* 2016 WL 2944685, at *3 (S.D.N.Y. 2016).

### III. Magistrate Judge Aaron did not Abuse his Discretion or Misapply the Law in Sanctioning Plaintiff and Attorney Finkelstein

After carefully reviewing the April 19, 2021 and August 26, 2021 deposition transcripts, and applying Fed.R.Civ.P. 30(d)(2), 37(b), 37(d), 28 U.S.C. § 1927 and the Court's inherent powers, Magistrate Judge Aaron: (i) sanctioned Attorney Finkelstein $6,250 payable to the Clerk

of the Court for making 39 improper speaking objections, and 43[21] unwarranted instructions not to answer at Plaintiff's depositions; (ii) sanctioned Attorney Finkelstein Defendants' reasonable attorneys' fees and costs[22] incurred in preparing the briefing necessitated by Attorney Finkelstein's deposition misconduct; and (iii) sanctioned Plaintiff and Attorney Finkelstein $787.50 for canceling Plaintiff's continued deposition on July 23, 2021[23].

Attorney Finkelstein objects to this portion of the Order and Opinion on the grounds that his behavior: (i) was "substantially justified" [Objection at pp. 16, 21, 24, 25, 26, 28]; and (ii) did not "impede[] and frustrate[] the fair examination of Plaintiff" [*id.* at pp. 22-23].

Like the rest of the Objection, this position fails. Because an objection to a Magistrate Judge's determination is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking "a second bite at the apple," reconsideration is not warranted here. *Thompson*, 2017 WL 2666115 at *3.

### IV.     The Motion to Stay is Frivolous, and Should be Denied

As discussed above, the Motion to Stay completely lacks a colorable basis and was filed in bad faith. The same legal infirmities contained in Attorney Finkelstein's objection to the R&R doom Attorney Finkelstein's instant application.[24] Plaintiff's application, once again, fails to articulate any legal standard in support of staying the Court's sanctions order. [*Obj.* at pp. 28-31]. Plaintiff's application – once again – fails to comport with the requirements of LCR 6.1, as it fails

---

[21] The Court did not count instances where Finkelstein instructed Plaintiff not to answer on the basis of the attorney-client privilege or of a Court Order—notwithstanding the Court's belief that the majority of these invocations lacked merit. [*See* Opinion and Order at p. 24].
[22] [*Id.* at pp. 24-25].
[23] [*Id.* at pp. 25-28].
[24] Plaintiff's application, once again, fails to articulate any legal standard in support of staying the Court's sanctions order. [*Obj.* at pp. 28-31]. Plaintiff's application – once again – fails to comport with the requirements of LCR 6.1, as it fails to attach a notice of motion, or a supporting affidavit." [*See* Dckt. No. 198 at p. 2, n.1].

13

to attach a notice of motion, or a supporting affidavit. Unfettered, Plaintiff miscites the case law as it relates to an application to stay a magistrate's order.

Plaintiff case law is inapposite. Plaintiff cites to *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) for the following propositions:

1. "The determination whether to enter a stay pending the district court's ruling on R. 72 objections is within the discretion of the District Court."

2. "On a Rule 72 objection request for a stay, the test is not as exacting as a stay pending appellate review, as the test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal."

[*Obj.* at pp. 28, 29]. This is not the law. The introductory sentence of *Sutherland,* 856 F. Supp. 2d at 640 states, verbatim, as follows:

"The determination whether to enter a stay pending an ***interlocutory appeal*** is within the discretion of the District Court."

(emphasis added). Neither *Sutherland*, nor any of the other four (4) Second Circuit[25] cases cited in the Objection, remotely support Plaintiff's claim that Fed.R.Civ.P. 72(a) provides injunctive relief. It is clear that Plaintiff has miscited the law relied on. Of the two out-of-circuit cases cited, the U.S. District Court for the Southern District of California in *Alvarez* expressly "admonished [the movant] who plan[ned] to file Rule 72 objections…for failing to file immediate *ex parte* applications to stay." 2020 WL 5632659 at *2.

It is ironic that in the sole remaining case, *Mondragon v. Nosrak LLC*, Colorado Magistrate Judge N. Reid Neureiter considered a motion to stay pursuant to Fed.R.Civ.P. 72(a) having concluded that plaintiff's counsel, Richard Liebowitz's,

"continued practice of law in the manner he is practicing it represents a clear and present danger to the fair and efficient administration of justice, and steps should

---

[25] *E.g., Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 34–38 (2d Cir. 2010), *Vaigasi v. Solow Management Corp*., 2016 WL 616836 (S.D.N.Y. 2016), *Wapnick v. United States*, 2002 WL 985571 at *4 (E.D.N.Y. Mar. 28, 2002) and *Grossman v. Schwarz*, 1989 WL 46594, at *1 (S.D.N.Y. 1989) [*Obj.* at pp. 9, 29, 30].

be taken promptly by appropriate disciplinary authorities to suspend his ability to file new cases unless and until he has demonstrated he has appropriate systems in place to assure regular compliance with court rules and rules of professional conduct."

2020 WL 8254285, at *1 (D. Colo. 2020). Respectfully, the Motion to Stay should be denied.

## CONCLUSION

For the reasons stated above, it is respectfully submitted that the Court overrule Plaintiff's Objection, deny the Motion to Stay, and affirm the Opinion and Order in all respects, together with such other and further relief as this Court may deem just and equitable.

Dated: New York, New York
December 14, 2021

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel No.: (212) 792-0048
*Attorneys for Defendants*