# STUART H. FINKELSTEIN
## *Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

December 21, 2021

Magistrate Judge Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street - Courtroom 11C
New York, New York 10007

Re: Antolini vs. McCloskey, et al
Case No.: 1:19-cv-09038-GBD

Dear Judge Aaron,

In accordance with your November 19 Order (Dkt. No. 256, hereinafter 'November 19 Order')
Plaintiff brings forth this letter objection and opposition to defendants' declaration setting forth the
fees and costs purportedly incurred for preparation of defendants' Sanctions Briefing. *See* Dkt. No.
257. As the Court extended Plaintiff the opportunity to respond, Plaintiff's objection is timely. See
Dkt. No. 264. Plaintiff again thanks the Court for that opportunity.

Defendants request an award of attorneys' fees in the amount of $17,725.00 in connection with
Defendants' Sanctions Briefing and the instant fee application. *See* Dkt. No. 257 at 9. The facial
absurdity of the fee requests notwithstanding, defendants' fees allotment is improper. Defendants
ask for:

A.     $3,943.75 for defendants' June 18 Brief Requesting Sanctions Against
Plaintiff's Counsel.
B.     $3,212.50 for defendants' September 14, 2021 Brief in Further Support of
that Request and in Response to the Court's Order to Show Cause
C.     $6,662.50 for defendants' October 15, 2021 Opposition to Plaintiff's Motion
for Sanctions.
D.     $2,100.00 for defendants' October 18, 2021 Reply Brief in Further Support of
Their Request for Sanctions.
E.     $1806.25 defendants' Instant Fee Application.

As a preliminary matter, the instant fee application should be stayed in accordance with the Court's
Order of today's date staying the sanctions payments until after Judge Daniels rules on Plaintiff's
objections to the November 19 Order, to the extent that Order is affirmed. *See* Dkt. No. 266; *see also
Alvarez v. Larose*, 2020 WL 5632659 (S.D. Cal. Sep. 21, 2020) ("that deadline is hereby Stayed
pending the District Judge's resolution of Respondents' forthcoming Rule 72 objection"); *LEG Q LLC
v. RSR Corporation*, 2017 WL 422269 (N.D. Tex. Sep. 22, 2017) (where Magistrate David Horan
explained that one of his primary reasons for staying his own order was the fact that the non-
objecting party would not be substantially injured by a stay pending resolution of the Objection
because the party could not explain how the underlying issues that were the subject of the R. 72

1

Objections were so time-critical that its pursuit could not sustain delay). The underlying issue here, the monetary sanctions, have been stayed earlier today. *See* Dkt. No. 266. Plaintiff should not be required to pay defendants' fees in connections with briefing issues that themselves have been stayed.

First, defendants ask for $6,662.50 for defendants' October 15, 2021 Opposition to Plaintiff's Motion for Sanctions. That request is prima facie improper and should be denied outright. In its November 19 Order the Court cited Rule 37 and *SS&J Morris, Inc. v. I. Appel Corp.*, 2000 WL 1028680 (S.D.N.Y. July 26, 2000) as the foundation for allotting attorney's fees for cross-sanctions briefing. But no matter what, this request should not be granted. An award of fees for this purported cost could not be based on Rule 37, which only applies to a party's success in compelling discovery. *See generally* Fed. R. Civ. P. 37. And Plaintiff's motion for fees was not brought in bad faith. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178 (2017) ([A] federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees [...] is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith. The Court cites to *SS&J Morris, Inc. v. I. Appel Corp.*, 2000 WL 1028680 (S.D.N.Y. July 26, 2000) in support of awarding fees associated with cross-briefing. But in *SS&J Morris*, there was no basis <u>at all</u> for the losing party's cross-motion for sanctions. *Id.* at 1. The brief was copied almost verbatim from the defendant's opposition to the sanctions motion against them. *Id.* The court therefore found that there was simply no "colorable basis" for the defendants' cross-motion and that it had to have been brought in <u>bad faith</u>. *Id.* That is simply not the case here. The Court did not once find that Plaintiff's cross-motion was completely unsupportable or brought in bad faith. While the Court here denied Plaintiff's motion, it does not mean that defendants are the prevailing party in the action such that they can be awarded fees. Just because Plaintiff lost his motion does not mean he should have to pay defendants for defending against the motion; such a fallible framework would leave the federal court motion practice as unworkable.[1]

Overarchingly, Plaintiff should not have to pay defendants briefing-associated fees and costs. It is axiomatic that District Courts have broad discretion to determine a fee award based on the circumstances of a case. *Hensley v. Eckerhart*, 461 U.S. 424, 437*); E\*Trade Fin. Corp. v. Deutsche Bank AG*, 374 Fed.Appx. 119, 124 (2d Cir. 2010). Plaintiff did not bring his motion, nor oppose defendants with any bad faith. The Court cites *to Syntel Sterling Best Shores Mauritius Ltd.*, for the proposition that briefing fees are appropriate where a discovery violation has been found, absent substantial justification or other circumstances. *See* 328 F.R.D. at 123-24. Here both are present. First, to the extent that the Court held that Plaintiff violated any discovery order, Plaintiff and his Counsel's actions were substantially justified based on 1) the Court's hamstringing of Plaintiff's Counsel's ability to invoke his right to object and terminate under Fed. R. Civ. P. 30 and 2) because of the actual sordid questioning at the deposition sessions that needed to be defended against. Secondly, the "other circumstances" prong also weighs against holding Plaintiff responsible for briefing fees. Plaintiff and his counsel have already been ordered to pay substantial monetary penalties. Requiring them, in their

