**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DINO ANTOLINI,                                           :
                                                         :
                          Plaintiff,                     :
                                                         :          MEMORANDUM DECISION
          -against-                                      :              AND ORDER
                                                         :
AMY MCCLOSKEY, THERESA LAURENT, DIMUR    :          19 Civ. 09038 (GBD) (SDA)
ENTERPRISES INC., EDDIE C K CHUNG, AND C&S :
MILLENIUM REAL ESTATE LLC,                               :
                                                         :
                          Defendants.                    :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Dino Antolini filed this lawsuit on September 28, 2019, against Defendants Amy

McCloskey, Theresa Laurent, Dimur Enterprises Inc., Eddie C K Chung, and C&S Millennium

Real Estate (collectively, "Defendants"). (Compl., ECF No. 1, at 1.)  Plaintiff alleges claims

against the Defendants for violating provisions of the Americans with Disabilities Act ("ADA"),

the New York State Human Rights Law ("NYHRL"), the New York Civil Rights Law

("NYCRL"), the Administrative Code of New York City ("NYC Administrative Code"), and

common law negligence. (*Id.*) Discovery became contentious between the parties and culminated

in a dispute over the attorneys' behavior at Plaintiff's deposition.  Following Plaintiff's deposition,

the parties filed cross-motions for sanctions. (*See* Defs.' Mem., ECF No. 235; *and* Pl.'s Mem.,

ECF No. 242-1.)

Before the Court is Magistrate Judge Stewart D. Aaron's November 19, 2021, Report and

Recommendation (the "Report"), recommending that Plaintiff's motion for sanctions be denied

and that Defendants' motion for sanctions be granted in part to the extent that Plaintiff and his

attorney, Stuart H. Finkelstein ("Finkelstein"), pay monetary sanctions for their conduct in

connection with Plaintiff's deposition. (Report, ECF No. 256 at 1.) In his Report, Magistrate

Judge Aaron advised the parties that they had fourteen days to timely file objections. (Report at

28.) On December 3, 2021, Plaintiff filed timely objections. (Pl.'s Objs. to Mag.'s Order, ECF

No. 258.)

Upon *de novo* review of the portions of Magistrate Judge Aaron's Report to which proper

objections were filed, and upon a finding of no clear error on the remainder of the Report, the Report

is ADOPTED in full. Accordingly, Plaintiff's motion for sanctions is DENIED. Defendants' motion

for monetary sanctions is GRANTED. Defendants' motion for dismissal of Plaintiff's action as a

further sanction is DENIED.

## I.   BACKGROUND

The Report scrupulously provided the relevant facts. Below is a succinct summary of the

facts needed to adopt the Report in full.

Plaintiff initiated this lawsuit on September 28, 2019, alleging that Defendants engaged in

unlawful discrimination against Plaintiff and others similarly situated in violation of the ADA,

NYHRL, NYCRL, NYC Administrative Code, and common law negligence. (*See* Compl. at 1.)

On or about November 19, 2019, attorney Finkelstein was arrested and charged with using the

stolen identities of two individuals in order to file hundreds of unauthorized lawsuits citing the

ADA.[1] (Report at 2.) During discovery, Defendants sought the deposition of Plaintiff in which

they intended, and were authorized, to question Plaintiff about Finkelstein's arrest and "whether

Plaintiff authorized Mr. Finkelstein to commence this action." (*See* Report at 2-3.)

Defendants noticed Plaintiff's deposition for October 28, 2020, but Plaintiff twice declined

to appear. (*Id.* at 3.) Magistrate Judge Aaron then compelled Plaintiff to sit for his deposition on

---

[1] Criminal proceedings are ongoing.

April 19, 2021, and ordered that "there shall be no objections at Plaintiff's deposition other than objections to form and objections on the basis of privilege, and only in the case of the latter may Plaintiff decline to answer…" (Report at 3-4; Order, ECF No. 150 at ¶ 3.)

The April 19, 2021 deposition quickly became confrontational. Magistrate Judge Aaron spoke to the parties twice during the deposition. (*Id.* at 4-5.) During the first telephone call, Judge Aaron instructed attorney Finkelstein once more that his speaking objections must be limited to the word "objection," and that he was not permitted to interrupt the proceeding or to instruct Plaintiff not to answer except on the basis of privilege. (*Id.* at 5.) During the second call, Judge Aaron made it clear that there would be "financial consequences" should Finkelstein continue to violate his instructions. (*Id.*) Finkelstein, however, continued to make improper speaking objections, and subsequently unilaterally terminated Plaintiff's deposition. (*Id.* at 6.)

