# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

June 15, 2022

***Via Electronic Filing***
The Honorable Judge George B. Daniels
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

                        Re:    *Antolini v. McCloskey et al*
                               Case No.: 1:19-cv-09038-GBD-SDA
                               **Response to Dckt. No 294**

Dear Honorable Judge Daniels:

       This law firm represents Defendants Dimur Enterprises Inc., Amy McCloskey, Theresa Laurent, Eddie C K Chung and C&S Millennium Real Estate LLC (collectively, the "Defendants") in the above-referenced action.

       Pursuant to Your Honor's Individual Motion Practice Rules II, this letter respectfully serves as a response to the Plaintiff Dino Antolini's (the "Plaintiff") letter motion filed on June 14, 2022 [Dckt. No. 294] (the "Letter Motion"). The Defendants object to the requested relief in the Letter Motion because the Plaintiff failed to provide any substantive justification that warrants the untimely reconsideration of Your Honor's Memorandum Decision and Order entered on May 26, 2022 [Dckt. No. 284] (the "Order"). Plaintiff failed to give a single substantive reason concerning any purported error in the Order.

       The Letter Motion is also procedurally deficient. The Plaintiff's application is in violation of the Honorable Stewart D. Aaron's June 1, 2021 Memo Endorsement [Dckt No. 176], which instructed, in relevant part:

> The Court admonishes Plaintiff for persistent failure to abide by the Court's Individual Rules, which provide at Paragraph I.D that ***"[requests... to extend a deadline must be made... after consultation with all affected parties, and must state... whether all affected parties consent [and,] if not, the reasons given for refusing." Such consultation is mandatory. The Court notes that the requesting party is not excused from its obligation to consult by the fact that the other party states that it is recording a telephone call***, nor by any purported "[i]nab[ility] to leave a voice mail message." The Court notes that such mandatory extension request from Plaintiff in which Plaintiff fails to make a showing of reasonable due diligence to consult with Defendant prior to making such request. So Ordered.

[Dckt. No. 176] (emphasis added). Plaintiff did not contact the undersigned firm prior to the filling of the Letter Motion. Thus, the Plaintiff's Letter Motion has been violation of the above-referenced Order.

1

The Court should also respectfully be aware that Stuart H. Finkelstein and Plaintiff have not complied with Your Honor's Order dated June 8, 2022 [Dckt. No. 292] (the "June 8th Order").

          Respectfully submitted,

          LEVIN-EPSTEIN & ASSOCIATES, P.C.

          By: */s/ Joshua Levin-Epstein*
               Joshua D. Levin-Epstein
               60 East 42nd Street, Suite 4700
               New York, NY 10165
               Tel. No.:  (212) 792-0046
               Email: Joshua@levinepstein.com
               *Attorneys for Defendants*

VIA ECF: All Counsel