```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dino Antolini,

                Plaintiff,

-against-

Amy McCloskey, et al.,

                Defendants.

1:19-cv-09038 (GBD) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

This Opinion and Order addresses the amount of monetary sanctions to be awarded to Defendants in connection with the parties' cross-requests for sanctions.

**BACKGROUND**

On November 19, 2021, this Court imposed monetary sanctions against Plaintiff's attorney, Stuart H. Finkelstein, in the amount of Defendants' reasonable attorneys' fees and costs incurred in connection with the parties' cross-requests for sanctions. (11/19/21 Op. & Order, ECF No. 256.) On November 30, 2021, as directed in the Court's November 19 Order, Defendants' counsel filed a declaration setting forth the fees incurred for preparation of Defendants' sanctions briefing, in the total amount of $17,725.00.[1] (11/30/21 Mizrahi Decl., ECF No. 257.) On December 3, 2021, Plaintiff filed objections to the Court's November 19 Order. (Pl.'s 12/3/21 Objs., ECF No. 258.) On December 21, 2021, Attorney Finkelstein filed a letter in opposition to the Defendants' fees request. (Pl.'s 12/21/21 Ltr., ECF No. 267.) In that letter, Attorney Finkelstein objected to the amount of fees sought for Defendants' preparation of their sanctions

---

[1] Defendants did not include any costs as part of their submission.

1

briefing and requested an "opportunity to oppose [the 11/30/21 Mizrahi Declaration] in full." (*See id*. at 4.)

On May 26, 2022, Judge Daniels adopted my recommendation and found that "Finkelstein shall pay Defendants' their reasonable attorneys' fees and costs in connection with the briefing that was required by Finkelstein's misconduct." (*See* 5/26/22 Memorandum Decision and Order, ECF No. 284, at 8.) On June 3, 2022, I entered an Order granting Attorney Finkelstein's prior request to oppose the 11/30/2021 Mizrahi Declaration "in full" and permitted Attorney Finkelstein to file a supplemental opposition no later than June 17, 2021. (*See* 6/3/22 Mem. End., ECF No. 287.) Attorney Finkelstein failed to timely file a supplemental opposition.

## **LEGAL STANDARDS**

"A district court exercises 'considerable discretion' in awarding attorneys' fees." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-05345 (AJN) (KHP), 2020 WL 614656, at *1 (S.D.N.Y. Feb. 7, 2020) (citations omitted). "Attorneys' fees are awarded by determining a presumptively reasonable fee, or a 'lodestar,' reached by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Id*. (citations omitted).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A reasonable rate is generally the "prevailing market rate[] for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cnty*., 433 F.3d 204, 209 (2d Cir. 2005). In deciding what constitutes a reasonable rate, a court may consider "rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id*. "The relevant community to which the court should look is the district in which the case was

brought." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citation omitted).

In calculating the reasonable number of hours expended "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). In so doing, the court "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985).

District courts have "ample discretion" in "assessing the extent of staffing" that is "appropriate for a given case." *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). While "[t]he use of multiple attorneys . . . is not unreasonable per se," courts should reduce the hours actually expended to account for "duplicative or repetitive work." *See Simmonds v. New York City Dep't of Corr.*, No. 06-CV-05298 (NRB), 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) (citation omitted).

If there is excessive or redundant billing, a court may subtract the number of excessive or "redundant hours from the amount of hours used to calculate the lodestar." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-02205 (CLP), 2012 WL 1624291, at *34 (E.D.N.Y. Apr. 30, 2012). However, "the district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Rather, it may "use a percentage deduction as a practical means of trimming fat." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citation and internal quotation marks omitted); *see also Carey*,

711 F.2d at 1146 (finding percentage reductions to be acceptable means for reducing fee applications).

## DISCUSSION

In their November 30, 2021 submission to the Court, Defendants requested an award of attorneys' fees in the amount of $17,725.00 for their counsels' hours recorded in connection with the sanctions briefing. (*See* 11/30/21 Mizrahi Decl. ¶ 15.) Defendants arrived at this figure by claiming a total of 57 hours recorded by Mizrahi, at an hourly rate of $225.00, and a total of 12.25 hours recorded by a more senior attorney, Joshua Levin-Epstein ("Levin-Epstein"), at an hourly rate of $400.00. (*See id.* ¶ 12.)

The Court finds that the $225.00 hourly rate for Mizrahi is reasonable. *See Antolini v. McCloskey*, No. 19-CV-09038 (GBD) (SDA), 2021 WL 5411176, at *14 (S.D.N.Y. Nov. 19, 2021), *adopted*, 2022 WL 1689331 (S.D.N.Y. May 26, 2022). In addition, the Court finds that the $400.00 hourly rate for Levin-Epstein is reasonable. *See Singh v. Lintech Elec., Inc.*, No. 18-CV-05780 (FB) (LB), 2022 WL 1422311, at *8 (E.D.N.Y. Mar. 3, 2022), *adopted*, 2022 WL 2158748 (E.D.N.Y. June 15, 2022) (finding hourly rate up to $425 reasonable for Levin-Epstein).[2]

Based upon its review of the time records submitted by Defendants, the Court, in its discretion, finds that there was some excessive work done by Mizrahi and some redundant and/or excessive work done by Levin-Epstein. By way of example, Mizrahi recorded 4.875 hours over three days for reviewing the April 19, 2021 deposition transcript (*see* 11/30/2021 Mizrahi Decl., Ex. A, ECF No. 257-1, at PDF pp. 2-3), and Levin-Epstein recorded 6.25 hours for editing

---

[2] "Levin-Epstein is the managing member of Levin-Epstein and Associates, P.C., has been in practice since 2006, and served as a law clerk for a judge of the United States Bankruptcy Court for the District of Connecticut." *See Singh*, 2022 WL 1422311, at *8.

4

Defendants' October 15, 2021 Opposition to Plaintiff's motion for sanctions, in circumstances where Mizrahi recorded 17.5 hours for drafting the same opposition. (*See id*. at PDF pp. 6-7.) Accordingly, the Court recommends that the fees sought by Defendants be reduced by 20%, to a total of $14,480.00. A 20% reduction, in the Court's view, achieves "rough justice." *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

## CONCLUSION

For the foregoing reasons, Attorney Finkelstein shall pay the sum of $14,180.00 to Defendants within fourteen (14) days of the date of this Order for their attorneys' fees incurred in connection with the sanctions briefing.

Dated:	New York, New York
	June 22, 2022

_____
STEWART D. AARON
United States Magistrate Judge