UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DINO ANTOLINI,                                    :    Case No.: 1:19-cv-09038

                                                  :
                          Plaintiff,              :
                                                  :
          - against -                             :
                                                  :
                                                  :
AMY MCCLOSKEY, THERESA LAURENT,                   :
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG and C&S MILLENIUM REAL
ESTATE LLC
                                                  :
                                                  :
                                                  :
                          Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


                                                  Honorable George B. Daniels



<u>PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER FOR SANCTIONS FEES
AND REQUEST FOR STAY OF ORDER PENDING OBJECTIONS RULING</u>

Stuart H. Finkelstein. Esq.
Finkelstein Law Group
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
Telephone: (718) 261-4900
sf@finkelsteinlawgroup.com

## I.      PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1), Plaintiff and his Counsel respectfully submit these objections to the Opinion and Order, entered June 22, 2022 (Dkt. No. 297) (the "June 22 Order"), issued by Magistrate Judge Stewart Aaron (the "Magistrate"), and respectfully request that the Court vacate the sanctions briefing fees imposed therein. In the interim, Plaintiff also requests that the fees order be stayed, pending Judge Daniels's ruling on the instant Rule 72(a) objections.

## II.     INTRODUCTION

On April 19, 2021, continuing through August 26, 2021, defendants' counsel conducted what was supposed to be the deposition of Plaintiff Dino Antolini. However, a deposition is not what took place. Rather, defendants, through their counsel at the Levin-Epstein firm, engaged in an abusive, sordid, and atrocious interrogation of Plaintiff that left him both humiliated and irate. On September 14, 2021, Defendants filed a memorandum in support of their request for sanctions against Finkelstein, under Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and/or the inherent powers of the Court. *See* Dkt. No. 235 (along with defendants' prior June 18, 2021 sanctions brief at Dkt. No. 182. On October 4, 2021, Plaintiff filed an opposition *See* Dkt. No. 244. Defendants then replied on October 18, 2021. *See* Dkt No. 249. On September 29, 2021, Plaintiff moved for sanctions against defendants, Mizrahi, and the Levin-Epstein firm under Rules 11(b), 16(f), 30(d) and 37(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the inherent powers of the Court. *See* Dkt. No. 242-1.) On October 15, 2021, defendants filed an opposition See Dkt. No. 248. And on November 1, 2021, Plaintiff filed a reply *See* Dkt. No. 250.

After both motions were fully briefed, Judge Aaron issued his Opinion and Order denying Plaintiff's motion for sanctions against defendants and granting in part and denying in part defendants' motion for sanctions against Plaintiff and his counsel. *See* Dkt. No. 256, November 19 Order. Specifically, Judge Aaron denied, *in toto,* Plaintiff's request for sanctions against defendants and their counsel for their sordid conduct related to the taking of Plaintiff's deposition. *See id.* at 21. Instead, Judge Aaron imposed monetary sanctions against Plaintiff's counsel in the amount of Defendants' reasonable attorneys' fees and costs incurred in connection with the parties' cross-requests for sanctions. *See* Dkt. No. 256 at 14. On November 30, 2021, defendants' counsel filed a declaration setting forth the fees incurred for preparation of Defendants' sanctions briefing, in the total amount of $17,725.00. *See* Dkt. No. 257. On December 3, 2021, Plaintiff filed objections to the Court's November 19 Order. *See* Dkt. No. 258. On December 21, 2021, Plaintiff filed a letter in opposition to defendants' fees request. *See* Dkt. No. 267. With due respect to the Honorable Magistrate Judge Stewart Aaron, his Order is not in accord with the applicable facts and law as they pertain to this case. The Court should set aside the Magistrate's June 22 Order, grant Plaintiff's request for sanctions against defendants, and deny defendants requests *in toto*. Plaintiff prays that the Court see defendants' fees request for the improper and ill spirited conduct that it is.

Pursuant to Fed. R. Civ. P. 72(a), Plaintiff brings forth his timely objections to the Magistrate's order. For the reasons substantially set forth, and Pursuant to Fed. R. Civ. P. 72 and the inherent powers of this Honorable Court, Plaintiff respectfully requests that the sanctions order and order for payment of defendant's attorney's fees against him and his counsel be vacated. Primarily, the portion of the Magistrate's order sanctioning Plaintiff and his counsel in the amount of defendant's attorney's fees is contrary to law because it fails to apply and in fact

misapplies the underlying facts as well as the relevant statutes because 1) Judge Aaron did not

consider Plaintiff's submission at Dkt. No. 267 in opposition to the fees request <u>at all</u>, 2)

controlling case law establishes that neither Plaintiff or his counsel should be responsible for fees

associated with briefing good faith motion practice, 3) because the June 22 Order did not address

Plaintiff's argument that he should not have to pay any of the $6,662.50 for defendants'' October

15, 2021, Opposition to Plaintiff's Motion for Sanction, and 4) the June 22 order did not

properly examine and analyze defendants' duplicative billing practices that warrant a

substantial reduction in any allotment of fees.  Plaintiff and his Counsel request that the fees

order be overturned. A stay of the imposition of all monetary sanctions against them is

appropriate as well as a stay is within the interests of justice and will be of no prejudice to any

opposing party.

