UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DINO ANTOLINI,

                              Plaintiff,

     -against-

AMY MCCLOSKEY, THERESA LAURENT, DIMUR
ENTERPRISES INC., EDDIE C K CHUNG, AND C&S
MILLENIUM REAL ESTATE LLC,

                             Defendants.

MEMORANDUM DECISION
AND ORDER

19 Civ. 09038 (GBD) (SDA)

------------------------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Dino Antolini filed this action alleging Defendants Amy McCloskey, Theresa Laurent, Dimur Enterprises Inc., Eddie C. K. Chung, and C&S Millennium Real Estate (collectively, "Defendants") violated provisions of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYHRL"), the New York Civil Rights Law ("NYCRL"), the Administrative Code of New York City ("NYC Administrative Code"), and common law negligence.[1] (Compl., ECF No. 1.) Defendants moved for summary judgment dismissing the Complaint.[2] (Mot. for Summ. J., ECF No. 268.) Before the Court is Magistrate Judge Stewart D. Aaron's May 10, 2022 Report and Recommendation (the "Report"), recommending that Defendants' motion be GRANTED and the Complaint be dismissed. (Report, ECF No. 283, at 25.) In his Report, Magistrate Judge Aaron advised the parties that they had

---

[1] There have been various hearings and Orders related to sanctions against Plaintiff and his attorney.
[2] Plaintiff's attorney, Stuart Finkelstein, recently pled guilty to mail fraud in connection with his filing of fraudulent ADA lawsuits.

1

fourteen days to timely file objections. (*Id.*) No objections were filed.[3] Upon clear error review, Magistrate Judge Aaron's Report is ADOPTED in full.

## I. BACKGROUND

The Report provided the relevant facts, which this report references in full. Below is a succinct summary of the facts needed to adopt the Report in full.

Antolini is disabled and uses a wheelchair. (Report 2.) Antolini claims that he was denied access to Madame X, a cocktail bar operated by the Defendants, due to a lack of accessible entrances/exits, routes through the bar, service counters, and restrooms. (*Id.* at 14-19.) Some of these spaces Defendants made renovations to in or around 2000, including moving a bathroom door, putting up a separate bar and new walls, and changed stairs and handrails. (Report at 10.)

Antolini commenced this action on September 28, 2019. (*See* Compl.) On October 6, 2020, Antolini's expert witness, Billy Chen, published a three-page report regarding the ADA accessibility at Madame X (the "Chen Report"). (Chen Report, ECF No. 271-4.) On May 13, 2021 Defendants' expert witness, CCI Consultants, "published a report analyzing the Chen Report" (the "CCI Report"). (Report at 3.) The CCI Report concluded that "the Chen Report includes vague observations which were not based on specific accessibility requirements." (*Id.* (citing CCI Report, ECF No. 281-1, at 4-19).) Also on May 13, 2021, Defendants had a second expert witness, Hany Demetry, publish his analysis of the ADA accessibility issues and Chen's Report. (*Id.*)

Discovery closed on November 15, 2021. (Report at 3.) Defendants moved for the summary judgment on January 3, 2022. Along with his opposition papers, Plaintiff filed a

---

[3] Plaintiff titled a court filing as objections to the Report, but the objections only request to vacate and/or stay the sanctions imposed on June 22, 2022. (*See* Obj. to R&R, ECF No. 298.) Therefore, these objections are disregarded for the purpose of this Order.

Declaration by Chen "wherein Chen expanded upon aspects of his original expert report and responded to Defendants' expert reports," including offering proposals to remove any barriers to the facility being ADA accessible. (*Id.* at 4.)

