UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DINO ANTOLINI,

                          Plaintiff,

                          MEMORANDUM DECISION
-against-                    AND ORDER

AMY MCCLOSKEY, THERESA LAURENT,    19 Civ. 09038 (GBD) (SDA)
DIMUR ENTERPRISES INC., EDDIE C K
CHUNG, and C&S MILLENIUM REAL ESTATE
LLC,

                       Defendants.

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

      On June 22, 2022, Magistrate Judge Stewart Aaron ordered Plaintiff's Counsel, attorney Stuart H. Finkelstein, to pay attorneys' fees in the amount of $14,180.00 to Defendants within 14 days from the date of the Opinion and Order. ("Order," ECF No. 297.) Fourteen days later, on July 6, 2022, Attorney Finkelstein instead filed objections to the Order pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1), requesting that this Court vacate the attorneys' fees and, in the interim, stay the Order.[1] ("Objections," ECF No. 298.) Attorney Finkelstein's objections to the Order are OVERRULED and the stay request is DENIED.[2]

      A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress

---

[1] Attorney Finkelstein mistakenly filed his objections as a response to ECF No. 283, a May 10, 2022 Report and Recommendation from Magistrate Judge Aaron, rather than the June 22, 2022 Opinion and Order at ECF No. 297. The body of the objections makes clear that Attorney Finkelstein is objecting to the June 22, 2022 Opinion and Order. (*See* Objections at 2.)

[2] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations and internal quotations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (citations and internal quotations omitted). This standard is highly deferential, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

After reviewing the Order and the submissions of the parties, this Court lacks a "definite and firm conviction that a mistake has been committed." *See Highland Cap. Mgmt.*, 551 F. Supp. 2d at 177. Attorney Finkelstein argues that the Order failed to account for his December 21, 2021 opposition letter to Defendants' fees request. (*See* Objections at 3–4.) Yet, the Order explicitly cites the same letter in its background summary of the dispute and Attorney Finkelstein's objections. (*See* Order at 1–2.) Attorney Finkelstein also argues that he should not have to pay attorneys' fees under controlling case law or Rule 37. (*See* Objections at 4, 6–8.) Those arguments are an impermissible attempt to reargue the merits of the November 19, 2021 monetary sanctions ruling, which this Court adopted in full in its May 26, 2022 Memorandum Decision and Order. (*See* ECF No. 284 at 8.) In the June 22, 2022 Order, Judge Aaron correctly applied the appropriate

legal standard in awarding attorneys' fees and reasonably reduced those fees based on excessive work by Defendants' Counsel. (*See* Order at 4–5.)  Nothing in the Order "was clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Attorney Finkelstein's Rule 72(a) objections to Magistrate Judge Aaron's June 22, 2022 Order are OVERRULED.  Attorney Finkelstein's request for a stay is DENIED.  Magistrate Judge Aaron's Order is adopted in its entirety.  Attorney Finkelstein shall pay the sum of $14,180.00 to Defendants for their attorneys' fees incurred in connection with the sanctions briefing.

Dated: November 17, 2022
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

3