---

[1] The Court, in its November 19 Order wrote that "Under Rule 37(b), the Court 'must' order [the plaintiff] to pay the reasonable expenses, including attorneys' fees, <u>caused by its failure to comply with the Court's Orders</u>." *See* 2021 WL 5411176 at *13. However, the fees sought for opposing Plaintiff's motion for sanctions do not flow from any violation of a court order. They flow from the defendant's own behavior that Plaintiff sought sanctions for. Even if the did not agree with Plaintiff that sanctions against defendants were warranted, it is not correct that the defendants are entitled to fees because Plaintiff lost that motion.

individual capacities, to pay thousands of dollars to the defendants, whose entire attorneys fees is being paid by a yet-to-be discovered insurance company is unfair and unjust. Should the Court believe that Plaintiff is 'on the hook' for any amount of defendant's fees and costs (even though it should absolutely not do so as explained *supra*), any fees award must be drastically reduced from defendants' outlandish request. The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). Here, a substantial portion of the briefing was duplicative and/ or redundant. Regarding defendants' request for fees associated with the June 18 brief requesting sanctions, defendants claim that they spent 16.75 hours drafting a memorandum of law for sanctions against Plaintiff. However, Courts have reduced the number of hours expended on such motions that do not require complex legal analysis. *See, e.g., Rich Prods. Corp. v. Impress Indus*, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing claim for 7.6 hours for simple motion to compel to 3 hours); *Marano v. Aaboe,* 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007) (reducing claim from 16 hours to 3 hours for motion to compel without complex legal analysis). Further, Block billing refers to a single time entry that includes a variety of distinct tasks." *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 CIV. 3600 (SWK), 2005 WL 3099592, at *5 n.9 (S.D.N.Y. Nov. 17, 2005). Because "Block billing makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Id.*

Specifically, the factual and legal analysis here, where previous sanctions motion had been filed and defendants had performed much of the necessary research already, the brief simply could not and should not have taken much time to compile at all. This is especially true for defendants' June 18, 2021 Brief Requesting Sanctions, September 14, 2021 Brief in Further Support and their October 18, 2021 Reply Brief. In all three briefs, defendants used many of the exact same principal legal arguments, but still outlandishly billed for 'drafting preliminary statements/ backgrounds' 'reviewing' and 'legal research' on duplicative writing. The Court itself implicitly acknowledged same. *See* 2021 WL 5411176 at *8 (explaining that central issue of Mizrahi's deposition conduct is relevant to both of the sanctions motions and could be used to answer some of the same questions presently before the Court). For example, the argument sections contained in the June 18 brief and the September 14 brief are identical, both harping on Plaintiff's Counsel's purported improper instructions not to answer questions, purported improper invocation of the attorney-client privilege, purported improper interruptions, and purported improper usage of Rule 30. *Compare* Dkt. No 182 legal standard and argument section *with* Dkt. No. 235 182 legal standard and argument section. The same is also true regarding the October 15 brief, though, as explained *supra*, that should be discarded at the outset.

Moreover, the tasks of assembling similar arguments, incorporating redlines, and attaching exhibits (where defendants here did attach numerous exhibits to their papers on multiple occasions) is menial and/ or clerical in nature and should have been completed in less time by an attorney or by administrative staff, whose billable time is noticeably absent from Defendants' Chart. *See, e.g., Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01 Civ. 201S(F), 2011 WL 1598973, at *6 (W.D.N.Y. Apr. 27, 2011) (applying 15% reduction to account for duplication of efforts, vagueness in billing entry descriptions, and absence of support staff to perform clerical work). A substantial portion of the briefing was duplicative and/ or redundant and taking hours to first make, and then 'incorporate' redlines at a partner's hourly rate for the type of identical briefing described cannot stand.

Therefore, Plaintiff respectfully requests that the Court 1) stay its upcoming order related to defendants briefing-related fees and costs, 2) reverse the portion of its November 19 decision awarding defendants briefing-related fees and costs, and 3) in the alternative, substantially and dramatically reduce the amount of fees sought by defendants. Should Judge Daniels affirm any part of the November 19 sanctions order against Plaintiff and/ or his counsel, Plaintiff respectfully requests that he be allowed the opportunity to oppose defendants' declaration in full, with greater detail and with greater specificity proportionate to the declaration filed by defendants at Dkt. No. 257, which is three times as long as Plaintiff's instant opposition. Plaintiff thanks the Court for its attention to this matter.

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all via ECF