On May 6, 2021, Magistrate Judge Aaron ordered attorney Finkelstein to show cause for why he did not deserve to be sanctioned pursuant to Rules 16(f), and 37(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or the Court's inherent powers due to his violations of the Court's Order and rulings during the deposition. (Report at 6; Order to Show Case, ECF No. 169.) In response, Plaintiff unsuccessfully moved to terminate his July 7, 2021 deposition. (Report at 6.) Plaintiff then moved to sanction Defendants' counsel for his conduct during the April 19, 2021 deposition, before finally responding to the Court's order to show cause in relation to his attorney's conduct. (*Id.* at 6.)

On June 19, 2021, Magistrate Judge Aaron issued an order finding that Finkelstein violated his previous orders regarding proper deposition behavior, but deferred his determinations regarding the amount and/or extent of sanctions against Finkelstein until the completion of Plaintiff's deposition which was ordered to be completed by July 23, 2021. (*Id.* at 7; June 19

3

Order, ECF No. 184.) Instead of appearing for his July 23, 2021 continued deposition, Plaintiff filed a letter stating that he would be unable to attend due to a conflict. (*Id.* at 8.) Magistrate Judge Aaron then scheduled a telephone conference for July 23, 2021 at 3:00 p.m., for which Plaintiff also failed to appear. (Report at 8.) Magistrate Judge Aaron scheduled another telephone conference for August 4, 2021, during which Plaintiff admitted that he elected not to attend his deposition due to his apparent "conflicts." (*Id.*) Magistrate Judge Aaron then directed the parties to continue Plaintiff's deposition on August 26, 2021. (*Id.* at 9.) During Plaintiff's August 26, 2021 deposition, Finkelstein continued to disregard Magistrate Judge Aaron's orders. (*Id.* at 10.)[2]

On September 14, 2021, Defendants moved for sanctions against Finkelstein pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 1927 and/or the inherent powers of the Court. (*See* Defs.' Mem., ECF No. 235.) On September 29, 2021, Plaintiff moved for sanctions against Defendants' counsel pursuant to Rules 11(b), 16(f), 30(d) and 37(b) of the Federal Rules of Civil Procedure, 28 U.S.C. s 1927, and/or the inherent powers of the Court. (*See* Pl.'s Mem., ECF No. 242-1.) On November 19, 2020, Magistrate Judge Aaron issued the Report recommending that Plaintiff and attorney Finkelstein pay monetary sanctions for their behavior during Plaintiff's deposition and improper delay. (Report at 28.)

## II.   LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v.*

---

[2] In a July 20, 2021 Opinion and Order related to a separate discovery issue, this Court also cautioned Finkelstein that "[T]his Court is aware of [his] dilatory conduct during discovery...and has warned that the continuance of such behavior will result in all appropriate sanctions." (Report at 7-8.)

*Raddatz*, 447 U.S. 667, 675–76 (1980).  Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).  The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'"  *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted).  Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'"  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.   PLAINTIFF'S MOTION FOR SANCTIONS IS DENIED

The portions of Magistrate Judge Aaron's report with respect to Plaintiff's motion for sanctions are reviewed for clear error, because Plaintiff's objections to the Report were improper.[3] Magistrate Judge Aaron appropriately determined that Defendants' counsel did not engage in unreasonable, abusive, or oppressive questioning during Plaintiff's deposition.  (Report at 20.) Magistrate Judge Aaron correctly concluded that Defendants' counsel's line of questioning was appropriate given the nature of the Plaintiff's allegations and Finkelstein's recent arrest.  (*Id.* at 16-21.)  Furthermore, Magistrate Judge Aaron did not commit clear error when he determined that Defendants' counsel did not "badger" Plaintiff during his deposition, but rather that his "re-asking" of questions was in direct response to Finkelstein's improper objections, interruptions, or

---

[3] Plaintiff's objections to the Report make identical arguments to those which appeared in his original briefs to Magistrate Judge Aaron. (*Compare* Pl.'s Mem. of Law., ECF No. 246 *with* Pl.'s Obj. to Mag. Order, ECF No. 258 at 9-16.)

instructions to Plaintiff not to answer. (Report at 20.) Therefore, Plaintiff's motion for sanctions is denied.

## IV.    DEFENDANTS' MOTION FOR SANCTIONS IS GRANTED AS TO MONETARY SANCTION, BUT DENIED AS TO TERMINAL SANCTIONS

### A. Finkelstein is Sanctioned for Improper Objections and Instructions.

Magistrate Judge Aaron did not commit a clear error in recommending that Finkelstein be sanctioned for his misconduct during Plaintiff's April 19 and August 26, 2021 depositions. (Report at 21-22.) As Magistrate Judge Aaron appropriately addressed in his Report, Finkelstein was explicitly ordered that the only permissible objections and instructions not to answer during Plaintiff's deposition would be to form or on the basis of privilege. (*See* Order, ECF No. 150 at ¶ 3.) The Record clearly demonstrates that Finkelstein continued to make improper speaking objections, instructed Plaintiff not to answer questions unrelated to privilege, and improperly terminated Plaintiff's April 19, 2021 deposition. (*See* Report at 4-6.) This behavior was in direct violation of the Court's Orders and "impeded and frustrated the fair examination of Plaintiff," thus warranting sanctions pursuant to Rules 30(c)(2), (d)(2), and 37(b)(2) of the Federal Rules of Civil Procedure. (Report at 8, 21-22.) *See* Fed. R. Civ. P. 30(c); *see also Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (finding sanctions appropriate under Rule 30(d)(2) where "Plaintiff's counsel's conduct...unnecessarily extended the length of Plaintiffs [] deposition and seriously disrupted Defendant's ability to obtain testimony from Plaintiff"); *and Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (imposing sanctions under Rule 30(d)(2) on counsel whose "interruptions were pervasive, and clearly intended to cause problems for [opposing counsel] in his examination"..

Finally, Magistrate Judge Aaron did not err in concluding that Finkelstein's conduct during the above referenced depositions in totality "can only be interpreted as a continuous series of ill-

motivated attempts to disrupt and interfere with [Mizrahi's] ability to conduct Plaintiff's deposition and elicit relevant testimony responsive to [his] questions." (Report at 22.) (quoting *Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-00451 (LJV) (LGF), 2017 WL 35453, at *0 (W.D.N.Y. Jan. 4, 2017).) As such, Magistrate Judge Aaron correctly determined that sanctions pursuant to 28 U.S.C. § 1927 and the inherent powers of this Court against Finkelstein are warranted. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (Such sanctions are proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.").

### A. The Court Imposes Monetary Sanctions Against Finkelstein.

Magistrate Judge Aaron recommends that the Court impose monetary sanctions in the amount of "of $50.00 for each speaking objection, and $100.00 for each unwarranted instruction not to answer," which amounts to a total of $6,250.00, plus the reasonable fees and costs incurred by Defendants in seeking sanctions and opposing Plaintiff's motions. (Report at 24.) Given that the amount of monetary sanctions was calculated for the first time in Magistrate Judge Aaron's Report, the Court reviews Plaintiff's objections to the Court's calculation of the number of improper speaking objections and instructions not to answer *de novo*.

Magistrate Judge Aaron found that Finkelstein made thirty-nine improper speaking objections and forty-three improper instructions for Plaintiff not to answer. (*Id.*) Magistrate Judge Aaron's findings do not include instances in which the basis for Finkelstein's objection and/or instruction was attorney-client privilege. (*Id.*) Plaintiff argues that there are only sixteen instances of improper speaking objections, and twenty-two instructions not to answer. (Pl.'s Objs. to Mag. Order, ECF No. 258, at 25.) Further, Plaintiff argues that Magistrate Judge Aaron erroneously characterized certain objections as improper. (*Id.*)

7

First, $50.00 per improper speaking objection and $100.00 per improper instruction not to answer is a proper sanctions amount. *See, e.g., Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-00451 (LIV) (LGF), 2017 WL 35453, at *9 (W.D.N.Y. Jan. 4, 2017) (imposing "a reasonable fine [ranging from $50.00 to $500,00] for each occurrence" of "unwarranted interruptions and objections"); *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 294 (S.D.N.Y. 1987) (imposing a monetary sanction of $250.00 against counsel personally for misconduct during a deposition).

Upon review of the deposition transcripts, Finkelstein made *at least* as many improper speaking objections and instructions not to answer as Magistrate Judge Aaron counts. (*See generally,* Apr. Dep. Tr., ECF No. 167-1; Aug. Dep. Tr., ECF No. 232.) Further, Finkelstein was well aware of express orders instructing him which objections and instructions would be proper during Plaintiff's deposition. (*See* ECF No. 150 at ¶ 3.) Thus, there should be an imposition of sanctions totaling $6,250.00 for his willful violations.

Further, Finkelstein shall pay Defendants their reasonable attorneys' fees and costs in connection with the briefing that was required by Finkelstein's misconduct. (Report at 24.) As Magistrate Judge Aaron explains in his Report, Federal Rule of Civil Procedure 37(b) requires that a court "must" order the non-complying party to pay the reasonable fees and costs caused by its failure to comply unless its failure was substantially justified. Fed. R. Civ. P. 37; *see e.g., Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 123-24 (S.D.N.Y. 2018). Defendants' counsel's behavior during the deposition was not improper, therefore, Finkelstein's willful non-compliance was not warranted. (Report at 16-21.) As such, the Court finds that Finkelstein's non-compliance was not substantially justified and that sanctions pursuant to Rule 37(b) are proper.

**B. The Court Imposes Monetary Sanctions Against Finkelstein and Plaintiff, Jointly and Severally, For Cancellation of the July 23 Deposition**

Magistrate Judge Aaron recommends that monetary sanctions be imposed against Plaintiff and Finkelstein jointly and severally for the cancellation of Plaintiff's July 23, 2021 deposition pursuant to Federal Rule of Civil Procedure 37(d)(3). (Report at 25-26.) As Magistrate Judge Aaron correctly stated, under Rule 37 the Court "must" require Plaintiff or his attorney or both "to pay the reasonable expenses, including attorneys' fees, caused by [Plaintiff's] failure [to attend the continued deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." (*Id.* at 25.) *See* Fed. R. Civ. P 37(d)(3).

There is no clear error in Magistrate Judge Aaron determining that Plaintiff's failed to provide substantial justification for not attending his deposition on July 23, 2021. (Report at 25.) Magistrate Judge Aaron also appropriately determined that Plaintiff and Finkelstein both bear fault for the cancellation of Plaintiff's deposition: Plaintiff failed to make himself available for his deposition, and Plaintiff and Finkelstein both failed to find alternative methods to ensure the deposition proceeded as scheduled. (*Id.* at 25-26.) Magistrate Judge Aaron further correctly stated that the Court need not establish that Plaintiff or Finkelstein acted in bad faith in order to impose Rule 37(d) sanctions. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 298 F.R.D. 145, 149 (S.D.N.Y. 2014) ("It is well-established . . . that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith.") (citations omitted).

Magistrate Judge Aaron recommends that Plaintiff and Finkelstein be required to pay Defendants $787.50 for their counsel's 3.5 hours billed at $225.00 per hour in preparing for the missed deposition. (Report at 27.) As Magistrate Judge Aaron correctly stated in his Report, a district court exercises "considerable discretion" when awarding attorneys' fees. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-05345 (AJN) (KHP), 2020 WL 614656, at *1

(S.D.N.Y. Feb. 7, 2020).  Magistrate Judge Aaron appropriately calculated defendants' attorneys'
fees based upon the 3.5 hours that Defendants' counsel Jason Mizrahi expended for preparation
and appearances in connection with the cancellation of Plaintiff's July 23, 2021 deposition, at an
hourly rate of $225.00.  (*Id.*)  Magistrate Judge Aaron did not err in denying Defendants' request
for an additional 1.75 hours billed by Defendants' more senior attorney, Joshua Levin-Epstein at
an hourly rate of $400.00 because the time billed exceeds the scheduled time of Plaintiff's
deposition.  (Report at 27.)  Thus, Plaintiff and Finkelstein must pay Defendants $787.50 for the
missed deposition.

## C.  The Court Declines to Impose a Terminal Sanction

Magistrate Judge Aaron recommends that this Court not impose any terminal sanctions
dismissing Plaintiff's action because, Finkelstein's conduct did not cause any irreversible
prejudice.  (Report at 23.)  As Judge Aaron correctly stated in his Report, it is the preference of
courts in this Circuit to resolve a dispute on the merits, as opposed to preclusive sanctions.  *See*
*Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, No. 14-CV-02275 (JGK) (DF), 2016 WL
11271874, at *34-35 (S.D.N.Y. No. 4, 2016), *report and recommendation adopted*, 2017 WL
605303 (S.D.N.Y. Feb. 15, 2017) (declining to impose preclusive sanctions where "less drastic
sanctions would be sufficient to address the prejudice caused by Plaintiff's discovery abuses.")
Magistrate Judge Aaron appropriately concluded that a dismissal would be "incongruous and
overly harsh" given the extent of Finkelstein's misconduct.  *See In re Doria/Memon Disc. Stores*
*Wage & Hour Litig.*, No. 14-CV-07990, 2018 WL 1353261, at *2 (S.D.N.Y. Mar. 15, 2018) ("A
court must consider the extent to which the prevailing party has been prejudiced by the defaulting
party's noncompliance and must ensure that any sanction imposed is just and commensurate with

the failure to comply.") (internal quotation marks and citation omitted.) As such, this Court declines to impose a terminal sanction for Finkelstein's misconduct.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions, (ECF No. 242-1) is DENIED. Defendants' motion for monetary sanctions, (ECF No. 235), is GRANTED. Defendants' motion for terminal sanctions, (ECF No. 235), is DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
May , 2022
MAY 2 6 2022

SO ORDERED:

George B. Daniels

GEORGE B. DANIELS
United States District Judge