## III.    LEGAL STANADARD

Upon the timely submission of a party's objections to a Magistrate Judge's ruling on pretrial

non-dispositive issues, the District Judge shall consider the objections for review. *See* Fed. R. Civ.

P. 72(a) ("A party may serve and file objections to the order within 14 days after being served

with a copy[.]" The District Judge may reverse or modify those portions of a non-dispositive

Magistrate order that are "clearly erroneous or contrary to law."[1] F.R.C.P. 72(a); 28 U.S.C. §

636(b)(1); *see also Kiovel v. Millson*, 592 F.3d 78, 83-84 (2d Cir. 2010) (reversing sanctions

order where statements that magistrate found to be false and misleading did not meet the standard

for sanctions to be imposed); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86

---

[1] A decision is "clearly erroneous" when "the district court is left with the firm conviction that a mistake
has been committed. *Easley v. Cromartie*, 532 U.S. 234, 243 (2001). An order is "contrary to law" when it
"fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F.
Supp. 2d 305, 321 (S.D.N.Y. 2001) (quoting *Thompson v. Keane*, 1996 WL 229887, at \*1 (S.D.N.Y. May
6, 1996)).

(S.D.N.Y. 2002) (reversing order issued by magistrate judge under Rule 72 where "it fails to apply or misapplies relevant statutes, case law or rules of procedure.").

An objecting party who also seeks a stay of the Magistrate's Order must request and obtain a stay of the underlying order. See *Vaigasi v. Solow Management Corp.*, 2016 WL 616836 (S.D.N.Y. Feb. 16, 2016); *Grossman v. Schwarz*, 1989 WL 46594, at *1 (S.D.N.Y. Apr. 21, 1989). Because the November 19 Order is based on erroneous assumptions, incomplete facts, and misapplication of law, it should be reversed and/ or modified to eliminate or reduce the substantial sanctions imposed therein; and while the objections are pending, the imposition of the sanctions should be stayed in the interest of justice.

## IV.  ARGUMENT

### A.  The June 22, 2022, Order Should Be Stayed Pending These Objections

The June 22 Order should be stayed in accordance with the Court's established practice of staying sanctions payments until after Judge Daniels rules on Plaintiff's objections. *See* Dkt. No. 266; *see also Alvarez v. Larose*, 2020 WL 5632659 (S.D. Cal. Sep. 21, 2020) ("that deadline is hereby Stayed pending the District Judge's resolution of Respondents' forthcoming Rule 72 objection*"); LEG Q LLC v. RSR Corporation,* 2017 WL 422269 (N.D. Tex. Sep. 22, 2017) (where Magistrate explained that one of his primary reasons for staying his own order was the fact that the non-objecting party would not be substantially injured by a stay pending resolution of the Objection because the party could not explain how the underlying issues that were the subject of the R. 72 Objections were so time-critical that its pursuit could not sustain delay). Staying the underlying issue here, monetary sanctions related to briefing, will not prejudice the defendants one iota. A stay will allow the Court to render a decision without causing unnecessary transfers of funds that may not even need to take place depending upon the outcome of the objections.

**B.  The June 22, 2022, Order Did Not Properly Analyze the Applicable Law and Facts**

In accordance with Judge Aaron's June 22 Order (Dkt. No. 297, hereinafter "June 22 Order") Plaintiff brings forth these instant objections in opposition to Judge Aaron's June 22 Sanctions Order. *See* Dkt. No. 297. Defendants requested an award of attorneys' fees in the amount of $17,725.00 in connection with Defendants' Sanctions Briefing and the instant fee application. *See* Dkt. No. 257 at 9. Defendants requested:

A.  $3,943.75 for defendants' June 18, 2021, Brief Requesting Sanctions Against Plaintiff's Counsel.

B.  $3,212.50 for defendants' September 14, 2021, Brief in Further Support of that Request and in Response to the Court's Order to Show Cause

C.  $6,662.50 for defendants' October 15, 2021, Opposition to Plaintiff's Motion for Sanctions.

D.  $2,100.00 for defendants' October 18, 2021, Reply Brief in Further Support of Their Request for Sanctions.

E.  $1,806.25 defendants' Fee Application.

In response to the above fee requests, the June 22 Order held:

> "Based upon its review of the time records submitted by Defendants, the Court, in its discretion, finds that there was some excessive work done by Mizrahi and some redundant and/or excessive work done by Levin-Epstein. By way of example, Mizrahi recorded 4.875 hours over three days for reviewing the April 19, 2021 deposition transcript (*see* 11/30/2021 Mizrahi Decl., Ex. A, ECF No. 257-1, at PDF pp. 2-3), and Levin-Epstein recorded 6.25 hours for editing Defendants' October 15, 2021 Opposition to Plaintiff's motion for sanctions, in circumstances where Mizrahi recorded 17.5 hours for drafting the same opposition. (*See id.* at PDF pp. 6-7.) Accordingly, the Court recommends that the fees sought by Defendants be reduced by 20%, to a total of $14,480.00."

June 22, 2022, Order at 4.

As a preliminary matter, Judge Aaron did not address any of the arguments Plaintiff made in his December 21, 2021, Letter in opposition to Defendants' fees request. Importantly, a finding is clearly erroneous "if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010). "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case

law, or rules of procedure" or "ignores important points" made by the objecting party. *See*

*Coventry Capital US LLC v. EEA Life Settlements Inc.*, 333 F.R.D. 60, 65 (S.D.N.Y. 2019)

(sustaining objections to Magistrate's report where the report ignored three important points in

that weighed in objecting party's favor). Because Judge Aaron ignored all of Plaintiff's important

points made in his December 21, 2021 opposition, the June 22 Order should be overturned such

that a proper analysis may be performed.

   Further, the Court was wrong to award Defendants' fees for sanctions briefing. Plaintiff

should not have to pay defendants' briefing-associated fees and costs.  It is axiomatic that District

Courts have broad discretion to determine a fee award based on the circumstances of a case.

*Hensley v. Eckerhart*, 461 U.S. 424, 437*); E*Trade Fin. Corp. v. Deutsche Bank AG*, 374

Fed.Appx. 119, 124 (2d Cir. 2010). Plaintiff did not bring his motion, nor oppose defendants with

any bad faith. In its original November 19, 2021, Order allowing defendants to move for fees, the

Court cited *to Syntel Sterling Best Shores Mauritius Ltd.*, for the proposition that briefing fees are

appropriate where a discovery violation has been found, absent substantial justification or other

circumstances. *See* 328 F.R.D. at 123-24; Dkt. No. 256 at 13. Here, however, both are present.

First, to the extent that the Court held that Plaintiff violated any discovery order, Plaintiff and his

Counsel's actions were substantially justified based on 1) the Court's hamstringing of Plaintiff's

Counsel's ability to invoke his right to object and terminate under Fed. R. Civ. P. 30 and 2)

because of the actual sordid questioning at the deposition sessions that needed to be defended

against. Secondly, the "other circumstances" prong also weighs against holding Plaintiff

responsible for briefing fees. Plaintiff and his counsel have already been ordered to pay

substantial monetary penalties. Requiring them, in their individual capacities, to pay over fourteen

thousand dollars to the defendants, whose entire attorney's fees costs is being covered by an

insurance company is unfair, inequitable and unjust.

Defendants requested $6,662.50 for their October 15, 2021, opposition to Plaintiff's Motion for Sanctions. The Court's June 22 Order completely overlooked that the legal reasoning as to why this fee request cannot be granted. The request is prima facie improper and Judge Aaron's Order granting fees based on same should be overturned. In its November 19 Order the Court cited Rule 37 and *SS&J Morris, Inc. v. I. Appel Corp.*, 2000 WL 1028680 (S.D.N.Y. July 26, 2000) as the foundation for allotting attorney's fees for cross-sanctions briefing. But under no circumstances should this request be granted. An award of fees for this purported cost could not be based on Rule 37, which only applies to a party's success in compelling discovery. *See generally* Fed. R. Civ. P. 37. And Plaintiff's motion for fees was not brought in bad faith. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178 (2017) ([A] federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees […] is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith.)

In its November 19 Order, the Court cites to *SS&J Morris, Inc. v. I. Appel Corp.*, 2000 WL 1028680 (S.D.N.Y. July 26, 2000) in support of awarding fees associated with cross-briefing. But in *SS&J Morris*, there was no basis <u>at all</u> for the losing party's cross-motion for sanctions. *Id.* at 1. The brief was copied almost verbatim from the defendant's opposition to the sanctions motion against them. *Id.* The court therefore found that there was simply no "colorable basis" for the defendants' cross-motion and that it had to have been brought in <u>bad faith</u>. *Id.* That is simply not the case here. In its November 19, 2021, Order, the Court did not once find that Plaintiff's cross-motion was completely unsupportable or brought in bad faith. While the Court denied

Plaintiff's motion, that fact alone does not mean that defendants are the prevailing party in the action such that they can be awarded fees. Just because Plaintiff lost his motion for sanctions does not mean he should have to pay defendants for defending against the motion; such a fallible framework would leave the federal court motion practice as unworkable.[2]

Further, Judge Aaron's Order which reduced defendants' fees requests by only 20% was egregious error. The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). Here, a substantial portion of the briefing was duplicative and/ or redundant. Regarding defendants' request for fees associated with the June 18 brief requesting sanctions, defendants claim that they spent 16.75 hours drafting a memorandum of law for sanctions against Plaintiff. However, Courts have reduced the number of hours expended on such motions that do not require complex legal analysis. *See, e.g., Rich Prods. Corp. v. Impress Indus*, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing claim for 7.6 hours for simple motion to compel to 3 hours); *Marano v. Aaboe,* 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007) (reducing claim from 16 hours to 3 hours for motion to compel without complex legal analysis). Further, Block billing refers to a single time entry that includes a variety of distinct tasks." *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 CIV. 3600 (SWK), 2005 WL 3099592, at *5 n.9 (S.D.N.Y. Nov. 17, 2005). Because "Block billing makes it difficult for the court to allocate time to

---

[2] The Court, in its November 19 Order wrote that "Under Rule 37(b), the Court 'must' order [the plaintiff] to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the Court's Orders." *See* Dkt. No. 257 at *13. However, the fees sought for opposing Plaintiff's motion for sanctions do not flow from any violation of a court order. They flow from the defendant's own behavior that Plaintiff sought sanctions for. Even if the Court did not agree with Plaintiff that sanctions against defendants were warranted, it is not correct that the defendants are entitled to fees because Plaintiff lost that motion.

individual activities in order to gauge the reasonableness of time expended on each activity." *Id*.

Specifically, the June 22 Order did not perform the correct factual or legal analysis here. This is so because of the duplicative nature of much of the sanctions briefing at issue. In fact, when the relevant, briefs were filed and defendants had performed much of the necessary research already, the briefs simply could not and should not have taken much time to compile at all. This is especially true for defendants' June 18, 2021, Brief Requesting Sanctions, September 14, 2021, Brief in Further Support and their October 18, 2021, Reply Brief. In all three briefs, defendants used many of the exact same principal legal arguments, but still outlandishly billed for 'drafting preliminary statements/ backgrounds' 'reviewing' and 'legal research' on duplicative writing. The Court itself implicitly acknowledged same. *See* November 19 Order, Dkt. No. 256 at *8 (explaining that the central issue of Mizrahi's deposition conduct is relevant to both of the sanctions motions and could be used to answer some of the same questions presently before the Court). For example, the argument sections contained in the June 18, 2021 brief and the September 14, 2021 brief are identical, both harping on Plaintiff's Counsel's purported improper instructions not to answer questions, purported improper invocation of the attorney-client privilege, purported improper interruptions, and purported improper usage of Rule 30. *Compare* Dkt. No 182 legal standard and argument section *with* Dkt. No. 235 legal standard and argument section. The same is also true regarding the introduction and background sections for the September 14, 2021, October 15, 2021, and October 18, 2021, briefs.

Moreover, the tasks of assembling similar arguments, incorporating redlines, and attaching exhibits (where defendants here did attach numerous exhibits to their papers on multiple occasions) is menial and/ or clerical in nature and should have been completed in less time by an attorney or by administrative staff, whose billable time is noticeably absent from Defendants'

Chart. *See, e.g., Robbins & Myers, Inc. v. J.M. Huber Corp.,* No. 01 Civ. 201S(F), 2011 WL 1598973, at *6 (W.D.N.Y. Apr. 27, 2011) (applying reduction to account for duplication of efforts, vagueness in billing entry descriptions, and absence of support staff to perform clerical work). A substantial portion of the briefing was duplicative and/ or redundant. The fees request should be denied and even if the Court does not agree, it should be substantially reduced and limited in size.

**V.   CONCLUSION**

Judge Aaron's June 22 Order is incorrect on the law and the facts. Plaintiff should not be required to pay thousands of dollars to defendants for briefing good-faith issues before the Court. Unfortunately Judge Aaron's June 22 Order did not address these arguments at all. Accordingly, Plaintiff and his counsel respectfully request that the Court vacate the sanctions against them and sustain the objections such that defendants will bear the cost of their own fees, as is proper under the American rule.

Dated: July 6, 2022
       Syosset, New York

Respectfully submitted,
By:_____S/_____
Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
338 Jericho Turnpike
Syosset, New York 11791
Telephone: (718) 261-4900