## II. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III. MAGISTRATE JUDGE AARON APPLIED THE CORRECT LEGAL STANDARDS

It is well-established that to prove an ADA claim, a Plaintiff must demonstrate "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff

3

within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). However, determining prong three is dependent on whether there were alterations to the facility and when any such alterations were made.[4] If there were no alterations to the facility, then a defendant discriminates "if it fails to remove any existing barriers to accessibility where such removal is readily achievable." *See Antolini v. Thurman*, 2021 WL 3115169, at *2 (S.D.N.Y. July 21, 2021) (quotations omitted); *see also Roberts*, 542 F.3d at 369. The burden is on the Plaintiff to articulate "a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." *Roberts*, 542 F.3d at 373. "If alterations have been made, a defendant 'discriminates' if those altered areas—and paths of travel to altered areas that 'contain[] a primary function'—are not made readily accessible to disabled individuals 'to the maximum extent feasible.'" (Report at 7 (quoting *Roberts*, 542 F.3d at 369).). While the initial burden is still on the plaintiff to present a way in which the alteration could have been made readily accessible, Defendants can only refute this by demonstrating that such alterations would be "virtually impossible." *See Thurman*, 2021 WL 3115169, at *2.

Magistrate Judge Aaron did not err in determining that any claims regarding the routes, service counter, and restrooms in Madame X must be assessed under the alteration standard. (Report at 10.). Defendant McCloskey testified about renovations in or around 2000 to the bathroom, taking our barriers to the second floor, and putting up a separate bar. (*Id.*) These renovations can be constituted as alterations within the meaning of the ADA. However, there is no evidence about any alterations to the exterior of Madame X. Therefore, Magistrate Judge Aaron did not err in applying the non-alteration standard to any claims regarding the entrance/exit to Madame X. (*Id.*)

---

[4] The DOJ issued ADA standards in 1991 and revised these standards in 2010. (*See* Report at 5.) Alterations made prior to 2010 are subject to the 1991 standards.

4

## IV. MAGISTRATE JUDGE AARON DID NOT COMMIT CLEAR ERROR IN FINDING THAT PLAINTIFF DID NOT PROVE HIS CLAIMS

First, in examining Plaintiff's claims, Magistrate Judge Aaron did not err in disregarding the Chen declaration. (Report 11-14.) (Report at 12.). Rule 26 of the Federal Rules of Civil Procedure prohibits courts from "admit[ting] supplemental expert evidence following the close of discovery when it 'expound[s] a wholly new and complex approach designed to fill a significant and logical gap in the first report.'" *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (quoting *Point Prods. A.G. v. Sony Music Ent., Inc.*, No. 93-CV-04001 (NRB), 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2004)). The Report correctly characterized the Chen Declaration as "an attempt to fill obvious gaps identified by Defendants in their summary judgment motion in violation of Rule 26(a)(2)." Plaintiff failed to demonstrate the untimely submission of the Declaration was substantially justified or harmless. Therefore, there was no error in disregarding the Chen Declaration and only relying on the Chen report in assessing Defendants' summary judgment motion.

Since only the Chen Report was admitted, Magistrate Judge Aaron did not commit clear error in finding that Plaintiff failed to provide any evidence to meet his initial burden of proving an ADA claim. Under the legal standard properly applied, the initial burden was still on Plaintiff to provide some sort of alternative. *See Thurman*, 2021 WL 3115169, at *2. In assessing the claims related to the bathrooms, service counters, or entrance/exit, the Report aptly found that the Chen report does not meet Plaintiff's burden of demonstrating an alternative to the alteration or existing feature. (Report at 16-19.) The failure to meet this burden is fatal to Plaintiff's federal ADA claims.[5]

---

[5] Magistrate Judge Aaron did not err in recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's state claims. (Report at 20-21.) In addition, there was no error in recommending that Plaintiff's negligence claim be dismissed because "Plaintiff has not alleged any injury beyond his inability to access Madame X." (Report at 21.)

## V.   CONCLUSION

Defendants' motion for summary judgment is GRANTED. The complaint is dismissed.

The Clerk of Court is directed to close the motion, (ECF No. 268), accordingly.

Dated: New York, New York
      August \_\_\_, 2022
      AUG 17 2022

SO ORDERED:

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge